UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ARTUR ELIZAROV; UNISON AGREEMENT CORP.; and SCOTT HOWELL, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | Case No. 5:21-cv-00616-JWH-SPx <br><br> **PRELIMINARY INJUNCTION ORDER** |

Before the Court is its order to show cause why a preliminary injunction should not issue.  The Court conducted a hearing on this matter on March 4, 2022.[1]  After considering the arguments of all parties at the hearing and reviewing their recent written responses[2] and previous filings,[3] the Court orders that a preliminary injunction is **GRANTED**, as set forth herein.

## I. BACKGROUND

The parties are familiar with the facts and procedural history of this case.  A succinct summary of the relevant allegations follows:

The central dispute in this case concerns a parcel of real property in Palm Springs, California (the "Subject Property"), for which Plaintiff Goldwater Bank, N.A. provided a mortgage loan to Defendant Artur Elizarov.[4]  Goldwater failed, however, to record its Deed of Trust with the Riverside County Register of Deed's Office.[5]  Elizarov subsequently defaulted on that loan and then sold the Subject Property to Defendant Scott Howlett without informing Goldwater.[6]  Howlett was unaware of Goldwater's loan or interest in the property.[7]  Elizarov ultimately received $785,741.36 in cash proceeds from the sale of the Subject

---

[1]  *See* Min. Order of Video H'rg [ECF No. 151].

[2]  The Court considered:  (1) Pl.'s Suppl. Br. on Prelim. Inj. (the "Goldwater Brief") [ECF No. 158]; and (2) Def.'s Mem. in Opp'n to Prelim. Inj. (the "Elizarov Brief") [ECF No. 157].

[3]  The Court also considered the following:  (1) Pl.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 19]; (2) Def.'s Opp'n to the Application [ECF No. 30]; (3) Pl.'s Reply in Supp. of the Application [ECF No. 31]; (4) Def.'s Suppl. Opp'n to Prelim. Inj. [ECF No. 38]; (5) Pl.'s Suppl. Br. in Supp. of Prelim. Inj. [ECF No. 39]; (6) Def.'s Reply in Opp'n to Prelim. Inj. [ECF No. 40]; and (7) Pl.'s Suppl. Resp. Br. [ECF No. 41].

[4]  *See, e.g.*, Am. Compl. (the "Amended Complaint") [ECF No. 44] ¶ 12.

[5]  *Id.* at ¶ 49.

[6]  *Id.* at ¶¶ 36, 54, & 55.

[7]  *See e.g.*, Howlett's First Am. Crosscompl. (the "Amended Crosscomplaint") [ECF No. 97] ¶¶ 13-18.

Property,[8] which Elizarov used to purchase real property in Florida instead of paying his debt to Goldwater.[9]

In April 2021, the Court issued a temporary restraining order that enjoined Elizarov and all persons acting in concert with him "from transferring, alienating, or expending the proceeds that Elizarov received from the sale of the Subject Property."[10]  The TRO also ordered the parties to show cause why a preliminary injunction should not issue.[11]

After receiving briefing from the parties and conducting a hearing on the matter, the Court issued an amended and extended temporary restraining order.[12]  The Amended TRO restrained and enjoined Elizarov and all persons acting in concert with him "from transferring, alienating, encumbering (including by a mechanics lien), or disposing of the Florida 'homestead' and real property located in Broward County (or any legal right or beneficial interest therein)" and "from transferring, alienating, encumbering, or disposing of the remaining proceeds from the sale of the Subject Property in the amount of $70,000."[13]  Through the Amended TRO, the Court directed parties to file supplementary briefing regarding the propriety of a preliminary injunction.[14]  At the March 4, 2022, hearing, the Court directed the parties to file one more round of supplemental briefing.

---

[8] Amended Complaint ¶ 61.
[9] Id. at ¶¶ 76-78.
[10] TRO and Order to Show Cause Regarding Prelim. Inj. (the "TRO") [ECF No. 23] 9:12-20.
[11] Id. at 9:25-26.
[12] Am. and Extended TRO and Order to Show Cause (the "Amended TRO") [ECF No. 32].
[13] Id. at 7:12-20.
[14] Id. at 7:21-8:2.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotations omitted).

## III. DISCUSSION

In the TRO and the Amended TRO, the Court discussed why the *Winters* factors weighed in Goldwater's favor.[15] The Court need not repeat its analysis here. At issue now are the issues raised in the briefing and hearings regarding the propriety of a preliminary injunction.

Elizarov argues that a preliminary injunction should not issue because the Court lacks the power to freeze the sale proceeds.[16] Elizarov contends that because Goldwater seeks "a purely legal remedy[,]" the Court must follow the precedent set in *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527

---

[15]   *See* Amended TRO 6:11-16; TRO 6:1-9:7.
[16]   *See* Elizarov Brief 2:1.

U.S. 308, 310 (1999).[17] In *Grupo Mexicano*, the Supreme Court held that a district court has "no authority to issue a preliminary injunction preventing [defendants] from disposing of their assets pending adjudication of [plaintiff's] contract claim for money damages." *Id.* at 527 U.S. at 333.

The problem with Elizarov's argument is two-fold. First, he is wrong in averring that Goldwater seeks a purely legal remedy. Goldwater's second claim for relief is for unjust enrichment,[18] which is an "***equitable principle*** that underlies various legal doctrines and remedies." *Cty. of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007), *as modified on denial of reh'g* (Jan. 25, 2008), *as modified* (Jan. 28, 2008) (emphasis added). Second, *Grupo Mexicano* "applies only to cases seeking *exclusively* legal damages." *Sec. & Exch. Comm'n v. Liu*, 851 F. App'x 665, 668 (9th Cir. 2021) (emphasis in original) (citing *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009); *In re Focus Media Inc.*, 387 F.3d 1077, 1084-85 (9th Cir. 2004)).

After considering the arguments that the parties raised in their papers and at the hearing, the Court finds that a preliminary injunction is warranted. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding that a "district court need not consider arguments raised for the first time in a reply brief" and therefore a district court need not consider arguments not raised at all). Because the *Winters* factors weigh heavily in Goldwater's favor, and because *Grupo Mexicano* does not prohibit the issuance of a preliminary injunction when the plaintiff seeks equitable relief, the Court will issue a preliminary injunction.

Neither party addresses whether Goldwater should be compelled to provide a larger (or smaller) bond. Accordingly, the Court finds it appropriate to keep in place the $2,500 bond that Goldwater previously posted.[19]

---

[17] *Id.* at 1:21-2:9.
[18] *See* Amended Complaint ¶¶ 93-95.
[19] *See* TRO 9:20-22.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendant Artur Elizarov and his agents, representatives, and all persons acting in concert with him are **RESTRAINED AND ENJOINED** from transferring, alienating, encumbering (including by a mechanics lien), or disposing of the Florida "homestead" and real property located at 2735 NE 10th Ave., Wilton Manors, Florida 33334, or any legal right or beneficial interest therein.

2. Defendant Elizarov and his agents, representatives, and all persons acting in concert with him are **RESTRAINED AND ENJOINED** from transferring, alienating, encumbering, or disposing of the remaining proceeds from the sale of the Subject Property in the amount of $70,000.

3. This Order shall remain in effect until further order of the Court.

4. The bond of $2,500 previously posted by Goldwater shall remain in place to satisfy the standard set forth in Rule 65(c) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: April 19, 2022

John W. Holcomb
UNITED STATES DISTRICT JUDGE