ILYA ALEKSEYEFF [CA 242462]
 ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, _Plaintiff,_ <br><br> vs. <br><br> **ARTUR ELIZAROV ET AL**, _Defendant._ <br><br> **AND RELATED CROSS-ACTION.** | **5:21-cv-616-JWH-SP** <br><br> DECLARATION OF ILYA ALEKSEYEFF SUPPORTING ARTUR ELIZAROV'S MOTION TO QUASH GOLDWATER BANK, NA'S SUBPOENAS _DUCES TECUM_ TO RITE CARE HOSPICE, INC. AND ECIVIS, INC <br><br> Date: 09/13/2022 <br> Time: 9:00 am <br> Court: Hon. Sheri Pym <br><br> Date filed: 04/06/2021 <br> Amendment filed: 05/24/2021 <br> Discovery cut-off: 10/14/2022 <br> Status conference: 02/03/2023 <br> Jury trial: 02/27/2023 |

1.     My name is Ilya Alekseyeff.

2.     I am an attorney and a member in good standing of the California State Bar and the bar of this District Court for the Central District of California.

1

3.      I have represented Mr. Artur Elizarov in these proceedings.

### *BMW Lawsuit*

4.      In 2019, I represented Artur Elizarov in a lawsuit entitled *Artur Elizarov v. BMW Financial Services NA, LLC, Los Angeles Superior Court case 19STCV08507.*

5.      I filed the lawsuit on March 11, 2019.

6.      The lawsuit was settled on May 22, 2019.

7.      I examined the document in **Exhibit Y** and recognized the document as the exact duplicate of the settlement agreement, which Mr. Elizarov signed in my presence and which I subsequently received counter-signed from BMW's counsel Ms. Caley.

8.      On May 22, 2019, after I received the countersigned settlement agreement from Ms. Caley, I filed a notice of unconditional settlement with the court.

9.      I examined the document in **Exhibit X** and recognized the document as the exact duplicate of the Notice of Settlement, which I personally filed with the court in the BMW action on May 22, 2019.

10.     The court finally dismissed the case on my request on August 14, 2019.

11.     I examined the document in **Exhibit Z** and recognized the document as the printout of the court's docket in Los Angeles Superior Court case *19STCV08507.*

### *Forbearance process*

12.     In preparing this case, I research guidance materials regarding the forbearance process relating to hardships caused by COVID-19 virus.

13.     I examined the document in **Exhibit D** and recognized the document as a Lender Letter (LL-2020-02), which I personally downloaded from Fannie Mae's website, https://singlefamily.fanniemae.com/media/22261/display, on July

2

1    26, 2022, stating on page 7 the following: "The CARES Act states that a
2    forbearance plan must be provided to any borrower who requests a forbearance
3    with an attestation of the financial hardship caused by the COVID-19 emergency;
4    and no additional documentation other than the borrower's attestation to a financial
5    hardship caused by the COVID-19 emergency is required."

6          14.    I highlighted the above text in Exhibit D for emphasis.

7          15.    I examined the document in **Exhibit E** and recognized the document
8    as the information published by the Consumer Financial Protection Bureau, CFPB,
9    which I personally downloaded from CFPB's website
10   https://files.consumerfinance.gov/f/documents/cfpb_csbs_consumers-forbearance-
11   guide_2020-05.pdf, stating on page 2 as follows: "You are not required to submit
12   documentation to prove your financial hardship to enter a forbearance under the
13   CARES Act."

14         16.    I highlighted the above text in Exhibit E for emphasis.

15         17.    I examined the document in **Exhibit F** and recognized the document
16   as a printout of an answer to frequently asked questions published by Fannie Mae,
17   which I personally downloaded from Fannie Mae's website https://servicing-
18   guide.fanniemae.com/COVID-19/COVID-FAQs/1957530251/Is-Form-710-
19   Mortgage-Assistance-Application-required-to-verify-hardship-for-putting-a-
20   borrower-on-a-COVID-19-related-forbearance-plan.htm, answering the question,
21   "Is Form 710 (Mortgage Assistance Application) required to verify hardship for
22   putting a borrower on a COVID-19 related forbearance plan," as follows: "For
23   COVID-19 impacted borrowers, no additional documentation other than the
24   borrower's attestation to a financial hardship caused by the COVID-19 emergency
25   is required for the borrower receiving a forbearance plan."

26         18.    I examined the document in **Exhibit G** and recognized the document
27   as a copy of Artur Elizarov's supposed mortgage assistance application, which I
28   received in discovery from Goldwater's attorney Derek Bast.

*Gregory Hill text messages*

19.   I examined the document in **Exhibit S** and recognized the messages as a conversation between Mr. Elizarov and Gregory Hill, which I personally created from the contents of Mr. Elizarov's cellular telephone as follows:

20.   I used a commercially available program iMazing.

21.   This program allows users to create an easy-to-read extraction of text messages from the iPhone.

22.   I completed the task as follows:

23.   I connected Mr. Elizarov's unlocked iPhone to my computer and extracted the text messages from the phone.

24.   I located the conversation with Gregory Hill and saved all the messages in the conversation into a single easy-to-read PDF file.

25.   The document in Exhibit S is the file that I created using iMazing software.

26.   The information in the footer of each page, including the date of the extraction and the serial number of the phone, was automatically generated by iMazing.

*Discovery responses*

27.   I examined the document in **Exhibit CC** and recognized the document as an exact duplicate of Goldwater Bank's response to Mr. Artur Elizarov's interrogatories, which I received from Goldwater's attorney Derek Bast in discovery by email.

