## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | August 3, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly Carter | None | | None |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Denying Defendant/Counter-Claimant's Ex Parte Application to Stay Compliance With Subpoenas But Ordering Sequestration of Responsive Information [171]

On July 31, 2022, defendant/counter-claimant Artur Elizarov filed an ex parte application ("App.") for an order staying compliance with third-party subpoenas. Docket nos. 171-72. The application is supported by the declaration of defendant's counsel Ilya Alekseyeff ("Alekseyeff Decl.") and multiple exhibits. Plaintiff/cross-defendant Goldwater Bank, N.A. opposed the application on August 2, 2022. Opp., docket no. 173. It appears the other parties do not oppose or take a position on the application. Defendant filed a reply on August 2, 2022. Docket no. 174. For the following reasons, the court denies defendant's application, but orders sequestration of responsive information until resolution of defendant's planned motion to quash.

On June 29, 2022, defendant's counsel advised all other counsel in this case that he would be occupied by a criminal trial from approximately July 27 to August 5, 2022. *See* Alekseyeff Decl. ¶¶ 18-22, 27. On July 28, 2022, plaintiff notified defendant of three subpoenas duces tecum served on eCivis, Inc., PaeDae, Inc., and Rite Care Hospice, Inc. *Id.* ¶¶ 4-8. Defendant immediately contacted plaintiff to explain that he intended to object to the subpoenas on privacy grounds. *Id.* ¶¶ 30-32. Defendant asked plaintiff to stay compliance with the subpoenas until defendant could file a motion to quash, which defense counsel would be unable to submit until after the end of his trial. *Id.* ¶ 32. Defense counsel claims he needs until at least August 15, 2022 to file his motion, three days before compliance with the subpoenas is required. App. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | August 3, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

Plaintiff opposes a stay, arguing that what matters is that defendant will be able to file a motion before August 18, even if it is not ruled on until after compliance with the subpoenas. *See* Opp. at 3. If the subpoenaed entities produce documents, plaintiff offers to keep them sequestered until the court resolves the parties' dispute. *See id.* Plaintiff contends that staying compliance will delay the proceedings unnecessarily. *See id.* Plaintiff also argues the merits of its subpoenas as part of its opposition. *See id.* at 2-5.

In his reply, defendant contends that the information requested by the subpoenas is irrelevant to this case. *See* Reply at 2-3. He also argues that plaintiff's offer to sequester responsive documents is insufficient to protect his privacy because plaintiff's counsel engaged in gamesmanship by serving the subpoenas while defense counsel was busy with his trial. *See id.* at 3. Simply put, defense counsel does not trust plaintiff's counsel's unenforceable promise to not look at responsive documents until the motion to quash is resolved. *See id.*

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. In addition, Central District of California Local Rule 37-3 provides that "[u]nless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

Here, starting with the second *Mission Power* factor, defendant acted promptly to preserve his challenge to the subpoenas. Defense counsel is currently trying what appears to be a sensitive criminal case, and so it cannot be persuasively argued that he is at fault in creating the crisis that necessitated the instant application to stay.

As for the first factor, however, the court is not convinced that defendant would be irreparably prejudiced if compliance is allowed subject to sequestration until the motion to quash is resolved. In fact, Federal Rule of Civil Procedure 45 provides that whenever information responsive to a subpoena is subject to a claim of privilege, the subpoenaing party may sequester the information until determination of the privilege claim. *See* Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | August 3, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

R. Civ. P. 45(e)(2)(B). This principle is just as applicable to a claim of privacy, which unlike a traditional privilege, is not an absolute bar to discovery. *Allen v. Woodford*, 2007 WL 309485, at *6 (E.D. Cal. Jan. 30, 2007) (citation omitted). The court recognizes that plaintiff's timing in serving the subpoenas was not ideal, but the court is hesitant to find a bad motive simply because of that. Indeed, the discovery cut-off date is fast-approaching, so it is not unreasonable for all parties to pursue any remaining discovery as quickly as possible. Additionally, an order to sequester responsive documents will not be unenforceable as defendant argues. Plaintiff and its counsel may be subject to sanctions if they view or attempt to use any of the responsive documents without the court's prior approval.

Accordingly, because defendant fails to satisfy the first *Mission Power* factor, his ex parte application for an order staying compliance with plaintiff's subpoenas (docket no. 171) is denied. Nevertheless, under its discretion to manage discovery, the court orders plaintiff to sequester all information obtained through the subpoenas until the court rules on defendant's planned motion to quash. Neither plaintiff nor its counsel nor other representative may review, disseminate, or use the subpoenaed information until the court issues an order resolving defendant's privacy claims. To avoid additional delay, the parties are ordered to follow the procedures for non-discovery motions set forth in Local Rules 6-1 and 7. Counsel must meet and confer about defendant's contemplated motion to quash and any potential resolution no later than August 9, 2022. If the parties are unable to resolve their dispute, defendant must file his motion no later than August 16, 2022 and notice it for hearing on September 13, 2022.