ILYA ALEKSEYEFF, ESQ. [242462]
   *ilya@loia.legal*
LOIA, INC. (APLC)
8721 Santa Monica Blvd #119
West Hollywood, CA 90069
Tel: (213)537-4592

Attorney for ARTUR ELIZAROV

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, NATIONAL ASSOCIATION,<br><br>*Plaintiff,*<br><br>vs.<br><br>ARTUR ELIZAROV, ET AL.,<br><br>*Defendants.* | 5:21-CV-00616-JWH-SP<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL |

Defendant ARTUR ELIZAROV (ELIZAROV) answers the allegations in amended verified complaint filed by plaintiff GOLDWATER (GOLDWATER) as follows[1]:

---

[1] Although the plaintiff filed a <u>verified</u> complaint, Artur Elizarov files an <u>unverified</u> answer because, unlike California Code of Civil Procedure rule 446, no rule or federal statute requires an answer to a complaint alleging causes of action for breach of contract, unjust enrichment, fraud, fraudulent transfer, and civil conspiracy to be verified just because the complaint was verified. (Fed. R. Civ. P. 11(a).)

Exhibit C - 1

1.    In responding to the allegations in paragraph 1, ELIZAROV admits that GOLDWATER has its principal place of business in Phoenix, Arizona and denies all other allegations in paragraph 1 not specifically admitted.

2.    ELIZAROV admits the allegations in paragraphs 2 and 3.

3.    In responding to the allegations in paragraph 4, ELIZAROV admits that defendant Scott Howlett is an individual but lacks information and belief to admit or deny the rest of the allegations in that paragraph and, therefore, denies those allegations.

4.    ELIZAROV admits the allegations in paragraphs 5 through 10.

5.    ELIZAROV does not need to admit or deny the statement in paragraph 11 because that paragraph did not allege any facts.

6.    ELIZAROV admits the allegations in paragraphs 12 through 16.

7.    ELIZAROV denies the allegations in paragraph 17.

8.    In responding to the allegations in paragraph 18, ELIZAROV admits that ELIZAROV purchased the Subject Property for $915,000 using, in part, the proceeds of both the Goldwater Loan and funds from Unison and denies all other allegations in paragraph 18 not specifically admitted.

9.    ELIZAROV admits the allegations in paragraphs 19 and 20.

10.    In responding to the allegations in paragraph 21, ELIZAROV admits that the Subordination Agreement identified a superior lien by loan number, the date of the note, and the principal amount of $686,250.00 and denies all other allegations in paragraph 21 not specifically admitted.

11.    ELIZAROV admits the allegations in paragraph 23.

12.    ELIZAROV denied the allegations in paragraph 24.

13.    ELIZAROV admits the allegations in paragraph 25.

14.    ELIZAROV denies the allegations in paragraph 26.

15.    ELIZAROV admits the allegations in paragraphs 27 and 28.

16.    In responding to the allegation in paragraph 29, ELIZAROV admits

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Exhibit C - 2

that ELIZAROV was a named plaintigg in litigation in the Superior Court of California, Los Angeles County, entitled *Artur Elizarov v. BMW Financial Services NA, LLC* (19STCV08507) and that Alekseyeff represented ELIZAROV in that action and denies all other allegations in paragraph 29 not specifically admitted.

17.    ELIZAROV admits the allegations in paragraph 30.

18.    In responding to the allegations in paragraph 31, ELIZAROV admits that ELIZAROV was subject to a federal tax lien of $107,787.69 and denies all other allegations in paragraph 31 not specifically admitted.

19.    ELIZAROV denies the allegations in paragraph 32 through 35.

20.    In responding to the allegations in paragraph 36, ELIZAROV admits that ELIZAROV made payments that satisfied ELIZAROV's ordinary payment obligations through April 1, 2020 and denies all other allegations in paragraph 36 not specifically admitted.

21.    ELIZAROV lacks information or belief sufficient to admit or deny the allegation in paragraph 37 and, therefore, denies those allegations.

22.    ELIZAROV admits the allegations in paragraphs 38 through 40.

23.    ELIZAROV denies the allegations in paragraphs 41 through 43.

24.    ELIZAROV denies the allegations in paragraph 44 on information and belief.

25.    ELIZAROV denies the allegation in paragraph 45.

26.    ELIZAROV does not need to admit or deny the allegations in paragraph 46 because that paragraph did not assert any allegations against ELIZAROV.  (Fed. R. Civ. P. 8(b)(1)(B).)  However, to the extent that an answer is required, ELIZAROV denies the allegations in paragraph 46 on information and belief.

27.    In responding to the allegations in paragraph 47, ELIZAROV admits that ELIZAROV decided to sell the Subject Property and denies all other

Exhibit C - 3

allegations in paragraph 47 not specifically admitted.

