Sean C. Wagner (Pro Hac Vice)
Derek M. Bast (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 226760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:   (619) 501-6855

Counsel for Plaintiff
GOLDWATER BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A.,<br><br>           Plaintiff,<br><br>    v.<br><br>ARTUR ELIZAROV, ET AL.<br><br>           Defendants. | Case No. 5:21-cv-00616-JWH-SPx<br><br>**PLAINTIFF GOLDWATER BANK, N.A.'S RESPONSES TO ARTUR ELIZAROV'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:      Defendant Artur Elizarov

ANSWERING PARTY:      Plaintiff Goldwater Bank, N.A.

SET NO.:      One

NOW COMES Plaintiff Goldwater Bank, N.A. ("Goldwater"), by and through counsel, and responds to Defendant Artur Elizarov's ("Elizarov") First Set of Interrogatories (the "Interrogatories") as follows:

---

**Exhibit CC - 1**

**2.** Does GOLDWATER contend that ELIZAROV made false statements of fact in FORBEARANCE APPLICATION that GOLDWATER found important in deciding whether to approve FORBEARANCE APPLICATION? If so, state:

**2.1.** All facts on which GOLDWATER based its contention, including, at the minimum, each false statement of fact, the reasons why GOLDWATER contends that each such statement was false, and the reasons why GOLDWATER found each such statement important in deciding whether to approve FORBEARANCE APPLICATION;

**2.2.** Legal name and CONTACT INFORMATION of each WITNESS who has personal first-hand knowledge of the facts stated in the answer to subpart 2.1 and a description of the means by which each WITNESS learned those facts;

**2.3.** A description of all EVIDENCE that supports the existence of the facts stated in the answer to subpart 2.1; and

**2.4.** Legal name and CONTACT INFORMATION of each PERSON who currently has custody, possession, or control of each item of EVIDENCE stated in the answer to subpart 2.3.

**RESPONSE:**      **Goldwater objects to Interrogatory No. 2 to the extent it is a contention interrogatory that potentially seeks attorney-client privileged and attorney-work product information.  This matter is in the early stage of discovery,**

and Goldwater's views about the application of the facts to the relevant law are subject to change as discovery progresses.  Goldwater further objects to this request to the extent it asks for information outside of Goldwater's possession, custody, or control, since evidence of the truthfulness or falsity of Elizarov's statements on his forbearance application is likely to reside with Elizarov or with third parties.  In addition, Goldwater objects to this interrogatory as improperly compound, resulting in the total number of interrogatories exceeding the limits of Fed. R. Civ. P. 33(a)(1).  Subject to and without waiving its objections, Goldwater contends that Elizarov's statement that his current financial assets only included $3,500 in checking accounts and cash on hand was false, based on evidence of other accounts in Elizarov's name, including the JP Morgan savings account reported on his loan application.  Elizarov also falsely represented to Goldwater that the Palm Springs property was his primary residence, when he had already signed a 12-month lease for an apartment in Florida just weeks prior.

Evidence of these, as well as other, false statements can be ascertained through the business records being produced in response to Elizarov's discovery requests pursuant to Fed. R. Civ. P. 33(d).

Employees Amanda Uhrig, Melanie Gonzales, Leticia Aguilar, and Renita Nolan communicated with Elizarov regarding his forbearance application and have knowledge of the same.  These individuals are employees of Weststar Mortgage Corporation ("Weststar"), which is an entity affiliated with Goldwater who handled the servicing of Elizarov's loan.  Goldwater employee Pete Hill also has general knowledge of Elizarov's forbearance application.  They can be reached through undersigned counsel.

Exhibit CC - 3

Dated:  April 22, 2022.

WAGNER HICKS PLLC
By: ___/s/ Derek M. Bast_____
       Sean C. Wagner, Esq.
       Derek M. Bast, Esq.

       And

HILBERT & SATTERLY LLP
By: /s/ Joseph A. Levota_____
       John Forest Hilbert, Esq.
       Joseph A. LeVota, Esq.

*ATTORNEYS FOR GOLDWATER BANK, N.A.*

**Exhibit CC - 4**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GOLDWATER BANK, N.A.,

Plaintiff,

v.

ARTUR ELIZAROV, ET AL.

Defendants.

Case No. 5:21-cv-00616-JWH-SPx

**VERIFICATION**

I, Peter Hill, an authorized agent of Goldwater Bank, N.A., declare under penalty of perjury that I have reviewed the foregoing answers to interrogatories, and I am personally familiar with the information contained therein.  The information contained therein is true and correct to the best of my knowledge and investigation.

This the 22nd day of April, 2022.

_____
Peter Hill

**Exhibit CC - 5**