ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* <br><br> vs. <br><br> **ARTUR ELIZAROV, ET AL.**, *Defendant.* | 5:21-cv-616-JWH-SP <br><br> TENTATIVE NOTICE OF MOTION FOR SANCTIONS UNDER RULE 11 <br><br> Date: TBD <br> Time: 9:00 am <br> Court: Hon. John W. Holcomb |

**To Goldwater Bank, NA, Scott Howlett, Bank of the West, Unison Credit Corp.; attorneys Derek Bast, Marie Maurice, and Joseph LeVota; and law offices of Wagner Hicks, PLLC, Ivie McNeill Wyatt Purcell & Diggs, and Hilbert & Satterly LLP:**

No earlier than 9:00 am on September 30, 2022*, in Courtroom 9D of the United States District Court for the Central District of California located at Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California 92701-4516, The Honorable John W. Holcomb, District Judge, defendant Artur Elizarov will move for the following sanctions against plaintiff Goldwater Bank, NA, attorneys Derek Bast, Marie Maurice, and Joseph LeVota,

1

and law offices of Wagner Hicks, PLLC, Ivie McNeill Wyatt Purcell & Diggs, and Hilbert & Satterly LLP (collectively, "counselors"): monetary sanctions against counselors; an order dismissing the entire verified complaint (EFD # 44) or, at the minimum, dismissing the causes of action for fraud, conspiracy to commit fraud, fraudulent transfer, and unjust enrichment; an order that attorney Derek Bast report the sanction to the North Carolina Bar; and an order that attorneys Maurice and LeVota report the sanction to the California State Bar.

Elizarov will seek the order for the following reasons:

1. The claims of fraud as alleged in the third cause of action of the amended verified complaint (Ex. OO) lacked evidentiary support and was not warranted by existing law, a violation of Rule 11(b)(2) & (b)(3).

   a. The following allegation is demonstrably false: Elizarov falsely reported his marital status. Elizarov reported that Elizarov had a "husband" to Goldwater's loan officer Gregory Hill on July 9th and July 11th 2019. Therefore, the allegation lacked evidentiary support. Fed. R. Civ. P. 11(b)(3). The allegation was also not warranted by the law. Fed. R. Civ. P. 11(b)(2). The Equal Credit Opportunity Act prohibited Goldwater from considering Elizarov's marital status in making the lending decision. Therefore, the information was immaterial as a matter of law.

   b. The following allegation is demonstrably false: Elizarov did not report the BMW lawsuit. Elizarov reported the lawsuit as well as its settlement to Gregory Hill on July 10th 2019. The notice of unconditional settlement, the request for dismissal, the stipulation and order to retain jurisdiction, and Alekseyeff's declaration regarding the proceedings in the BMW litigation were all publicly available and accessible before counselors filed the lawsuit. Therefore, the allegation lacked evidentiary support. Fed. R. Civ. P. 11(b)(3).

   c. The following allegation is demonstrably false: Elizarov failed to report that Elizarov was in default on a federal debt, including the IRS debt.

Goldwater admitted that Goldwater had no evidence to support this allegation. Goldwater could not identify a single debt that Elizarov had allegedly defaulted on. At the time Elizarov applied for the loan in July 2019, Elizarov no longer had the IRS debt that was subject to the lien. (Goldwater relied on the recorded lien as the sole evidence of the alleged default.) Elizarov paid off the debt in January 2018 when Elizarov sold a house in Valley Village, California. Therefore, the allegation lacked evidentiary support. Fed. R. Civ. P. 11(b)(3).

   d. By its admission, Goldwater had no evidence to support the following allegations: Elizarov's income and assets in May 2020 (when Elizarov applied for forbearance) exceeded $1,050.00 per week and $3,500 cash on hand, respectively. Therefore, the allegation lacked evidentiary support. Fed. R. Civ. P. 11(b)(3). The information about Elizarov's income and assets was also *immaterial* as a matter of law because the CARES Act did not allow Goldwater to consider this information and instead required Goldwater to grant the forbearance based solely on Elizarov's request and an affirmation of hardship. Therefore, the allegation was not warranted by the law. Fed. R. Civ. P. 11(b)(2).

