## Goldwater v. Elizarov, CACD 5:21-cv-616 - additional authorities

Ilya ALEKSEYEFF <ilya@loia.legal>
Mon 2022-08-08 1:36 PM
To: Derek Bast <derek.bast@wagnerhicks.law>
Bcc: Clio Maildrop (1449395076) <e478ba47d+matter1449395076@maildrop.clio.com>

Derek,

Here are the authorities that I promised you:

***Discovery is limited to the issues alleges in the pleading.  Discovery may not be obtained to develop new claims not alleged in the complaint.***

"Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is not privileged, which is relevant to the claim or defense of any party. Parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings."

*In re Remec, Inc. Securities Litigation*, Civil No. 04cv1948 JLS (AJB), at *3 (S.D. Cal. May 30, 2008).

"However, discovery should be used to flesh out claims, not search for new ones."

*Feigel v. F.D.I.C.*, 935 F. Supp. 1090, 1101 n.7 (S.D. Cal. 1996).

"Plaintiffs may not use discovery to develop new claims or defenses that are not asserted in the pleadings."

*Corker v. Costco Wholesale Corp.*, Cause No. C19-0290RSL, at *3 (W.D. Wash. Dec. 4, 2020).

"Plaintiff may not use discovery to develop new claims that are not already identified in the pleadings."

*PARKS v. TAIT*, No. 08-CV-1031-H (JMA), at *7 (E.D. Cal. Dec. 4, 2009).

"parties are not entitled to discovery to develop new claims or defenses that are not identified in the pleadings"

*Jacobson v. Persolve*, LLC, No. C14-00735 LHK (HRL), at *3 (N.D. Cal. Apr. 1, 2015).

I have many more opinions, all saying the same thing.  But I think that five citations should be sufficient.

***The rule is even stricter for fraud claims.  To allege fraud, the plaintiff must have all the facts supporting the claim before filing the complaint.  The claim may not be based on information developed in discovery.***

"A plaintiff must identify the complete facts supporting a fraud claim before alleging fraud in its complaint: allegations of fraud may not depend on facts to be uncovered in discovery."

*Bernstein v. Vocus, Inc.*, No. 14-cv-01561-TEH, at *10 (N.D. Cal. July 23, 2014).

"these heightened pleading requirements [under Rule 9] exist to 'eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed.'"

**Exhibit HH - 1**

*Staton v. Bac Home Loans Servicing, L.P.*, No. 6:10-cv-01306-AA, at *15 (D. Or. May 9, 2012), internal citations omitted.

"plaintiffs' speculation that discovery will yield further evidence of fraud is insufficient."

*Johnson v. First Federal Bank of California*, Case No.: C 08-0264 PVT, [and related case C 08-01796 PVT], at *8 (N.D. Cal. Nov. 26, 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("[f]actual allegations must be enough to raise a right of relief above the speculative level . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact.")

In these cases, courts granted Rule 12(b) motions because plaintiffs promised to obtain the information supporting the improperly alleged claim of fraud in discovery. Here, you are seeking to do something worse: you are trying to obtain discovery on the issue of fraud that you did not even bother alleging. Federal rules do not permit such practice. Therefore, you may not obtain Mr. Elizarov's pre-loan application income information to verify whether Mr. Elizarov misrepresented his income.

Thank you.

Sincerely,
**LOIA, Inc. (APLC)**

*Ilya Alekseyeff*

**Mr. Ilya Alekseyeff**
*Attorney at Law (CA, FL & NY)*
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592
E-mail: ilya@loia.legal

Exhibit HH - 2