ILYA ALEKSEYEFF [CA 242462]
  ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* | **5:21-cv-616-JWH-SP** |
| vs.<br><br>**ARTUR ELIZAROV ET AL**, *Defendant.* | **DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11** |
| **AND RELATED CROSS-ACTION.** | Date: 10/21/2022<br>Time: 9:00 am<br>Court: Hon. John W. Holcomb |

1.  My name is Ilya Alekseyeff.

2.  I am an attorney and a member in good standing of the California State Bar and the bar of this District Court for the Central District of California.

3.  I have represented Mr. Artur Elizarov in these proceedings.

### *BMW Lawsuit*

4.  In 2019, I represented Artur Elizarov in a lawsuit entitled *Artur Elizarov v. BMW Financial Services NA, LLC, Los Angeles Superior Court case 19STCV08507.*

5.  I filed the lawsuit on March 11, 2019.

1

1    6.    The lawsuit was settled on May 22, 2019.

2    7.    I examined the document in **Exhibit A** and recognized the document

3 as the exact duplicate of the settlement agreement, which Mr. Elizarov signed in

4 my presence and which I subsequently received counter-signed from BMW's

5 counsel Ms. Caley.

6    8.    Paragraph 4 of the settlement agreement in Exhibit A contemplated

7 that the court must retain jurisdiction over the settlement under California Code of

8 Civil Procedure section 664.6.

9    9.    BMW's attorney Ms. Caley insisted that the court had to agree to

10 retain jurisdiction before the case could be dismissed.

11    10.    I examined the document in **Exhibit B** and recognized the document

12 as the exact duplicate of an email that I received from Ms. Caley on May 14, 2019,

13 where Ms. Caley discussed the applicable law.

14    11.    On May 22, 2019, after I received the countersigned settlement

15 agreement from Ms. Caley, I filed a notice of unconditional settlement with the

16 court.

17    12.    I examined the document in **Exhibit C** and recognized the document

18 as the exact duplicate of the Notice of Settlement, which I personally filed with the

19 court in the BMW action on May 22, 2019.

20    13.    On May 22, 2019, I also filed the stipulation and proposed order re:

21 retention of jurisdiction under Code of Civil Procedure section 664.6.

22    14.    The court accepted the stipulation and agreed to retain jurisdiction on

23 July 26, 2019.

24    15.    I examined the document in **Exhibit D** and recognized the document

25 as the exact duplicate of the stipulation and order re: jurisdiction, which I

26 personally submitted to the court and subsequently received, signed and

27 conformed, from the court.

28

2

DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR
SANCTIONS UNDER RULE 11

16.     The court finally dismissed the case on my request on August 14, 2019.

17.     I examined the document in **Exhibit E** and recognized the document as the exact duplicate of the Request for Dismissal, which I personally submitted to the court on August 14, 2019, and subsequently received, signed and conformed, from the court.

18.     On August 14, 2019, I also filed a declaration with the court where I explained in detail why the case was not dismissed until August 14, 2019.

19.     I examined the document in **Exhibit F** and recognized the document as the exact duplicate of my declaration dated August 14, 2019, which I personally prepared, signed, and filed with the court on August 14, 2019.

20.     In 2021, when Goldwater filed this case, the Los Angeles Superior Court made its court records available to the public.

21.     The records could be accessed through the "Case Document Images" option on the court's website lacourt.org.

22.     I examined the document in **Exhibit U** and recognized the document as a screen printout of the Los Angeles Superior Court's website, which I personally created, showing the option to access case document images..

23.     I examined the document in **Exhibit V** and recognized the document as a printout of the document listing in the case 19STCV08507, which I personally printed from the Los Angeles Superior Court's website, showing the list of all the case documents available for download, including the notice of unconditional settlement, the request for dismissal, the stipulation re: jurisdiction, and my declaration.

24.     These documents are available to any member of the public, attorneys and non-attorneys alike.

\\\

3

DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR
SANCTIONS UNDER RULE 11

*Gilmore loan*

25.    In February of 2020, I borrowed $80,000 from Shatar Capital on the following terms: monthly interest-only payments of $933.33 at the interest rate of 14% per annum with a balloon payment of $80,000 due at maturity on December 31, 2020.

26.    I examined the document in **Exhibit R** and recognized the document as the exact duplicate of the note, which I personally signed and initialed, regarding the Shatar Capital loan.

27.    The loan was also subject to a recorded deed of trust.

28.    I examined the document in **Exhibit G** and recognized the document as the exact duplicated of the recorded deed of trust, which I personally signed and initialed, regarding the Shatar Capital loan.

29.    After all the fees and liens, I received $50,039.38 in net proceeds from the $80,000 loan.

30.    I examined the document in **Exhibit S** and recognized the document as an exact copy of the Stewart Title of California, Inc. final settlement statement, which I personally received from escrow, accurately showing the proceeds and disbursement regarding the Shatar Capital loan.

