ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* <br><br> vs. <br><br> **ARTUR ELIZAROV ET AL**, *Defendant.* <br><br> **AND RELATED CROSS-ACTION.** | **5:21-cv-616-JWH-SP** <br><br> **DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11** <br><br> Date: 10/21/2022 <br> Time: 9:00 am <br> Court: Hon. John W. Holcomb |

1. My name is Artur Elizarov.

2. I am a defendant in the above-entitled civil cause.

### *Goldwater loan application*

3. I contacted Goldwater Bank, National Association about a mortgage loan in late June 2019.

4. I primarily spoke to Gregory Hill who introduced himself as Goldwater's loan officer.

5. When I applied for the loan, I provided information to Gregory Hill by phone, text messages, email.

1

DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11

6. During one of the early phone calls, I disclosed to Gregory Hill that I had a registered domestic partner Ilya Alekseyeff.

7. I also disclosed to Gregory Hill that I was a party to a lawsuit with BMW, which was settled as of May 2019.

8. I also disclosed to Gregory Hill that I no longer had a debt to the Internal Revenue Service because I paid off the debt in January 2018 when I sold a residence in Valley Village.

9. In fact, Gregory Hill's question about the IRS lien prompted me to contact the IRS about getting the lien officially released.

10. The IRS followed up on my call and recorded the release in December of 2019.

11. Gregory Hill subsequently prepared a loan application.

12. Gregory Hill advised me that he included only the information that Goldwater required for my type of mortgage loan.

13. Gregory Hill told me that I did not have to include the information about Ilya Alekseyeff because I qualified for the loan on my own; did not have to report the BMW lawsuit because I settled the case in May; and did not have to disclose the IRS issue because I paid off the balance in January 2018.

14. Mr. Gregory Hill's approach to the application was similar to my earlier experience applying for mortgage loans.

15. I did not personally complete any of the information in the loan information.

16. I examined the document in **Exhibit HH** and recognized the document as an accurate printout of my entire text conversation with Gregory Hill between June 24, 2019, and February 5, 2021.

17. To confirm accuracy, I compared the contents of Exhibit HH with the contents of my phone and verified that Exhibit HH included all my individual text

messages that I exchanged with Gregory Hill between June 24, 2019, and February 5, 2021.

18. Page 5 of Exhibit HH included a discussion of my husband's creditworthiness.

19. Page 9 of Exhibit HH references my husband by name, "Ilya."

20. I expected Gregory Hill to recognize the name because I previously identified my husband Ilya Alekseyeff by name to Gregory Hill during phone calls.

21. Page 8 of Exhibit HH shows the information about the BMW lawsuit that I sent to Gregory Hill.

22. I also sent Gregory Hill the settlement agreement and the notice of settlement from that lawsuit as well.

23. I examined the documents in **Exhibit A** and **Exhibit C** and recognized those as the two documents that I sent to Gregory Hill as discussed on Page 8 of Exhibit HH.

24. During the application process, Gregory Hill asked me to send him certain information about my partner Ilya Alekseyeff's mother, Lyudmila Alekseyeva.

25. I no longer remember why Gregory Hill needed the information.

26. Nonetheless, I complied with the request.

27. I examined the document in **Exhibit X** and recognized the document as the email that I sent to Gregory Hill on July 19, 2019, along with the information about Ilya Alekseyeff mother, Lyudmila Alekseyeva, that Gregory Hill had requested.

### *Tax lien*

28. On October 16, 2017, the Internal Revenue Service recorded in Los Angeles County a notice of lien regarding a balance of $107,787.69 regarding 2014 tax return.

DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11

29. At the time, I owned a house located at 11623 Morrison Street in Valley Village, California.

30. I sold the house to Cao Thu and Solomon Aman Demoz on January 19, 2018.

31. During escrow regarding the sale of the Morrison house, I requested a demand from the IRS because I had to extinguish the IRS lien to close the transaction.

32. On January 17, 2018, the Internal Revenue Service transmitted a demand for the outstanding balance of $91,567.25.

33. I examined the document in **Exhibit K** and recognized the document as an exact duplicate of the payoff demand from the Internal Revenue Service dated January 17, 2018.

