Electronically FILED by Superior Court of California, County of Los Angeles on 08/14/2019 12:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Oviedo,Deputy Clerk
Case 5:21-cv-00616-JWH-SP   Document 183-15   Filed 09/07/22   Page 1 of 4   Page ID
#:2487

```
ILYA ALEKSEYEFF [242462]
LAW OFFICES OF ILYA ALEKSEYEFF
8721 SANTA MONICA BLVD #119
WEST HOLLYWOOD, CA 90069
T: 213.537.4592 | F: 888.303.7686
E: ILYA@LOIA.LEGAL
```

Attorney for ARTUR ELIZAROV

CALIFORNIA SUPERIOR COURT, COUNTY OF LOS ANGELES

CENTRAL DISTRICT, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| **ARTUR ELIZAROV,**<br><br>　　Plaintiff,<br><br>　　　　　v.<br><br>**BMW FINANCIAL SERVICES NA, LLC,**<br><br>　　Defendant. | **19STCV08507**<br><br>DECLARATION OF ILYA ALEKSEYEFF REGARDING THE ORDER TO SHOW CAUSE RE: SANCTIONS FOR FAILURE TO APPEAR<br><br>IN DEPARTMENT 16<br>HON. LIA MARTIN<br><br>DATE: 09/06/2019<br>TIME: 09:00 AM<br>DEPT: 16<br><br>DATE FILED: 03/11/19<br>TRIAL DATE: NONE |

　　I, Ilya Alekseyeff, declare as follows:

　　1.　I am an attorney and a member in good standing of the California State Bar.

　　2.　I have been attorney for the plaintiff ARTUR ELIZAROV since March 11, 2019, when I filed the complaint in the above-entitled civil cause.

　　3.　On March 22, 2019, this Court scheduled a Case Management Conference at 9:00 am on July 26, 2019, in Department 16.

　　4.　On May 22, 2019, I filed and served a Notice of Settlement

**Exhibit F - 1**

of the Entire Case under California Rules of Court, rule 3.1385(a)(1).

5. That same day, the Court ordered the date previously scheduled for the Case Management Conference vacated and ordered me to appear at 9:00 am on July 26, 2019, in Department 16 and show cause why the case should be dismissed.

6. Although the order stated that a request for dismissal had to be filed at least five days prior to the hearing to avoid a mandatory appearance, I nonetheless interpreted the order in the context of California Rules of Court, rule 3.1385(b), which states in its entirety (with italics added) as follows:

> Except as provided in (c) [relating to conditional settlements, which does not apply here] or (d) [relating to settlements of claims by minors or disabled individuals, which similarly does not apply], each plaintiff or other party seeking affirmative relief must serve and file a request for dismissal of the entire case within 45 days after the date of settlement of the case. If the plaintiff or other party required to serve and file the request for dismissal does not do so, *the court must dismiss the entire case 45 days after it receives notice of settlement unless good cause is shown why the case should not be dismissed*.

7. By its terms, the rule *required* the court to dismiss the case automatically within 45 days after the settlement date unless I showed good cause why the case should not be dismissed.

8. Stated differently, this rule required me to appear in court on July 26, 2019, only if I needed additional time to file the request for dismissal.

9. At the time the parties in this case negotiated the settlement, the parties contemplated that the Court should retain jurisdiction to enforce the terms of the settlement under Code of Civil Procedure section 664.6.

10. Because Code of Civil Procedure section 664.6 (as recently interpreted in *Mesa RHF Partners, L.P. v. City of Los Angeles* (2019) 33 Cal.App.5th 913, 917) required the parties to request that the

Exhibit F - 2

court retain jurisdiction over the case before I filed the request for dismissal and the court dismissed the action, on May 22, 2019 defendant's counsel Ms. Caley filed with the court a "STIPULATION THAT THE COURT MAY RETAIN JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT PURSUANT TO CCP $664.6; AND [PROPOSED] ORDER THEREON."

11. I then intended to file my request for dismissal as soon as the Court acted on the stipulation and signed and filed the order, which I anticipated would happen before July 26, 2019.

12. And in the unlikely event that the Court did not sign the order until the hearing date itself, I anticipated that the court would sign the order at the hearing and then dismiss the case under rule 3.1385(b).

13. In either case, because rule 3.1385(b) did not require me to appear *unless* I sought a delay in dismissing the case (which I did not), I anticipated that the court would not require my appearance.

14. I have since reviewed the court's docket and noted that the court signed the stipulation and order on the hearing date but then continued the hearing instead of dismissing the case – an outcome that I did not anticipate.

15. Then on today's date, attorney Caley sent me the filed copy of the court order to retain jurisdiction.

16. I then promptly prepared and filed the Request for Dismissal with the court concurrently with this declaration.

17. I apologize to the court for my failure to appear at the hearing on July 26th and I ask the court to find that I had good cause for my failure to appear because I thought in good faith that the court would sign and file the order and then automatically dismiss this action under rule 3.1385(b).

18. I also apologize the defendant and its attorneys who appeared at the hearing.

19. If this declaration satisfies the court, I hope that the court discharges the order to show cause and takes the hearing off

calendar; however, if the court still requires my appearance, I will gladly appear but will have to do so by CourtCall because I will travel out of the country on August 28th and will not return until September 9th, 2019.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I executed this declaration this 14th day of August 2019.

_____
ILYA ALEKSEYEFF, ESQ.

Exhibit F - 4