ב"ה

# PROMISSORY NOTE

$80,000.00            Los Angeles            January 17, 2020

FOR VALUE RECEIVED, Ilya Alekseyeff, A Single Man ("Borrower"), promises to pay to Shatar Holdings, LLC, A Delaware Limited Liability Corporation (and its successors or assigns collectively, "Lender"), or its order, at 12121 Wilshire Blvd Suite 555, Los Angeles CA 90025, or at such other place as the holder hereof may designate, in lawful money of the United States of America, the principal sum of Eighty Thousand Dollars and Zero Cents ($80,000.00), together with interest which accrues on the outstanding principal balance from time to time, until paid in full in accordance with the terms, conditions and provisions as hereinafter set forth in this Promissory Note (this "Note").

**INTEREST RATE.** Simple interest on the outstanding principal balance of this Note shall be computed and calculated based upon a three hundred sixty (360)-day year and actual days elapsed and shall accrue at the rate of Fourteen Percent (14%) per annum, in accordance with and subject to the provisions set forth below (the "Note Rate"). Borrower shall be responsible for all of Lender's costs and expenses in connection with the preparation of this Note and all other Loan Documents (as defined below).

**PRINCIPAL AND INTEREST PAYMENTS.** Payments of interest only on the outstanding principal balance of this Note shall be due and payable in arrears on a monthly basis during the term of this Note. Unless a Default has occurred, such monthly payments of interest shall be in the sum of $933.33 per month (or, if one or more principal payments under this Note have been made, such amount as may be determined by Lender from time to time based on the Note Rate and the outstanding principal balance of this Note). Payments on this Note shall be due and payable commencing on the first calendar day of the first full calendar month following the funding of this Note, and continuing on the first day of each successive calendar month thereafter until the Maturity Date (defined below). Upon the Maturity Date, the entire unpaid obligation outstanding under this Note and any other documents and/or instruments which further evidence or secure the indebtedness evidenced by this Note (collectively, the "Loan Documents") shall become due and payable in full. Lender may withhold from Loan proceeds the amount of interest that is due and payable under this Note from the date of disbursement through the last calendar day of the month the Loan proceeds are disbursed.

All payments due hereunder, including payments of principal and interest, shall be made to Lender in United States Dollars and shall be in the form of immediately available funds acceptable to the holder of this Note. Payments for any month which is not a full calendar month shall be prorated on the basis of a thirty (30) day month, based on the actual number of days elapsed. Until otherwise directed in writing,

Maker shall make all payments due under this Note to Holder in care of FCI LENDER SERVICES,

INC. at 8180 East Kaiser Blvd., Anaheim Hills, CA 92808.

**APPLICATION OF PAYMENTS.** All payments received by Lender from, or for the account of Borrower, due hereunder shall be applied by Lender, in its sole and absolute discretion, in the following manner, or in any other order or manner as Lender chooses:

    a.      First. To pay any and all interest due, owing and accrued;

    b.      Second. To pay any and all costs, advances, expenses or fees due, owing and payable to Lender, or paid or incurred by Lender, arising from or out of this Note, any of the other Loan Documents; and

    c.      Third. Payment of the outstanding principal balance on this Note.

All records of payments received by Lender shall be maintained at Lender's offices, and the records of Lender shall, absent manifest error, be binding and conclusive upon Borrower. The failure of Lender to record any payment or expense shall not limit or otherwise affect the obligations of Borrower under this Note.

**MATURITY DATE.** On December 31, 2020 (the "Maturity Date"), the entire unpaid principal balance of this Note, and all unpaid accrued interest thereon, and all other fees, charges or other amounts outstanding under this Note and/or the other Loan Documents, shall be due and payable without demand or notice. In the event that Borrower does not pay this Note in full on the Maturity Date then, as of the Maturity Date and thereafter until

_____ Borrower's Initials                                                                                             Promissory Note | Page 1 of 6

**Exhibit R - 1**

paid in full, the interest accruing on the outstanding principal balance hereunder shall be computed, calculated and accrued on a daily basis at the Default Rate, as defined below.

