

JOHN FOREST HILBERT
JASON L. SATTERLY
JOSEPH A. LEVOTA
_____

OF COUNSEL

KELLI K. SATTERLY, CFLS
JEFFREY N. GARLAND

# HILBERT & SATTERLY LLP

ATTORNEYS AT LAW
409 CAMINO DEL RIO SOUTH, SUITE 104, SAN DIEGO, CALIFORNIA 92108-3505
(619) 795-0300, 619-501-6855 FACSIMILE

WEBSITE:
WWW.HSCALLAW.COM
_____

WRITER'S EMAIL:
JSATTERLY@HSCALLAW.COM

August 25, 2022

*Via E-Mail Only*
Ilya Alekseyeff, Esq.
LOIA, INC.
8721 Santa Monica Boulevard, Suite 119
West Hollywood, California 90069
Email: ilya@loia.legal

      **Re:**    *Goldwater Bank, N.A. v. Artur Elizarov, et al.*
                 **U.S. District Court, Central District Case No. 5:21-cv-00616-JWH-SP**
                 **Mr. Elizarov's Proposed Motion for Sanctions**

Dear Mr. Alekseyeff:

      We write to meet and confer with respect to your proposed Motion for Rule 11 Sanctions on behalf of Artur Elizarov against Goldwater and its attorneys based on your assertion that certain allegations in Goldwater's amended verified complaint are "demonstrably false," that Goldwater has admitted it has no evidentiary support for other allegations, and that certain of Goldwater's claims lack evidentiary support.

      Your proposed motion is not well taken.  Your motion ignores the purpose of Rule 11 Sanctions – as your proposed motion seeks the extreme sanction of dismissal of every claim Goldwater asserts against Mr. Elizarov, except for the breach of contract claim to which he admits as he has failed to repay Goldwater hundreds of thousands of dollars, prior to a trial on the merits.  Mr. Elizarov's motion to dismiss these claims was denied by the court, and he is not entitled to similar relief under Rule 11.

<u>YOUR PROPOSED MOTION DOES NOT COMPORT WITH THE PURPOSE OF RULE 11</u>

      By way of your proposed motion, you seek "monetary sanctions against counselors; an order dismissing the entire verified complaint (EFD # 44) or, at the minimum, dismissing the causes of action for fraud, conspiracy to commit fraud, fraudulent transfer, and unjust enrichment; an order that attorney Derek Bast report the sanction to the North Carolina Bar; and an order that attorneys Maurice and LeVota[1] report the sanction to the California State Bar." (Notice of Motion, p. 2, ll. 2-7.)  The proposed motion is based entirely on the assertion that

---

[1] Notably, Joseph LeVota did not sign Goldwater's amended verified complaint and, therefore, did not certify its contents and cannot be held liable for Rule 11 Sanctions under any circumstances.  The inclusion of Mr. LeVota in your proposed motion demonstrates your improper motivation of harassment.

Exhibit TT - 1

Illya Alekseyeff
Page 2

Goldwater's amended verified complaint lacks evidentiary support and are not warranted by existing law. You are wrong, and your proposed motion lacks merit.

  The purpose of Rule 11 is to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. (See, *Cooter & Gell v. Hartmarx Corp.* (1990) 496 U.S. 384.) In other words, "Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success." (*Healey v. Chelsea Resources, Ltd.*, (2d Cir.1991) 947 F.2d 611, 626 (citations omitted).) Here, Goldwater's amended verified complaint is not a baseless filing with absolutely no chance of success. Rather, it asserts legitimate causes of action against Mr. Elizarov, and the Court has already determined Goldwater is likely to prevail on its claims. (See, Doc. 23, p. 6, ll. 1-13.)

  Moreover, your proposed motion comes while discovery is still ongoing. Goldwater should be allowed "to litigate [its] case on the merits, and thus, sanctions for bringing a frivolous lawsuit [would be] inappropriate." (*Leveski v. ITT Educational Services, Inc.* (7th Cir. 2013) 719 F.3d 818, 839-840.)

