Friday, August 26, 2022                                                                                  Telephone:213.537.4592
                                                                                                          Email: ilya@loia.legal

**By electronic delivery**

Derek Bast                                                        Joseph LeVota
Wagner Hicks, PLLC                                                Hilbert & Satterly, LLP
831 E Morehead St Ste 860                                         409 Camino del Rio S, Ste 104
Charlotte, NC 28202                                               San Diego, CA 92108
derek.bast@wagnerhicks.law                                        jlevota@hscallaw.com

**RE:    Goldwater Bank NA v. Elizarov et al, 5:21-cv-616-JWH-SP**

Counsel:

Thank you for your conference yesterday afternoon.

During the conference, you raised the following issues:

1. Although a debtor may prefer one creditor over another without liability under the Fraudulent Transfers Act, the rule did not apply here because Mr. Elizarov paid off my debt and not his own.

2. Mr. Elizarov is not entitled to sanctions because the factual issues were "trivial."

3. Mr. Elizarov is not entitled to sanctions because the factual issues did not dispose of the causes of action.

4. Mr. Elizarov is not entitled to sanctions because the court denied my motion to dismiss the complaint under Rule 12(b).

5. The court's ruling on the motion for preliminary injunction established the necessary evidentiary basis for the claims.

6. Mr. LeVota is not subject to sanctions because he did not sign the verified complaint.

7. I cannot demand fees as sanctions because I previously stated in settlement discussions that Mr. Elizarov had unlimited representation.

I will address each point in turn.

### *Fraudulent Transfers Act*

During the conference, neither of you disputed the authorities that I cited in my motion. Rather, Mr. Bast claimed that the Act applied despite those authorities because Mr. Elizarov paid my debt rather than his own.

First, you did not cite any authority to support this claim. If you have such authority, you must comply with your meet-and-confer obligations and share the authority with me by next Wednesday.

Your claim also lacks merit because Mr. Elizarov, as my spouse, owned an equal share in the real property that secured the Shatar loan and was independently liable for my personal debts.

Mr. Elizarov was personally liable for my debt. "[T]he community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the deb." Cal. Fam. Code § 910, subd. (a). Mr. Elizarov and I have been in a domestic partnership for nearly twenty years. I incurred the debt to Shatar Capital in 2020. Therefore, under section 910, Mr. Elizarov was just as liable for the debt as I was.

Mr. Elizarov also had an equal ownership stake in the real property that secured the Shatar debt. "[A]ll property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760. This section creates a "general presumption is that all property acquired during marriage is community property." *Blizzard Energy, Inc. v. Schaefers*, 71 Cal.App.5th 832, 852 (Cal. Ct. App. 2021) "This is a rebuttable presumption affecting the burden of proof; hence it can be overcome by the party contesting community property status." *In re Marriage of Ciprar*i, 32 Cal.App.5th 83, 91 (Cal. Ct. App. 2019) "The respective interests of each spouse in community property during continuance of the marriage relation are present, existing, and *equal interests*." Cal. Fam. Code § 751 (italics added).

I acquired the house that secured the Shatar debt in 2017. Therefore, Mr. Elizarov was an equal owner of the house *even though* I held title in my name only. *Andrews v. Andrews*, 82 Cal.App.2d 521, 524 (Cal. Ct. App. 1947) ("and may be shown to be community property even though it is granted to one spouse alone as his or her property in fee simple.")

Exhibit UU - 2

Accordingly, in case of default, Mr. Elizarov's interest in the house (the security for the loan)[1] was equally at risk with my interest in the house, as was Mr. Elizarov's income.

Therefore, Mr. Elizarov had every right to prefer Shatar Capital over Goldwater, and your claim under the Fraudulent Transfers Act remains frivolous.

But we do not even have to engage in this analysis because Goldwater *admitted* that Mr. Elizarov and I were equally liable for each-other's debts. Goldwater alleged under oath as follows: "Elizarov's marital status was material to the transaction because California is a community property state, meaning that *Elizarov could be held responsible for his domestic partner's liabilities incurred during the span of the domestic partnership*." Ex. OO-6 (¶ 34) (italics added). This allegation is a binding judicial admission. *Perez-Mejia v. Holder*, 641 F.3d 1143, 1151 (9th Cir. 2011) (" '[j]udicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." [Citation.] 'Factual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them.'").

