

JOHN FOREST HILBERT
JASON L. SATTERLY
JOSEPH A. LEVOTA

_____

OF COUNSEL

KELLI K. SATTERLY, CFLS
JEFFREY N. GARLAND

H I L B E R T   &   S A T T E R L Y   LLP

WEBSITE:
WWW.HSCALLAW.COM

_____

WRITER'S EMAIL:
JSATTERLY@HSCALLAW.COM

ATTORNEYS AT LAW
409 CAMINO DEL RIO SOUTH, SUITE 104, SAN DIEGO, CALIFORNIA 92108-3505
(619) 795-0300, 619-501-6855 FACSIMILE

August 25, 2022

*Via E-Mail Only*
Ilya Alekseyeff, Esq.
LOIA, INC.
8721 Santa Monica Boulevard, Suite 119
West Hollywood, California 90069
Email: ilya@loia.legal

> Re:  ***Goldwater Bank, N.A. v. Artur Elizarov, et al.***
> **U.S. District Court, Central District Case No. 5:21-cv-00616-JWH-SP**
> **Mr. Elizarov's Proposed Motion for Rule 11 Sanctions**

Dear Mr. Alekseyeff:

Your meet and confer letter of August 26, 2022, fails to address the central problem with your proposed Rule 11 Motion – Goldwater's amended verified complaint has merit.

Your proposed Rule 11 Motion, on behalf of Artur Elizarov, seeks the striking of allegations you claim are false, the dismissal of claims against Mr. Elizarov and the imposition of monetary sanctions. Yet, as discussed in our August 25, 2022, letter and below, Mr. Elizarov is not entitled to the extreme sanction of dismissal of Goldwater's (legitimate) claims; Goldwater does not have an obligation to modify its pleadings to account for an allegation that is later discredited by evidence obtain through discovery; and Mr. Elizarov is not entitled to monetary sanctions because he has not incurred any attorneys' fees.

## GOLDWATER IS NOT OBLIGATED TO AMEND ITS PLEADINGS

As stated in our August 25, 2022, letter, Rule 11 does *not* impart a continuing certification by counsel as to the reasonableness of papers previously filed. (The Rule 11 certification applies only *as of the time* the papers are "presented" to the court.) Thus, parties cannot be sanctioned merely for *failing to withdraw* pleadings or papers previously filed after their lack of merit is discovered. (See *Edwards v. General Motors Corp.* (5th Cir. 1998) 153 F3d 242, 245.) Further, *Committee Notes on Amendments to Federal Rules of Civil Procedure* (1993) 146 FRD 401, 586-587, states:

> Moreover, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.

**Exhibit VV - 1**

Illya Alekseyeff
Page 2

Accordingly, Goldwater does not have an obligation to withdraw its pleading simply because you argue some of the allegations lack factual merit.

Moreover, you incorrectly state that I have failed to provide you authority for the position that a Rule 11 should not be filed, or threatened, for minor, inconsequential violations of the standards prescribed in Rule 11.  However, my August 25, 2022, letter specifically quoted *Committee Notes on Amendments to Federal Rules of Civil Procedure* (1993) 146 FRD 401, 590, which states:

> Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

Your proposed motion that focuses on factual issues that are not determinative of any claim inappropriately focuses on minor, inconsequential issues. For example, you argue Rule 11 sanctions should be imposed against Goldwater because there is no evidentiary support for its allegation that Mr. Elizarov failed to report that he was in default on a federal debt.  However, assuming you are correct, this does not resolve the fraud claim asserted against Mr. Elizarov (which claim is primarily based on his fraudulent promise to repay Goldwater).

### <u>MR. ELIZAROV IS NOT ENTITLED TO DISMISSAL OF GOLDWATER'S CLAIMS</u>

Your proposed Rule 11 Motion seeks, among other things, the dismissal of Goldwater's claims for fraud, conspiracy to commit fraud, fraudulent transfer, and unjust enrichment. However, the extreme sanction of dismissal of Goldwater's claims would not be appropriate in this situation. Goldwater has not violated Rule 11, as its amended verified complaint asserts meritorious claims based on sound legal theories.

