ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Rite Care Hospice, Inc.[1]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* vs. **ARTUR ELIZAROV, ET AL.**, *Defendant.* **RITE CARE HOSPICE, INC.**, *Non-party.* | **5:21-cv-616-JWH-SPx** MEMORANDUM IN OPPOSITION TO GOLDWATER BANK'S MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO NON-PARTY RITE CARE HOSPICE, INC. Date: 10/11/2022 Time: 10:00 am Court: Hon. Sheri Pym |

---

[1] This is a limited scope representation limited solely to opposing this motion and related proceedings, including any objections and appeals.

i

## INTRODUCTION

Goldwater Bank, National Association (Goldwater) is seeking an order compelling non-party Rite Care Hospice, Inc. (Rite Care) to comply with a subpoena *duces tecum*. Rite Care, through its recently retained counsel, opposes the motion for these reasons. **First**, the motion is untimely because Goldwater failed to serve the motion at least 31 days and file it at least 28 days prior to the hearing. **Second**, Goldwater failed to offer "clear and convincing evidence" that Rite Care failed to comply with a duly issued and properly served subpoena nor request contempt as appropriate relief. **Finally**, Goldwater failed to establish that any of the documents sought are relevant to the case.

Therefore, the motion should be DENIED.

## ARGUMENT

### I.     The motion is untimely

"Unless otherwise provided by rule or order of the Court, …every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice." L.R. 6-1. "[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6(a)(1)(C).

"Unless otherwise provided by order of the assigned judge, all electronic transmissions of documents must be completed prior to midnight Pacific Standard Time or Pacific Daylight Time, whichever is in effect at the time, in order to be considered timely filed on that day." L.R. 5-4.6.1.

"Individuals who have not appeared in the case in this Court or who are not

registered for the CM/ECF System must be served in accordance with F.R.Civ.P. 5, and proof of service on such individuals must be made by declaration in the form required by L.R. 5-3.1.2." L.R. 5-3.2.1.  Among other methods, a motion may be served on a non-party by "mailing it to the person's last known address-in which event service is complete upon mailing." Fed.R.Civ.P. 5(b)(2)(C).  "Proof of service for documents served…must be made by *declaration* of the person accomplishing the service." L.R. 5-3.1.2 (italics added).  "The proof of service declaration must include the following information: (a) The day and manner of service; (b) Each person and/or entity served; (c) *The title of each document served*; and (d) The method of service employed (e.g., personal, mail, substituted, etc.)." L.R. 5-3.1.2 (italics added).

For the purpose of the Local Rules, "'Declaration' includes any declaration under penalty of perjury executed in conformance with 28 U.S.C. § 1746, and any properly executed affidavit." L.R. 1-4(b).  When used in lieu of a notarized affidavit, the declaration must be made and signed under penalty of perjury.  28 U.S.C. § 1746.

Goldwater failed to comply with these requirements.

Goldwater set the hearing on the motion at 10:00 am on October 11, 2022. To have a hearing on that date, Goldwater had to *file* the motion no later than midnight on September 13, 2022 (28 days prior to the hearing).  Goldwater instead filed the motion just after midnight on September 21, just twenty days prior to the hearing.  These actions do not comply with the rules and render Goldwater's motion untimely.

To establish proper service, Goldwater had to file a declaration under oath showing the title of each document served as well as the date, manner, and method of service.  Furthermore, if Goldwater elected to serve Rite Care by mail, Goldwater had to send the documents to Rite Care by no later than September 9, 2022 (31 days prior to the hearing, accounting for the intervening holiday).

Goldwater did not comply with these requirements. Although Goldwater submitted a "certificate" of Derek Bast, the certificate was *not* executed under oath, did not describe each document served, and did not state the date or method of service. Therefore, Goldwater failed to establish service on Rite Care.

