

**WAGNER HICKS PLLC**
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7787

**DEREK M. BAST**
Attorney at Law
(704) 705-8311
derek.bast@wagnerhicks.law

**VIA EMAIL**

September 1, 2022

Ilya Alekseyeff, Esq.
LOIA, INC. (APLC)
8721 Santa Monica Blvd #119
West Hollywood, California 90069
ilya@loia.legal

   Re: ***Goldwater Bank, N.A. v. Elizarov***, 5:21-cv-00616-JWH-SP
     **August 26, 2022 Rule 11 Letter**

Ilya,

   I write in response to your letter of August 26, 2022 (the August 26th Letter), purporting to detail our conversations at the August 25, 2022 meet and confer regarding your potential Rule 11 Motion (the "Motion"). You have previously stated that you intend to file the Motion on Friday, September 2, 2022. The purpose of this letter is to (1) address the issues in your August 26 Letter, (2) once again inform you that your Rule 11 Motion is inappropriate and (3) emphasize that Goldwater will seek prevailing party attorney's fees pursuant to Fed. R. Civ. P. 11(c)(2) in the event you proceed with filing the Motion.

   As we have previously indicated, your Motion is essentially one for summary judgment, seeking to resolve disputed questions of fact underlying the claims asserted in this lawsuit. Even under an appropriate motion under Rule 56, Goldwater would be entitled to having all evidence viewed in a light most favorable to it and all inferences drawn in its favor. Under your proposed Rule 11 motion, the Court "must resolve all doubts in favor of the signer of the pleading or paper." *Burnette v. Godshall,* 828 F. Supp. 1439, 1447 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

   It appears that your Motion depends largely on your belief that you have developed evidence to support Elizarov's defenses to Goldwater's fraud claim—namely, text messages between Elizarov and Greg Hill. On the basis of this evidence, you contend that Goldwater's Amended Complaint lacked evidentiary support and is subject to Rule 11 sanctions. A key problem with your arguments is that they ignore that "circumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support for purposes of Rule 11." *Douglas v. TD Bank USA*, No. 3:20-CV-00395-JR, 2021 WL 5861558, at *2 (D. Or. Aug. 11, 2021) (citing *MetLife Bank, N.A. v. Badostain*, 2010 WL 5559693, at *6 (D. Idaho 2010), *Rachel v. Banana Rep. Inc*., 831 F.2d 1503, 1508 (9th Cir.1987) (reversing order for sanctions because of

existence of circumstantial evidence plaintiffs relied upon in their complaint); *Golden Gate Way, LLC v. Stewart*, No. C 09-04458 DMR, 2011 WL 3667496, at *4 (N.D. Cal. Aug. 22, 2011) ("inference, reasonably drawn from the undisputed circumstantial evidence, suffices to provide evidentiary support" sufficient to defeat Rule 11 motion)).

The resolution of your Rule 11 Motion will require examination of both direct and circumstantial evidence and the resolution of disputed facts and inferences drawn therefrom. That, in and of itself, makes your Rule 11 Motion legally untenable. *See, e.g., GN Resound A/S v. Callpod, Inc.,* No. C 11-04673 SBA, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013) (noting Rule 11 motion for sanctions is not proper substitute for motion for summary judgment).

### *Goldwater's Fraudulent Transfer Claim is Warranted by Existing Law and Has Evidentiary Support*

Your Motion and your August 26th Letter argue that Goldwater's Fraudulent Transfer claim lacks any evidentiary or legal basis because Elizarov was making a "preferential payment" to a creditor because he could have been liable for the Shatar Holdings loan under California community property rules. Your analysis of the impact of California's community property rules are an overstatement at best. "California is a community property law state, with the 'community' being about the property acquired during a marriage, and not a 'community obligation' state in which a husband (in the matter before the court) binds his spouse to whatever obligations he chooses to unilaterally impose on [him]." *In re Landes*, 627 B.R. 144, 156 (Bankr. E.D. Cal. 2021).

