UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Quash [176]

## I. INTRODUCTION

On August 16, 2022, defendant Artur Elizarov filed a motion to quash third party subpoenas issued by plaintiff Goldwater Bank, N.A., and for a protective order precluding plaintiff's access to the records subpoenaed. Docket no. 176. Defendant's arguments are set forth in a supporting memorandum ("Mtn."), and supported by a request for judicial notice, the declaration of his counsel Ilya Alekseyeff ("Alekseyeff Decl."), and exhibits thereto. On August 23, 2022, defendant filed an opposition with an attached Exhibit. Docket no. 179. Plaintiff filed a reply on August 29, 2022. Docket no. 180.

The court held a hearing on the motion on September 13, 2022. After considering the parties' written and oral arguments, the court now denies defendant's motion to quash and for a protective order for the reasons that follow.

## II. BACKGROUND

This case involves a dispute over a parcel of real property in Palm Springs, California, for which plaintiff originated a mortgage loan to defendant Elizarov. Docket no. 44 ("FAC"). Plaintiff did not record the Deed of Trust with the Riverside County Register of Deed's Office. FAC ¶ 49. Thereafter, defendant defaulted on the loan and sold the property. Defendant received $785,741.36 in cash proceeds from the sale, and used that money to purchase real property in Florida and pay off a loan that belonged to his domestic partner. FAC ¶¶ 61, 76-79. Plaintiff seeks to recover damages for breach of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

contract, unjust enrichment, fraud, fraudulent transfer, and civil conspiracy. *See* FAC. Plaintiff also seeks injunctive relief, to quiet title, and declaratory relief. *Id*.

As relevant here, on July 28, 2022, plaintiff issued third party subpoenas to defendant Elizarov's current employer, eCivis, Inc., and his former employer, Rite Care Hospice, Inc. Alekseyeff Decl., Exs. A, J. On August 8, 2022, the parties met and conferred over the phone and via email. Alekseyeff Decl., ¶¶ 46-51, Exs. GG, HH. On August 12, 2022, the parties conferred again via email but were unable to come to an agreement. *Id*. ¶¶ 54-57. Defendant now moves to quash the subpoenas.

## III. DISCUSSION

Defendant asks the court to quash plaintiff's subpoenas for his employment records and income history, and argues the records are private and protected from disclosure under the California Constitution. Mtn. 11-12. He further contends the court should deny plaintiff access to the records because plaintiff failed to show the records are relevant to its claims or defenses. Mtn. at 11-15. Defendant also requests the court to issue a stay of discovery pending the resolution of his Rule 11 motion. *Id*. at 18-19. Plaintiff opposes the motion, and contends the records are relevant to its fraud claim, namely, that defendant made fraudulent misrepresentations regarding his finances on the initial Mortgage Application and the Mortgage Assistance Application. Opp. at 8-10. Plaintiff also argues the records are relevant to its claim for punitive damages. *Id*. 10-11.

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45 subpoenas must meet the same requirements applicable to any discovery sought because "[t]he scope of discovery [sought] through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b)." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (citation omitted); *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (citing the Advisory Committee Notes to Rule 45). Rule 26(b) allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

Motions to quash subpoenas are likewise governed by Rule 45. Under Rule 45(d)(3), a court is required to quash or modify a subpoena if it requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). "'Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.'" *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, FEDERAL PRACTICE & PROCEDURE, § 2459 (3d ed. 2008)); *see also Drummond Company, Inc. v. Collingsworth*, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013); *Malibu Media, LLC v. Does 1-25*, 2012 WL 2367555, at *1-*2 (S.D. Cal. June 21, 2012). Because the subpoenas here seek plaintiff's employment records and income history, plaintiff clearly has standing to move to quash them.

As to the subpoena to eCivis, however, this court lacks jurisdiction to quash it, since only "the court for the district where compliance is required" has such authority under Rule 45. *See* Fed. R. Civ. P. 45(d)(3)(A). The eCivis subpoena calls for compliance in the Eastern District of California (*see* Alekseyeff Decl., Ex. A), and there is no indication defendant filed a motion to quash the subpoena in that district which has since been transferred to this district so as to give this court jurisdiction. *See* Fed. R. Civ. P. 45(f). Defendant does not dispute this, but notes that with the instant motion he also seeks a protective order to preclude plaintiff from accessing the records produced by eCivis. A court may, for good cause, issue a protective order forbidding the disclosure of discovery to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Defendant argues the employment and income records sought by the subpoenas here are "privileged"; however, his contentions and the authority he cites do not support a claim of privilege, but rather a claim that the records sought are protected by a right to privacy. *See* Mtn. at 11-12. Although there is no federal common law privilege akin to the right of privacy, "[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (internal quotation marks and citations omitted); *see Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992). "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy right asserted." *Keith H.*, 228 F.R.D. at 657; *see Johnson by Johnson*, 971 F.2d at 1497. Under Article I, Section I of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

Constitution the right of privacy is similarly not an absolute right and is subject to invasion depending on the circumstances. *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2009 WL 3458298, at *2 (N.D. Cal. Oct. 23, 2009) ("the right to privacy is not an absolute bar to discovery."). The court will therefore balance the interests of the parties in determining whether private employment and income documents are subject to disclosure in this case.

