ILYA ALEKSEYEFF [CA 242462]
 ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **ARTUR ELIZAROV, ET AL.**, <br><br> *Defendant.* | 5:21-cv-616-JWH-SPx <br><br> OBJECTIONS TO GOLDWATER BANK'S EVIDENCE SUBMITTED IN OPPOSITION TO MOTION FOR SANCTIONS UNDER RULE 11 <br><br> Date: 10/21/2022 <br> Time: 9:00 AM <br> Court: Hon. John W. Holcomb |

Defendant Artur Elizarov OBJECTS to exhibits F and G[1] as follows: the records were not authenticated.

Under Rules 402 and 901, "[a]ll relevant evidence is admissible" but the evidence must first be authenticated. Fed.R.Evid. 402, 901. "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901. To properly authenticate documents used to support a motion, a party must attach the

---

[1] Goldwater created unnecessary confusion in the record when Goldwater used *the same identifiers* for its exhibits – A through H – that Elizarov previously used for his exhibits.

1

documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial. *Orr v. Bank of America, NT SA,* 285 F.3d 764, 773-74 (9th Cir. 2002). An affiant must show personal knowledge of the evidence, and is competent to testify to the matters stated therein. *Id.* at 774 n. 9. "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Id.* at 774 n. 8 (quoting 31 Wright Gold, Federal Practice Procedure: Evidence § 7106, p. 43 (2000)) (internal quotation marks omitted).

*Laasko v. Xerox Corp.* (C.D. Cal. 2008) 566 F. Supp. 2d 1018, 1020-21 (original citations). Under this law, if Goldwater wanted the court to receive and consider its Exhibits F and G, Goldwater had to introduce competent testimony based on the declarant's personal knowledge to show what these records are, who created those records, and when the records were created. Here, Goldwater offered no such evidence. Goldwater did not even bother to explain to the court *how* Goldwater obtained these records, *who* these records came from, or *when* Goldwater received them.

  Therefore, the court should SUSTAIN the objections and refuse to consider Exhibits F or G.

Dated: 10/06/2022      LOIA, INC. (APLC)

*Ilya Alekseyeff*

By: Ilya Alekseyeff
Attorney for Artur Elizarov