Sean C. Wagner (Pro Hac Vice)
Derek M. Bast (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 226760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:  (619) 795-0300
Facsimile:   (619) 501-6855

Counsel for Plaintiff
GOLDWATER BANK, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ARTUR ELIZAROV, ET AL. <br><br> Defendants. | Case No. 5:21-cv-00616-JWH-SPx <br><br> **PLAINTIFF GOLDWATER BANK, N.A.'S RESPONSES TO ARTUR ELIZAROV'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   Defendant Artur Elizarov

ANSWERING PARTY:     Plaintiff Goldwater Bank, N.A.

SET NO.:             One

NOW COMES Plaintiff Goldwater Bank, N.A. ("Goldwater"), by and through counsel, and responds to Defendant Artur Elizarov's ("Elizarov") First Set of Interrogatories (the "Interrogatories") as follows:

**4.** Does GOLDWATER contend that GOLDWATER would have interfered with the sale of PALM SPRINGS HOUSE to Scott Howlett had ELIZAROV not promised to pay GOLDWATER $675,000.00? If so, state:

    **4.1.** All facts on which GOLDWATER based its contention, including, at the minimum, exactly what GOLDWATER would have done to interfere with the sale and how GOLDWATER would have accomplish these acts;

    **4.2.** Legal name and CONTACT INFORMATION of all WITNESSES who have personal first-hand knowledge of the facts stated in the answer to subpart 4.1;

    **4.3.** A description of all EVIDENCE supporting the existence of the facts stated in the answer to subpart 4.1; and

    **4.4.** Legal name and CONTACT INFORMATION of each PERSON who currently has possession, custody, or control of each item of EVIDENCE stated in the answer to subpart 4.3.

RESPONSE: Goldwater objects to Interrogatory No. 4 to the extent it is a contention interrogatory that potentially seeks attorney-client privileged and attorney-work product information. This matter is in the early stage of discovery, and Goldwater's views about the application of the facts to the relevant law are subject to change as discovery progresses. Goldwater objects to the term "interfered" as vague, because it is not reasonably clear what Elizarov contends would have amounted to interference. In addition, Goldwater objects to this interrogatory as improperly compound, resulting in the total number of interrogatories exceeding the limits of Fed. R. Civ. P. 33(a)(1). Subject to and without waiving his objections, Goldwater answers as follows: ==Goldwater relied on Elizarov's assurances that Goldwater would receive a substantial payout following the sale of the Palm Springs House. In the absence of these assurances, Goldwater would have sought to record its Deed of Trust prior to the sale of the Palm Springs House,== although its efforts would have been frustrated by the fact that Elizarov made misrepresentations and failed to inform Goldwater of the date of the closing.

Evidence of these false statements, as well as other misrepresentations, can be ascertained through the business records being produced in response to Elizarov's discovery requests pursuant to Fed. R. Civ. P. 33(d).

Goldwater employee Pete Hill communicated with Elizarov leading up to the sale of the Palm Springs House, has knowledge of the same, and can be contacted through Goldwater's counsel. Other relevant witnesses include Escrow of the West's corporate representative and the escrow agent specifically involved in this transaction, Andrea Cross. Escrow of the West's address is 9440 S Santa Monica Blvd #310, Beverly Hills, CA 90210.

Dated: April 22, 2022.

                        WAGNER HICKS PLLC
                        By: /s/ Derek M. Bast
                              Sean C. Wagner, Esq.
                              Derek M. Bast, Esq.

                        And

                        HILBERT & SATTERLY LLP
                        By: /s/ Joseph A. Levota
                              John Forest Hilbert, Esq.
                              Joseph A. LeVota, Esq.


                        *ATTORNEYS FOR GOLDWATER BANK, N.A.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GOLDWATER BANK, N.A.,

    Plaintiff,

v.

ARTUR ELIZAROV, ET AL.

    Defendants.

Case No. 5:21-cv-00616-JWH-SPx

**VERIFICATION**

I, Peter Hill, an authorized agent of Goldwater Bank, N.A., declare under penalty of perjury that I have reviewed the foregoing answers to interrogatories, and I am personally familiar with the information contained therein. The information contained therein is true and correct to the best of my knowledge and investigation.

This the 22nd day of April, 2022.

_____
Peter Hill

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by email and by United States Postal Service, addressed to the following person(s) at the following address(es):

Ilya Alekseyeff, Esq.
Loia, Inc. (APLC)
8721 Santa Monic Blvd., #119
West Hollywood, CA 90096
(213) 537-4592
Ilya@loia.legal
*Attorney for Defendant Artur Elizarov and Defendant pro per*

Howard D. Hall
Damian P. Richard
Hall Griffin, LLP
1851 East First Street, 10th Floor
Santa Ana, CA 92705-4052
hdhall@hallgriffin.com
drichard@hallgriffin.com
(714) 918-7000; Fax: (714) 918-6996
*Attorneys for Defendant Scott Howlett and Bank of the West*

Denis Shmidt
Nabil Bisharat
Orsus Gate, LLP
16 N Marengo Ave, Suite 316
Pasadena, CA 91101
(213) 973-2052
dshmidt@orsusgate.com
nbisrahat@orsusgate.cm
*Attorneys for Defendant Unison Agreement Corp.*

Date:  April 22, 2022

/s/ Derek M. Bast
Derek M. Bast