Sean C. Wagner (Pro Hac Vice)
Abbey M. Krysak (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 262760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:  (619) 795-0300
Facsimile:   (619) 501-6855

Marie B. Maurice (SBN 258069)
Marina Samson (SBN 315024)
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Counsel for Plaintiff
GOLDWATER BANK, N.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, N.A.**,<br><br>Plaintiff,<br><br>v.<br><br>**ARTUR ELIZAROV, *ET AL*.**<br><br>Defendants. | Case No. 5:21-cv-00616-JWH-SPx<br>**Discovery Document referred to Hon. Sheri Pym**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES ON PLAINTIFF'S MOTION TO COMPEL SUBPOENA *DUCES TECUM* RESPONSES FROM NON-PARTY RITE CARE HOSPICE, INC.**<br><br>Hearing date:  December 13, 2022<br>Hearing time:  10:00 a.m.<br>Courtroom:  Hon. Sheri Pym, Courtroom 3<br><br>Pre-Trial Conf.: April 7, 2023<br>Trial Date: May 1, 2023<br>Discovery Cut-off: December 16, 2022 |

**COMES NOW** Plaintiff Goldwater Bank, N.A. ("Goldwater"), pursuant to FED. R. CIV. P. 45(d)(2)(B)(i), 45(g), and C.D. Cal. L.R. 45-1, and respectfully offers its Memorandum of Points and Authorities supporting its request for an order compelling non-party Rite Care Hospice, Inc. ("Rite Care") to comply with the Subpoena *Duces Tecum* duly served upon it and attached hereto as **Exhibit 1**, and/or otherwise holding it in contempt for wholly failing to comply with same.

1. FED. R. CIV. P. 45(a) provides parties the right to issue subpoenas *duces tecum* commanding non-parties to produce or permit the inspection of documents and other tangible things.

2. FED. R. CIV. P. 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

3. FED. R. CIV. P. 45(d)(2)(B)(i) further provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. *See also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection").

4. On August 8, 2022, Goldwater served the Subpoena *Duces Tecum* attached hereto at **Exhibit 1** upon Rite Care, commanding it to produce certain documents relating to the employment of Plaintiff Artur Elizarov by August 18, 2022. *See* **Exhibit 2**, Rite Care Proof of Service.[1]

5. On July 31, 2022, Defendant Artur Elizarov filed an *ex parte* Application seeking to stay Rite Care's compliance with the Subpoena *Duces Tecum* until

---

[1] To the extent Rite Care claims this Proof of Service is insufficient, the process server has committed to preparing a supplemental declaration which further demonstrates that the Subpoena *Duces Tecum* was duly served upon Rite Care on August 8, 2022.

**MEMO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**
-2-

after the Court had ruled on his anticipated Motion to Quash it. *See* ECF No. 171, Application to Stay.

6. On August 3, 2022, this Court denied Defendant Elizarov's *ex parte* Application to stay Rite Care's compliance with the Subpoena *Duces Tecum*, but ordered Goldwater sequester any documents produced pursuant to it until the Court ruled on Elizarov's anticipated Motion to Quash. *See* ECF No. 175, Order on Motion to Stay.

7. On August 16, 2022, Elizarov moved to quash the Subpoena to Rite Care and certain other of his employers. *See* ECF No. 176, Motion to Quash, ECF No. 177, Memorandum on Motion to Quash.

8. On September 21, 2022, this Court denied Elizarov's Motion to Quash the Subpoena to Rite Care, finding the information sought by Goldwater relevant, non-privileged, and discoverable. *See* ECF No. 191, Order on Motion to Quash.

9. Elizarov has asked the District Judge to review this Court's ruling, but that does not impact the finality of this Court's Order denying Elizarov's Motion to Quash or relieve Rite Care of its obligation to produce relative to the Subpoena. *See* ECF Nos. 202-03, Motion for Review and Memorandum; C.D. Cal. L.R. 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge").

10. This Court's Order denying Elizarov's Motion to Quash [ECF No. 191] has not been stayed or modified by this Court or District Judge.

11. As of November 14, 2022, Rite Care has produced no documents as commanded by the Subpoena *Duces Tecum*, nor have they served written objection or sought any further protective order from this Court.

12. With the Court denying Elizarov's requested stay, Rite Care was required to serve any objection to the Subpoenas *Duces Tecum* "before the earlier of the

time specified for compliance or within 14 days after the subpoena is served." FED R. CIV. P. 45(d)(2)(B); *see also* ECF No. 175, Order (denying stay of compliance pending ruling).

