ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov
Defendant *in pro per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* vs. **ARTUR ELIZAROV, ET AL.**, *Defendant.* | 5:21-cv-616-JWH-SPx  *EX PARTE* MOTION FOR LEAVE TO TAKE DEPOSITIONS REMOTELY; MEMORANDUM  **DISCOVERY MOTION**  *Hon. Sheri Pym, Magistrate Judge For immediate consideration* |

**Nature of relief sought:** Defendants Artur Elizarov and Ilya Alekseyeff seek leave to take the deposition of plaintiff Goldwater Bank, NA (Goldwater), which will testify through its Arizona-based designees, and to compel Goldwater to take depositions of Artur Elizarov (the remaining two hours) by remote means.

**The basis for the order:** All the depositions in this case, except for the first leg of Elizarov's, occurred remotely. Those included depositions of Goldwater's employees Mr. Hill and Ms. Shaw; defendant Howlett; defendant Bank of the West's employee Ms. Scydick; and non-party Ms. Cross from Escrow of the West. Goldwater insisted on taking Elizarov's deposition in person because Goldwater

1

wanted to record Elizarov's testimony on video. Although Mr. Elizarov is a Florida resident and, therefore, had the right to testify in Florida, Mr. Elizarov sensibly decided against imposing unnecessary travel expenses on the other parties' counsel and agreed to testify in Los Angeles. That deposition did not go well because Goldwater's counsel took 90 minutes of unscheduled breaks with the following consequences: both the videographer and attorney Thomason (who represents Scott Howlett and Bank of the West) had to leave before the deposition concluded, and Mr. Elizarov suffered medical distress. At this time, the following depositions remain outstanding: the balance of Elizarov's deposition, Alekseyeff's deposition, Unison Contract Corp.'s deposition (through persons most knowledgeable), and Goldwater's Bank's deposition (through persons most knowledgeable.) Goldwater's counsel Wagner appeared willing to take Unison's and Alekseyeff's deposition remotely but has not responded to attorney Alekseyeff's repeated requests to take Elizarov's deposition (the two remaining hours) and Goldwater's depositions remotely. (All the other counsel prefer to take the remaining depositions remotely). To deny this request, Elizarov would, once again, have to travel to Los Angeles, and all counsel will unnecessarily have to travel to Arizona to take Goldwater's depositions. Since all the other depositions were conducted remotely without any technical or other issues, imposing an unnecessary financial burden on all counsel is unwarranted, especially when Goldwater's counsel has the duty to minimize their opponents' costs and expenses.

**Counsel's contact information:**

<u>Goldwater Bank, NA</u> is represented by:
Sean Wagner
Wagner Hicks PLLC
831 E Morehead St Ste 860
Charlotte, NC 28202
Tel: (704)705-7358

1  Scott Howlett and Bank of the West are represented by:
2  Ryan Thomason
   Jeremy Katz
3  Hall Griffin
4  1851 E First St Fl 10th
   Santa Ana, CA 92705
5  Tel: (714)918-7000
6
7  Unison Contract Corp. is represented by:
   Nabil Bisharat
8  Orsus Gate LLP
9  16 N Marengo Ave Ste 316
10 Pasadena, CA 91101

11     Tel: (415)326-3558
12     **Notice:** Alekseyeff advised all counsel about this *ex parte* motion on the
13 following dates: [date] [date]. Attorneys Thomason and Katz did not oppose the
14 motion. Attorney Bishasrat has not responded but has previously indicated that he
15 preferred to take all the remaining depositions (including Mr. Elizarov's) remotely.
16 Counsel for Goldwater has not responded.
17 Dated: 11/17/2022.                       LOIA, INC. (APLC)
18
19                                          /s/ Ilya Alekseyeff
                                            _____
20                                          By: Ilya Alekseyeff
                                            Attorney for Artur Elizarov
21                                          Defendant *in pro per*

# MEMORANDUM

Elizarov and Alekseyeff seek leave to take the deposition of Goldwater, which will testify through its Arizona-based designees, and to compel Goldwater to take depositions of Elizarov Alekseyeff by remote means.

In-person depositions have been standard operating practice, but the Federal Rules of Civil Procedure also provide courts with the authority to order a deposition to take place by telephone or other remote means, if the circumstances so warrant. Fed. R. Civ. P. 30(b)(4). Generally, leave to take depositions by remote means should be granted liberally. See *Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 WL 8729927, at *5 (S.D. Cal. Aug. 19, 2016); *Lopez v. CIT Bank, N.A*., Case No. 15-cv-00759-BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015). Analyzing whether to permit remote depositions generally consists of two steps. First, the proponent must advance a legitimate reason for seeking a remote deposition. *Kaseberg*, 2016 WL 8729927, at *5. Second, if that foundational showing is made, then the burden shifts to the opposing party to make a "particularized showing" that conducting the deposition by remote means would be prejudicial. United States v. $160,066.98 from Bank of Am., 202 F.R.D. 624, 629 (S.D. Cal. 2001) (collecting cases).

