1  Sean C. Wagner (Pro Hac Vice)
   Abbey M. Krysak (Pro Hac Vice)
2  **WAGNER HICKS PLLC**
   831 East Morehead Street, Suite 860
3  Charlotte, North Carolina 28202
   Tel: (704) 705-7538
4  Fax: (704) 705-7787

5  John Forest Hilbert, Esq. (SBN 105827)
   Joseph A. LeVota, Esq. (SBN 262760)
6  **HILBERT & SATTERLY LLP**
   409 Camino del Rio S. #104
7  San Diego, California 92108
   Telephone:  (619) 795-0300
8  Facsimile:   (619) 501-6855

9  Marie B. Maurice (SBN 258069)
   Marina Samson (SBN 315024)
10 **IVIE McNEILL WYATT PURCELL & DIGGS**
   444 S. Flower Street, Suite 1800
11 Los Angeles, California 90071
   Telephone:  (213) 489-0028
12 Facsimile:   (213) 489-0552

13 Counsel for Plaintiff
   GOLDWATER BANK, N.A.

14
15
            **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**

16 **GOLDWATER BANK, N.A.,**          Case No. 5:21-cv-00616-JWH-SPx

17                                    **PLAINTIFF GOLDWATER BANK,**
                    Plaintiff,        **N.A.'s REPLY IN SUPPORT OF ITS**
18                                    **MOTION FOR SANCTIONS AND**
                                      **EXPENSES RE: DEFENDANT**
19      v.                            **ELIZAROV'S FAILURE TO COMPLY**
                                      **WITH THIS COURT'S ORDER**
20 **ARTUR ELIZAROV, _ET AL._**       **COMPELLING DISCOVERY**

21
22                  Defendants.       Hearing date:  December 13, 2022
23                                    Hearing time: 10:00 a.m.
                                      Courtroom:  Hon. Sheri Pym, Courtroom 3
24
25                                    Pre-Trial Conf.: April 7, 2023
                                      Trial Date: May 1, 2023
26                                    Discovery Cut-off: December 16, 2022
27
28

# TABLE OF CONTENTS

RESPONSE TO DEFENDANTS' INTRODUCTION AND BACKGROUND…...2

ARGUMENT AND AUTHORITIES……………………………………………4

I.  Goldwater Offered Competent Evidence Supporting All Aspects of Its
    Motion for Sanctions………………………………………………………4

II. Goldwater's Motion Was Properly Filed Pursuant to the Exception in L.R.
    37-2.4………………………………………………………………………8

III. Defendants' Opposition Fails to Address The Specific Deficiencies, Justify
     Their Conduct, Or Otherwise Offer How An Award Would Be Unjust……11

CONCLUSION………………………………………………………………12

## CASES

*Carolina v. JPMorgan Chase Bank NA*, No. CV-19-05882-PHX-DWL, 2021 WL 5396066, at *5 (D. Ariz. Nov. 17, 2021) ................................ 5

*Cross v. United Airlines*, No. CV 05-3398 AG (EX), 2010 WL 11475556, at *4 (C.D. Cal. Aug. 11, 2010), *aff'd*, 510 F. App'x 517 (9th Cir. 2013) .................................................................................................. 1, 10

*Cunningham v. FedEx Express*, No. EDCV 14-02249-DTB, 2016 WL 9686988, at *1, n.3  (C.D. Cal. Jan. 29, 2016), *aff'd*, 693 F. App'x 561 (9th Cir. 2017) ................................................................................................ 6

*Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 922–23 (D. Nev. 2019) ........................ 5

*Dynabursky v. AlliedBarton Sec. Servs., LP*, No. SACV122210JLSRNBX, 2014 WL 12703009, at *2 (C.D. Cal. Jan. 7, 2014) ......................................................................................................... 1, 10

*Hammler v. Clark*, No. 119CV00373AWISABPC, 2020 WL 8483914, at *4 (E.D. Cal. Dec. 11, 2020) ............................................................... 1, 11

