Sean C. Wagner (Pro Hac Vice)
Abbey M. Krysak (Pro Hac Vice)
Derek M. Bast (Pro Hac Vice)
WAGNER HICKS PLLC
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 262760)
HILBERT & SATTERLY LLP
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:    (619) 501-6855

Marie B. Maurice (SBN 258069)
IVIE McNEILL WYATT PURCELL & DIGGS
444 S. Flower Street, Sutite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Counsel for Plaintiff
GOLDWATER BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., | Case No. 5:21-cv-00616-JWH-SPx |
| Plaintiff, | |
| v. | |
| ARTUR ELIZAROV, ET AL. | **DECLARATION OF DALLAS KNIERMAN** |
| Defendants. | |

DECLARATION OF DALLAS KNIERMAN - 1

Dallas Knierman, being first duly sworn, deposes and says the following:

1.  I am over eighteen (18) years of age and am under no disability which would inhibit my ability to make this declaration.

2.  I am employed as a paralegal at the law firm Wagner Hicks PLLC, which serves as counsel for Goldwater Bank, N.A. in this action.

3.  On or around July 28, 2022, I assisted attorney Derek Bast in the preparation of a Subpoena *Duces Tecum* as to Rite Care Hospice, Inc. (the "Subpoena"). A copy of the Subpoena is attached hereto as Exhibit A.

4.  To locate the principal address of Rite Care Hospice, Inc. ("Rite Care"), I utilized the California Secretary of State Business Search tool (the "California Business Search"), located at https://bizfileonline.sos.ca.gov/search/business/.

5.  The State of California requires corporations, limited liability companies, and limited partnerships to file with the California Secretary of State. The California Business Search is a public database that provides access to all publicly available information filed by corporations, limited liability companies, and limited partnerships of record with the California Secretary of State.

6.  Pursuant to records located through the California Business Search, Wagner Hicks PLLC issued the Subpoena *Duces Tecum* as to Rite Care Hospice, Inc. (the "Subpoena") for service in care of Vartan Akopyan, its registered agent, at 14144 Ventura Boulevard, Suite 26, Sherman Oaks, California, 91423 ("Ventura Boulevard Address"). According to the publicly available records located through the California Business Search, the Ventura Boulevard Address is Rite Care's principal address as well as its mailing address. A copy of the California Business Search record is attached hereto as Exhibit B.

7. On July 28, 2022 at 4:38 PM, my law firm, Wagner Hicks PLLC, engaged ABC Legal Services through their online portal to effectuate service of the Subpoena.

DECLARATION OF DALLAS KNIERMAN - 2

8. Through ABC Legal Services' online portal, located at https://www.abclegal.com/, my law firm has access to updates on the status of service and any other documents or information detailing service.

7. On July 29, 2022 at 6:47 PM, via the ABC Legal Services online portal, I received and accessed a written message from an individual purporting to be Mr. Daniel Benavides, and stating that he was unable to effect service of the Subpoena on the Ventura Boulevard Address due to an incorrect address.

8. On or around August 5, 2022, I performed a search for an alternate address to effectuate service of the Subpoena on Rite Care.

9. I began this search by, once again, searching the California Business Search for updated address of record for Rite Care. The result of that search returned only one (1) Rite Care Hospice, Inc. registered to conduct business in the State of California. This Rite Care Hospice, Inc. is the same Rite Care at which service of the Subpoena was initially attempted. A copy of the California Business Search search result is attached hereto as Exhibit C.

10. To locate an alternate address, I performed an internet search which returned a website for "Rite Care Hospice" located at https://ritecarehospice.com.

11. During my review review of the above referenced website, I located at the bottom of the webpage a business address of 2312 West Victory Boulevard, Suite 202, Burbank, California, 91506 (the "West Victory Address"). A copy of the Rite Care website bearing the West Victory Address is attached hereto as Exhibit D.

12. In addition to my review of the "Rite Care Hospice" website referenced above, I performed a LinkedIn search for Rite Care's registered agent, Vartan Akopyan. I located a profile for Vartan Akopyan indicating that he has been Chief Executive Officer of "Rite Care Home Health & Hospice" located in Burbank, California, for the past twelve (12) years. A screenshot of Akopyan's LinkedIn profile is attached hereto as Exhibit E.

