Sean C. Wagner (Pro Hac Vice)
Abbey M. Krysak (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 262760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:   (619) 501-6855

Counsel for Plaintiff
GOLDWATER BANK, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLDWATER BANK, N.A.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARTUR ELIZAROV, ET AL.<br><br>　　　　　　Defendants.<br><hr>AND RELATED CROSS CLAIMS | Case No.: 5:21-cv-00616-JWH-SPx<br><br>**PLAINTIFF GOLDWATER BANK, N.A.'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING CIVIL TRIAL SCHEDULING ORDER (ECF No. 149) AS MODIFIED (ECF No. 200)**<br><br>Judge:  Hon. John W. Holcomb<br><br>Date Filed: April 6, 2021<br>Trial Date: May 1, 2023 |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Goldwater Bank, N.A. ("Goldwater") applies for and hereby moves the Court for an order modifying this Court's Civil Trial Scheduling Order entered in this action on February 23, 2022 (ECF No. 149) as modified by order entered October 3, 2022 (ECF No. 200) (collectively, the "Scheduling Order") to: continue the discovery cutoff deadline as to all matters from December 16, 2022, to March 17, 2023; continue the deadline for the hearing of any dispositive motions from February 24, 2023, to June 2, 2023; continuing the hearing for motions *in limine* from March 31, 2023, to July 7, 2023; continuing the Final Pre-Trial Conference from April 7, 2023, to July 14, 2023; and continuing the Trial from May 1, 2023, to August 7, 2023.[1]

This Application is made pursuant to Local Rules 7-19 and 7-19.1. On November 30, 2022, counsel for all parties conducted a telephonic conference pursuant to Local Rule 7-3 to discuss deposition scheduling issues, during which the parties also discussed their respective positions on a modification of the Scheduling Order. After that conference, counsel for Goldwater prepared a proposed joint *ex parte* application and circulated it to counsel for all other parties on December 6, 2022. As of the time of filing this Application, counsel had not provided a response or objection to the proposed joint *ex parte* application. Since they did not sign, Goldwater modified the Application to no longer be a joint application (Goldwater also removed a proposed briefing schedule for dispositive motions since the Application was not signed by counsel for all parties. However, Goldwater will continue to work will all parties to determine if a

---

[1] Goldwater initially discussed a 60-day continuance of the trial and related dates with counsel for all other parties, and it remains open to such a continuance. However, during the meet and confer process, Unison's counsel advised that he is scheduled for a two-week arbitration in July 2023 and requested a longer continuance of this matter to avoid a conflict. Elizarov, Alekseyeff, Howlett and BOTW expressed their agreement to a longer continuance.

stipulation regarding the briefing schedule for dispositive motions can be reached.)

As of the time of filing, Goldwater has incorporated feedback from all counsel and does not believe that any party intends to oppose this application, subject to the specific differences noted below. In support of this Application, Goldwater offers the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court's Scheduling Order of February 23, 2022, set the following deadlines for this litigation: September 16, 2022 for the initial designation of expert witnesses; September 30, 2022, for the designation of rebuttal expert witnesses; October 14, 2022, for the completion of all discovery; December 23, 2022, for dispositive motions to be heard; January 27, 2023 for motions *in limine* to be heard; February 3, 2023, for a final pre-trial conference; and February 27, 2023, for trial. (ECF No. 149.)

The Court's order modifying the Scheduling Order of October 3, 2022, continued the "Deadline for All Discovery" to December 16, 2022; the "Deadline for Dispositive Motion Hearing" to February 24, 2023; the "Deadline for Hearing Motions *in limine*" to March 31, 2023; the "Deadline for Final Pre-Trial Conference" to April 7, 2023, and trial to May 1, 2023. (ECF No. 200.)

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

/ / /

## MORE TIME IS NEEDED TO COMPLETE DISCOVERY

Good cause exists to grant this application because additional time is needed to complete the discovery described below and prepare for dispositive motions in light of the number of parties and claims involved as well as presently pending motions that may affect the scope of claims at the summary judgment stage.

All parties have actively engaged in the written discovery process and the deposition process to date. Nonetheless, there are depositions that still need to be completed. Specifically, Goldwater must complete its deposition of Defendant Artur Elizarov, take the depositions of Defendant Ilya Alekseyeff and a person(s) most knowledgeable of relevant categories from Defendant Unison Agreement Corp. and conduct any follow up depositions.

