# EXHIBIT 1



WAGNER HICKS PLLC
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7787

SEAN C. WAGNER
Attorney at Law
(704) 705-7358
sean.wagner@wagnerhicks.law

**VIA ELECTRONIC MAIL**

October 31, 2022

Ilya Alekseyeff
LOIA Inc.
8721 Santa Monica Blvd, Suite 119
West Hollywood, CA 90069
ilya@loia.legal

Denis Shmidt
Nabil A. Bisharat
Orsus Gate LLP
448 South Hill Street, Suite 615
Los Angeles, CA 90013
dshmidt@orsusgate.com
nbisharat@orsusgate.com

Howard D. Hall
Ryan C. Thomason
Jeremy T. Katz
Hall Griffin LLP
1851 East First Street, 10th Floor
Santa Ana, CA 92705
hdhall@hallgriffin.com
rthomason@hallgriffin.com
jkatz@hallgriffin.com

Re: Notice of Subpoenas *Duces Tecum*
*Goldwater Bank, N.A., v. Elizarov, et al.* No. 5:21-cv-00616 (C.D. Cal);

Counsel:

Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff Goldwater Bank, N.A., through counsel, hereby provides notice that it intends to serve the attached subpoenas in the above-referenced matter.

- Subpoena *Duces Tecum* to JPMorgan Chase Bank, N.A.
- Subpoena *Duces Tecum* to Ally Bank Corp.
- Subpoena *Duces Tecum* to Paypal, Inc. d/b/a Venmo

Please do not hesitate to contact me with any questions.



Sincerely,

Sean C. Wagner
Attorney

Enclosures

CC via email:  Jeremy Katz (*jkatz@hallgriffin.com*)
Daniela Escobedo (*descobedo@hallgriffin.com*)
John F. Hilbert (*jhilbert@hscallaw.com*)
Joseph A. LeVota (*jlevota@hscallaw.com*)
Sean Wagner (*sean.wagner@wagnerhicks.law*)
Dallas Knierman (*dallas.knierman@wagnerhicks.law*)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Goldwater Bank, N.A. <br> *Plaintiff* <br> v. <br> Artur Elizarov, Unison Agreement Corp., Scott Howlett, Bank of the West, and Ilya Alekseyeff <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 5:21-cv-00616-JWH-SP |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JPMorgan Chase Bank, N.A. c/o CT Corporation System, registered agent
330 N Brand Blvd, Suite 700, Glendale, CA 91203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached list.

| Place: Regus Business Center <br> 777 S. Alameda, 2nd Floor <br> Los Angeles, CA 90021 | Date and Time: <br> 11/15/2022 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2022

CLERK OF COURT

OR

_____     /s/ Sean C. Wagner
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Goldwater Bank, N.A._____, who issues or requests this subpoena, are:
Sean Wagner, 831 E Morehead St, Ste 860, Charlotte, NC 28202; sean.wagner@wagnerhicks.law; (704) 705-7787

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00616-JWH-SP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## LIST OF ITEMS FOR PRODUCTION

Pursuant to the foregoing Subpoena, please produce the following documents (please refer to the below instructions and definitions for information concerning how to respond to the below Items):

1. Any and all account statements for accounts in the name of Artur Elizarov and/or Ilya Alekseyeff during the Relevant Period.

2. Any and all account documents including account opening documents, beneficiary designations, transfer on death agreements, account governing documents or any other account documents for accounts in the name Artur Elizarov and/or Ilya Alekseyeff during the Relevant Period.

3. Any and all account correspondence for accounts in the name of Artur Elizarov and/or Ilya Alekseyeff during the Relevant Period.

4. The complete branch file for any account in the name of Artur Elizarov and/or Ilya Alekseyeff during the Relevant Period.

5. Any and all copies of cancelled checks written from accounts in the name of Artur Elizarov and/or Ilya Alekseyeff during the Relevant Period.

### Instructions & Definitions

The foregoing Subpoena requires that you produce the above-listed Items for inspection. You may satisfy such requirement either by (1) producing the original of any responsive item for inspection and copying or (2) producing a true, accurate, and complete copy of the original. To comply with the Subpoena, such production must occur by on or before the date and time indicated on the foregoing Subpoena.

- 2 -

In preparing your response, please note that the words used in the List of Documents for Production and in these Instructions and Definitions have the meaning ordinarily attributed to them in common usage, except that the following words have the following meanings:

1. **"You," "your," or "yours"** refers to JPMorgan Chase Bank, N.A., as well as to any person who acted on behalf of JPMorgan Chase Bank, N.A. during the Relevant Period, including its employees, contractors, attorneys, agents, or other representatives.

2. **"Relevant Period"** refers to January 1, 2020, through the present day.

3. **"Document"** refers to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data compilations, whether or not electronically stored, from which information can be obtained either directly, or, if necessary, after translation by you into a reasonably usable form, as well as any designated tangible thing.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Goldwater Bank, N.A. )<br>_Plaintiff_ )<br>v. )<br>Artur Elizarov, Unison Agreement Corp., Scott )<br>Howlett, Bank of the West, and Ilya Alekseyeff )<br>_Defendant_ ) | Civil Action No. 5:21-cv-00616-JWH-SP |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Paypal, Inc. d/b/a Venmo
c/o CT Corporation System, registered agent, 330 N Brand Blvd, Suite 700, Glendale, CA 91203
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Regus Business Center<br>777 S. Alameda, 2nd Floor<br>Los Angeles, CA 90021 | Date and Time:<br>11/15/2022 4:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2022

CLERK OF COURT

_____   OR   _/s/ Sean C. Wagner_
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff Goldwater Bank, N.A._____, who issues or requests this subpoena, are:
Sean Wagner, 831 E Morehead St, Ste 860, Charlotte, NC 28202; sean.wagner@wagnerhicks.law; (704) 705-7787

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:21-cv-00616-JWH-SP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## LIST OF ITEMS FOR PRODUCTION

Pursuant to the foregoing Subpoena, please produce the following documents (please refer to the below instructions and definitions for information concerning how to respond to the below Items):

1. A complete list of all saved "Banks" and/or "Cards" for accounts associated with the username "@Artur-Elizarov", the phone number (323) 326-7657, or the email address artur.elizarov@gmail.com.

