# EXHIBIT 2

ILYA ALEKSEYEFF [CA 242462]
　ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov
Defendant *in pro per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, <br> Plaintiff, <br> vs. <br> **ARTUR ELIZAROV, ET AL.**, <br> Defendant. | 5:21-cv-616-JWH-SP <br><br> OBJECTION UNDER RULE 45(e)(2)(B) TO GOLDWATER'S SUBPOENA *DUCES TECUM* TO PAYPAL |

Under Rule 45,

[i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Fed.R.Civ.P. 45(e)(2)(B).

On October 31, 2022, Goldwater Bank, NA issued a subpoena *duces tecum* to PayPal. The subpoena sought all deposit and payment information for all accounts *liked to Alekseyeff's law practice*. Goldwater's counsel certainly knew that the account was related to Alekseyeff's law practice because the subpoena specifically referenced all accounts liked to telephone number 213-537-4592, which Goldwater's counsel knew was Alekseyeff's business phone number connected with Alekseyeff's law firm LOIA, Inc. So, by issuing this subpoena, Goldwater sought information about Alekseyeff's law clients, payments that Alekseyeff has received from his law clients, and payments that Alekseyeff made to any vendors who provided services to Alekseyeff's law practice.

Goldwater's counsel Sean Wagner deliberately issued these subpoenas at the time Wagner *knew* that Alekseyeff was in a homicide trial and, therefore, would have no time to challenge these subpoenas prior to the compliance date. (Alekseyeff and Wagner discussed Elizarov's anticipated trial on at least eight different occasions starting on October 12, 2022, and October 6, 2022, and Wagner at least twice acknowledged Alekseyeff's trial in email communications.) This was a deliberate tactic because Wagner previously *twice* issued subpoenas when Alekseyeff was in trial, and Alekseyeff previously addressed this disgusting litigation tactic with the court.

Not surprisingly, Alekseyeff had no time at all to challenge this latest subpoena because his trial did not conclude until this past Monday, November 4, 2022. Since the subpoenas are due on Monday, and this coming Friday is a court holiday (Veteran's day), Alekseyeff cannot stop these subpoenas *even if* Alekseyeff presented an emergency *ex parte* motion to the court. Consequently, PayPal has already produced the records ahead of the production date, and Goldwater has since disclosed these records to all the other parties in the case.

Now, Alekseyeff, both for himself and for third parties whose financial

1  information was included in the disclosure and who, consistent with due process,
2  had to receive a notice and an opportunity to challenge this subpoena, object to the
3  subpoena under Rule 45(e)(2)(B) as follows:
4  **The information requires the disclosure of constitutionally protected**
5  **private bank information of Elizarov and third parties, which is not directly**
6  **relevant to any issue of fact of consequence in this action.  Information about**
7  **payments that Alekseyeff made to his law vendors is protected as a trade**
8  **secret.**
9  "All people are by nature free and independent and have inalienable rights.
10 Among these are enjoying and defending life and liberty, acquiring, possessing,
11 and protecting property, and pursuing and obtaining safety, happiness, and
12 *privacy*." Cal. Const. art. I § 1, italics added. "[T]he right of privacy extends to
13 one's confidential financial affairs as well as to the details of one's personal
14 life." *Valley Bank of Nev. v. Superior Court*, 15 Cal.3d 652, 656 (Cal. 1975). "
15 'Personal financial information comes within the zone of privacy protected by
16 article I, section 1 of the California Constitution.' " *SCC Acquisitions, Inc. v.*
17 *Superior Court (Western Albuquerque Land Holdings, LLC)*, 243 Cal.App.4th 741,
18 754 (Cal. Ct. App. 2015), citing *Harris v. Superior Court*, 3 Cal.App.4th 661, 664
19 (Cal. Ct. App. 1992).
20       Despite the constitutional foundation for the right, Article 1 § does not
21 absolutely bar discovery. *Allen v. Woodford*, No. CVF051104OWWLJO, 2007
22 WL 309485, at *6–7 (E.D. Cal., Jan. 30, 2007).

> There is generally no requirement that the information sought by a party directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on," or could reasonably lead to matter that could bear on, any issue that is or may be present in the case. [Citation.] If, however, a party is challenging a discovery request based on a right of privacy as guaranteed by the Constitution of the State of California, a heightened standard of *direct relevance* is required.

*Allen v. Similasan Corp.*, 12CV376-BTM JLB, 2014 WL 1806927, at *1 (S.D. Cal. May 6, 2014) (citing *Davis v. Superior Court,* 7 Cal.App.4th 1008, 1017 (Cal. Ct. App. 1992)).  "In the face of an objection based on privacy, the party seeking discovery of the information must show that the information is '*directly relevant*' to a cause of action or defense, such that disclosure is 'essential to the fair resolution of the lawsuit.' "  *Look v. Penovatz*, 34 Cal.App.5th 61, 73 (Cal. Ct. App. 2019), internal citations omitted.  "Evidence is relevant if: [¶] **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and [¶] **(b)** the fact is of consequence in determining the action."  Fed.R.Evid. 401.  "[E]vidence that is not relevant to the proof of any fact at issue in the trial is inadmissible."  *U.S. v. Patton*, 993 F.2d 886, 886 (9th Cir. 1993).

"A party to an action may assert the privacy rights of third parties. [Citation.]" *Weingarten v. Superior Court*, 102 Cal.App.4th 268, 278 (Cal. Ct. App. 2002).

"The party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims." *Barrenda L. v. Superior Court*, 65 Cal.App.4th 794, 801-02 (Cal. Ct. App. 1998).  Showing that the records "might be relevant to some substantive issue does not suffice" to satisfy this burden.  *Davis, supra,* 7 Cal.App.4th at p. 1017.

Here, Goldwater's subpoena to PayPal sought information about fees and expenses that Alekseyeff incurred in his law practice.  Given the allegations in the complaint, Goldwater cannot plausibly argue that the jury will need to know who Alekseyeff bills, how much Alekseyeff receives in legal fees, or who Alekseyeff pays in his law practice to decide any issue of consequence in this case.  Furthermore, because any payments that Alekseyeff made to others were *income* to the recipients, the recipients had the due process right to notice and an opportunity to contest Goldwater's subpoena.  Since Goldwater denied those recipients their constitutional due process right, Alekseyeff assert those rights on behalf of their

1 recipients.

2 Finally, to the extent that the expense disclosure will reveal the identity and
3 the fees of any vendors that Alekseyeff may have hired to assist in his legal work,
4 that information is protected as trade secret.

5 **Therefore, consistent with Rule 45(e)(2)(B), all parties and their**
6 **attorneys who have received access to this information from Goldwater**
7 **(including, of course, Goldwater itself) must not use the disclosed**
8 **information for any purpose and must confirm, in writing, compliance with**
9 **this requirement.** If no confirmation is received by the end of day on
10 Wednesday, November 16, 2022, Alekseyeff will move *ex parte* to compel
11 compliance with Rule 45(e)(2)(B).

12 Dated: 11/14/2022.                    LOIA, INC. (APLC)

14                                       *Ilya Alekseyeff*
15                                       By: Ilya Alekseyeff
                                         Attorney for Artur Elizarov