# EXHIBIT 3

ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov
Defendant *in pro per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, <br> Plaintiff, <br> vs. <br> **ARTUR ELIZAROV, ET AL.**, <br> Defendant. | 5:21-cv-616-JWH-SP <br><br> OBJECTION UNDER RULE 45(e)(2)(B) TO GOLDWATER'S SUBPOENA *DUCES TECUM* TO JPMORGAN CHASE BANK, NA |

Under Rule 45,

[i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

1

OBJECTIONS UNDER RULE 45(e)(2)(B) TO GOLDWATER'S SUBPOENA
*DUCES TECUM* TO JPMORGAN CHASE BANK, NA

Fed.R.Civ.P. 45(e)(2)(B).

On October 31, 2022, Goldwater Bank, NA issued a subpoena *duces tecum* to JPMorgan Chase Bank, NA. The subpoena sought all statements, correspondence, and checks written from defendants Alekseyeff's and Elizarov's accounts with the bank from January 1, 2020, through the present.  As worded, this subpoena would allow Goldwater and its unscrupulous counsel access to Alekseyeff's and Elizarov's spending practices, including names of merchants that they visit, the types of products they purchase, and names of individuals that they pay money to.

Goldwater's counsel Sean Wagner deliberately issued these subpoenas at the time Wagner *knew* that Alekseyeff was in a homicide trial and, therefore, would have no time to challenge these subpoenas prior to the compliance date. (Alekseyeff and Wagner discussed Elizarov's anticipated trial on at least eight different occasions starting on October 12, 2022, and October 6, 2022, and Wagner at least twice acknowledged Alekseyeff's trial in email communications.)  This was a deliberate tactic because Wagner previously *twice* issued subpoenas when Alekseyeff was in trial, and Alekseyeff previously addressed this disgusting litigation tactic with the court.

Not surprisingly, Alekseyeff had no time at all to challenge this latest subpoena because his trial did not conclude until this past Monday, November 4, 2022.  Since the subpoenas are due on Monday, and this coming Friday is a court holiday (Veteran's day), Alekseyeff cannot stop these subpoenas *even if* Alekseyeff presented an emergency *ex parte* motion to the court.

Now, Alekseyeff and Elizarov, both for themselves and for third parties whose financial information would be included in the bank statements and who, consistent with due process, had to receive a notice and an opportunity to challenge this subpoena, object to the subpoena under Rule 45(e)(2)(B) as follows:

\\\

**The information requires the disclosure of constitutionally protected private bank information of Elizarov, Alekseyeff, and third parties, which is not directly relevant to any issue of fact of consequence in this action.**

"All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and *privacy*." Cal. Const. art. I § 1, italics added. "[T]he right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life." *Valley Bank of Nev. v. Superior Court*, 15 Cal.3d 652, 656 (Cal. 1975). " 'Personal financial information comes within the zone of privacy protected by article I, section 1 of the California Constitution.' " *SCC Acquisitions, Inc. v. Superior Court (Western Albuquerque Land Holdings, LLC)*, 243 Cal.App.4th 741, 754 (Cal. Ct. App. 2015), citing *Harris v. Superior Court*, 3 Cal.App.4th 661, 664 (Cal. Ct. App. 1992).

Despite the constitutional foundation for the right, Article 1 § does not absolutely bar discovery. *Allen v. Woodford*, No. CVF051104OWWLJO, 2007 WL 309485, at *6–7 (E.D. Cal., Jan. 30, 2007).

> There is generally no requirement that the information sought by a party directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on," or could reasonably lead to matter that could bear on, any issue that is or may be present in the case. [Citation.] If, however, a party is challenging a discovery request based on a right of privacy as guaranteed by the Constitution of the State of California, a heightened standard of *direct relevance* is required.

*Allen v. Similasan Corp.*, 12CV376-BTM JLB, 2014 WL 1806927, at *1 (S.D. Cal. May 6, 2014) (citing *Davis v. Superior Court,* 7 Cal.App.4th 1008, 1017 (Cal. Ct. App. 1992)). "In the face of an objection based on privacy, the party seeking discovery of the information must show that the information is '*directly relevant*' to a cause of action or defense, such that disclosure is 'essential to the fair

1  resolution of the lawsuit.' " *Look v. Penovatz*, 34 Cal.App.5th 61, 73 (Cal. Ct.
2  App. 2019), internal citations omitted.  "Evidence is relevant if: [¶] **(a)** it has any
3  tendency to make a fact more or less probable than it would be without the
4  evidence; and [¶] **(b)** the fact is of consequence in determining the action."
5  Fed.R.Evid. 401.  "[E]vidence that is not relevant to the proof of any fact at issue
6  in the trial is inadmissible."  *U.S. v. Patton*, 993 F.2d 886, 886 (9th Cir. 1993).

7       "A party to an action may assert the privacy rights of third parties.
8  [Citation.]"  *Weingarten v. Superior Court*, 102 Cal.App.4th 268, 278 (Cal. Ct.
9  App. 2002).

10       "The party seeking the constitutionally protected information has the burden
11  of establishing that the information sought is directly relevant to the
12  claims."  *Barrenda L. v. Superior Court*, 65 Cal.App.4th 794, 801-02 (Cal. Ct.
13  App. 1998).  Showing that the records "might be relevant to some substantive issue
14  does not suffice" to satisfy this burden.  *Davis, supra,* 7 Cal.App.4th at p. 1017.

15       Here, Goldwater's subpoena to JPMorgan Chase Bank, NA sought not only
16  information about income, which the court has previously ruled to be "relevant",[1]
17  but also information about Alekseyeff's and Elizarov's *expenses*.  Given the
18  allegations in the complaint, Goldwater cannot plausibly argue that the jury will
19  need to know how or where Alekseyeff and Elizarov spend their money to decide
20  any issue of fact of consequence in this trial.  Furthermore, because Alekseyeff's
21  and Elizarov's expenses are *income* to the recipients, the recipients had the due
22  process right to notice and an opportunity to contest Goldwater's subpoena.  Since
23  Goldwater denied those recipients their constitutional due process right, Alekseyeff
24  and Elizarov assert those rights on behalf of their recipients.

25       **Therefore, consistent with Rule 45(e)(2)(B), Goldwater and its eight**
26  **separate counsel from three different firm shall promptly transmit the**
27  **information to Alekseyeff, unopened, at the following address, where**
28

---

[1] That ruling is currently under review.

1 **Alekseyeff will have the information sequestered until the court, on**
2 **Goldwater's motion, resolves this objection: LOIA, Inc., 727 W 7th St, PH 1-**
3 **13, Los Angeles, California a 90017.  Alternatively, Goldwater's counsel Sean**
4 **Wagner may hand-deliver the items *unopened* to Alekseyeff in person on**
5 **Wednesday, November 16, 2022, when counsel convene in Pasadena to argue**
6 **the case before the United States Court of Appeals for the Ninth Circuit.**

7 If the materials are not returned consistent with this demand by Wednesday,
8 November 16, 2022, Alekseyeff and Elizarov will infer that Goldwater and its
9 counsel do not intend to comply with Rule 45 and will promptly move *ex parte* to
10 enforce compliance.

11 Dated: 11/14/2022.                            LOIA, INC. (APLC)

13 *[signature: Ilya Alekseyeff]*
14 By: Ilya Alekseyeff
   Attorney for Artur Elizarov