28.   I examined the document in **Exhibit DD** and recognized the document as an exact duplicate of Goldwater Bank's response to Mr. Artur Elizarov's requests for production, which I received from Goldwater's attorney Derek Bast in discovery by email.

29.   I examined the document in **Exhibit G** and recognized the document as an exact duplicate of a document described as Mortgage Assistance Application

4

1 purportedly signed by Mr. Elizarov, which I received from Goldwater's attorney
2 Derek Bast in discovery by email.

3      30.    I examined the document in **Exhibit K** and recognized the document
4 as an except from a document described as Uniform Residential Loan Application,
5 which I received from Goldwater's attorney Derek Bast in discovery by email.

6      31.    I examined the document in **Exhibit L** and recognized the document
7 as an excerpt from a document described as Deed of Trust, which I received from
8 Goldwater's attorney Derek Bast in discovery by email.

9      32.    I examined the document in **Exhibit M** and recognized the document
10 as an excerpt from a document described as Adjustable Rate Rider, which I
11 received from Goldwater's attorney Derek Bast in discovery by email.

12      33.    I examined the document in **Exhibit N** and recognized the document
13 as an excerpt from a document described as Adjustable Rate Note, which I
14 received from Goldwater's attorney Derek Bast in discovery by email.

15      34.    I examined the document in **Exhibit P** and recognized the document
16 as a collection of three documents entitled Loss Mitigation 90-120 Days
17 Delinquency Review Checklist, which I received from Goldwater's attorney Derek
18 Bast in discovery by email.

19      35.    I examined the document in **Exhibit R** and recognized the document
20 as a collection of documents that appeared to include house inspection information,
21 which I received from Goldwater's attorney Derek Bast in discovery by email.

22      36.    I examined the document in **Exhibit T** and recognized the document
23 as an excerpt from a document described as Deed of Trust, which I received from
24 Goldwater's attorney Derek Bast in discovery by email.

25      37.    I examined the document in **Exhibit T** and recognized the document
26 as a collection of document that appear to show Freddie Mac and Fannie Mae
27 appraisal reports, which I received from Goldwater's attorney Derek Bast in
28 discovery by email.

1      38.    I examined the document in **Exhibit AA** and recognized the document

2  as a printout of a chain of emails between Artur Elizarov and Andrea Cross.

3      39.    Exhibit AA was also used during Andrea Cross' deposition.

4                       ***Subpoenas***

5      40.    I examined the document in **Exhibit A** and recognized the document

6  as a subpoena *duces tecum* to eCivis, Inc., which I received from Goldwater's

7  attorney Derek Bast by email.

8      41.    I examined the document in **Exhibit J** and recognized the document

9  as a subpoena *duces tecum* to Rite Care Hospice, Inc., which I received from

10  Goldwater's attorney Derek Bast by email.

11                       ***Court documents***

12      42.    I examined the document in **Exhibit B** and recognized the document

13  as an exact copy of Goldwater's verified amended complaint, which was filed in

14  this case on May 27, 2021, as document number 44.

15      43.    I examined the document in **Exhibit C** and recognized the document

16  as an exact copy of Mr. Elizarov's answer to Goldwater's verified complaint,

17  which I personally filed in this case on December 10, 2021, as document number

18  98.

19      44.    I examined the document in **Exhibit C** and recognized the document

20  as an exact copy of the court's order regarding Mr. Elizarov's *ex parte* application

21  for stay, which the Court issued and filed on August 3, 2022, as document number

22  175.

23                     ***Additional documents***

24      45.    I examined the document in **Exhibit EE** and recognized the document

25  as an exact duplicate of a notice of motion under Rule 11 that I served on all

26  parties' attorneys in this case on August 8, 2022.

27  \\\

28

***Meet and confer***

46.    Per order of this court, I spoke to Goldwater's attorney Derek Bast on the phone on Monday, August 8, 2022.

47.    Following the meeting, I sent Bast an email that summarized our discussions.

48.    I examined the document in **Exhibit GG** and recognized the document as a printout of the email that I sent to Bast at 1:05 pm on Monday, August 8, 2022, after speaking to Bast on the phone.

49.    The email in Exhibit GG accurately described our conversation.

50.    Minutes later, I sent another email to Bast, which included authorities regarding the scope of discovery that I discussed with Bast on the phone.

51.    I felt compelled to send these authorities because Bast told me during the call that he knew of no authorities that limited discovery only to those claims that were alleged in the complaint and did not allow parties to fish for evidence of some additional, yet unalleged claims.

52.    I examined the document in **Exhibit HH** and recognized the document as a printout of the email that I sent to Bast at 1:36 pm on Monday, August 8, 2022.

53.    Since that email, Bast has not responded to my authorities, has not sent me any contrary authorities, and has not agreed to limit the scope of the subpoenas.

54.    On Friday, August 12, 2022, I followed up with Bast regarding the CARES Act issue.

55.    Bast responded and offered me his "belief" that the loan was not a federally-backed loan.

56.    In my reply, I questioned why Bast offered me his belief rather than send me the records, especially when the records that Goldwater had previously disclosed had "Fannie Mae" written on them.

7

57.   I examined the document in **Exhibit JJ** and recognized the document as a printout of the email conversation that I had with Bast on August 12, 2022.

58.   Since that email, Bast has not sent me any documents or other proof to support his "belief" that the CARES Act did not apply.

I declare under penalty of perjury under the laws of the United State that the foregoing statements are true on my own personal knowledge.

Dated: 08/16/2022            Signature: *Ilya Alekseyeff*