28. ELIZAROV admits the allegations in paragraphs 48 and 49 on information and belief.

29. ELIZAROV lacks information or belief to admit or deny the allegations in paragraphs 50 and 51 and, therefore, denies those allegations.

30. In responding to the allegations in paragraph 52, ELIZAROV admits that GOLDWATER communicated with ELIZAROV by email and telephone on March 25, 2021, regarding the disbursement of the proceeds of the pending sale and denies all other allegations in paragraph 52 not specifically admitted.

31. ELIZAROV denies the allegations in paragraph 53.

32. In responding to the allegations in paragraph 54, ELIZAROV admits that the Grant Deed was recorded on or around March 29, 2021, and that Exhibit F is a true and accurate copy of the Grant Deed and denies all other allegations in paragraph 54 not specifically admitted.

33. ELIZAROV denies the allegations in paragraphs 55 and 56.

34. ELIZAROV admits the allegations in paragraph 57.

35. ELIZAROV denies the allegations in paragraph 58.

36. ELIZAROV denies the allegations in paragraph 59 on information and belief.

37. ELIZAROV denies the allegations in paragraphs 60 and 61.

38. In responding to the allegations in paragraph 62, ELIZAROV admits that Exhibit G is a true and correct copy of an advertisement flier and denies all other allegations in paragraph 62 not specifically admitted.

39. ELIZAROV denies the allegations in paragraphs 63 through 66.

40. ELIZAROV admits the allegations in paragraph 67.

41. ELIZAROV does not have to admit or deny the allegations in paragraph 68 because those allegations relate to the dismissed claim for injunctive relief. However, to the extent that an answer is required, ELIZAROV denies the

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**Exhibit C - 4**

1   allegations in paragraph 68.

2       42.    In responding to the allegations in paragraph 69, ELIZAROV admits

3   that on April 1, 2021, Goldwater demanded that ELIZAROV return the funds from

4   the sale of Subject Property and denies all other allegations in paragraph 69 not

5   specifically admitted.

6       43.    ELIZAROV does not have to admit or deny the allegations in

7   paragraph 70 to 74 because those paragraphs did not assert any allegations against

8   ELIZAROV.  (Fed. R. Civ. P. 8(b)(1)(B).)  However, to the extent that an answer

9   is required, ELIZAROV denies the allegations in paragraphs 70 to 74 on

10  information and belief.

11      44.    ELIZAROV admits the allegations in paragraphs 75 through 78.

12      45.    ELIZAROV denies the allegations in paragraphs 79 and 80.

13      46.    ELIZAROV admits the allegations in paragraph 81 on information

14  and belief, except for the allegation that GOLDWATER had not received payment

15  in full, which ELIZAROV admits.

16      47.    ELIZAROV denies the allegations in paragraph 82.

17      48.    In responding to the allegations in paragraph 83, ELIZAROV

18  incorporates by reference his responses to the allegations contained in the

19  preceding paragraphs of the amended verified complaint.

20      49.    ELIZAROV denies the allegations in paragraph 84.

21      50.    ELIZAROV admits the allegations in paragraph 85.

22      51.    ELIZAROV denies the allegations in paragraphs 86 through 88.

23      52.    ELIZAROV denies the allegations in paragraph 89.

24      53.    ELIZAROV denies the allegations in paragraph 90.

25      54.    ELIZAROV does not need to admit or deny the allegations in

26  paragraphs 91 and 92 because those allegations relate to a dismissed claim for

27  injunctive relief.  However, to the extent that an answer is required, ELIZAROV

28  denies the allegations in paragraphs 91 and 92.

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**Exhibit C - 5**

55.     In responding to the allegations in paragraph 93, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

56.     ELIZAROV denies the allegations in paragraphs 94 and 95.

57.     In responding to the allegations in paragraph 96, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

58.     ELIZAROV denies the allegations in paragraph 97 through 102.

59.     ELIZAROV denies the allegations in paragraph 103 and 104 on information and belief.

60.     ELIZAROV denies the allegations in paragraph 105.

61.     In responding to the allegations in paragraph 106, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

62.     ELIZAROV denies the allegations in paragraphs 107 through 109.

63.     In responding to the allegations in paragraph 110, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

64.     ELIZAROV denies the allegations in paragraphs 111 through 113.

65.     In responding to the allegations in paragraph 114, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

66.     ELIZAROV does not need to admit or deny the allegations in paragraphs 115 through 119 because those allegations relate to a dismissed claim for injunctive relief.  However, to the extent that a response is required, ELIZAROV denies the allegations in paragraphs 115 through 119.