   e. (i) Goldwater lacked evidentiary support to support this allegation: With the intent to induce Goldwater not to "interfere with the sale" or "rush to record the Deed of Trust," Elizarov represented that the property was subject to a mechanic's lien and orally promised to pay Goldwater $675,000 from the sale proceeds. Goldwater admitted that it had no evidence to show that Elizarov's intention was to induce reliance rather than to pay Goldwater less than Elizarov owed. This admission negates the fraudulent intent. Goldwater also has no evidence to show reliance damages. Goldwater found out that the deed was unrecorded only because Elizarov engaged in settlement discussion. Had Elizarov told Goldwater nothing about other lien nor promised to pay $675,000, Goldwater still would have received nothing from the sale. Therefore, any losses that Goldwater suffered did not result from Elizarov's alleged misrepresentations

during the settlement discussions but from Goldwater's incompetent failure to record the deed of trust.  (ii) The allegation is also not warranted by the law.  By Goldwater's admission, the parties did not have an agreement that required Elizarov to pay $675,000 to Goldwater.  If the agreement existed, the agreement was unenforceable under the Statute of Frauds.  The agreement also lacked consideration.  In its fraud claim, Goldwater sought to use tort law to enforce the unenforceable and non-existing agreement.  Binding California precedent did not allow Goldwater to use the tort law in this manner.

      2.     The claim of conspiracy as alleged in the fifth cause of action of the amended verified complaint (Ex. OO) lacked evidentiary support, a violation of Rule 11(b)(3).  Goldwater admitted that Goldwater had no evidence to show that Alekseyeff knew of or agreed that Elizarov should represent anything to Goldwater.  The allegation was also not warranted by the law, a violation of Rule 11(b)92).  Alekseyeff had no relationship with Goldwater and owed Goldwater no duty to make any statements.  Therefore, Alekseyeff is not liable for conspiracy as a matter of law.

      3.     The claim for unjust enrichment, as alleged in the second cause of action of the amended verified complaint (Ex. OO) lacked evidentiary support, a violation of Rule 11(b)(3).  Goldwater admitted in its pleading and in discovery that the note and the deed of trust were valid and enforceable.  A claim under a valid and enforceable agreement cannot support a claim for unjust enrichment as a matter of law.  Therefore, Goldwater had no basis to allege the claim.

      4.     The legal claim of fraudulent transfer as alleged in the fourth cause of action of the amended verified complaint (Ex. OO) was not warranted by the law, a violation of Rule 11(b)(2).  By paying pre-existing debt, Elizarov merely preferred one creditor over another.  Such a preference does not support the intent to defraud creditors as a matter of law.  Therefore, there is no legal basis to support this allegation.

The motion will be based on this notice, the memorandum supporting this motion, declarations of Ilya Alekseyeff and Artur Elizarov, exhibits A through MM, requests for judicial notice, a reply memorandum, and any evidence submitted in rebuttal.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on _____.*

**To avoid this motion, which Elizarov will file with the court on September 2, 2022, twenty-five days after service, counselors must, no later than 11:59 PM Pacific Time on September 1, 2022, twenty-four days after service, withdraw from the amended verified complaint (EFD # 44) the second cause of action for unjust enrichment, the third cause of action for fraud, the fourth cause of action for fraudulent transfer, and the fifth cause of action for conspiracy.**

*This notice will be amended to reflect the confirmed hearing date and the conference date prior to filing. Fed. R. Civ. P. 11(c)(2) (safe harbor).

Dated: 08/08/2022                    LOIA, INC. (APLC)

*Ilya Alekseyeff*
By Ilya Alekseyeff
Attorney for Artur Elizarov

# CERTIFICATE OF SERVICE

I, Ilya Alekseyeff, certify that on August 8, 2022, I served the attached "TENTATIVE NOTICE OF MOTION FOR SANCTIONS UNDER RULE 11" by mail as follows:

| | |
|---|---|
| Derek Bast<br>Wagner Hicks, PLLC<br>831 E Morehead St Ste 860<br>Charlotte, NC 28202 | Joseph LeVota<br>Hilbert Satterly LLP<br>409 Camino del Rio St Ste 104<br>San Diego, CA 92108 |
| Marie Maurice<br>Ivie McNeill Wyatt Purcell & Diggs,<br>444 S Flower St Fl 18<br>Los Angeles, CA 90071-2919 | |

I further certify that on that on August 8, 2022, I also served the attached "TENTATIVE NOTICE OF MOTION FOR SANCTIONS UNDER RULE 11" by email as follows:

1. Derek Bast, derek.bast@waghernicks.law
2. Marie Maurice, mmaurice@imwlaw.com
3. Joseph LeVota, jlevota@hscallaw.com
4. Ryan Thomason, rthomason@hallgriffin.com
5. Nabil Bisharat, nbisharat@orsusgate.com

I declare under penalty of perjury under the laws of the United States that the above certification is true and correct.

Date: 08/08/2022       Signature: _____