31.    I subsequently made all the monthly payments but defaulted on the principal in December 2020 due to hardship caused by the worldwide COVID-19 pandemic.

32.    I tried to refinance the loan but could not because of the pandemic.

33.    On April 12, 2021, I received a loan payoff demand from Shatar Capital's long servicer, FCI Lender Services, Inc., which required a payment of $84,843.22.

34.    I examined the document in **Exhibit H** and recognized the document as an exact duplicate of the Demand Loan Payoff letter, which I personally received from FCI Lender Services on April 12, 2021, describing the payoff terms.

4

35.     I subsequently paid this loan with the funds from the sale of Mr. Elizarov's Palm Springs house located at 291 E Overlook Road in Palm Springs, California.

36.     On April 27, 2021, Shatar Capital subsequently the reconveyance document.

37.     I examined the document in **Exhibit J** and recognized the document as the recorded copy of Substitution of Trustee and Deed of Reconveyance, which I received from FCI Lender Services on behalf of Shatar Capital.

### *Goldwater applications and negotiations*

38.     I have never had any business or other relationship with Goldwater Bank, National Association.

39.     I have never applied to Goldwater for a loan and have never provided any information to Goldwater.

40.     I was not involved in Mr. Elizarov's loan application to Goldwater.

41.     Before Mr. Elizarov submitted the loan application to Goldwater, I had not read the application, had not discussed its contents with Mr. Elizarov, and had not assisted Mr. Elizarov in completing the application.

42.     I also did not know the information that Mr. Elizarov included in the application until I became involved as Mr. Elizarov's counsel in this ligitation.

43.     Mr. Elizarov and I have owned properties individually in California for years.

44.     When Mr. Elizarov applied for loans, I was not involved in the application process, and vice versa.

45.     I was also not involved in Mr. Elizarov's loan assistance application to Goldwater.

46.     Before Mr. Elizarov submitted the assistance application to Goldwater, I had not read the application, had not discussed its contents with Mr.

5

Elizarov, and had not assisted Mr. Elizarov in completing the assistance application.

47.     I did not know what Mr. Elizarov included in the assistance application until I became Mr. Elizarov's counsel in this litigation.

48.     I was not involved in Mr. Elizarov's negotiations with Goldwater at the end of March 2021.

49.     I did not know the nature of the negotiations or what Mr. Elizarov and Goldwater discussed until after I became Mr. Elizarov's counsel in this litigation.

50.     In the year 2020, I contacted Goldwater's loan servicer, WestStar mortgage, to discuss one issue: WestStar illegally reported Mr. Elizarov as delinquent on the loan during the period of forbearance.

51.     During that call, I did not discuss any of the information that Mr. Elizarov reported to Goldwater in the loan assistance application and did not discuss Mr. Elizarov's income, expenses, or assets.

### *Forbearance process*

52.     In preparing this case, I research guidance materials regarding the forbearance process relating to hardships caused by COVID-19 virus.

53.     I examined the document in **Exhibit CC** and recognized the document as a Lender Letter (LL-2020-02), which I personally downloaded from Fannie Mae's website, https://singlefamily.fanniemae.com/media/22261/display, on July 26, 2022, stating on page 7 the following: "The CARES Act states that a forbearance plan must be provided to any borrower who requests a forbearance with an attestation of the financial hardship caused by the COVID-19 emergency; and no additional documentation other than the borrower's attestation to a financial hardship caused by the COVID-19 emergency is required."

54.     I highlighted the above text in Exhibit CC for emphasis.

55.     I examined the document in **Exhibit DD** and recognized the document as the information published by the Consumer Financial Protection Bureau, CFPB,

DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR
SANCTIONS UNDER RULE 11

which I personally downloaded from CFPB's website https://files.consumerfinance.gov/f/documents/cfpb_csbs_consumers-forbearance-guide_2020-05.pdf, stating on page 2 as follows: "You are not required to submit documentation to prove your financial hardship to enter a forbearance under the CARES Act."

56.     I highlighted the above text in Exhibit DD for emphasis.

57.     I examined the document in **Exhibit EE** and recognized the document as a printout of an answer to frequently asked questions published by Fannie Mae, which I personally downloaded from Fannie Mae's website https://servicing-guide.fanniemae.com/COVID-19/COVID-FAQs/1957530251/Is-Form-710-Mortgage-Assistance-Application-required-to-verify-hardship-for-putting-a-borrower-on-a-COVID-19-related-forbearance-plan.htm, answering the question, "Is Form 710 (Mortgage Assistance Application) required to verify hardship for putting a borrower on a COVID-19 related forbearance plan," as follows: "For COVID-19 impacted borrowers, no additional documentation other than the borrower's attestation to a financial hardship caused by the COVID-19 emergency is required for the borrower receiving a forbearance plan."