34. I highlighted the amount due in Exhibit K for emphasis.

35. I subsequently instructed the escrow officer, Andrea Cross, to satisfy this demand.

36. I examined the document in **Exhibit L** and recognized the document as an exact duplicate of a check for $91,567.25 that Andrea Cross issued to the Internal Revenue Service per my instructions.

37. I examined the document in **Exhibit M** and recognized the document as an exact duplicate of the Amended Seller's Final Settlement Statement regarding the sale of the Morrison house, which I received from Andrea Cross, which shows a payment to the Internal Revenue Service of $91,567.25.

38. I highlighted the relevant information in Exhibit M for emphasis.

39. I also redacted certain information from Exhibit M to protect the privacy of my personal financial information.

40. I examined the document in **Exhibit O** and recognized the document as an exact duplicate of the Certificate of Release of Federal Tax Lien, which I received from the Internal Revenue Service in December 2019.

41. I contacted the Internal Revenue Service about this document after Gregory Hill advised me that the lien remained active despite the payment that I made to the IRS in January 2018.

*The sale*

42. I hired real estate broker Will Cook to market the Palm Springs property for sale in November 2020.

43. I examined the document in **Exhibit T** and recognized the document as an exact duplicate of the residential listing agreement that Mr. Cook and I signed on November 23, 2020.

44. I informed Gregory Hill by text message that I had put the property for sale on February 3, 2021.

45. These messages are reflected on page 23 of Exhibit HH.

46. At Gregory Hill's request, I promptly shared the escrow officer's information with Gregory Hill.

47. Page 24 of Exhibit HH reflects my efforts to share the information about escrow with Gregory Hill.

48. On February 3, 2021, I also transmitted the escrow officer's contact information to Goldwater's agent Peter Hill.

49. On March 3, 2021, I sent Peter Hill at Goldwater a copy of my residential purchase agreement with Scott Howlett.

50. I examined the document in **Exhibit W** and recognized the document as an exact duplicate of an email that I sent to Peter Hill on March 3, 2021.

51. I also highlighted the attachment, "291 W Overlook, PS_RPA.pdf," which referred to the purchase agreement between Mr. Howlett and me, which I previously identified as Exhibit T.

52. I examined the document in **Exhibit P** and recognized the document as an exact duplicate of my email conversation with Peter Hill and Gregory Hill.

53. I discovered that Goldwater had never recorded the deed of trust in Riverside county on March 25, 2021, from communications with escrow officer Andrea Cross.

54. I examined the document in **Exhibit LL** and recognized the document as an exact duplicate of my email exchange with escrow officer Andrea Cross.

### *BMW lawsuit*

55. I sued BMW Financial Services NA, LLC in Los Angeles Superior Court on March 3, 2019.

56. I settled the lawsuit on May 22, 2019.

57. I examined the document in **Exhibit A** and recognized the document as an exact copy of my settlement agreement with BMW Financial Services NA, LLC.

I declare under penalty of perjury under the laws of the United State that the foregoing statements are true on my own personal knowledge.

Dated: 08/08/2022          Signature: *[signature]*

DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11

# CERTIFICATE OF SERVICE

I, Ilya Alekseyeff, certify that on August 8, 2022, I served the attached "DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11" by mail as follows:

| | |
|---|---|
| Derek Bast<br>Wagner Hicks, PLLC<br>831 E Morehead St Ste 860<br>Charlotte, NC 28202 | Joseph LeVota<br>Hilbert Satterly LLP<br>409 Camino del Rio St Ste 104<br>San Diego, CA 92108 |
| Marie Maurice<br>Ivie McNeill Wyatt Purcell & Diggs,<br>444 S Flower St Fl 18<br>Los Angeles, CA 90071-2919 | |

I further certify that on that on August 8, 2022, I also served the attached "DECLARATION OF ARTUR ELIZAROV SUPPORTING MOTION FOR SANCTIONS UNDER RULE 11" by email as follows:

1. Derek Bast, derek.bast@waghernicks.law
2. Marie Maurice, mmaurice@imwlaw.com
3. Joseph LeVota, jlevota@hscallaw.com
4. Ryan Thomason, rthomason@hallgriffin.com
5. Nabil Bisharat, nbisharat@orsusgate.com

I declare under penalty of perjury under the laws of the United States that the above certification is true and correct.

Date: 08/08/2022    Signature: *Ilya Alekseyeff*