**LATE CHARGES.** Time is of the essence for all payments and other obligations due under this Note. Borrower acknowledges that if any payment required under this Note is not received by Lender within Seven (7) days after the same becomes due and payable, Lender will incur extra administrative expenses (i.e., in addition to expenses incident to receipt of timely payment) and the loss of the use of funds in connection with the delinquency in payment. Because, from the nature of the case, the actual damages suffered by Lender by reason of such administrative expenses and loss of the use of funds would be impracticable or extremely difficult to ascertain, Borrower agrees that Ten Percent (10%) of the amount of the delinquent payment (including the principal payment due on the Maturity Date or that portion of principal that would be due as a result of acceleration of the Note), together with interest accruing on the entire principal balance of this Note at the Default Rate, as provided above, shall be the amount of damages which Lender are entitled to receive upon such breach, in compensation therefore, without limitation to any of Lender's other remedies or rights under this Note or any of the Loan Documents. Therefore, Borrower shall, in such event, without further demand or notice, pay to Lender, as Lender' monetary recovery for such extra administrative expenses and loss of use of funds, liquidated damages in the amount of 10% of the amount of the delinquent payment (in addition to interest at the Default Rate). The provisions of this paragraph are intended to govern only the determination of damages in the event of a breach in the performance of Borrower to make timely payments hereunder. Nothing in this Note shall be construed as in any way giving Borrower the right, express or implied, to fail to make timely payments hereunder, whether upon payment of such damages or otherwise. The right of Lender to receive payment of such liquidated and actual damages, and receipt thereof, are without prejudice to the right of Lender to collect such delinquent payments and any other amounts provided to be paid hereunder or under any of the Loan Documents, or to declare a default hereunder or under any of the Loan Documents.

**DEFAULT RATE.** From and after the occurrence of any Default in this Note whether by non-payment, maturity, acceleration, non-performance or otherwise, and until such Default has been cured, all outstanding amounts under this Note (including, but not limited to, interest, costs and late charges) shall bear interest at a per annum rate ("Default Rate") equal to Thirty Six Percent (36%), or the highest rate allowed by applicable law.

**INTEREST ON INTEREST.** If any interest payment or late charge under this Note is not paid when due, the unpaid amount shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest.

**NO OFFSETS OR DEDUCTIONS.** All payments under this Note shall be made by Borrower without any offset, decrease, reduction or deduction of any kind or nature whatsoever, including, but not limited to any decrease, reduction or deduction for, or on account of, any offset, present or future taxes, present or future reserves, imposts or duties of any kind or nature, that are imposed or levied by or on behalf of any government or taxing agency, body or authority by or for any municipality, state or country. If at any time, present or future, Lender shall be compelled, by any applicable law, rule, regulation or any other such requirement which on its face or by its application requires or establishes reserves, or payment, deduction or withholding of taxes, impositions or duties, to act such that it causes or results in a decrease, reduction or deduction (as described above) in payment received by Lender under this Note, then Borrower shall pay to Lender such additional amounts, as Lender shall deem necessary and appropriate, such that every payment received under this Note, after such decrease, reserve, reduction, deduction, imposition, payment or required withholding, shall not be reduced in any manner whatsoever. (However, the foregoing shall not be applicable to the income taxes of Lender or other taxes imposed on the revenues of lenders generally.)

**SECURITY AND ACCELERATION.** This Note is secured by, among other things, that certain Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing executed concurrently herewith, which encumbers the collateral described therein and real property described on Exhibit "A" attached thereto and by this reference incorporated herein (collectively, "Property"). The Deed of Trust contains, among other provisions, provisions for the immediate acceleration of this Note upon the occurrence of any Default (as hereinafter defined), any event of default under the Deed of Trust, or any sale, transfer, conveyance, encumbrance or alienation of Borrower's right, title or interest (or any portion thereof) in the Property (except to the extent expressly permitted under the Deed of Trust). Reference is made to the Deed of Trust for the specific provisions thereof.

_____ Borrower's Initials

ב"ה

**DEFAULT.** Any one or more of the following events or occurrences shall constitute a default under this Note (hereinafter "Default"):

(i) Lender does not receive a payment in the amount and within the time and manner as set forth herein; or

(ii) There shall be an event of default by Borrower under any of the other Loan Documents, which event of default is not remedied during any applicable cure period; or

(iii) Any representations or warranties made or agreed to be made in or pursuant to any of the Loan Documents shall be breached in any respect or shall prove to be false or misleading in any respect when made; or

(iv) Any suit shall be filed against Borrower, which, if adversely determined, could impair the ability of Borrower to perform any or all of its obligations under and by virtue of this Note or any of the other Loan Documents; unless Borrower's counsel furnishes to Lender its opinion, to the satisfaction of Lender and Lender's counsel, in their sole and absolute discretion, that, in its judgment Borrower is substantially likely to prevail; or

(v) A levy be made on any of the collateral for this Note under any process or any lien creditor commences suit to enforce a judgment lien against the Property or any of the other collateral and such levy or action shall not be bonded against by sureties deemed by Lender to be sufficient in its reasonable opinion and judgment and shall continue unstayed for thirty (30) days or more; or