  There are a number of facts stated in your motion that are still in dispute. For example, you argue: "Elizarov's decision to prefer Shatar over Goldwater was not made with fraudulent intent." (Memo., p. 22, ll. 24-25.) Goldwater does not accept that statement as true. Further, you argue: "On March 25, 2021, Elizarov discovered that Goldwater had never recorded the deed of trust nor given Elizarov notice of Goldwater's intent to require the immediate payment of the loan. Consequently, Elizarov refused to repay the loan and insisted on paying down the loan according to the existing amortization schedule under the note." (Memo., p. 4, ll. 23-27.) Goldwater disagrees with this statement entirely. Notably, you previously forwarded this argument in connection with Elizarov's motion to dismiss, which arguments were soundly rejected by the court. More importantly, Elizarov cannot base a Rule 11 motion on these unresolved issues.

  Instead, of a proper purpose, it appears your proposed motion seeking extreme sanctions is part of improper motivation to intimidate or to test the legal sufficiency of Goldwater's allegations. *Committee Notes on Amendments to Federal Rules of Civil Procedure* (1993) 146 FRD 401, 590, specifically disapproves of this tactic and states:

> Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

For these reasons, we believe your proposed motion is improper.

///

Exhibit TT - 2

Illya Alekseyeff
Page 3

## GOLDWATER DOES NOT HAVE ANY OBLIGATION TO AMEND OR WITHDRAW ITS AMENDED VERIFIED COMPLAINT

Goldwater vehemently disagrees with your assertions that certain allegations in the amended verified complaint are false or lack evidentiary support. The fact that Elizarov has developed facts that he believe support his defenses to the claims is not a basis for Rule 11 practice; it is simply the result of ordinary discovery.

Moreover, Goldwater conducted a reasonable inquiry prior to filing its amended verified complaint and it does not have an obligation to amend or dismiss its pleadings. Rule 11 does *not* impart a continuing certification by counsel as to the reasonableness of papers previously filed. (The Rule 11 certification applies only *as of the time* the papers are "presented" to the court.) Thus, parties cannot be sanctioned merely for *failing to withdraw* pleadings or papers previously filed after their lack of merit is discovered. (See *Edwards v. General Motors Corp.* (5th Cir. 1998) 153 F3d 242, 245.) Further, *Committee Notes on Amendments to Federal Rules of Civil Procedure* (1993) 146 FRD 401, 586-587, states:

> Moreover, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.

Accordingly, Goldwater does not have an obligation to withdraw or amend its prior pleading.

In your motion, you cite to cases regarding an attorney's duty to evaluate the claims being made and dismiss any claims that are no longer viable. However, none of these cases required an attorney to amend a prior pleading or dismiss viable claims that involved disputed facts. The *Byrnes v. Lockheed-Martin, Inc.* case you cite concerns the continued prosecution of a claim after admitting there was no evidence to support the claim. Here, Goldwater is in the process of obtaining evidence and has not admitted that there is no evidence for its claims against Mr. Elizarov. Similarly, your reliance on *Habib v. Matson Navigation Co., Inc.* is misplaced, as that case centered on an attorney's obligation upon substituting into an action and an attorney's obligations to evaluate a cause upon substituting into the action, particularly, when there is evidence that a claim is no longer viable. Again, here, Goldwater's claims against Mr. Elizarov remain viable and discovery has not been completed – such that Goldwater is not in a position to admit certain relevant facts (and certainly not willing to just accept your one-sided recitation of facts). There is simply no case in which a party is required to dismiss colorable claims simply because it has not completed discovery.

## GOLDWATER SHOULD NOT BE SANCTIONED FOR FORWARDING COLORABLE CLAIMS AGAINST MR. ELIZAROV

As discussed above, Goldwater's amended verified complaint asserts legitimate claims and is not subject to Rule 11 Sanctions, particularly in light of the significant threshold to obtain Rule 11 sanctions. "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. Such sanctions can have an unintended detrimental impact on an attorney's career and personal well-being." (*Conn v. Borjorquez* (9th Cir. 1992) 967 F2d 1418, 1421.) Because of the potentially chilling effect on innovative lawyering, sanctions are reserved "for the rare and

Illya Alekseyeff
Page 4

exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." (*Operating Engineers Pension Trust v. A-C Co.* (9th Cir.1988) 859 F2d 1336, 1344 [emphasis added].)