Therefore, Goldwater (and, by extension, you as Goldwater's counsel) are estopped from denying that *my* debt to Shatar was *Mr. Elizarov's debt* because Mr. Elizarov is "held responsible for his domestic partner's liabilities incurred during the span of the domestic partnership."

### *None of the issues of fact were trivial*

First, you cited no authority for the claim that a deliberately frivolous allegation cannot result in sanctions so long as the allegation is trivial. If you have such authority, you must comply with your meet-and-confer obligations and share the authority with me by next Wednesday.

Your claim also lacks merit. Rule 11 required you to certify that "the factual contentions have evidentiary support." Rule 11(b)(3). Contrary to your claim, Rule 11 certification requirement applies to *all* factual contentions, not only the non-trivial ones.

In your complain, you certainly included a plethora of "trivial" falsehoods. For example: you falsely alleged that Mr. Elizarov knew that the motion for TRO was pending before Mr. Elizarov paid off the Shatar loan (¶ 80) and that Goldwater provided Escrow of the West with a payoff demand (¶ 50). Had I relied on *these facts* (which were all demonstrably false), the court would likely not impose severe sanctions because none of Goldwater's legal claims relied on these facts. That's why I did not rely on these allegations even though I found them highly disturbing.

---

[1] Unlike Goldwater, Shatar Capital is a competent lender that promptly recorded its deed of trust.

All the facts that I addressed in the motion, on the other hand, were critical to Goldwater's claims. Those included the following: Mr. Elizarov lied in the mortgage application about his marital status, BMW lawsuit, and IRS debt; Mr. Elizarov lied in the assistance application about his income and assets; Mr. Elizarov lied during settlement negotiations about a mechanic's lien and then falsely promised to pay Goldwater $675,000.00; I knew or and agreed with Mr. Elizarov to commit fraud; I was personally liable for fraud as a co-conspirator because I made partially false statements to Goldwater; and Mr. Elizarov paid Shatar debt with the specific intent to defraud Goldwater. Each of these facts is *critical* to Goldwater's claims of fraud, conspiracy, and fraudulent transfer, and none qualify as "trivial."

Therefore, you cannot plausibly claim that these facts, which you alleged without any evidentiary basis, were "trivial," *even if* Rule 11(b)(3) allowed you falsely to allege such facts with impunity.

### *The improperly alleged facts did not have to dispose of the entire case or even a cause of action*

Once again, you failed to cite any authority to support this claim. If you have such authority, you must comply with your meet-and-confer obligations and share the authority with me by next Wednesday.

The claim also lacks merit. Under the Circuit Precedent,

> individual factual misrepresentations in a pleading can be sanctionable under Rule 11. Rule 11 requires an attorney to certify that factual allegations in a pleading have evidentiary support, and the failure to comply may warrant sanctions. [Citations.] In addition, the presence of some supported allegations in a pleading does not necessarily shield from sanctions an attorney who also includes unsupported allegations.

*Heller v. Cepia L.L.C.*, 560 F. App'x 678, 2-3 (9th Cir. 2014) (internal citations omitted) (citing *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc) ["It would ill serve the purpose of deterrence to allow . . . a 'safe harbor' for improper or unwarranted allegations."]). Therefore, your claim that false claims in a complaint are sanctionable only if those claims completely dispose of a cause of action is simply wrong.

Your claim is also false factually. Consider your fraud claim, for example. Although the complaint alleged a single cause of action for fraud, the claim involved three distinct incidents that allegedly involves three distinct reliance interest: false statements in the loan application in July 2019 with the intent to obtain a loan; false statements in the assistance application with the intent to obtain forbearance; and false statements during settlement

negotiation with the intent to prevent Goldwater from "interfering" with the sale or "rushing" to record the deed of trust. In considering the motion, the court will need to consider each of these individual claims. So, if the court concludes that the claim of fraud in the application is baseless (you did not seem to suggest otherwise during the conference), the court may order the claim stricken *even if* the court finds that you have sufficient evidentiary and legal basis to support the remainder of the fraud claims.