Nonetheless, even if Goldwater were to lose one of its claims against Mr. Elizarov, that would not necessarily mean sanctions would be appropriate.  Indeed, when a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper. This is required as the court must determine when the argument "turns from merely 'losing' to losing *and* sanctionable." (*Associated Indem. Corp. v. Fairchild Indus., Inc.* (2nd Cir. 1992) 961 F2d 32, 34 [emphasis in original].)

Further, a single frivolous claim in an otherwise tenable action may not constitute a "substantial" failure to comply with Rule 11(b): "We doubt that the statute meant for the district court to presume that when a single claim in an action is frivolous, the proper sanction is reasonable attorneys' fees and other expenses incurred in the entire action." (*Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.* (2nd Cir. 1999) 186 F.3d 157, 178.)  Here, Goldwater's tenable action against Mr. Elizarov (based on his clear failure to repay the money he owes to Goldwater) does not constitute a "substantial" failure to comply with Rule 11, even if Goldwater ultimately does not succeed on one of its other claims.

**Exhibit VV - 2**

Illya Alekseyeff
Page 3

Even if the court were to find that Goldwater "substantially" failed to comply with Rule 11 (a proposition Goldwater certainly opposes), Mr. Elizarov would not be entitled to the dismissal of Goldwater's claims.  It is likely an abuse of discretion to order dismissal or default unless "a party *deceives* a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or *undermines the integrity of the court.*" (*United States v. Shaffer Equip. Co.* (4th Cir. 1993) 11 F3d 450, 462 (emphasis added); *Halaco Engineering Co. v. Costle* (9th Cir. 1988) 843 F2d 376, 380.) Goldwater has not deceived the court or abused any process and certainly has not acted in a manner that is utterly inconsistent with the orderly administration of justice or undermine the integrity of the court. Accordingly, Rule 11 does not entitled Mr. Elizarov to the dismissal of Goldwater's claims against him.

Furthermore, as stated in our August 25, 2022, your proposed motion comes while discovery is still ongoing.  Goldwater should be allowed "to litigate [its] case on the merits, and thus, sanctions for bringing a frivolous lawsuit [would be] inappropriate." (*Leveski v. ITT Educational Services, Inc.* (7th Cir. 2013) 719 F.3d 818, 839-840.)

There are a number of facts stated in your motion that are still in dispute.  For example, you argue: "On March 25, 2021, Elizarov discovered that Goldwater had never recorded the deed of trust nor given Elizarov notice of Goldwater's intent to require the immediate payment of the loan. Consequently, Elizarov refused to repay the loan and insisted on paying down the loan according to the existing amortization schedule under the note." (Memo., p. 4, ll. 23-27.) Goldwater disagrees with this statement entirely, but, more importantly, Elizarov cannot base a Rule 11 motion on unresolved issues.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. Such sanctions can have an unintended detrimental impact on an attorney's career and personal well-being." (*Conn v. Borjorquez* (9th Cir. 1992) 967 F2d 1418, 1421.) Because of the potentially chilling effect on innovative lawyering, sanctions are reserved "for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." (*Operating Engineers Pension Trust v. A-C Co.* (9th Cir.1988) 859 F2d 1336, 1344 [emphasis added].)  Here, Goldwater's claims against Mr. Elizarov are not frivolous, legally unreasonable, without legal authority or brought for an improper purpose.  There is no basis for imposing Rule 11 sanctions against Goldwater

## MONETARY SANCTIONS ARE NOT APPROPRIATE

Goldwater obviously believes that no sanctions are appropriate. However, it is clear that monetary sanctions are unwarranted.

To warrant monetary sanctions, it must be shown that the improper claims or allegations *increased the cost of litigation* to the opposing party: "The district court was within its discretion in imposing Rule 11 sanctions as to a single count of a multiple count complaint, *where the effect and cost of that count could be separated* from that of the other counts." (*Patterson v. Aiken* (1988) 841 F.2d 386, 387 (emphasis added); see Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 588.)