Nothing in Local Rule 45-1 changes this analysis. The rule states: "L.R. 37 applies to all motions relating to discovery subpoenas served on…non-parties represented by counsel." L.R. 45-1. Local Rule 37, which applies to discovery motions in general, requires the parties to meet and confer, L.R. 37-1; file a joint stipulation, L.R. 37-2; and set the hearing "at least twenty-one days after the filing of the motion," L.R. 37-3. However, the process described in Local Rule 37 applies to subpoenas *only if* the non-party is represented by counsel. Here, however, Goldwater conceded in its motion that to its knowledge, Rite Care was not represented by counsel when Goldwater filed its motion. Therefore, Local Rule 37 did not apply and offered Goldwater no excuse for its failure to file its motion at least 28 days prior to the hearing. (But even if Local Rule 37 applied, the motion was *still* untimely because Goldwater filed the motion after midnight on September 21, just *twenty* days rather than twenty-one days prior to the hearing.)

Therefore, the motion is untimely and should be DENIED on this basis.

## II. Goldwater failed to prove Rite Care's non-compliance with a duly issued and properly served subpoena

In its motion, Goldwater moved the court "to compel responses to certain Subpoenas *Duces Tecum* issued to unrepresented non-party Rite Care Hospice, Inc." As the authority, Goldwater cited to this court's "Order Denying Defendant/Counter Claimant's Ex Parte Application to Stay Compliance With Subpoenas But Ordering Sequestration of Responsive Information Notice of Motion" [ECF No. 175], Rule 45(d)(2)(B)(i), and Rule 45(g).

First, Rule 45(d)(2)(B)(i) does not apply. Although the rule allows a party to

3

MEMORANDUM IN OPPOSITION TO GOLDWATER BANK'S MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO NON-PARTY RITE CARE HOSPICE, INC

"move the court…for an order compelling production or inspection" described in a properly issued and served subpoena, that rule applies *only if* the subpoenaed non-party objected to the subpoena. Fed.R.Civ.P. 45(d)(2)(B)(i). Here, however, Goldwater conceded that Rite Care served no such objections. Therefore, this section does not apply, and the court may not rely on it to issue its order.

Nor can the court rely on Rule 45(g). The rule states: "The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g). To rely on the rule, Goldwater had to offer "clear and convincing evidence that [Rite Care] violated a specific and definite" terms of the subpoena. *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 20-CV-01712-LAB-JLB, 2020 WL 7625120, at *4 (S.D. Cal. Dec. 21, 2020) (citing *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)).

Here, Goldwater failed to offer *any* evidence that Goldwater duly issued or properly served the subpoena *or* that Rite Care filed to comply.

"Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from non-parties." *Cortinas v. Vasquez*, 1:19-cv-00367-JLT-SKO (PC), 2022 WL 1053298, at *1 (E.D. Cal. Apr. 7, 2022). "Every subpoena must: (i) state the court from which it issued; (ii) state the title of the action and its civil-action number; (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and (iv) set out the text of Rule 45(d) and (e)." Fed.R.Civ.P. 45(a)(1)(A). "A subpoena must issue from the court where the action is pending." Fed.R.Civ.P. 45(a)(2). A subpoena must be obtained from a clerk, "who must issued a subpoena, signed but otherwise in blank, to a party who requested it." Fed.R.Civ.P. 45(a)(3). Alternatively, "[a]n attorney…may issue and

sign a subpoena if the attorney is authorized to practice in the issuing court." *Id.* "Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person… ." Fed.R.Civ.P. 45(b)(1). "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed.R.Civ.P. 45(b)(4).

First, Goldwater offered *no evidence* that Goldwater issued a subpoena to Rite Care.

> Under Rules 402 and 901, "[a]ll relevant evidence is admissible" but the evidence must first be authenticated. Fed.R.Evid. 402, 901. "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901. To properly authenticate documents used to support a motion, a party must attach the documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial. *Orr v. Bank of America, NT SA,* 285 F.3d 764, 773-74 (9th Cir. 2002). An affiant must show personal knowledge of the evidence, and is competent to testify to the matters stated therein. *Id.* at 774 n. 9. "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Id.* at 774 n. 8 (quoting 31 Wright Gold, Federal Practice Procedure: Evidence § 7106, p. 43 (2000)) (internal quotation marks omitted).