Thus, while the debts of one spouse may encumber the couple's community property, a spouse is not necessarily separately liable for the unilateral debts incurred by his husband. *Id.* You contend that Goldwater is somehow "bound" by a judicial admission on this issue in paragraph 34 of the Amended Complaint, but the cited paragraph merely identified the possibility that Elizarov *could* be liable for certain liabilities incurred by Alekseyeff by virtue of their domestic partnership. (Am. Compl., ¶ 34). Moreover, that statement is not a binding judicial admission because it cannot change the law itself. *CSC Consulting, Inc. v. Tosco Ref. Co*., 19 F. App'x 698, 701 (9th Cir. 2001) ("Judicial admissions are *factual* assertions") (emphasis in original); *Eisen v. Tavangarian*, 36 Cal. App. 5th 626, 637, 248 Cal. Rptr. 3d 744, 753–54 (2019) ("To be considered a binding judicial admission, 'the declaration or utterance must be one of fact and not a legal conclusion, contention, or argument'").

Whether or not Elizarov was personally liable for the Shatar Holdings loan is a disputed question of fact. You not only took title to the Shartar Property in your own name, but also as a "single man" for "business purposes only," and not for "personal, family, or household purposes,"[1] indicating an intent to take the Shartar property (and its debt) as your separate property and obligation. These facts and remaining questions regarding same, combined with your continued resistance to valid discovery, serve to evidence Goldwater's contention that Elizarov fraudulently transferred his separate property to pay your separate debts obviating any application of Rule 11.

---

[1] *See* Shartar Deed of Trust; Affidavit Concerning Business Purpose.



*Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2021 WL 795678, at *2 (E.D. Cal. Mar. 2, 2021) ("the Court declines to impose the 'extraordinary remedy' of Rule 11 sanctions based on what is essentially a factual dispute") (citing *Operating Engineers Pension Tr. v. A-C Co*., 859 F.2d 1336, 1345 (9th Cir. 1988)).

On the basis of your community property argument, you also contend that the Fraudulent Transfer claim lacked legal and factual support because the payment of the Shatar Loan using the proceeds from the Palm Springs Property would have been a valid preferential payment to one creditor over another rather than a fraudulent transfer. However, "[t]he above stated rule that a debtor may prefer one creditor over another (Civ. Code, § 3432) **has long been subject to exceptions based on fraud**." *Lyons v. Sec. Pac. Nat. Bank*, 40 Cal. App. 4th 1001, 1020 (1995), *as modified on denial of reh'g* (Nov. 30, 1995) (emphasis added). Here, Goldwater has alleged fraud by Elizarov. In other words, your argument about Elizarov's alleged preference of Shatar Holdings is another instance where the parties have competing factual contentions and there is no basis for your assertion that the fraudulent transfer claim is subject to Rule 11 sanctions.

### *Your Rule 11 Motion Relies Upon Evidence Creating Disputed Questions of Fact. This Cannot Sustain Your Request for Sanctions.*

You misapprehend Goldwater's arguments regarding the nature and impact of the factual issues you have raised. First, "[c]ourts typically look for statements which rise to the level of direct falsehoods before they find that sanctions are warranted." *Safe-Strap Co. v. Koala Corp*., 270 F. Supp. 2d 407, 412 (S.D.N.Y. 2003). Your proposed motion does not offer direct falsehoods, but seeks sanctions based on evidence and arguments you developed and information you provided after the pleadings were filed that purports to dispute certain, specific allegations underlying Goldwater's claims of fraud, conspiracy, fraudulent transfer, and unjust enrichment. Your Motion assumes that Elizarov's alleged text messages with a Goldwater loan officer nullify Elizarov's omissions and misrepresentations in the Loan Application, but that is an issue to be resolved when the Court and/or the triers of fact weighs the parties' competing evidence.