Here, plaintiff seeks private employment and income history records in order to assess whether defendant misrepresented the state of his finances on his initial Mortgage Application and his Mortgage Assistance Application. Opp. at 8-10. Plaintiff argues the subpoena to Rite Care requests records related to the representations on defendant's July 3, 2019 Mortgage Application, where he identified Rite Care as his employer, his monthly base employment income as $20,312.50, and his total assets as $227,103.00 in an investment account. Opp. at 8-9; Alekseyeff Decl., Ex. J. Moreover, the subpoena to eCivis seeks records of furlough or change in employment status and income records for a period of February 2020 through April 2021. Alekseyeff Decl., Ex. A at 5-6. Plaintiff argues that these documents are related to defendant's May 20, 2020 Mortgage Assistance Application where he reported economic hardship, namely a "Reduction in income" and "Disaster" beginning approximately on February 21, 2020. Opp. at 9; *see also* Alekseyeff Decl., Ex. G.

In its FAC, plaintiff specifically alleges that defendant committed fraud "[b]y providing incorrect information and omitting information on the Mortgage Application and the Assistance Application, . . . [and] made false representations of material facts . . . regarding his financial status." *See* FAC ¶ 97. It follows that defendant's income and financial information is directly relevant to plaintiff's fraud claims. Additionally, employment records reflecting furlough or change in employment status are relevant to assessing whether defendant made false representations regarding his economic hardship on the Mortgage Assistance Application. Defendant's argument that plaintiff is not entitled to records "before or after May 2020" is unavailing, because plaintiff alleged that after May 20, 2020, defendant continued to report that he suffered from the same financial hardships and continued to receive forbearance extensions from defendant. *See* Mot at 15; FAC ¶¶ 44-45. As such, defendants employment and income records are highly relevant. Although these records are also private, defendant's privacy interests are adequately protected by the protective order in place in this case. Plaintiff's need for this information easily outweighs defendant's privacy interests.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | September 21, 2022 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

Defendant also contends his income information is only relevant if it was material to plaintiff's decision to grant forbearance, because the CARES Act did not allow plaintiff to require proof of hardship to grant forbearance. Mtn. at 12-15. Plaintiff disputes the applicability of the cited CARES Act provision here. Opp. at 11-13. The court need not now decide whether the CARES Act applies, because plaintiff's fraud claims are much broader than defendant's characterization of them. Defendant's employment and income are relevant to assessing plaintiff's fraud claims generally, including plaintiff's claims of fraudulent transfer and fraud during the escrow process, to which the CARES Act provision defendant cites plainly does not apply.

Defendant's argument that plaintiff cannot conduct discovery because it did not have sufficient facts to support its fraud claim at the pleading stage is similarly unavailing. *See* Mtn. at 16-18. Federal Rule of Civil Procedure 9 governs pleading standards, and does not apply to discovery. Moreover, the court determined that plaintiff met the pleading requirements of Rule 9 when it denied defendant's motion to dismiss plaintiff's fraud claim. *See* docket. no. 93. The fact that defendant has now filed a motion under Rule 11 asking the court to dismiss plaintiff's fraud claims, also does not preclude the court from ruling on this motion to quash, since the District Judge has not stayed discovery pending resolution of that motion. In short, plaintiff is entitled to discover defendant's employment and income records for the periods stated in the subpoenas.

Plaintiff asks the court to order defendant to pay sanctions in the form of attorney's fees for having to oppose this motion. Opp. at 18-19. The court does not find defendant's motion to be sufficiently frivolous to warrant sanctions under all the circumstances here. *See* Fed. R. Civ. P. 37(a)(5)(B). Nonetheless, the court reminds defendant that "[t]he presentation to the Court of frivolous motions . . . subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7." L.R. 11-9; *see* docket no. 148 at 8-9.

### IV. CONCLUSION

For the reasons stated above, the court denies defendant's motion to quash and for a protective order (docket no. 176) in its entirety.