13. Based on the dates of service reflected above, Rite Care's Responses and/or any objections were due on the August 18, 2022, the date of compliance set forth in the Subpoena, as it was earlier than fourteen days from the August 8, 2022 date it was served.

14. Rite Care's failure to timely make objections to the Subpoena *Duces Tecum* "generally requires the court to find that any objections have been waived." *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. CV 17-7639-SJO-KSX, 2019 WL 3069009, at *3 (C.D. Cal. Apr. 29, 2019).

15. Pursuant to this Court's August 3, 2022 Order, Rite Care was not excused from compliance with the Subpoenas *Duces Tecum* duly served upon it. *See* ECF No. 175, Order on Motion for Stay at p. 3. *See also* ECF No. 191, Order on Motion to Quash (denying Defendant Elizarov's relevance and other objections).

16. As Rite Care has failed to comply with the Subpoenas *Duces Tecum* duly served upon it and has further failed to offer timely written objections to same or an any excuse for their failure, the Court may hold it in contempt. FED. R. CIV. P. 45(g).

17. Goldwater asks that the Court do so, and otherwise compel Rite Care's compliance with the Subpoena *Duces Tecum* and production of the requested documents and information.

18. In connection with Rite Care's failure to comply with the Subpoena *Duces Tecum* duly served upon it, Goldwater filed its First Motion to Compel Subpoena *Duces Tecum* Responses From Non-Party Rite Care Hospice, Inc. on September 21, 2022 (the "First Motion to Compel"). *See* ECF No. 189.

19. In response, Ilya Alekseyeff, Defendant herein and counsel for Elizarov, filed a Memorandum in Opposition to Goldwater's First Motion to Compel purporting for the first time to represent Non-Party Rite Care. *See* ECF No. 195.
20. Upon learning of Rite Care's representation, Goldwater withdrew its First Motion to Compel in an effort to resolve the dispute without court intervention consistent with L.R. 37 and 45. *See* ECF No. 199. However, upon contacting Alekseyeff to discuss the matter on October 7, 2022, Alekseyeff refused to participate in any meet and confer, and expressly denied that he represented Rite Care in connection with any successive motions that Goldwater may choose to file. *See* **Exhibit 3**, Declaration of Sean C. Wagner.
21. Accordingly, Counsel for Goldwater hereby certifies that they have not been contacted by counsel purporting to represent Rite Care other than Ilya Alekseyeff, Defendant herein and counsel for Elizarov. As such, Goldwater believes in good faith that Rite Care is an unrepresented non-party at this time.
22. Accordingly, Goldwater presents this Motion without conference or stipulation pursuant to the exception to L.R. 37 found in L.R. 45-1 for subpoenas to unrepresented non-parties.

**WHEREFORE**, Goldwater asks that the Court enter an Order compelling Rite Care's compliance with the Subpoena *Duces Tecum* attached hereto as **Exhibit 1** and the production of the documents and information requested therein and for any further relief the Court deems just and equitable. A proposed Order is submitted herewith.

Dated: November 14, 2022

Respectfully submitted,

**WAGNER HICKS PLLC**

By: */s/ Sean C. Wagner*
    Sean C. Wagner, Esq.
    Abbey M. Krysak, Esq.

AND

**HILBERT & SATTERLY LLP**

    John Forest Hilbert, Esq.
    Joseph A. LeVota, Esq.

AND

**IVIE McNEILL WYATT PURCELL & DIGGS**

    Marie B. Maurice, Esq.
    Marina Samson

*ATTORNEYS FOR DEFENDANT GOLDWATER BANK N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing Plaintiff's MEMORANDUM OF POINTS AND AUTHORITIES ON PLAINTIFF'S MOTION TO COMPEL Subpoena *Duces Tecum* Responses From Non-Party Rite Care Hospice, Inc. to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, as well as to Non-Party Rite Care Hospice, Inc. *via* personal service at the following address:

Rite Care Hospice, Inc.
c/o Vartan Akopyan, registered agent
14144 Ventura Boulevard, Suite 260,
Sherman Oaks, CA 91423

This the 14th day of November, 2022.

　　　　　　　　　　　　　　　　　　*/s/ Sean C. Wagner*
　　　　　　　　　　　　　　　　　　Sean C. Wagner