Courts possess "wide discretion in determining the manner for taking depositions, including whether they should take place by remote means." *Swenson v. GEICO Cas. Co.*, ––– F.R.D. –––, –––, 2020 WL 4815035, at *5 (D. Nev. Aug. 19, 2020); see also *Hyde & Drath v. Baker,* 24 F.3d. 1162, 1166 (9th Cir. 1994) (addressing discretion with respect to time and place of depositions). As with the Federal Rules of Civil Procedure more generally, courts are mindful to construe Rule 30(b)(4) in a manner that secures the "just, speedy, and inexpensive determination" of the case. See United States for use & benefit of *Chen v. K.O.O. Constr., Inc*., 445 F. Supp. 3d 1055, 1056 (S.D. Cal. 2020) (quoting Fed. R. Civ. P. 1).
*Hernandez v. Bobst Group N.A., Inc*., 119CV00882NONESKO, 2020 WL 6063143, at *2 (E.D. Cal. Oct. 14, 2020).

Here, the defendants have "a legitimate reason" for seeking Goldwater's remote deposition. Goldwater is an Arizona-based bank. To comply with a deposition subpoena, Goldwater will have to designate several Arizona-based

employees to testify at the deposition. Because those witnesses are in Arizona, the defendants may not require those witnesses to travel to Los Angeles for the deposition. *See* Fed.R.Civ.P. 45(c)(1)(B)(i) (a party or its officers may be subpoenaed to testify only in their home state). So, to take Goldwater's deposition, attorneys for all six parties – Elizarov, Alekseyeff, Howlett, Bank of the West, Unison, and Goldwater itself -- would have to travel to Arizona at a considerable expense, including hotels, airfare, and local transportation. A Zoom deposition will avoid all these expenses.

      Elizarov also has "a legitimate reason" for an order compelling Goldwater to take their depositions remotely. Goldwater previously took Elizarov's deposition in person even though all the other witnesses had testified remotely. Goldwater insisted on an in-person deposition because Goldwater wanted to videotape Elizarov's testimony (even though Zoom similarly allows parties to record depositions).

      Although Elizarov could have insisted that the parties take his deposition in Florida because Elizarov is a Florida resident, Fed.R.Civ.P. 45(c)(1)(B)(i), Elizarov did not wish to impose unnecessary costs on the other attorneys in this case, who, like Goldwater's, would have had to travel to Florida at a considerable expense, including airfare, hotels, and ground transportation. So, Elizarov acted sensibly in helping the other parties avoid costs and agreed to testify in California.

      The deposition did not conclude, however, because Goldwater's counsel spent ninety minutes on unscheduled unilateral breaks, which resulted in the following consequences: the staff at the conference center, the videographer, and attorney Ryan Thomason (who appeared for Howlett and Bank of the West) had to leave before the deposition concluded, and Mr. Elizarov suffered medical distress due to diabetes. And while Mr. Elizarov could endure thirty additional minutes of testimony despite his worsening medical condition, Goldwater's counsel demanded that all the parties exclude the 90-minutes of unscheduled breaks from Goldwater's

7-hour deposition limit and that Elizarov continue to testify for two additional hours. After sitting for nearly nine hours, Mr. Elizarov could not sit for two more without endangering his health. Therefore, the deposition was recessed.

Since the deposition did not conclude because of mid-deposition delays (Goldwater would have completed its deposition but for ninety minutes in unscheduled breaks), to require another in-person deposition would require Elizarov to incur more unnecessary expenses and travel to California just to testify for two additional hours. (The other parties have agreed to take Elizarov's deposition remotely.)  Furthermore, because of Elizarov's travel schedule, Elizarov cannot return to California (or even Florida) without jeopardizing his continuing employment that may result from unnecessary and avoidable harm to Elizarov's employer and its clients. A Zoom deposition will avoid these unnecessary expenses, especially when Goldwater may still video record the deposition.

Finally, Goldwater cannot make a "particularized showing" that taking these depositions would be prejudicial. By now, at least five witnesses have testified in this case by Zoom without any technical or other issues, and Wagner agreed to take Unison's anticipated deposition remotely as well. Wagner only insisted on taking Elizarov's and Alekseyeff's depositions in person. Nothing about these circumstances suggests that Goldwater will suffer any prejudice if the remaining depositions occur remotely.

To obtain relief *ex parte*, the defendants must demonstrate "irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3.  Here, the defendants cannot obtain relief except *ex parte* because the court will not hear the motion before Goldwater's deposition and the current (extended) discovery cut-off. Currently, Goldwater's deposition is scheduled for December 5, 2022, eighteen days away. The discovery cut-off is currently set on December 16, 2022, thirty days away. To raise this issue with the court other than *ex parte,* the defendants will first have to meet and confer with opposing counsel,

wait seven days, and then schedule a hearing on twenty-eight days' notice. L.R. 6-1 (28-day notice requirement for motions; L.R. 7-3 (seven-day conference requirement). Given the upcoming deadlines, these timing requirements will not allow the court to decide the issue timely, which will result in irreparable harm to the defendants and other counsel, *to wit*: unnecessary and unavoidable travel costs if the depositions were to take place in person.

These delays are not attributable to the defendants. Elizarov's deposition was not completed due to delays and extenuating circumstances that resulted in a medical emergency and at least one counsel's inability to complete the deposition. Additional depositions had to be postponed because of a legal issue, which Goldwater's counsel had to resolve. And Alekseyeff could not address the issue with the court sooner because Alekseyeff was involved in a homicide trial.

For these reasons, the court should find that the issue is suitble for a resolution *ex parte*, GRANT this motion, allow the defendants to take Goldwater's deposition remotely, and compel Goldwater to take Elizarov's deposition remotely.

Dated: 11/17/2022.                           LOIA, INC. (APLC)

*Ilya Alekseyeff*
_____
By: Ilya Alekseyeff
Attorney for Artur Elizarov
Defendant *in pro per*