*Hines v. California Pub. Utilities Comm'n*, No. C-07-4145 CW (EMC), 2010 WL 935279, at *1 (N.D. Cal. Mar. 15, 2010) ......................... 5, 6

*Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) .......................... 1, 12

*Jimena v. UBS AG Bank*, No. 1:07-CV-00367-OWW, 2010 WL 4363193, at *5 (E.D. Cal. Oct. 25, 2010) .................................................. 5

*Laasko v. Xerox Corp*, 566 F. Supp. 2d 1018, 1020-21 (C.D. Cal. 2008 ................ 5

*Nayab v. Astrue, No. 07CV0733 JM(WMC)*, 2008 WL 4748172, at *3 (S.D. Cal. Oct. 28, 2008) ........................................................................... 1, 7

*Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) ............................ 5

*Schwartz v. Bai Brands LLC,* No. CV1906249FMORAOX, 2020 WL 6526364, at *1 (C.D. Cal. July 21, 2020) ....................................................... 1, 9

*Spectravest, Inc. v. Mervyn's Inc.*, 673 F. Supp. 1486, 1489 (N.D. Cal. 1987) ................................................................................................ 1, 8

*UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.,* No. CIV S-042611FCD DAD, 2006 WL 2034689, at *3 (E.D. Cal. July 18, 2006) ............................................................................................................ 1, 10

## RULES

Fed. R. Civ. P. 56 ................................................................................................. 4, 5

Fed. R. Evid. 602 ....................................................................................................... 7

L.R. 37-1 ..................................................................................................................... 1

L.R. 37-2.4 ................................................................................................ 1, 8, 9, 10

**COMES NOW** Plaintiff Goldwater Bank, N.A. with its Reply in Support of its Motion for Sanctions and Expenses [ECF No. 225; "Motion for Sanctions"] relative to Defendant Artur Elizarov, by and through his counsel and co-Defendant Ilya Alekseyeff's (collectively "Defendants") continuing failure to comply with this Court's September 21, 2022 Order compelling discovery [ECF No. 190]. At the heart of Goldwater's Motion for Sanctions is these Defendants consistently obstructive and dilatory discovery conduct in this matter. A key component of Goldwater's request for sanctions is the fact that many of Defendants' supplemental responses indicate they either continue to withhold documents or that they forced Goldwater to file a Motion to Compel [ECF No. 178] by relying on unfounded objections where no documents existed or had otherwise been produced. That is, after being compelled by this Court to produce responsive documents, these Defendants responded to many of the disputed requests by simply claiming, for the first time, that: (1) they had already disclosed everything, (2) Goldwater secured everything from other sources, and/or (3) no records exist. *See* ECF No. 225-1, Memo. on Mot. for Sanctions at pp.7-12.

Defendants oppose Goldwater's Motion for Sanctions with largely unfounded legal arguments, wrongly attacking as inadmissible Goldwater's attachment of discovery communications between counsel and Defendants' own supplemental responses. Defendants further assert Goldwater failed to comport with the meet and confer and joint stipulation requirements of L.R. 37-1 and 37-2.1, despite admitting that they rejected any attempt to meet and confer within ten (10) days of receiving Goldwater's deficiency letter on these issues, thus, triggering the exception of L.R. 37-2.4. Finally, Defendants' Opposition wholly fails to address Goldwater's point-by-point deficiencies and issues with Defendants' production to date, instead standing on their assertion that, after being compelled to produce something, no documents exist.  Defendants' Opposition is without merit. Goldwater's Motion for Sanctions should be granted as requested.