DECLARATION OF DALLAS KNIERMAN - 3

13. Additionally, while investigating Mr. Akopyan's LinkedIn page, I located several posts including "Now Hiring" graphics bearing both the Rite Care logo and two contact phone numbers. I performed a search of the phone number purported to be associated with "Hospice" (818-766-8000) and returned search results bearing the same West Victory Address for Rite Care.

14. As a result of (i) the California Business Search results for Rite Care Hospice, (ii) the LinkedIn page of Vartan Akopyan bearing both the Rite Care logo, a Burbank address, and graphics bearing a phone number associated with the West Victory Address, (iii) my investigation of the aforementioned phone number, and (iv) my review of the Rite Care Hospice website, I concluded that the West Victory Address was the current address at which Rite Care regularly conducts business.

15. On August 5, 2022 at 4:20 PM, via the ABC Legal Services online portal, I provided the West Victory Address as an alternative service address.

16. On August 8, 2022 at 2:13 PM, via the ABC Legal Services online portal, I received and accessed a written message from an individual purporting to be Mr. Daniel Benavides, and stating that he effected service of the Subpoena on August 8, 2022, and that he served the Subpoena on Vartan Akopyan at the West Victory Address.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: December ___6___, 2022.

Dallas Knierman

DECLARATION OF DALLAS KNIERMAN - 4

EXHIBIT A



**WAGNER HICKS PLLC**
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7787

**DEREK M. BAST**
Attorney at Law
(704) 705-8311
derek.bast@wagnerhicks.law

**VIA PERSONAL SERVICE**

July 28, 2022

Rite Care Hospice, Inc.
c/o Vartan Akopyan, registered agent
14144 Ventura Blvd, Suite 260
Sherman Oaks, CA 91423

     ***Re:***      ***Goldwater Bank, N.A., v. Elizarov, et al.*** No. 5:21-cv-00616 (C.D. Cal.)
                   Service of Subpoena *Duces Tecum* and Stipulated Protective Order

To Whom It May Concern:

         Enclosed please find a Subpoena *Duces Tecum* in the above-referenced lawsuit. Additionally, please find enclosed a copy of a Stipulated Protective Order entered by the Court in this matter on June 8, 2022, which permits the designation of subpoenaed materials as "Confidential" upon production.

         To facilitate your response by August 18, 2022, you may produce documents to Goldwater Bank, N.A.'s counsel by email, using the contact information below. If producing documents by this date is unfeasible, please contact counsel to discuss an alternative production date.

         Derek M. Bast
         Wagner Hicks PLLC
         T: (704) 705-8311
         derek.bast@wagnerhicks.law

         Please do not hesitate to contact me with any questions or concerns.

                   Sincerely,

                   Derek M. Bast
                   Attorney

Enclosures



AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Goldwater Bank, N.A. | )<br>) |
| *Plaintiff* | ) |
| v. | ) |
| Artur Elizarov, Unison Agreement Corp., Scott Howlett, Bank of the West, and Ilya Alekseyeff | )<br>) |
| *Defendant* | ) |

Civil Action No.   5:21-cv-00616-JWH-SP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Rite Care Hospice, Inc. c/o Vartan Akopyan, registered agent
14144 Ventura Boulevard, Suite 260, Sherman Oaks, CA 91423

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment 1

| Place: Regus Business Center<br>777 S. Alameda, 2nd Floor<br>Los Angeles , CA  90021 | Date and Time:<br>08/18/2022 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/28/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Derek M. Bast |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Goldwater Bank, N.A. _____ , who issues or requests this subpoena, are:

Derek Bast, 831 E Morehead St, Ste 860, Charlotte, NC 28202; derek.bast@wagnerhicks.law; (704) 705-8311

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00616-JWH-SP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT 1

### LIST OF ITEMS FOR PRODUCTION

Pursuant to the foregoing Subpoena, please produce the following documents (please refer to the instructions and definitions below for information concerning how to respond to the following items):

1.      Any and all documents, records, or communications reflecting the beginning and ending of Elizarov's employment with You.

2.      Any and all documents, records, or communications related to the status of Your employment of Artur Elizarov during the Relevant Period.

3.      Any and all documents and records pertaining to any and all compensation provided to Artur Elizarov, including but not limited to annual salary records and employee bonus payments, during the Relevant Period.

### INSTRUCTIONS & DEFINITIONS

The foregoing Subpoena requires that you produce the above-listed items for inspection. You may satisfy such requirement either by (1) producing the original of any responsible item for inspection and copying or (2) **producing a true, accurate, and complete copy of the original via electronic mail to the requesting attorney (derek.bast@wagnerhicks.law)**. To comply with the Subpoena, such production must occur by, on, or before the date and time indicated on the foregoing Subpoena.