### A.  Goldwater Needs More Discovery from Mr. Elizarov and Mr. Alekseyeff

Despite diligent efforts, Goldwater was unable to schedule the depositions of Mr. Elizarov or Mr. Alekseyeff to take place prior to the currently scheduled dates of December 15, 2022, and January 6, 2023, respectively.[2]  Goldwater actively sought to work with Mr. Alekseyeff to schedule dates for his and Mr. Elizarov's deposition. However, on October 12, 2022, Mr. Alekseyeff stated he was starting a four-defendant homicide trial the next week and would not be available until after November 4. Thereafter, Mr. Alekseyeff circulated an email on November 14, 2022, stating he would provide Mr. Elizarov's availability, but that information was not provided until November 30, 2022, during a meet and confer conference regarding the remaining depositions.  The delay caused by Mr. Alekseyeff's unavailability (due to his homicide trial) has forced Goldwater to take these depositions at a time when Goldwater will

---

[2] Goldwater previously scheduled Mr. Elizarov's deposition for December 12, 2022, and Mr. Alekseyeff's for December 13, 2022, but was informed those dates would not work for the respective deponent. And, Goldwater has recently received communications that the deposition schedule may still be changed.

have no ability to conduct any follow-up discovery as to information learned in the deposition. Accordingly, Goldwater seek a continuance of the discovery deadline to allow it time after Mr. Elizarov's and Mr. Alekseyeff's depositions to conduct any necessary third-party discovery.

As of the date of this Application, there are also several discovery motions that are outstanding with respect to Goldwater's efforts to obtain discovery from Elizarov, Alekseyeff and third parties. Goldwater has a motion for sanctions against Elizarov (ECF No. 225) based on its assertion that he has not complied with the Court's order compelling discovery (ECF No. 190), which motion is scheduled to be heard on December 12, 2022, pursuant to the Court's December 7, 2022, Order (ECF 241).

Goldwater also filed a motion to compel responses to its subpoena *duces tecum* from non-party Rite Care Hospice, Inc. that is set for hearing on December 13, 2022. (ECF No. 224.) On November 28, 2022, the Court ordered the parties to the motion to submit clarifying information that must be submitted by December 6, 2022. (ECF No. 236.) On December 7, 2022, the Court ordered the parties to appear in-person, with certain witnesses, before Judge Pym on December 12, 2022. (ECF No. 241.) Accordingly, this motion has not been resolved.

Further, on November 15, 2022, the Court found that Defendant Elizarov's motion for review re: order on motion to quash (ECF No. 202) was appropriate for resolution with a hearing and vacated the hearing set for November 18, 2022. (ECF No. 226.) That motion has not been resolved.

The resolution of these motions will likely impact the discovery that needs to be completed in this action.

B. Defendants Seek Discovery from Goldwater

Elizarov, Alekseyeff, Howlett, Bank of the West and Unison seek to take the deposition of a representative of Goldwater knowledgeable of certain topics. Goldwater initially received a deposition notice from Mr. Elizarov on November 14, 2022,

however, on December 1, 2022, Mr. Alekseyeff sent Goldwater's counsel an email chain that included a significantly large list of additional topics Howlett, Bank of the West, and Unison seek to include in the deposition notice of Goldwater. The parties have not, as of the date of this Application, completed the meet and confer process required by Fed. R. Civ. P. 30(b)(6).

### C. Goldwater Recently Received Documents from BOTW

After various meet and confer efforts in connection with certain documents and information Goldwater believed BOTW had not previously produced, BOTW made a supplemental production of documents on November 18, 2022. The production included various communications between BOTW representatives and Escrow of the West that appeared to occur within the 24 hours prior to the closing on the subject property in question. Upon a review, Goldwater believes these documents are not only relevant, but critical to the case in that Goldwater believes the various communications demonstrate that BOTW is not a bona fide encumbrancer because it received information that would have put a reasonable person on notice of Goldwater's first priority lien against the Property. *See, e.g.*, *Olson v. Cornwell*, 134 Cal.App. 419, 428 (1st Dist. 1933) [" As the rule is stated by Pomeroy (Eq. Jur., 4th Ed., § 608), whenever a party has information or knowledge of certain extraneous facts which of themselves do not amount to or tend to show actual notice but which are sufficient to put a reasonably prudent man upon inquiry respecting a conflicting interest, claim or right, and the circumstances are such that the inquiry, if made and followed up with reasonable care and diligence, would lead to the discovery of the truth or to a knowledge of the interest, claim or right which really exists, then the party is absolutely charged with constructive notice of such interest, claim or right."].