2. A complete record of all transactions for accounts associated with the username "@Artur-Elizarov", the phone number (323) 326-7657, or the email address "artur.elizarov@gmail.com" during the Relevant Period, including but not limited to: (a) all transactions and transfers (including without limitation, transaction amount, full user name of each sender, full user name of each recipient, date of each transaction, and any associated media content such as emojis, stickers, text, or other communication); (b) all declined transactions; (c) all pending transactions; (d) all incomplete transactions; (e) all purchases made with a connected "Venmo Debit Card" and/or "Venmo Card".

3. Communications with any account holder for accounts associated with the username "@Artur-Elizarov", the phone number (323) 326-7657, or the email address "artur.elizarov@gmail.com" (including without limitation letters, notifications, popups, emails, secure messages, phone messages, recorded, conversations, and notes of discussions with the account holder, or any representative or purported representative of Artur Elizarov.

4. Any and all documents showing receipt of funds uploaded to Venmo balance for accounts

associated with the username "@Artur-Elizarov", the phone number (323) 326-7657, or the email address "artur.elizarov@gmail.com" through the "Add Money" feature during the Relevant Period.

5. Any and all documents showing receipt of funds uploaded to Venmo balance for accounts associated with the username "@Artur-Elizarov", the phone number (323) 326-7657, or the email address "artur.elizarov@gmail.com" through the "Cash a Check" feature during the Relevant Period.

6. A complete list of all saved "Banks" and/or "Cards" for accounts associated with the username "@Ilya-Alekseyeff", the phone number (213) 537-4592, or the email address "alekseyeff@gmail.com".

7. A complete record of all transactions for accounts associated with the username "@Ilya-Alekseyeff", the phone number (213) 537-4592, or the email address alekseyeff@gmail.com during the Relevant Period, including but not limited to: (a) all transactions and transfers (including without limitation, transaction amount, full user name of each sender, full user name of each recipient, date of each transaction, and any associated media content such as emojis, stickers, text, or other communication); (b) all declined transactions; (c) all pending transactions; (d) all incomplete transactions; (e) all purchases made with a connected "Venmo Debit Card" and/or "Venmo Card".

8. Communications with any account holder for accounts associated with the username "@Ilya-Alekseyeff", the phone number (213) 537-4592, or the email address "alekseyeff@gmail.com" (including without limitation letters, notifications, popups, emails, secure messages, phone messages, recorded, conversations, and notes of discussions with the account holder, or any representative or purported representative of Ilya Alekseyeff.

9. Any and all documents showing receipt of funds uploaded to Venmo balance for accounts associated with the username "@Ilya-Alekseyeff", the phone number (213) 537-4592, or the email address "alekseyeff@gmail.com" through the "Add Money" feature during the Relevant Period.

10. Any and all documents showing receipt of funds uploaded to Venmo balance for accounts associated with the username "@Ilya-Alekseyeff", the phone number (213) 537-4592, or the email address "alekseyeff@gmail.com" through the "Cash a Check" feature during the Relevant Period.

11. Any other supporting documentation not specifically requested that you collect, including with limitation the information identified as "information we collect" at https://venmo.com/legal/us-privacy-policy.

## Instructions & Definitions

The foregoing Subpoena requires that you produce the above-listed Items for inspection. You may satisfy such requirement either by (1) producing the original of any responsive item for inspection and copying or (2) producing a true, accurate, and complete copy of the original. To comply with the Subpoena, such production must occur by on or before the date and time indicated on the foregoing Subpoena.

In preparing your response, please note that the words used in the List of Documents for Production and in these Instructions and Definitions have the meaning ordinarily attributed to them in common usage, except that the following words have the following meanings:

1. **"You," "your," or "yours"** refers to Paypal, Inc. d/b/a Venmo ("Venmo"), as well as to any person who acted on behalf of Venmo during the Relevant Period, including its employees, contractors, attorneys, agents, or other representatives.

2. **"Relevant Period"** refers to January 1, 2020, through the present day.

3. **"Document"** refers to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data compilations, whether or not electronically stored, from which information can be obtained either directly, or, if necessary, after translation by you into a reasonably usable form, as well as any designated tangible thing.

4. **"Artur Elizarov"** refers to Defendant Artur Elizarov, as well as to any person who acted on behalf of Artur Elizarov during the Relevant Period, including his employees, contractors, attorneys, agents, or other representatives.

# ATTACHMENT B

## KNOWN ACCOUNTS

| Bank | Account No. | Known Affiliated Address | Known Affiliated Persons/Entities |
|---|---|---|---|
| Ally Bank | xxxxxx0085 | 711 S Olive St, Apt 505 Los Angeles, CA 90014 | Artur Elizarov Joseph Simoneschi |
| Ally Bank | xxxxxx8480 | 711 S Olive St, Apt 505 Los Angeles, CA 90014 | Artur Elizarov Ilya Alekseyeff |
| Ally Bank | xxxxxx0486 | 711 S Olive St, Apt 505 Los Angeles, CA 90014 | Artur Elizarov Ilya Alekseyeff |
| JP Morgan Chase Bank, NA | xxx-xx328 | 828 Westmount Drive West Hollywood, CA 90069 | Ilya Alekseyeff |