67.     In responding to the allegations in paragraph 120, ELIZAROV incorporates by reference his responses to the allegations contained in the

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Exhibit C - 6

preceding paragraphs of the amended verified complaint.

68.     ELIZAROV does not have to admit or deny the allegations in paragraphs 121 through 130 because those paragraphs did not assert any allegations against ELIZAROV.  (Fed. R. Civ. P. 8(b)(1)(B).)  However, to the extent that a response is required, ELIZAROV denies the allegations in paragraphs 121 through 130 on information and belief.

69.     In responding to the allegations in paragraph 131, ELIZAROV incorporates by reference his responses to the allegations contained in the preceding paragraphs of the amended verified complaint.

70.     ELIZAROV does not have to admit or deny the allegations in paragraphs 132 through 134 because those paragraphs did not assert any allegations against ELIZAROV.  (Fed. R. Civ. P. 8(b)(1)(B).)  However, to the extent that a response is required, ELIZAROV denies the allegations in paragraphs 132 through 134 on information and belief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES TO THE FIRST CAUSE OF ACTION (WAIVER)

71.     GOLDWATER, failed to give ELIZAROV a 30-days' notice of acceleration as required by Paragraph 18 of The Deed of Trust.  GOLDWATER, instead gave notice to ELIZAROV 42 days after ELIZAROV sold the Subject Property to defendant Scott Howlett and 22 days after ELIZAROV used the proceeds from the sale to purchase a property in Florida for $630,000.00.  Since GOLDWATER knew, at the time Goldwater Bank mailed the notice of acceleration to ELIZAROV on May 12, 2021, that ELIZAROV had used the proceeds to acquire another property and no longer had the funds available, Goldwater Bank waived its contractual right to accelerate the repayment of the

Exhibit C - 7

Goldwater Loan principal by Goldwater Bank's failure to give the timely notice.

## SECOND AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION
### (UNCLEAN HANDS)

72.     ELIZAROV is informed and believes that GOLDWATER, as matter of its general business practice, has consistently and repeatedly violated its obligation to give notice of acceleration to its borrowers and instead extorted a payment from its borrowers, at the time the borrowers sold the property secured by Goldwater Bank's mortgage lien, by threatening not to release the lien unless the borrower paid Goldwater Bank the outstanding loan principal.  In this case, Goldwater Bank had intended to employ the same general practice, except that Goldwater Bank could not extort the unlawful payment from ELIZAROV because Goldwater Bank had never recorded its lien and, therefore, could not have extorted a payment from ELIZAROV.  Goldwater Bank instead filed a lawsuit seeking to recover a balance of the loan that Goldwater Bank was not entitled to.  Therefore, Goldwater Bank did not come to this court with clean hands and cannot recover from ELIZAROV for breach of contract.

## THIRD AFFIRMATIVE DEFENSE TO THE FIRST CAUSE OF ACTION
### (PRIVILEGE)

73.     ELIZAROV's offer to pay GOLDWATER $675,000.00 and any statements that ELIZAROV made to GOLDWATER at the time the parties discussed this payment are privileged under California Evidence Code section 1152, subdivision (a).

## FOURTH AFFIRMATIVE DEFENSE TO THE FIFTH CAUSE OF ACTION
### (PRIVILEGE)

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Exhibit C - 8

74. To the extent GOLDWATER seeks to prove its conspiracy allegations against ELIZAROV based on any communication that ELIZAROV had with defendant Ilya Alekseyeff *after* ELIZAROV submitted Loan Application and Assistance Application and after ELIZAROV sold Subject Property to defendant Scott Howlett, those communications are privileged under Evidence Code sections 971 and 980.

## FIFTH AFFIRMATIVE DEFENSE TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION
## (FAILURE TO STATE A CLAIM)

75. The first, second, third, fourth, and fifth causes of action failed to state a claim upon which relief can be granted.

## COUNSEL'S STATEMENT UNDER RULE 11

All denials of the allegations in the amended verified complaint and all allegations in affirmative defenses, in counterclaim, and in crossclaim made on information and belief may presently lack evidentiary support but are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## DEMAND FOR JURY TRIAL

Defendant Artur Elizarov demands jury trial.

## PRAYER FOR RELIEF

Let plaintiff Goldwater Bank, NA, take nothing by its claim against defendant Artur Elizarov, and let defendant Artur Elizarov recover his costs of suit and attorney's fees under California Civil Code section 7171.

\\\

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

Exhibit C - 9

1 | Dated: 12/10/2021.                    Respectfully submitted,

2 |                                       LOIA, Inc. (APLC)

3 |

4 |

5 |                                       ILYA ALEKSEYEFF, ESQ.

6 |                                       Attorney for ARTUR ELIZAROV

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

**Exhibit C - 10**