58.     I examined the document in **Exhibit KK** and recognized the document as a copy of Artur Elizarov's supposed mortgage assistance application, which I received in discovery from Goldwater's attorney Derek Bast.

### *Gregory Hill text messages*

59.     I examined the document in **Exhibit HH** and recognized the messages as a conversation between Mr. Elizarov and Gregory Hill, which I personally created from the contents of Mr. Elizarov's cellular telephone as follows:

60.     I used a commercially available program iMazing.

61.     This program allows users to create an easy-to-read extraction of text messages from the iPhone.

62.     I completed the task as follows:

7

63.     I connected Mr. Elizarov's unlocked iPhone to my computer and extracted the text messages from the phone.

64.     I located the conversation with Gregory Hill and saved all the messages in the conversation into a single easy-to-read PDF file.

65.     The document in Exhibit HH is the file that I created using iMazing software.

66.     The information in the footer of each page, including the date of the extraction and the serial number of the phone, was automatically generated by iMazing.

### *Title search*

67.     I examined the document in **Exhibit Y** and recognized the document as a printout of the title search in Los Angeles county for all recorded instruments under the name of Mr. Artur Elizarov, which I personally created as follows:

68.     I navigated my internet browser to NETR Online's website, https://datastore.netronline.com/losangeles, entered Mr. Elizarov's full name, "Artur Elizarov," in the search fields for the name, selected the "grantor" option, and ran the search.

69.     Exhibit Y was the result of that search.

70.     The result showed a recorded tax lien, document number 20171178616, from the Internal Revenue Service recorded on October 15, 2017, and a grant deed, document number 20180060936, from Artur Elizarov to Cao Thu and Solomon Aman Demoz recorded on January 19, 2018.

71.     I downloaded the search results in the document in Exhibit Y.

72.     I also highlighted the above two recorded documents for emphasis.

### *Discovery responses*

73.     I examined the document in **Exhibit Z** and recognized the document as an exact duplicate of Goldwater Bank's response to Mr. Artur Elizarov's

8

1
2
requests for admissions, which I received from Goldwater's attorney Derek Bast by email in this case.

3
4
5
6
74.     I examined the document in **Exhibit AA** and recognized the document as an exact duplicate of Goldwater Bank's response to Mr. Artur Elizarov's interrogatories, which I received from Goldwater's attorney Derek Bast by email in this case.

7
8
9
10
75.     I examined the document in **Exhibit FF** and recognized the document as an exact duplicate of the recorded Deed of Trust regarding Mr. Elizarov's Goldwater loan, which I received from Goldwater's attorney Derek Bast by email, showing that Goldwater recorded the deed of trust on May 20, 2021.

11
12
13
14
15
76.     I examine the document in **Exhibit GG** and recognized the document as an exact duplicate of the grant deed from Mr. Artur Elizarov to Mr. Scott Howlett regarding the Palm Springs house, which I received from Goldwater's counsel Derek Bast by email, showing that the deed was recorded at 4:55 pm on March 29, 2021.

16
17
I declare under penalty of perjury under the laws of the United State that the foregoing statements are true on my own personal knowledge.

18
19
20
21
Dated: 08/08/2022          Signature: _Ilya Alekseyeff_____

22
23
24
25
26
27
28

9

DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR
SANCTIONS UNDER RULE 11

# CERTIFICATE OF SERVICE

I, Ilya Alekseyeff, certify that on August 8, 2022, I served the attached "DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11" by mail as follows:

| | |
|---|---|
| Derek Bast<br>Wagner Hicks, PLLC<br>831 E Morehead St Ste 860<br>Charlotte, NC 28202 | Joseph LeVota<br>Hilbert Satterly LLP<br>409 Camino del Rio St Ste 104<br>San Diego, CA 92108 |
| Marie Maurice<br>Ivie McNeill Wyatt Purcell & Diggs,<br>444 S Flower St Fl 18<br>Los Angeles, CA 90071-2919 | |

I further certify that on that on August 8, 2022, I also served the attached "DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11" by email as follows:

1. Derek Bast, derek.bast@waghernicks.law
2. Marie Maurice, mmaurice@imwlaw.com
3. Joseph LeVota, jlevota@hscallaw.com
4. Ryan Thomason, rthomason@hallgriffin.com
5. Nabil Bisharat, nbisharat@orsusgate.com

I declare under penalty of perjury under the laws of the United States that the above certification is true and correct.

Date: 08/08/2022          Signature: _Ilya Alekseyeff_____

10

DECLARATION OF ILYA ALEKSEYEFF SUPPORTING MOTION FOR
SANCTIONS UNDER RULE 11