(vi) Borrower shall fail to pay its debts as they become due, or shall make an assignment for the benefit of its creditors, or shall admit, in writing, its inability to pay its debts as they become due, or shall file a petition under any chapter of the United States Bankruptcy Code or any similar law, now or hereafter existing, or shall become "insolvent" as that term is generally defined under the United States Bankruptcy Code, or shall in any involuntary bankruptcy case commenced against it file an answer admitting insolvency or inability to pay its debts as they become due, and shall fail to obtain a dismissal of such case within sixty (60) calendar days after its commencement or shall convert the case from one chapter of the United States Bankruptcy Code to another chapter, or be the subject of an order for relief in such bankruptcy case, or be adjudged a bankrupt or insolvent, or shall have a custodian, trustee, or receiver appointed for, or have any court take jurisdiction of, its property, or any part thereof, in any voluntary or involuntary proceeding, including, but not limited to, those for the purpose of reorganization, arrangement, dissolution, or liquidation, and such custodian, trustee, or receiver shall not be discharged, or such jurisdiction shall not be relinquished, vacated, or stayed within thirty (30) days after the appointment; or

(vii) Borrower shall be liquidated, dissolved, or fail to maintain its status as a corporation in good standing or there shall be a change in the entity form of Borrower; or

(viii) Execution shall have been levied against the Property or any of the other collateral or any lien creditor shall commence suit to enforce a judgment lien against the Property or such collateral, and such action or suit shall not have been bonded or shall continue unstayed for a period of thirty (30) days or more; or

(ix) The Property shall be the subject of an eminent domain or other proceeding, which results in a taking materially adverse to the security interest of Lender; or

(x) Borrower commits a breach or default in the payment or performance of any other obligation of Borrower, or breaches any warranty or representation of Borrower under the provisions of any other instrument, agreement, guaranty, or document evidencing, supporting, or securing any other loan or credit extended by Lender to Borrower, including, but not limited to, any and all term loans or revolving credits, extended from time to time to Borrower; or

(xi) Borrower shall voluntarily or by operation of law, sell, transfer, convey, lease, or encumber the Property or any other collateral for this Note, or any interest therein, or any interest in Borrower, or shall contract for such sale, transfer, conveyance, or encumbrance, without the prior written consent of Lender, which consent Lender may either give or withhold in its sole and absolute opinion and judgment; or

(xii) There shall be any material adverse changes in Borrower's financial condition, or with regard to the Property, that, in the opinion of Lender, impairs the prospects of payment or performance by Borrower under this Note or any of the other Loan Documents, or Lender otherwise deems itself insecure; or

_____ Borrower's Initials

(xiii) Borrower fails, after written notice from Lender, to commence and diligently prosecute to completion any environmental testing and remediation required on the Property in Lender's sole and absolute discretion; or

Upon the occurrence of a Default hereunder, Lender may, in their sole and absolute discretion, declare the entire unpaid principal balance, together with all accrued and unpaid interest thereon, and all other amounts and payments due hereunder, immediately due and payable, without notice or demand.

**PREPAYMENT.** The principal amount of this Note may be prepaid in whole or in part during the term of this Note without premium or penalty.

**HOLIDAY.** Whenever any payment to be made under this Note shall be due on a day other than a day on which Lender is open for business ("Business Day"), including Saturdays, Sundays and legal holidays generally recognized by banks doing business in California, then the due date for such payment shall be automatically extended to the next succeeding Business Day, and such extension of time shall in such cases be included in the computation of the interest portion of any payment due hereunder.

**USE OF PROCEEDS/COMMERCIAL LOAN.** The Borrower hereby represents, warrants and covenants that the proceeds of this Note will be used solely for business purposes.

**COSTS AND EXPENSES.** Borrower hereby agrees to pay any and all costs or expenses paid or incurred by Lender by reason of, as a result of, or in connection with the enforcement of this Note, Deed of Trust, or any other Loan Documents, including, but not limited to, any and all attorney's fees and related costs when such costs or expenses are paid or incurred in connection with the enforcement of this Note, Deed of Trust, and the other Loan Documents, or any of them, the protection or preservation of the Property or other collateral or security for this Note, or any other rights, remedies or interests of Lender, whether or not suit is filed. Borrower's agreement to pay any and all such costs and expenses includes, but is not limited to, costs and expenses incurred in or in connection with any bankruptcy proceeding, in enforcing any judgment obtained by Lender and in connection with any and all appeals therefrom, and in connection with the monitoring of any bankruptcy proceeding and its effect on Lender' rights and claims for recovery of the amounts due hereunder, any proceeding concerning relief from the automatic stay, use of cash collateral, proofs of claim, approval of a disclosure statement or confirmation of, or objections to confirmation of, any plan of reorganization. All such costs and expenses are immediately due and payable to Lender by Borrower whether or not demand therefor is made by Lender, and if not paid immediately, shall bear interest at the Default Rate under this Note.