When a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper. This is required as the court must determine when the argument "turns from merely 'losing' to losing *and* sanctionable." (*Associated Indem. Corp. v. Fairchild Indus., Inc.* (2nd Cir. 1992) 961 F2d 32, 34 [emphasis in original].) Accordingly, Goldwater should not be subject to sanctions for asserting colorable claims against Mr. Elizarov.

Further, Rule 11 sanctions are discretionary. The court is *not* required to impose a monetary sanction or even any sanction at all. Even if a violation has clearly occurred, the court may decide to impose no sanction. (Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 587.)

Moreover, Mr. Elizarov's is not entitled to his requested sanction of complete dismissal of Goldwater's claims asserted against him. Indeed, it is likely an abuse of discretion to order dismissal or default unless "a party *deceives* a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or *undermines the integrity of the court.*" (*United States v. Shaffer Equip. Co.* (4th Cir. 1993) 11 F3d 450, 462 (emphasis added); *Halaco Engineering Co. v. Costle* (9th Cir. 1988) 843 F2d 376, 380.) Goldwater has not deceived the court or abused any process and certainly has not acted in a manner that is utterly inconsistent with the orderly administration of justice or undermine the integrity of the court. Accordingly, Rule 11 does not entitled Mr. Elizarov to the dismissal of Goldwater's claims against him.

## MR. ELIZAROV'S AFFIRMATIVE DEFENSE BASED ON WAVIER IS AN EXAMPLE OF SOMETHING THAT COULD BE SUBJECT TO RULE 11 SANCTIONS

Your proposed motion appears to be motived by an improper purpose (e.g., unnecessarily increase the costs of litigation, distract from the real claims, gain some improper litigation advantage) and is meritless. However, your assertion of an affirmative defense to wavier on behalf of Mr. Elizarov is an example of something that could be sanctionable under Rule 11.

There is no question that a defendant's pleading an affirmative defense for which there is no factual basis is sanctionable under Rule 11. (*Gargin v. Morrell* (ED MI 1991) 133 FRD 504, 505.) Sanctions may also be proper for violation of the certification that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ..." (FRCP 11(b)(2).)

Here, there is absolutely no legal or factual support for Mr. Elizarov's affirmative defense based on waiver; thus, it is an example of something that could be subject to Rule 11 Sanctions

Best Regards,

Joseph LeVota

JAL:eg

## Goldwater v. Elizarov, CACD case no. 5:21-cv-616 -- Elizarov's Proposed Rule 11 Motion

Joseph A. Levota <jlevota@hscallaw.com>
Thu 2022-08-25 12:10 PM

To: Ilya ALEKSEYEFF <ilya@loia.legal>;Derek Bast <derek.bast@wagnerhicks.law>
Cc: Sean Wagner <sean.wagner@wagnerhicks.law>;John F. Hilbert <jhilbert@hscallaw.com>;Esther Graaff <egraaff@hscallaw.com>

📎 1 attachments (2 MB)
JAL to Alekseyeff re RULE 11 - 08.25.2022.pdf;

Ilya,

As I gathered my thoughts for our telephone conference this afternoon, I drafted the attached letter. Hopefully, this will let us have an efficient meeting.

Best regards,
Joe



Joseph A. LeVota
Hilbert & Satterly LLP
409 Camino del Rio South, Suite 104
San Diego, CA 92108
Tel. (619) 795-0300
Fax (619) 501-6855
e-mail:  jlevota@hscallaw.com
website: www.hscallaw.com

NOTE: CONFIDENTIALITY: The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by return message and delete the original message from your computer. Thank you.

🌍 Please consider the environment before printing this email or its attachments.

Exhibit TT - 5