Therefore, there is no basis for this argument.

### *A ruling denying Mr. Elizarov's motion to dismiss the amended verified complaint does not immunize you from sanctions under Rule 11*

As with your other claims, you failed to cite any authority to support this claim. If you have such authority, you must comply with your meet-and-confer obligations and share the authority with me by next Wednesday.

Such authority cannot exist. Rule 12 motion to dismiss does not concern the court with evidence. The court assumes that the allegations are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) ("a judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'") Rule 11, by contract, requires the court to determine whether attorneys had *evidence* to support their "factual contentions." Fed.R.Civ.P 11(b)(3). Therefore, a finding that the facts *as alleged* stated a cause of action says nothing on the issue raised by a Rule 11 motion: whether those *alleged facts* had evidentiary support. In fact, even a complaint that survived a motion for summary judgment (where the court *does* consider evidence) may still subject attorneys to sanctions if the motion was defeated based on false evidence. *See Union Planters Bank v. L J Develop. Co.*, 115 F.3d 378, 386 (6th Cir. 1997) ("we are not persuaded that the drafters intended the anomaly of insulating from the rule's reach a dishonest litigant who presented false testimony sufficient to overcome summary judgment.")

Therefore, there is no basis for this claim.

### *Nothing in Judge Holcomb's ruling on the motion for preliminary injunction immunized you from sanctions under Rule 11*

First, yet again you cited no authority to support your claim that a favorable ruling on a motion for preliminary injunction automatically immunizing attorneys from liability under Rule 11. If you have such authority, you must comply with your meet-and-confer obligation and share the authority with me by next Wednesday.

Second, "findings made with regard to a court's preliminary injunction ruling do not become the "law of the case" and do not bind the court in future proceedings." *PNC Fin. Servs. Grp., Inc. v. Prime Lending, Inc.*, No. CV-10-34-EFS, at *10 (E.D. Wash. Mar. 5, 2012),

https://casetext.com/case/pnc-fin-servs-grp-inc-v-prime-lending, (citing *Sierra On-Line, Inc. v. Phoeniz Software, Inc.,* 739 F.2d 1415, 1423 (9th Cir. 1984).)

And finally, *nothing* in Judge Holcomb's findings address the issues that I raised in the motion.  My motion is directed at causes of action for fraud, conspiracy, fraudulent transfer, and unjust enrichment.  Judge Holcomb's ruling did not address the first three claims at all because those claims were not even before the court at the time the court made the findings.  (I remind you that the preliminary injunction itself included no findings of fact.  The court only made the findings early on when ruling on the motion for the TRO.  The amended complaint was filed *after* the court issued the TRO and the subsequent extended TRO.)  And while Judge Holcomb addressed the claim for unjust enrichment, the judge made no findings that the claim was legally supported.  Judge Holcomb merely stated that Goldwater asserted the claim for unjust enrichment.

Therefore, this claim is both legally and factually invalid.

### *Mr. LeVota remains subject to Rule 11 because Mr. LeVota had the duty to examine the complaint when Mr. LeVota substituted in as Goldwater's local counsel*

Rule 11 applies to any attorney who signs, files, submits, "or later advocate[es]" a complaint.  Fed.R.Civ.P. 11(b).  An attorney who subsequently appears on the case, even by doing nothing more than filing a notice of appearance, "affirm[s] to the court that the case had arguable merit."  *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996).  So, an attorney who "consciously decid[s] not to inquire of the merits" of the case when appearing in the action becomes subject to sanctions.  *Id.*

Here, Mr. LeVota joined the litigation shortly after the complaint was filed and subsequently defected the very complaint by putting his name and signature on filings opposing a motion to dismiss.  This significant involvement in the case required Mr. LeVota to inquire into the merits of the complaint.  Like Goldwater's other counsel, Mr. LeVota failed to discharge this duty.