Moreover, because fees awards under Rule 11 are limited to fees "incurred" as the result of a Rule 11 violation, no award may be ordered in favor of a litigant who does not incur any fees: "[W]here a lawyer represents himself, legal fees are not truly a 'cost' of litigation—no independent

**Exhibit VV - 3**

Illya Alekseyeff
Page 4

lawyer has been hired (or must be paid)." (*Massengale v. Ray* (11th Cir. 2001) 267 F.3d 1298, 1303.)
Here, you admit that you are providing free services to Mr. Elizarov.  Accordingly, monetary
sanctions are not appropriate.

Your reliance on *Legal Voice v. Stormans, Inc.* (9th Cir. 2014) 757 F.3d 1015, 1017, is
misplaced.  That case concerns a party's ability to collect attorney's fees pursuant to a discovery
statute defending an appeal, particularly since the fees were allowed at the trial court level.  Nothing
in that case stands for the proposition that a party who has not experienced an *increase in the costs of
litigation* (because that party has free representation) would be entitled to monetary sanctions under
Rule 11.

### <u>YOU WRONGFULLY INCLUDE MR. LEVOTA IN THE RULE 11 MOTION</u>

In your August 26, 2022, letter you admit that Mr. LeVota did not sign the verified amended
complaint at issue in your proposed Rule 11 motion.  Yet, you seek to continue to include Mr.
LeVota in the motion because he defended the complaint by putting his name and signature on filings
opposing the motion to dismiss.  However, your proposed Rule 11 Motion does not mention the
opposition to the motion to dismiss, and more importantly, Mr. LeVota's signature is not on
Goldwater's opposition to Mr. Elizarov's motion to dismiss.

You have failed to identify any reason for your inclusion of Mr. LeVota, as Rule 11 is limited
to "pleadings, written motions and other papers" filed with the court. It does not apply to other
litigation conduct. (FRCP 11(b); *Christian v. Mattel, Inc.* (9th Cir. 2002) 286 F3d 1118, 1131.)

### <u>CONCLUSION</u>

There is no question that Mr. Elizarov had an obligation to repay Goldwater and that Mr.
Elizarov promised Goldwater that it would be paid out of the sale proceeds.  Equally, there is no
question that Mr. Elizarov has not repaid Goldwater as promised and instead purchased a house in
Florida as part of an effort to hinder Goldwater's collection of the debt owed by Mr. Elizarov.
Goldwater has asserted various claims based on Mr. Elizarov's wrongful actions that are support by
fact and law.  Accordingly, there is no basis for Mr. Elizarov to threaten or bring a Rule 11 Motion –
it is a friviolous motion that appears to be brought for the improper purpose of (at a minimum)
unnecessarily increasing the costs of litigation.  If you bring the proposed Rule 11 motion, we will be
forced to seek sanctions against you for having to oppose the motion. (FRCP 11(c)(2).)

Best Regards,

Joseph LeVota

JAL:eg

**Exhibit VV - 4**

## Goldwater

### Esther Graaff <egraaff@hscallaw.com>

Wed 2022-08-31 3:57 PM

To: Ilya ALEKSEYEFF <ilya@loia.legal>
Cc: Derek Bast <derek.bast@wagnerhicks.law>;Sean Wagner <sean.wagner@wagnerhicks.law>;John F. Hilbert <jhilbert@hscallaw.com>;Joseph A. Levota <jlevota@hscallaw.com>;Esther Graaff <egraaff@hscallaw.com>

Dear Counsel:

Please disregard the previous email transmitting a letter from Mr. LeVota and destroy the letter attached to that email. I unintentionally sent you the wrong draft of his letter.  The correct letter is attached.  Please let me know if you have any questions.



Esther M. Graaff
Hilbert & Satterly LLP
409 Camino del Rio South, Suite 104
San Diego, CA 92108
Tel. (619) 795-0300
Fax (619) 501-6855
e-mail:  egraaff@hscallaw.com
website: www.hscallaw.com

NOTE: CONFIDENTIALITY: The information contained in this e-mail message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by return message and delete the original message from your computer. Thank you.

♻ Please consider the environment before printing this email or its attachments.

**Exhibit VV - 5**