*Laasko v. Xerox Corp.* (C.D. Cal. 2008) 566 F. Supp. 2d 1018, 1020-21 (original citations). Here, Goldwater claimed that Exhibit 1 was the Rite Care subpoena but attached *no affidavit or declaration* of a person who prepared the subpoena and attested that Exhibit 1 was, in fact, the subpoena that counsel issued to Rite Care. Therefore, the court has *no evidence* that Goldwater duly issued a subpoena to Rite Care under Rule 45.

Second, Goldwater offered no evidence that Rite Care was served. To establish service, Goldwater has to present a certificate signed by the person who

5

MEMORANDUM IN OPPOSITION TO GOLDWATER BANK'S MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA TO NON-PARTY RITE CARE HOSPICE, INC

personally delivered the subpoena to Rite Care. But the only evidence that Goldwater presented was a declaration Daniel Benavides who declared under penalty of perjury that he "served the *summons* on Vartan Akopyan." Ex. 2 (italics added). Goldwater presented no affidavit or declaration of any person who personally delivered a *subpoena* to Rite Care. Therefore, the court has *no evidence* to show proper service.

Third, Goldwater offered no evidence to show that Rite Care had failed to comply. Although Goldwater described Rite Care's alleged non-compliance in its "memorandum," Goldwater did not offer an affidavit or declaration of any person to establish that fact. Goldwater merely presented an *argument* of its counsel, which is not evidence. *Singh v. I.N.S.*, 213 F.3d 1050, 1054 n.8 (9th Cir. 2000) (arguments of counsel in pleadings it not evidence); *Runningeagle v. Ryan,* 686 F.3d 758, 776 (9th Cir. 2012) (same).

Finally, Goldwater failed to seek an order of contempt. Motions in civil cases must comply with Rule 7, which states: "The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) *state the relief sought*." Fed.R.Civ.P. 7(b)(1) (italics added). In its motion, Goldwater asked the court only "to compel responses to certain Subpoenas *Duces Tecum* issued to unrepresented non-party Rite Care Hospice, Inc." Goldwater did not ask the court to hold Rite Care in contempt. Therefore, relief under Rule 45(g) is not available.

Lastly, nothing in the court's earlier order [ECF No. 175] supports Goldwater's motion because the order did not address Rite Care's obligations.

Therefore, the motion should be DENIED.

### III. Goldwater failed to demonstrate relevance

"It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34." *Krause v. Krause*,

121CV01706JLTSAB, 2022 WL 4345390, at *2 (E.D. Cal. Sept. 19, 2022) (internal citations omitted).

Under Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). "Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Krause, supra,* at *2 (internal citations omitted). "While discovery should not be unnecessarily restricted, discovery is more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents." *Id.* (internal citations omitted). ""Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Id.* (internal quotations and citations omitted).

By its terms, Rule 26 allows discovery "relevant to any party's claim or defense… ." Fed.R.Civ.P. 26(b)(1). By corollary, if the pleadings do not raise a particular claim or defense, then any evidence relating to the unalleged claim or defense is not discoverable. *See In re REMEC, Inc. Sec. Litig.,* No. 04-CV-1948 JLS (AJB), 2008 WL 2282647, at *2 (S.D. Cal. May 30, 2008) ("parties are not entitled to discovery to develop new claims or defenses that are not identified in the pleadings"); *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); *Torio v. Wells Fargo Bank, N.A.*, 5:16-CV-00704-HRL, 2016 WL

2344243, at *5 (N.D. Cal. May 4, 2016) ("discovery cannot be used as a fishing expedition for evidence of claims that have not been properly pled"); *Avila v. McMahon*, 2:18-CV-00163-JAM-AC, 2019 WL 174517, at *4 (E.D. Cal. Jan. 10, 2019), *report and recommendation adopted,* 2:18-CV-0163 JAM AC, 2019 WL 11791714 (E.D. Cal. Mar. 27, 2019) ("The purpose of discovery is to develop evidence related to a known claim; it is not intended for the discovery of claims"); *Hoffman v. Lassen County*, 2:15-CV-1382 DB P, 2017 WL 2311683, at *3 (E.D. Cal. May 26, 2017) ("Discovery cannot be used to investigate theories and allegations that are no more than speculation").