The appropriate vehicle for your arguments, if you feel they are dispositive, is a motion pursuant to Rule 56. *See Douglas*, 2021 WL 5861558, at *3 ("A Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings"). Your attempt bolster weak summary judgment arguments with the threat of Rule 11 sanctions are improper at best and may itself be sanctionable. Regardless, the evidence you do proffer does not render Goldwater's claims wholly untenable so as to be legally unreasonable or frivolous under Rule 11. *Cf. SG Blocks, Inc. v. Hola Cmty. Partners,* No. 220CV03432ODWRAOX, 2021 WL 2714596, at *4 (C.D. Cal. July 1, 2021) (imposing sanctions where plaintiff "insist[ed] upon a position after it [wa]s no longer tenable" in the face of intervening precedent).

Nothing in Rule 11 or Circuit precedent requires Goldwater to dismiss plainly colorable claims merely because you have presented disputing evidence, especially while discovery remains ongoing. *See Storz Mgmt*., 2021 WL 795678, at *2 (declining to impose sanctions based on factual dispute). And to be clear, the allegations to which you object as well as the claims they support



remain colorable despite your best evidence.  What you purport as proof against certain allegations does not affirmatively disprove them nor does it warrant the dismissal of Goldwater's claims at this juncture.  For example, regardless of what allegations you find disturbing, the fact remains that Elizarov indicated he was "Unmarried" on his loan application.  This was objectively false, regardless of whether he later admitted his marital status.   Whether this misrepresentation constituted actionable fraud, and the extent and impact of Elizarov's alleged communications with Gregory Hill remain open questions, but as indicated above, Elizarov's representations regarding marital status were certainly material to loan decision-making process.[2]

In addition, while you now attest that the BMW lawsuit was "settled," prior to the loan application, the documents you provided plainly demonstrate that the case remained pending and Elizarov remained a party thereto for months after the loan application was submitted. *See, e.g*., Proposed Rule 11 Motion at Exh. E (request for dismissal dated 08/14/2019). Whether and what Elizarov later informed Goldwater or its agents, and whether the existence of this lawsuit would have altered Goldwater's dealings with Mr. Elizarov are questions of fact that would foreclose summary judgment. The IRS lien is similar situation. Although you have offered evidence of payment of the lien prior to Elizarov's loan application, you concede the IRS lien was not released nor was the delinquency formally removed until December 18, 2019, approximately six months after the June 2019 loan application was submitted.  Elizarov did in fact misrepresent the status of his IRS lien on his loan application.

With respect to the claims of fraud in the forbearance application, you have been repeatedly advised that your arguments regarding the application of the CARES Act to the $686,250.00 loan secured by Elizarov on the Subject Property are irrelevant.  If Elizarov lied about experiencing a reduction in income and his available assets, it is relevant to Goldwater's claims regardless of whether the CARES Act required Goldwater to accept Elizarov's representations without seeking proof of hardship.  Your Rule 11 Motion regarding Elizarov's fraudulent forbearance application is without basis in law or fact.

Your Motion and August 26 letter refer to other facts that you allege have no evidentiary basis and are frivolous.  the misrepresentations in the mortgage application about Elizarov's marital status, BMW lawsuit, and IRS debt; the misrepresentations about Elizarov's income and assets in his assistance application; Elizarov's misrepresentations about a mechanic's lien and the false promise to pay $675,000; Alekseyeff's participation in a civil conspiracy with Elizarov; etc. (*See*, August 26 Letter, p. 4).  The fact of the matter is, despite your unilateral view of the case, there is no basis to conclude that these allegations are false and lack evidentiary support.

---

[2] Even if your evidence regarding these allegations was dispositive, which it is not, Goldwater is under no obligation to amend its pleadings at this stage of the litigation as parties cannot be sanctioned merely for failing to withdraw pleadings or papers previously filed after their lack of merit is discovered. *See Edwards v. Gen. Motors Corp*. 153 F3d 242, 245 (5th Cir. 1998); Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 585-587; *see also Operating Engineers*, 859 F.2d at 1344 ("Courts must . . . avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted." (internal citation and quotes omitted)). Your request asks the Court to impose sanctions based on the specific allegations of pleading that were supported by the known facts and reasonable beliefs at its filing.