**RESPONSE TO DEFENDANTS' INTRODUCTION AND BACKGROUND**

Defendants' Introduction and Background sections contain largely irrelevant information, most of it dedicated to the particulars of the criminal trial during which Mr. Alekseyeff contends he was relieved of all discovery obligations relative to this case. These sections are simply a vehicle for Mr. Alekseyeff's personal attacks on the undersigned counsel. For example, Defendants' Introduction and Background at pages 7-8 grossly exaggerates the undersigned's discussion regarding disclosure documents surrounding the sale of the property at the heart of this litigation reflecting a first priority lien. If Mr. Elizarov had disclosed a first-party lien, as these documents seemed to indicate, then it indicates that Defendants Bank of the West and Howlett were on constructive and/or inquiry notice of that lien (Goldwater's lien) when they purchased the house and made that purchase subject to Goldwater's lien. From this discussion, Mr. Alekseyeff contrived allegations of suborning perjury, which were quickly rebuffed, and he now attempts to refashion those false allegations here in an attempt to curry sympathy and wrongfully turn the Court's ire upon Goldwater.[1]

Despite Defendants' unsupported claims of nefarious intent, Defendants are actually complaining about the undersigned's diligent, professional pursuit of the discovery to which his client is entitled *in this matter*. Defendants even attack the Court for "condoning" the undersigned's diligence. *See* ECF No. 234, Oppo. to Mot. For Sanctions at pp. 5-6, n.3, p. 9. During the period in question, the parties had numerous discovery and other issues to discuss, as reflected in the exhibits to Goldwater's Motion for Sanctions and even in Defendants' Background and exhibits. However, Goldwater could not move forward with a motion on these disputes until it issued a L.R. 37-1 deficiency letter seeking a conference of counsel within 10 days. Defendants' own recounting evidences that the parties were not able to resolve these

---

[1] As with all facts surrounding communications with Mr. Alekseyeff, the undersigned declares under penalty of perjury that these facts are true and correct to the best of his recollection.

1    issues through informal phone calls, leading Goldwater to issue the formal letter on
2    October 26, 2022 to start the L.R. 37-1 process, with the discovery deadline fast
3    approaching. Goldwater does not dispute that Mr. Alekseyeff participated in a
4    criminal trial during late October, through November 7, 2022, during part of the
5    period relevant to this Motion (*i.e.*, the October 26, 2022 letter through November
6    14, 2022 filing of the Motion for Sanctions). Apparently, unlike every other lawyer
7    in America, Ilya Alekseyeff believes his other cases should be stayed while he is in
8    trial. Obviously, that is not how this profession works. That Mr. Alekseyeff had trial
9    obligations during the same timeframe Goldwater sought to protect its rights in
10   discovery does not excuse Mr. Alekseyeff's total rejection of attempts to meet and
11   confer and refusal to even contemplate the issues underlying this Motion for
12   Sanctions.

13          Goldwater would also point out that Defendants' near-constant, unfounded
14   personal attacks serve as a sort of "bait and switch" with respect to Defendants' own
15   conduct throughout this litigation, which unlike the aspersions cast against the
16   undersigned, are readily apparent from the record. For example, in Elizarov's Motion
17   for Sanctions, Defendants plainly misrepresented the continuing applicability of
18   *Tenzer v. Superscope*, despite citing the very case that overturned it. *See* ECF No.
19   183, Elizarov Rule 11 Mot. at 23; ECF No. 197, Goldwater's Oppo. to Rule 11 Mot.
20   at 17-18. Defendants' only recognition of what was either a catastrophic failure to
21   read the very law he was citing or a deliberate attempt to mislead the Court was a
22   single, five-word footnote, "Alekseyeff regrets this embarrassing oversight," all
23   while doubling down on his specious argument. *See* ECF No. 206, Reply on
24   Elizarov's Mot. For Sanctions at p. 11, n.4. Defendants' Opposition only
25   demonstrates Defendants', particularly Mr. Alekseyeff's, sense of entitlement and
     only serves to support Goldwater's Motion for Sanctions.