In preparing your response, please note that the words in the List of Items for Production and in these Instructions and Definitions have the meaning ordinarily attributed to them in common usage, except that the following words have the following meanings:

1.      "**Relevant Period**" refers to January 1, 2019 through and including September 31, 2019.

2.      "**Document**" includes any and all records, or written, readable, graphic, or visual materials, or any kind or character, and shall include, without limitation, correspondence, memoranda, notes, emails, files, bills, invoices, electronically stored information, and any other data compilation stored in any medium from which information can be obtained.

3.      "**Communication**" or "**communications**" includes, without limitation, all statements, representations, expressions of fact or opinion, correspondence, reports, memoranda, emails, text messages, and other transmissions of information, made in any manner whatsoever.

4.      "**You**" or "**Your**" means Rite Care Hospice, Inc., along with its affiliates and subsidiaries, and anyone working on Rite Care Hospice, Inc.'s behalf.

Sean C. Wagner (Pro Hac Vice)
Derek M. Bast (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 226760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:    (619) 501-6855

Counsel for Plaintiff
GOLDWATER BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A.,<br><br>        Plaintiff,<br><br>    v.<br><br>ARTUR ELIZAROV, ET AL.<br><br>        Defendants. | Case No. 5:21-cv-00616-JWH-SPx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed: 4/6/2021<br>Trial: 2/27/2023<br><br>[NOTE CHANGES MADE BY COURT TO ¶¶ 6.2, 6.3, 12.3] |

1.    (A) <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

PROTECTIVE ORDER - 1

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

(B) <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Notwithstanding the foregoing, the parties presume that documents evidencing the real estate transaction at the center of this litigation—the sale of real property located at 291 W. Overlook Road, Palm Springs, California 92264, from Defendant Artur Elizarov to

Defendant Scott Howlett—shall generally not be confidential or require special protection from public disclosure.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>:  this federal lawsuit titled GOLDWATER BANK, N.A. vs. ARTUR ELIZAROV, ET AL. (Case No. 5:21-cv-00616-JWH-SPx) and pending in the United States District Court for the Central District of California.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under

Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (and includes support staff).

2.11 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a

Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37 by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable)

within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

6.4     <u>Burden of Persuasion</u>.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDER PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-

discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at

issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: May 27, 2022

        HILBERT & SATTERLY LLP

By:   /s/ John Hilbert
     John Forest Hilbert, Esq.
     Joseph A. LeVota, Esq.

        AND

        WAGNER HICKS PLLC

By:   /s/ Derek M. Bast
     Sean C. Wagner, Esq.
     Derek M. Bast, Esq.

*ATTORNEYS FOR PLAINTIFF GOLDWATER BANK N.A.*

        HALL GRIFFIN LLP

By:   /s/ Ryan Thomason
     Howard D. Hall
     Ryan Thomason

*ATTORNEYS FOR DEFENDANTS SCOTT HOWLETT AND BANK OF THE WEST*

        LOIA, INC.

By:   /s/ Ilya Alekseyeff
     Ilya Alekseyeff

*ATTORNEY FOR ARTUR ELIZAROV AND ILYA ALEKSEYEFF*

ORSUS GATE, LLP

By:     /s/ Nabil Bisharat
          Nabil Bisharat

*ATTORNEY FOR DEFENDANT UNISON AGREEMENT CORP.*

**PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: June 8, 2022

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issue by the United States District Court for the

Central District of California on [DATE] in the case of _____ [insert

formal name of the case and the number and initials assigned to it by the Court].  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.  I hereby appoint _____

_____ [print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

EXHIBIT B

California
*Secretary of State*

Business    UCC

Login

## Home

## Search

## Forms

## Help

# Business Search

*The California Business Search provides access to available information for **corporations**, **limited liability companies** and **limited partnerships** of record with the California Secretary of State, with **free PDF copies** of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are **not contained** in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