Given that these email communications were not produced until several months after the Rule 30(b)(6) deposition of BOTW, Goldwater likely needs additional discovery with respect to this issue or any other issue arising from BOTW's recent

production of documents.  Nonetheless, the delay in receiving this information has hindered Goldwater's ability to prepare a dispositive motion against BOTW.

### D.  Unison's Motion to Dismiss Remains Unresolved

On March 14, 2022, Unison filed a motion to dismiss Elizarov's first amended crossclaim. (ECF No. 153.)   On April 12, 2022, the Court found that Unison's motion to dismiss was appropriate for resolution without a hearing and vacated the hearing set on April 15, 2022.  (ECF No. 161.)  This motion has not been resolved.  Depending on the ruling on Unison's motion to dismiss, the scope of litigation could be impacted.

### E.  The Party's Position as to Continuing Discovery

Goldwater seeks to have the discovery deadline continued as to all matters.  Goldwater has several discovery matters that have not been resolved and cannot, at this point, forgo its opportunity to conduct further, relevant discovery.

Elizarov, Alekseyeff, Howlett, BOTW and Unison seek to have the discovery deadline continued only as to those discovery topics currently identified and pending.

## MORE TIME IS NEEDED TO BRING DISPOSITIVE MOTION

In addition to the need to extend the deadline to complete necessary discovery, the parties need additional time to file dispositive motions.  Pursuant to the Standing Order, no party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.  Since Goldwater intends on filing a dispositive motion with respect to claims against Mr. Elizarov, Mr. Howlett and Bank of the West (and potentially others), it cannot file that motion until discovery as to Mr. Elizarov is completed.  As discussed above, completion of that discovery and any necessary follow up discovery has not been completed despite Goldwater's good faith diligent efforts.

In order to ensure it has the ability to complete necessary discovery and file a dispositive motion, Goldwater requests that, if the court is inclined to continue the

deadline for discovery to mid-March (as discussed above), Goldwater have until May 19, 2023, to file a dispositive motion.  If the court is so inclined, March 15, 2023, could be the deadline for all parties to file a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Any opposition to the motions could be due by April 14, 2023, with any reply filed by April 28, 2023, with the motions to be heard on May 19, 2023 (or any date convenient to the court).  This scheduling order would be consistent with the court's suggestion that the parties file a stipulation and proposed order to set a briefing schedule that provides the parties with more time between filing and opposition, and between opposition and reply, than the one week that is provided under L.R. 6-1, 7-9, and 7-10.

## CONCLUSION

For the foregoing reasons, Goldwater, Unison, Howlett, BOTW, Elizarov and Alekseyeff respectfully requests that the Court modify the Civil Trial Scheduling Order in this action by continuing the discovery cutoff deadline from December 16, 2022, to March 17, 2023; set the deadlines discussed above for any dispositive motions to be heard on May 19, 2023; continuing the hearing for motions *in limine* from March 31, 2023, to July 7, 2023; continuing the Final Pre-Trial Conference from April 7, 2023, to July 14, 2023; and continuing the Trial from May 1, 2023, to August 7, 2023.

Dated:  November 22, 2022            HILBERT & SATTERLY LLP
                                     By: /s/ *Joseph A. Levota*
                                             John Forest Hilbert, Esq.
                                             Joseph A. LeVota, Esq.
                                     AND
                                     WAGNER HICKS PLLC
                                     By: _____
                                             Sean C. Wagner, Esq.
                                             Abbey M. Krysak, Esq.

                                     *ATTORNEYS FOR GOLDWATER BANK, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing PLAINTIFF GOLDWATER BANK, N.A.'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING CIVIL TRIAL SCHEDULING ORDER (ECF No. 149) AS MODIFIED (ECF No. 200) with the Clerk of Court using CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This the 8th day of December 2022.

*/s/ Shileen Reyes*
Shileen Reyes