**WAIVERS.** Borrower hereby waives grace, diligence, presentment, demand, notice of demand, dishonor, notice of dishonor, protest, notice of protest, any and all exemption rights against the indebtedness evidenced by this Note and the right to plead any statute of limitations as a defense to the repayment of all or any portion of this Note, and interest thereon, to the fullest extent allowed by law, and all compensation of cross-demands pursuant to California Code of Civil Procedure Section 431.70. No delay, omission or failure on the part of Lender in exercising any right or remedy hereunder shall operate as a waiver of such right or remedy or any other right or remedy of Lender.

**MAXIMUM LEGAL RATE.** Borrower acknowledges that the Loan was made and arranged by Kohen Financial Group, a licensed real estate broker under the Bureau Real Estate Law (Bus. & Prof. Code Sections 10000, et seq. and Title 10 of the California Code of Regulations), holding California Bureau of Real Estate Broker License No. 01892954, and is thereby intended to be exempt from the provisions of applicable usury law. This Note and the other Loan Documents are subject to the express condition that at no time shall Borrower be obligated or required to pay interest on the principal balance of the Loan at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate of interest designated by applicable laws relating to payment of interest and usury (the "Maximum Amount"). If, by the terms of this Note or the other Loan Documents, Borrower is at any time required or obligated to pay interest on the principal balance due hereunder at a rate in excess of the Maximum Amount, the Note Rate shall be deemed to be immediately reduced to the Maximum Amount and all previous payments in excess of the Maximum Amount shall be deemed to have been payments in reduction of principal and not on account of the interest due hereunder. All sums paid or agreed to be paid to Lender for the use, forbearance, or detention of the sums due under the Loan, shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout

_____ Borrower's Initials

the full stated term of the Loan until payment in full so that the rate or amount of interest on account of the Loan does not exceed the Maximum Amount from time to time in effect and applicable to the Loan for so long as the Loan is outstanding.

**LENDER'S RIGHT TO TRANSFER.** Borrower acknowledges and agrees that Lender has the right to transfer, assign or hypothecate all or any part of the Note, to sell participations therein, and to substitute one or more new loans for all or any part of this Note in favor of Lender, and/or to otherwise take such other action as Lender may deem appropriate or desirable in connection with this Note in its sole and absolute discretion; provided, however, that such transfer, assignment, hypothecation or participation shall be at no material expense to Borrower, and the principal amount and interest rate of this Note shall not be increased, nor shall the term hereof be shortened, without Borrower's consent. Borrower agrees that it shall cooperate fully with Lender in connection with this paragraph and shall execute, and where appropriate, acknowledge, any and all such documents as Lender or its assignee may require in connection therewith.

**LENDER'S RIGHT TO CURE.** Lender shall have the full right to cure any default under, or to pay any interest under or otherwise satisfy, any obligations under or with respect to this Note and the other Loan Documents, and/or the Property, and if Lender pays any amounts in connection therewith or cures any default thereunder, or makes any other advance to or for the benefit of Borrower and/or the Property, whether under this Note, under any of the Loan Documents, or otherwise, Lender may add any amounts so paid or advanced to the amounts evidenced by this Note and secured by the Loan Documents, and any and all such amounts shall be paid by Borrower to Lender upon demand, shall bear interest at the Default Rate specified by this Note, compounded monthly, until paid, and all such amounts shall be secured by the Loan Documents.

**AMENDMENT; GOVERNING LAW.** This Note may be amended, changed, modified, terminated or canceled only by a written agreement signed by the party against whom enforcement is sought for any such action. This Note shall be governed by, and construed under, the Laws of the United States of America and, to the extent not inconsistent therewith, the Laws of the State of California.

**AUTHORITY.** Borrower, and each person executing this Note on Borrower's behalf, hereby represents and warrants to Lender that, by its execution below, Borrower has the full power, authority and legal right to execute and deliver this Note and that the indebtedness evidenced hereby constitutes a valid and binding obligation of Borrower without exception or limitation. In the event that this Note is executed by more than one person or entity, the liability hereunder shall be joint and several. Any married person who is obligated on this Note, directly or indirectly, agrees that recourse may be had to such person's separate property in addition to any and all community property of such person.

IN WITNESS WHEREOF, Borrower has executed this Note as of the day and year first above written.

**Borrower:**

Ilya Alekseyeff, A Single Man

By: _____
Ilya Alekseyeff, Signor1 Title

By: _____
Signor2, Signor2 Title

_____ Borrower's Initials

ב"ה

## EXHIBIT "A"
## Legal Description

Lot 78 of Tract No. 4601, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 144, Pages 47 and 48 of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Numbers(s): 2238-023-024

**Address**: 13923 Gilmore Street, Los Angeles CA 91401

 Borrower's Initials

Promissory Note | Page 6 of 6

**Exhibit R - 6**