Therefore, I see no reason to remove Mr. LeVota from the motion.[2]

### *Monetary sanctions*

During the conference, Mr. LeVota demanded that I disclose my fees arrangement with Mr. Elizarov, claiming that the fee arrangement will affect my request for monetary sanctions.  I

---

[2]    Although I initially advised Mr. LeVota last night that I would remove him from the motion, I have since reconsidered.

explained to Mr. LeVota that information about my fee arrangement with Mr. Elizarov was privileged.  Cal. Bus. & Prof. Code § 6149 ("A written fee contract shall be deemed to be a confidential communication within the meaning of subdivision (e) of Section 6068 and of Section 952 of the Evidence Code."); *Jensen v. BMW of N. Am., LLC*, Case No.: 18cv103-WQH (NLS), at *4 (S.D. Cal. July 23, 2019), https://casetext.com/case/jensen-v-bmw-of-n-am-llc-5, ("under California state law, a 'written fee contract shall be deemed to be a confidential communication' that is not subject to discovery.")  In response, Mr. LeVota mentioned my settlement statement, which I presented to Judge Pym during the earlier settlement discussions.

This claim is wrong.

First, *everything* that I disclosed or addressed in my settlement statement is privileged.  Cal. Evid. Code § 1152, subd. (a) ("any... statements made in negotiation [of a settlement]...is inadmissible"); *C K Engineering Contractors v. Amber Steel Co.*, 23 Cal.3d 1, 13 (Cal. 1978).

Second, even if I provide free services to Mr. Elizarov, I remain entitled to sanctions because "[a]ttorney's fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services."  *Legal Voice v. Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) (citing *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989)).[3]

Therefore, there is no basis for this claim.

### ###

Before you decide to oppose my motion for the reasons that we discussed at the conference, I ask you to consider this letter carefully.  If you raised these issues in your motion without offering me controlling authority to support your claim, your response will further support my motion because the response will demonstrate that you continue to make claims that are "not warranted by existing law… ." Fed.R.Civ.P. 11(b)(2).

---

[3]     During the conference, Mr. LeVota mocked my experience as a criminal-defense attorney.  Although I don't know why Mr. LeVota found my litigation portfolio of 70 criminal trials, 3 civil trials, and over 1,000 evidentiary hearings amused Mr. LeVota, I remind Mr. LeVota that last time counsel mocked me, counsel lost. (*Richard Albert v. Blake & Associates et al,* LASC case no. BC541411, trial date: July 27, 2021.)

Sincerely,<br>
**LOIA, Inc. (APLC)**

*Ilya Alekseyeff*

Attorney at law in CA, FL & NY

Cc:    Sean Wagner, sean.wagner@wagnerhicks.law
       John Hilbert, jhilbert@hscallaw.com
       Ryan Thomason, rthomason@hallgriffin.com
       Jeremy Katz, jkatz@hallgriffin.com
       Howard Hall, hdhall@hallgriffin.com
       Nabil Bisharat, nbisharat@orsusgate.com
       Marie Maurice, mmaurice@imwlaw.com
       Keith Wyatt, wkwyatt@imwlaw.com

## Goldwater v. Elizarov, et al, CACD case no. 5:21-cv-616 - further MAC re Rule 11 motion

Ilya ALEKSEYEFF <ilya@loia.legal>

Fri 2022-08-26 9:51 AM

To: Derek Bast <derek.bast@wagnerhicks.law>;Joseph A. Levota <jlevota@hscallaw.com>
Cc: Sean Wagner <sean.wagner@wagnerhicks.law>;John F. Hilbert <jhilbert@hscallaw.com>;Ryan Thomason <rthomason@hallgriffin.com>;Jeremy Katz <JKatz@hallgriffin.com>;Howard Hall <hdhall@hallgriffin.com>;Nabil Bisharat <nbisharat@orsusgate.com>;mmaurice@imwlaw.com <mmaurice@imwlaw.com>;wkwyatt@imwlaw.com <wkwyatt@imwlaw.com>
Bcc: Clio Manage (00001-Elizarov) <17cc3ea5-2bb9-4298-8ac9-6d2b26f48d87@outlook.clio.com>

Counsel,

Please, receive and review my response to the issues that Mr. Bast and Mr. LeVota discussed at yesterday's conference re: motion for sanctions under Rule 11.

Thank you.

Sincerely,
**LOIA, Inc. (APLC)**

*Ilya Alekseyeff*

**Mr. Ilya Alekseyeff**
*Attorney at Law (CA, FL & NY)*
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592
E-mail: ilya@loia.legal