The burden is on the party seeking to enforce the subpoena to demonstrate the relevance of the information sought. *See e.g. Sarnowski v. Peters,* Case No. 2:16-cv-00176-SU, 2017 WL 4467542, at *2 (D. Or. Oct. 6, 2017); *Harris v. Best Buy Stores, L.P.*, No. 315CV00657HSGKAW, 2016 WL 6024556, at *1 (N.D. Cal. Oct. 14, 2016); *Aros v. Fansler*, 548 F. App'x 500, 501 (9th Cir. 2013) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

Goldwater failed to meet its burden. In its motion, Goldwater did not specifically describe the allegations in its complaint[2] nor explain how the information sought was relevant to any alleged claim. Goldwater simply said to the court, "these are the things we want," but offered no evidence or argument to justify an order compelling production. Therefore, Goldwater has not only failed to meet its burden but has failed at an *attempt* to make the required showing.

Nor can Goldwater rely on this court's earlier orders in its dispute with Rite Care because Rite Care had no notice or opportunity to address the issues raised in the earlier proceedings. "Due process requires that parties in interest be given an opportunity to be heard after appropriate notice before they may be bound by a court order." *In re Fernandez* (Bankr. C.D. Cal. 1997) 212 B.R. 361, 369. The

---

[2] Goldwater did not attach a copy of the complaint nor ask the court to take judicial notice of the prior filings.

right to be heard is "[t]he fundamental requisite of due process of law.. ." *Mullane v. Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 (citing *Grannis* v. *Ordean*, 234 U.S. 385, 394.)

Rite Care is not a party to these proceedings, received no notice of the parties' earlier arguments before the court, and, therefore, is not bound by any findings or orders that the court issues in this case. If Goldwater wanted this court to issue an order binding on Rite Care, then Goldwater had to present an adequate record so that Rite Care could respond. Simply expecting this court to rely on the court's earlier rulings that resulted from proceedings that excluded Rite Care will violate Rite Care's due process rights.

Therefore, the court should find that Goldwater has failed to carry its burden to show relevance and should DENY the motion on that basis.

### IV. Goldwater may not cure the defects

In this opposition, Rite Care identified several defects with Goldwater's filings. To "cure" these defects, Goldwater would have to submit additional evidence: declaration regarding service of the subpoena, declaration regarding the service of the motion, and any evidence necessary to establish relevance. Goldwater does not have that option.

"Generally, reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion. New evidence submitted as part of a reply is improper because it does not allow the [opposing party] an adequate opportunity to respond." *Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (internal citations omitted). Accordingly, "the Court does not consider new arguments or evidence presented for first time in a reply." *In re Flash Memory Antitrust Litig.*, C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010), citing *In re Rains,* 428 F.3d 893, 902 (9th Cir.2005). See also *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435

F.Supp.2d 1078, 1089 (E.D. Cal.2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.")

Therefore, Goldwater may not "cure" these defects by presenting new evidence or arguments in reply.

## CONCLUSION

Goldwater's motion should be denied as procedurally defective because Goldwater failed to file and personally serve the motion on Rite Care at least 28 days prior to the hearing and failed to establish proper service. The motion should also be denied on the merits because Goldwater failed to seek the remedy of contempt, failed to offer "clear and convincing evidence" that Rite Care failed to comply with a duly issued and personally served the subpoena, and failed to demonstrate the relevance of the subpoenaed materials. Finally, the court should admonish Goldwater's counsel to comply with the Local Rules because this is *not* these attorneys' first non-compliance. L.R. 83-7 (sanctions for non-compliance with the Local Rules); L.R. 83-2.1.3.3(a)(1) (attorneys admitted *pro hac vice* must be familiar with the Local Civil Rules).

Dated: 09/28/2022                    LOIA, INC. (APLC)

*Ilya Alekseyeff*
_____
By: Ilya Alekseyeff
Attorney for Rite Care Hospice, Inc.