Goldwater continues to conduct discovery into these matters, including by seeking an order compelling Elizarov to respond to discovery requests related to several of these matters.  Indeed, by invoking the privilege against self-incrimination regarding certain of these matters, such as Elizarov's alleged loss of income around the time of his mortgage assistance application, Elizarov himself suggests that there is in fact truth to these allegations.

Finally, although it was only touched on briefly in your letter, Goldwater's allegations and discovery responses regarding the existence of certain agreements do not foreclose its unjust enrichment claim.  Goldwater was and "is permitted to plead claims for breach of contract and unjust enrichment in the alternative." *In re Facebook, Inc., Consumer Priv. User Profile Litig*., 402 F. Supp. 3d 767, 803 (N.D. Cal. 2019) (citing *Bruton v. Gerber Products Co*., 703 F. App'x 468 (9th Cir. 2017); *In re Vizio, Inc., Consumer Privacy Litigation*, 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017); *Hartford Casualty Insurance Co. v. J.R. Marketing., L.L.C*., 61 Cal. 4th 988, 998, 190 Cal.Rptr.3d 599, 353 P.3d 319 (2015). That is, Goldwater pled that to the extent the agreement(s) between the parties were not enforceable or did not govern Elizarov's injurious conduct, Goldwater was still entitled to relief under a theory of unjust enrichment. Unless you are admitting there are binding contracts between the parties prohibiting Elizarov's conduct in this action and to Elizarov's breach of same, Goldwater's unjust enrichment claims remain viable and not subject to summary judgment or sanctions.

### *You Misapprehend Goldwater's Position Regarding the 12(b)(6) and Preliminary Injunction Rulings*

Respectfully, Goldwater is not arguing, as you indicate, that the Court's prior rulings denying Elizarov's Motion to Dismiss the Amended Complaint or granting the Preliminary Injunction are res judicata or would foreclose the Court from examining those issues further. Rather, Goldwater was making the point that your Motion rehashes arguments that were previously rejected in prior rulings by the Court, and your Motion does not offer any sufficient new theory for why Rule 11 sanctions are warranted.

For instance, you argue in your Motion that Goldwater's unjust enrichment claim is subject to dismissal under Rule 11.  Your argument depends on the following statement in the Motion's memorandum:  "When counselors alleged this claim, counselors certified that counselors can establish that Goldwater's contract with Elizarov was unenforceable. That certification was false." (Rule 11 Memorandum, p. 22).  You fail to cite any part of the Amended Complaint in support of this statement.  Likewise, you fail to acknowledge that Goldwater previously argued to the Court that the unjust enrichment and the breach of contract claim can proceed together under alternative pleading, (ECF No. 71, p. 12).  The Court ultimately agreed with Goldwater and denied Elizarov's Motion to Dismiss the unjust enrichment claim.  (ECF No. 93).  Your Rule 11 Motion simply resurrects your arguments that failed at the Motion to Dismiss stage, and you offer no basis to justify Rule 11 sanctions.



While the findings made in the Court's prior rulings may not be dispositive, the Court will surely consider them, and the circumstances surrounding, them in assessing your Rule 11 Motion. Those prior decisions represent the Court's opinion on many of the matters you are raising for what is the second or third time, and filing your Rule 11 Motion will yet again waste the Court and the parties' time.  Your threatened Rule 11 Motion is nothing more than a strongarm attempt to punish Goldwater for filing a meritorious lawsuit. Based on your own pattern of conduct in this lawsuit, we are confident that the Court will recognize this and act accordingly.

For these reasons, as well as the reasons discussed in our August 25, 2022 and during the meet-and-confer conducted on the same day, your Rule 11 Motion is not appropriate.  Goldwater will not withdraw its claims for unjust enrichment, fraud, fraudulent transfer, and civil conspiracy. To the extent you do file the Rule 11 Motion and Goldwater prevails on the Motion, Goldwater will seek to recover its attorney's fees pursuant to Fed. R. Civ. P. 11(c)(2).

Thank you for your prompt attention to this matter.

Sincerely,

Derek M. Bast