26

27

28   **PLAINTIFF'S REPLY ON ITS MOTION FOR DISCOVERY SANCTIONS**

**ARGUMENT AND AUTHORITIES**

Defendants' Opposition rests on a largely unsupported plea to inapplicable evidentiary standards and argument that the local rules regarding discovery motions somehow apply differently when Mr. Alekseyeff is in trial. It fails to address Defendants' continuing deficiencies specifically identified in Goldwater's Motion for Sanctions and offers absolutely no reason why the imposition of expenses for Goldwater's original Motion to Compel, or sanctions for Defendants' failure to comply with this Court's Order on that motion, would be unjust. Accordingly, Goldwater's Motion for Sanctions should be granted.

**I.     GOLDWATER OFFERED COMPETENT EVIDENCE SUPPORTING ALL ASPECTS OF ITS MOTION FOR SANCTIONS.**

Defendants' primary argument is that Goldwater's Motion for Sanction lacks admissible evidence regarding the discovery dispute underlying Goldwater's Motion. To do so, Defendants wrongly contend that the seven exhibits plainly supporting Goldwater's Motion for Sanctions (consisting of uncontroverted communications ***between counsel*** and ***Defendants' own supplemental discovery responses***) are incompetent simply because Defendants feel those documents were not properly authenticated. *See* ECF No. 234, Oppo. to Mot. For Sanctions at p. 9. This argument epitomizes form over substance, a problem compounded by a stunning misunderstanding of the required form.

First, the decisions cited by Defendants in support of this argument were not in the context of a discovery dispute, but in rulings on preliminary injunctions, and on summary judgment, or other dispositive motions. *See, e.g.,* ECF No. 234, Oppo. to Mot. for Sanctions at pp. 9-11 (citing cases).  Defendants even relied directly upon FED. R. CIV. P. 56's evidentiary standard for summary judgment motions. Defendants point to **no** authority that this Court is limited to the consideration of admissible evidence to decide a discovery dispute. *See, e.g., Hines v. California Pub. Utilities Comm'n*, No. C-07-4145 CW (EMC), 2010 WL 935279, at *1 (N.D. Cal. Mar. 15,

2010) (considering unauthenticated document noting, "CPUC has failed to establish that the Court may examine only admissible evidence for purposes of a discovery motion"); *cf., also, Jimena v. UBS AG Bank*, No. 1:07-CV-00367-OWW, 2010 WL 4363193, at *5 (E.D. Cal. Oct. 25, 2010) (rejecting assorted admissibility disputes regarding declaration offered with discovery motion, distinguishing discovery motion from motions "on the merits").

Defendants' authentication arguments should fail even if Goldwater's Motion for discovery sanctions were subjected to a higher evidentiary standard. Notably, most of the authentication cases relied on by Defendants were rendered prior to the 2010 amendments to FED. R. CIV. P. 56 and utilized the evidentiary standard discussed in *Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) ("*Orr*"). *See* ECF No. 234, Oppo. to Mot. for Sanctions at p. 10 (citing *Laasko v. Xerox Corp*, 566 F. Supp. 2d 1018, 1020-21 (C.D. Cal. 2008) (relying upon *Orr*).  The standard announced in *Orr* required evidence to be authenticated and admissible in its present form for it to be considered on summary judgment. *See Dinkins v. Schinzel*, 362 F. Supp. 3d 916, 922–23 (D. Nev. 2019). The 2010 amendments to Federal Rule of Civil Procedure 56 "eliminate[d] th[is] unequivocal requirement" and mandate only that the substance of the proffered evidence would be admissible at trial." *Id.* (brackets in original).

Accordingly, courts need no longer disregard summary judgment "exhibits for lack of proper authentication because their substance could be admissible at trial." *Id.*, n.25 (citing cases); *see also Carolina v. JPMorgan Chase Bank NA*, No. CV-19-05882-PHX-DWL, 2021 WL 5396066, at *5 (D. Ariz. Nov. 17, 2021) (citing cases). The communications of counsel and discovery responses attached to Goldwater's Motion for Sanctions would be sufficient even on summary judgment because they could easily be authenticated at trial by counsel, who are the only persons with actual knowledge of their authenticity, as discussed, *infra*. This Court should not impose a

greater evidentiary requirement relative to Goldwater's instant Motion for discovery sanctions.