**Basic Search**

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable, **remove***

## RITE CARE HOSPICE INC. (3510130)



Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 10/05/2012 |
| *Status* | Active |
| *Standing - SOS* | Good |
| *Standing - FTB* | Good |
| *Standing - Agent* | Good |
| *Standing - VCFCF* | Good |
| *Formed In* | CALIFORNIA |
| *Entity Type* | Stock Corporation - CA - General |
| *Principal Address* | 14144 VENTURA BVD SUITE 26 SHERMAN OAKS, CA 91423 |
| *Mailing Address* | 14144 VENTURA BVD SUITE 26 SHERMAN OAKS,CA91423 |
| ⚠ *Statement of Info Due Date* | 10/31/2022 |
| *Agent* | Individual 2398303 VARTAN AKOPYAN 14144 VENTURA BLVD SUITE 260 SHERMAN OAKS, CA  91423 |



View History



Request Access

Skip to main content   State

EXHIBIT C

California
*Secretary of State*

Business        UCC

Login

Home

Search

Forms

Help

# Business Search

*The California Business Search provides access to available information for* **corporations**, **limited liability companies** *and* **limited partnerships** *of record with the California Secretary of State, with* **free PDF copies** *of over 17 million imaged business entity documents, including the most recent imaged Statements of Information filed for Corporations and Limited Liability Companies.*

*Currently, information for Limited Liability Partnerships (e.g. law firms, architecture firms, engineering firms, public accountancy firms, and land survey firms), General Partnerships, and other entity types are* **not contained** *in the California Business Search. If you wish to obtain information about LLPs and GPs, submit a Business Entities Order paper form to request copies of filings for these entity types. Note: This search is not intended to serve as a name reservation search. To reserve an entity name, select Forms on the left panel and select Entity Name Reservation ? Corporation, LLC, LP.*

### Basic Search

*A Basic search can be performed using an entity name or entity number. When conducting a search by an entity number, where applicable,* **remove "C"** *from the entity number. Note,* **a basic search** *will search* **only ACTIVE entities** *(Corporations, Limited Liability Companies, Limited Partnerships, Cooperatives, Name Reservations, Foreign Name Reservations, Unincorporated Common Interest Developments, and Out of State Associations). The basic search performs a contains ?keyword? search. The Advanced search allows for a ?starts with? filter. To search entities that have a status other than active or to refine search criteria, use the* **Advanced** *search feature.*

### Advanced Search

*An Advanced search is required when searching for publicly traded disclosure information or a status other than active.*

*An Advanced search allows for searching by specific entity types (e.g., Nonprofit Mutual Benefit Corporation) or by entity groups (e.g., All Corporations) as well as searching by ?begins with? specific search criteria.*

**Disclaimer:** *Search results are limited to the 500 entities closest matching the entered search criteria. If your desired search result is not found within the 500 entities provided, please refine the search criteria using the Advanced search function for additional results/entities. The California Business Search is updated as documents are approved. The data provided is not a complete or certified record.*

*Although every attempt has been made to ensure that the information contained in the database is accurate, the Secretary of State's office is not responsible for any loss, consequence, or damage resulting directly or indirectly from reliance on the accuracy, reliability, or timeliness of the information that is provided. All such information is provided "as is." To order certified copies or certificates of status, (1) locate an entity*

Skip to main content   State



California
*Secretary of State*

Business     UCC

rite care hospice

Home

Search

Forms

Help

Advanced ⌄

Results: 1

| Entity Information | | Initial Filing Date | Status | Entity Type | Formed In | Agent |
|---|---|---|---|---|---|---|
| RITE CARE HOSPICE INC. (3510130) | › | 10/05/2012 | Active | Stock Corporation - CA - General | CALIFORNIA | VARTAN AKOPYAN |

© 2022 CA Secretary of State

EXHIBIT D



OUR TEAM    SERVICES    CONTINUITY OF CARE    TESTIMONIALS    CONTACTS    ▲ RITE CARE GROUP



## HOSPICE BENEFIT COVERAGE



Four levels of care are covered by the hospice benefit: routine home care, continuous home care, inpatient respite care.

**Note:** Respite care is covered when necessary and is limited to no more than five days at a time. General Hospice patients may shift among the levels of care, depending on their needs, the needs of family members caring for them, and the determinations of the medical team managing their care.





OUR TEAM      SERVICES      CONTINUITY OF CARE      TESTIMONIALS      CONTACTS      ▲ RITE CARE GROUP



**PHYSICIANS**

Collaborate with the patient's primary physician and are available for pain and symptom management consultation, as well as to make house calls as needed.

**NURSES**

Specialized in providing palliative care for pain control and symptom management; they provide hands-on support.