Moreover, although Defendants vociferously complain the submitted exhibits were not authenticated, they do not assert that the documents are not authentic or that they are otherwise unreliable. In fact, in footnote 4 of their Opposition, Defendants explicitly ***avoid*** denying the authenticity of Elizarov's supplemental discovery responses attached to Goldwater's Motion for Sanctions at Exhibits 5 and 6 (ECF Nos. 225-6 and 225-7). *See* ECF No. 234, Oppo. to Mot. For Sanctions at p.5, n.4. Here, Defendants obviously cannot challenge the documents' authenticity in good faith, or they would have, a fact which wholly undermines Defendants' authentication challenge.[2] *See, e.g.*, *Cunningham v. FedEx Express*, No. EDCV 14-02249-DTB, 2016 WL 9686988, at *1, n.3  (C.D. Cal. Jan. 29, 2016), *aff'd,* 693 F. App'x 561 (9th Cir. 2017) (citing cases for proposition that court may consider documents where there is no objection to authenticity); *Hines v. California Pub. Utilities Comm'n*, No. C-07-4145 CW (EMC), 2010 WL 935279, at *1 (N.D. Cal. Mar. 15, 2010) (considering unauthenticated documents in discovery motion noting "CPUC has not made any contention that the CPS document is not authentic or unreliable"); *Garcia v. Astrue*, 500 F. Supp. 2d 1239, 1241 (C.D. Cal. 2007) (noting "Although the fee agreement is not properly authenticated, since the Commissioner does not challenge its authenticity, the Court will consider it to be authentic in addressing plaintiff's motion").

This Court recognized this sort of waiver relative to uncontested facts in its Order on Goldwater's Motion to Compel. There, the Court accepted Goldwater's recitation of the facts of the discovery dispute without a corresponding declaration,

---

[2]  Goldwater further offers that Mr. Alekseyeff's own arguments indicate the authenticity of Goldwater's Exhibit 3 [ECF No. 225-4], as he elsewhere attempts to explain his less than professional language in that correspondence.  See, ECF No. 234, Oppo. to Mot. For Sanctions at p. 12 ("Begging the court's pardon, the word *bullsh\*t* fits Wagner's conduct better") (emphasis in original).

1    as Defendants did not dispute the facts as recited. *See* ECF No. 190, Order at p.2, n.1.

2    The same can and should occur here where Defendants do not dispute the substance

3    of Goldwater's exhibits, but simply argue (incorrectly) that Goldwater did not jump

4    through certain requisite evidentiary hoops in attaching them.[3]

5        Goldwater's exhibits are not the "arguments of counsel" or the

6    communications and documents of third parties. They are personal communications

7    between Mr. Alekseyeff and the undersigned along with Defendants' own

8    supplemental discovery responses. All of this may be readily verified by the

9    attestation of the undersigned counsel, who has personal knowledge of the attached

10   communications as a party to and/or a recipient of them. *See, e.g.,* FED. R. EVID. 602

11   (personal knowledge requirement). In fact, most of the correspondence at issue

12   (specifically Exhibits 1-3, ECF Nos. 225-2 through 225-4) was part and parcel of the

13   undersigned's sworn Rule 37-2.4 Declaration, set forth on pages 4-5 of Goldwater's

14   Memorandum on its Motion for Sanctions. Defendants offer no reason why

15   statements of counsel regarding that counsel's own conversations as part of a motion

16   signed pursuant to Rule 11 should not be considered self-authenticating. *Cf., e.g.,*

17   *Nayab v. Astrue, No. 07CV0733 JM(WMC),* 2008 WL 4748172, at *3 (S.D. Cal. Oct.

18   28, 2008) (finding counsel's statements in fees motion reply regarding additional fees

     for preparing that reply were self-authenticating).