**HOME HEALTH AIDS**

Assist with performing personal hygiene and grooming tasks for patients. Homemaker services are available for providing light housekeeping and maintaining a healthy, clean, and safe environment for the patient.

**MEDICAL SOCIAL WORKERS**

Provide a comprehensive psychosocial assessment and interventions individualized for each patient's and family's needs. They assist in obtaining outside care giver support, advanced

**CHAPLAINS**

Provide spiritual support, assess the patient's and family's spiritual needs and facilitate visits by local clergy in order to best meet the patient's spiritual needs.

**VOLUNTEERS**

Specially trained in hospice, are important elements of the team who are available when they are needed most.



OUR TEAM       SERVICES       CONTINUITY OF CARE       TESTIMONIALS       CONTACTS       ▲ RITE CARE GROUP



### Dedicated Inpatient Units

If a patient needs care beyond what can be provided at home, we have special arrangements with local facilities where patients may receive necessary and appropriate care and return home as soon as possible.

### Medications, Medical Supplies

Medical Supplies, and Durable Medical Equipment related to the palliation and management of the terminal illness related conditions are provided.

### Bereavement services

Are available for family members and other individuals for up to thirteen months following the death of a loved one.

# CONTINUITY OF CARE



OUR TEAM       SERVICES       CONTINUITY OF CARE       TESTIMONIALS       CONTACTS       ▲ RITE CARE GROUP

patient any longer, or the patient would prefer to have another physician, then the patient will be assigned to the hospice medical director. Medicare will make payment for services provided by a physician other than the hospice physician or designee. When the family arranges these services, hospice must be informed.



## RITE CARE'S
## TECHNOLOGICAL ADVANTAGE

At Rite Care Hospice we pride ourselves in our Technological Advantage. This enables us to utilize real-time information exchange and communication between our offices, field staff and physician through our Electronic Management System. Our Physician Portal provides doctors instant accessibility to vital patient information in real time.

## TESTIMONIALS



When the Dr. at the hosptial said that at this point my mother needs hospice care I was not sure what steps to take and over all very hesitant with putting  my mother in a hospice care. Thankfully the doctor recommended Rite Care Hospice. I had missed a lot of work and was not sure how I would be able to take care of my mother full time without help. Rite Care Hospice sent a Medical Social Worker to speak to me right away. She was very knowledgeable, she went over with me all the options I had available to me. Soon I had a caregiver helping me with my mother's care while I was at work. Rite Care Hospice nurses were not only punctual but also very compassionate to my mother's needs. Needless to say picking Rite



OUR TEAM        SERVICES        CONTINUITY OF CARE        TESTIMONIALS        CONTACTS        ▲ RITE CARE GROUP

2312 W Victory Blvd, Ste 202
Burbank, CA 91506

Call us : (818)-766-8000



EXHIBIT E

                                         
Home   My Network   Jobs



## Vartan Akopyan · 3rd

RITE CARE GROUP

- RITE CARE HOME HEALTH & HOSPICE

Los Angeles, California, United States · **Contact info**

**500+** connections

Connect    🔒 Message   More

## About

Over 30 years of executive leadership managing sales, marketing, operations, and personnel for both start-ups and high-growth companies.

Vartan is an exemplary talent with level five leadership skills and a proven record of cultivating productive and motivated sales teams. He is an effective asset capable of validating opportunities with accelerated-growth potential and has been responsible

## Activity

598 followers

**Vartan Akopyan** posted this · 2mo



 3

**Show all activity** →

 

 Home    My Network    Jobs

**Chief Executive Officer**

RITE CARE HOME HEALTH & HOSPICE

Jan 2011 - Present · 12 yrs

Burbank, California, United States

---

**Chief Executive Officer**

ARM LLC

Aug 2019 - Present · 3 yrs 5 mos

Cerittos CA

We provide solutions for doctors to monitor patients' vital signs remotely; helping detect health challenges, reduce hospital re admissions, and potentially save lives – simultaneously cutting both healthcare costs .

**Chief Executive Officer**

Rite Care Hospice

Oct 2012 - Present · 10 yrs 3 mos

---

**Chief Executive Officer**

Rite Care Home Health

Jun 2007 - Present · 15 yrs 7 mos

Greater Los Angeles Area

## Skills

**Home Health Agencies**

 4 endorsements

---

**Hospice & Palliative Medicine**

 4 endorsements

---

**Acute Care**

 2 endorsements

---

Show all 12 skills →

## Interests