19       Finally, Alekseyeff's hyperbolic invocation of God and gospel in footnote 8 is

20   not only distasteful, it ignores the parties' course of dealing relative to discovery

21   disputes throughout this lawsuit. Goldwater is not seeking special treatment. Its

22   exhibits are no different than those offered with numerous discovery motions already

23   decided by this Court. The exhibits at issue evidence both the lengths Goldwater's

24

---

25   [3] Goldwater would further point out that while mere arguments of counsel are not
     generally competent evidence, the undersigned's signature on the Motion for
26   Sanctions was a certification to the best of the undersigned's knowledge, information,
     and belief, formed after an inquiry reasonable under the circumstances, that the
27   factual contentions made therein had factual support. FED. R. CIV. P. 11(b).

28   **PLAINTIFF'S REPLY ON ITS MOTION FOR DISCOVERY SANCTIONS**

counsel went to in order to comport with this Court's local discovery rules as well as the substance of Defendants' responses (or lack thereof) underlying Goldwater's Motion for Sanctions. Defendants offer no evidence refuting these documents' authenticity or otherwise challenging the documents' contents. These documents were properly appended to Goldwater's Motion for Sanctions and fully support Goldwater's claim for relief.

To the extent the Court deems further authentication necessary, the undersigned, Sean C. Wagner, hereby declares under penalty of perjury, that he has personal knowledge of the communications and discovery materials attached to Goldwater's Moton for Sanctions [ECF No. 225] at Exhibits 1-6 [ECF Nos. 225-2 through 225-7] and that these documents represent true and correct copies of communications between the undersigned and other counsel in this action as well as Defendants' supplemental discovery responses as they were received and are routinely kept in the undersigned's business records relative to this litigation. *Cf., e.g., Spectravest, Inc. v. Mervyn's Inc*., 673 F. Supp. 1486, 1489 (N.D. Cal. 1987) (finding declarations filed with reply properly authenticated photographs attached to motion for summary judgment).

## II.   GOLDWATER'S MOTION WAS PROPERLY FILED PURSUANT TO THE EXCEPTION IN L.R. 37-2.4.

Defendants' contention that Goldwater failed to comport with the meet and confer and Joint Stipulation required by L.R. 37-1 and 37-2.1 is wholly without merit. Critically, Defendants **do not** contradict the facts as stated in the undersigned's L.R. 37-2.4 Declaration,[4] that on October 26, 2022 counsel for Goldwater served its L.R. 37-1 Deficiency Letter upon Alekseyeff [ECF No. 225-2] and that the 10-day deadline to meet and confer on the deficiencies identified in that letter expired on November 4, 2022. *Compare* ECF No. 234, Oppo. to Mot. For Sanctions at p. 11;

---

[4] This was mistakenly labeled a "L.R. 37-4 Declaration," but the substance and intent of the declaration was clear.

ECF No. 225-1, Memo. on Mot. For Sanctions at pp. 4-5.[5] Rather, Defendants are indignant that Goldwater and its counsel had the gall to pursue its legitimate discovery interests while Mr. Alekseyeff was participating in a criminal trial.

With the current discovery deadline of December 16, 2022, rapidly approaching, and having already waited twenty (20) days after its deficiency letter and demand to meet and confer with no relief in sight, Goldwater filed its Motion for Sanctions without a joint stipulation, including within it a sworn declaration attesting to the applicability of the exception to the meet and confer/joint stipulation rules found in L.R. 37-2.4. *See* ECF No. 225-1, Memo. on Mot. For Sanctions at pp. 4-5. It is plain from its truncated deadlines that L.R. 37-2.4 is engineered to provide for the expedient resolution of discovery disputes. Regardless of his excuse, Alekseyeff did not, and in fact expressly refused to, meet and confer within 10 days of being served with Goldwater's L.R. 37-1 letter. This alone authorized Goldwater to file the instant Motion pursuant to the exception found in L.R. 37-2.4, regardless of Defendants' excuse for not complying with the rule. *See, e.g., Schwartz v. Bai Brands LLC,* No. CV1906249FMORAOX, 2020 WL 6526364, at *1 (C.D. Cal. July 21, 2020) (excusing joint stipulation requirement based on non-movants failure to meet and confer).

Moreover, Defendants did not even attempt to work something out. Alekseyeff believed his trial relieved him of even ***thinking*** about this case. *See, e.g.*, ECF No. 225-4. Alekseyeff never proposed an alternate date, citing his trial, which apparently ended on November 7, 2022, seven days before Goldwater filed its Motion for Sanctions. *See* ECF No. 234, Oppo. to Mot. for Sanctions at p. 7. The fact that Mr. Alekseyeff was "just too busy" with other matters, even if that matter is a single, criminal trial, does not excuse him from dealing with discovery and comporting with deadlines in this case.

---

[5] Notably, counsel for Goldwater waited another ten (10) days, until November 14, 2022, to file its Motion for Sanctions, in which time Defendants did not reach out for a meet and confer. *See* ECF No. 225-1, Memo. on Mot. For Sanctions at pp. 4-5.

1    While Mr. Alekseyeff contends that "no attorney" would make him respond to
2    Goldwater's discovery dispute while he was in trial, he cites no decision to this effect,
3    or any decision indicating that being busy can be "good cause" for simply ignoring
4    the local rules. The undersigned, and likely every attorney in this case, has multiple
5    open matters requiring their attention, but discovery rules and deadlines would be
6    eviscerated if simply being busy would be sufficient to excuse compliance. *See, e.g.*,
7    *Cross v. United Airlines,* No. CV 05-3398 AG (EX), 2010 WL 11475556, at *4 (C.D.
8    Cal. Aug. 11, 2010), *aff'd*, 510 F. App'x 517 (9th Cir. 2013); *UMG Recordings, Inc.*
9    *v. Disco Azteca Distributors, Inc.,* No. CIV S-042611FCD DAD, 2006 WL 2034689,
10   at *3 (E.D. Cal. July 18, 2006) (rejecting counsel's engagement "in a number of
11   trials" as excuse for failure to comport with discovery deadline), *report and recom.*
12   *adopted,* No. CIV S-04-2611 FCDDAD, 2006 WL 2433796 (E.D. Cal. Aug. 21,
13   2006).

14         Here, although the undersigned wonders if a conference of counsel would have
15   resolved this dispute, one could have been had, if only Mr. Alekseyeff would have
16   offered some availability. It could have been organized on an evening or on a
17   weekend when Mr. Alekseyeff's trial was not in session. Counsel for Goldwater
18   needed only dates and times from Mr. Alekseyeff when the busy attorney might be
19   available. Rather than proposing an unconventional date or time, Alekseyeff chose
20   to reject a meet and confer in its entirety, essentially telling Goldwater to "file its
21   motion." This failure to offer any availability for a meet and confer authorized
22   Goldwater's filing of its Motion for Sanctions pursuant to L.R. 37-2.4. *Cf.*,
23   *Dynabursky v. AlliedBarton Sec. Servs., LP*, No. SACV122210JLSRNBX, 2014 WL
24   12703009, at *2 (C.D. Cal. Jan. 7, 2014) ("The Court does not find it plausible that
25   Plaintiff was so busy preparing for the hearing during this time that it was not possible
     even to meet and confer").

26

27

28         **PLAINTIFF'S REPLY ON ITS MOTION FOR DISCOVERY SANCTIONS**

**III.** **DEFENDANTS' OPPOSITION FAILS TO ADDRESS THE SPECIFIC DEFICIENCIES, JUSTIFY THEIR CONDUCT, OR OTHERWISE OFFER HOW AN AWARD WOULD BE UNJUST.**

Goldwater's Motion for Sanctions carefully detailed each of the deficiencies it believes remain outstanding after Defendants' supplemental production following the Court's Order on Goldwater's Motion to Compel. Defendants' Opposition offers only a hand-wave to these detailed deficiencies stating only that: "Goldwater argue[s] that Elizarov's answers are untruthful," offering general discovery principles that generally apply in cases *unlike* this one, where the responses are otherwise facially sufficient. *See, e.g., Hammler v. Clark,* No. 119CV00373AWISABPC, 2020 WL 8483914, at *4 (E.D. Cal. Dec. 11, 2020). Goldwater reiterates the deficiencies as detailed in its Motion for Sanctions at pages 8-15, noting Defendants' Opposition fails to actually address the deficient Interrogatory responses, which cannot be resolved with Defendants' simple "we got nothing." Goldwater further emphasizes that its Motion for Sanctions is not simply a matter of Defendants stating they have no documents and Goldwater being disinclined to believe them. Indeed, the Goldwater has specifically identified communications and documents that it believes exist based on the discovery received from third parties and asked Defendants directly if they intended on producing this information, but Defendants never responded. *See* ECF No. 234-2, Exhibit P-3, p. 82. As more fully set out in Goldwater's Motion for Sanctions, Defendants' course of conduct and prior responses here indicate untruthfulness and facial insufficiency.

As the Court is well aware, Defendants relied upon myriad objections and inapplicable privileges in an effort to avoid producing any documents and to preclude relevant third-party production. Testing these objections required Goldwater to engage in extensive, expensive motion practice. After this Court rejected Defendants' specious objections, Defendants suddenly have no responsive documents. Neither the Court nor Goldwater can ever truly adjudge the truthfulness of Defendants' current

contention that no more documents exist, especially considering Defendants' pattern of discovery conduct. However, if Defendants are being truthful now, it becomes painfully evident that Defendants pressed unnecessary objections and forced Goldwater to file a Motion to Compel. In either case, Defendants should be sanctioned for their evasive and oppressive discovery conduct.

In insisting their discovery responses were and are complete, Defendants do not even attempt to meet their burden of offering substantial justification for their refusal to produce in the first instance and do not even attempt to justify their continuing refusal to comply with the Court's Order on Goldwater's Motion to Compel. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (party resisting discovery bears burden of establishing substantial justification or unjust result). Nor do Defendants indicate how an award of sanctions would be unjust in either instance. As such, Goldwater is entitled to all reasonable expenses it incurred in preparing and arguing its Motion to Compel in addition to any sanctions the Court might award based on Elizarov and Alekseyeff's continuing conduct in the wake of that Order, including but not limited to the expenses incurred in bringing this Motion for Sanctions.

## CONCLUSION

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff Goldwater Bank, N.A. respectfully requests that sanctions be imposed upon Elizarov and/or his counsel Alekseyeff based on their discovery conduct, including: (1) the imposition of monetary sanctions upon Elizarov and his counsel Alekseyeff for their failure to fully and expeditiously comport with this Court's Order granting Goldwater's Motion to Compel; (2) to award Goldwater all reasonable expenses it incurred in the pursuit of that Motion to Compel in the first instance; (3) to hold Elizarov and Alekseyeff in contempt until Elizarov and Alekseyeff comply with this Court's Order and take other further action as necessary to compel Elizarov and Alekseyeff's

compliance; and (4) for any other relief the Court deems just and appropriate under the circumstances.

Dated: November 29, 2022

Respectfully submitted,

**WAGNER HICKS PLLC**

By: /s/ Sean C. Wagner
       Sean C. Wagner, Esq.
       Abbey M. Krysak, Esq.

AND

**HILBERT & SATTERLY LLP**

       John Forest Hilbert, Esq.
       Joseph A. LeVota, Esq.

AND

**IVIE McNEILL WYATT PURCELL & DIGGS**

       Marie B. Maurice, Esq.
       Marina Samson

       *ATTORNEYS FOR DEFENDANT*
       *GOLDWATER BANK N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Plaintiff's Reply in Support of its Motion for Sanctions and Expenses with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for all parties who are all registered CM/ECF users.

This the 29th day of November, 2022.

/s/ Sean C. Wagner

Sean C. Wagner