# EXHIBIT 8



**WAGNER HICKS PLLC**
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7787

**SEAN C. WAGNER**
Attorney at Law
(704) 705-7358
sean.wagner@wagnerhicks.law

**VIA EMAIL**

January 27, 2023

Ilya Alekseyeff, Esq.
LOIA, INC. (APLC)
8721 Santa Monica Blvd #119
West Hollywood, California 90069
ilya@loia.legal
*Attorney for Artur Elizarov and Ilya Alekseyeff*

> Re: ***Goldwater Bank, N.A. v. Elizarov***, **5:21-cv-00616-JWH-SP Artur Elizarov and Ilya Alekseyeff's improper objections to Subpoenas *Duces Tecum* issued to PayPal, Inc., d/b/a Venmo; JP Morgan Chase Bank, N.A.; Citibank, N.A.; JP Morgan Securities, LLC; and LA Financial Federal Credit Union**

Dear Mr. Alekseyeff,

I write in conformance with C.D. Cal. Local Rule 37-1 ("L.R. 37-1") to ask that you immediately withdraw all objection to the Subpoenas Duces Tecum issued to **PayPal, Inc., d/b/a Venmo; JP Morgan Chase Bank, N.A.; Citibank, N.A.; JP Morgan Securities, LLC; and LA Financial Federal Credit Union** and hereby request a meet and confer regarding the issues addressed in this letter. Pursuant to L.R. 37-1, this letter is intended to provide you with an explanation regarding the impropriety of your Notices of Privilege dated November 14, 2022 and November 29, 2022, and to request a meet and confer on these issues within ten (10) days, so that your objections may be resolved and discovery may move forward.

Should you fail to withdraw all improper objections, Goldwater will proceed with its preparation of a Notice of Application asking that the Court reject your unfounded privilege objections and a Joint Stipulation regarding same. Goldwater further intends to seek all appropriate sanctions, including but not limited to expenses pursuant Fed. R. Civ. P. 37(b)(2)(a), 28 U.S.C. § 1927, and the inherent power of the Court, to punish your blatant gamesmanship discovery and bad faith conduct in interposing these improper objections. This is separate and apart from repeated, baseless personal attacks on counsel, which will be addressed as necessary in other motion practice.

## I. MATTERS IN DISPUTE

### A. The mere existence of the subpoenaed records demonstrates your violation of Judge Pym's September 21, 2022 Discovery Order [ECF No. 190].

Before we address your specious objections to the subpoenas and the procedural improprieties surrounding them, it is important to discuss your discovery conduct to date. As you are keenly aware, on September 21, 2022, Magistrate Judge Pym entered an Order [ECF No. 190] granting Goldwater's Motion to Compel Discovery Responses from Artur Elizarov and Ilya Alekseyeff [ECF No. 178]. The Court's Order compelling Mr. Elizarov's responses was limited only by the Magistrate Judge's narrowing of the scope of Goldwater's Interrogatory No. 2 to Elizarov. [ECF No. 190 at p. 11]. You and Mr. Elizarov were ordered to "promptly provide full interrogatory responses and documents production as described above, and meet and confer with plaintiff regarding the date, place, and manner of production as needed." [ECF No. 190 at p. 11]. Based solely on the fact that the Subpoenas returned *any* documents reflecting accounts you have never identified in discovery responses, you continue to ignore the Court's Order.

As compelled by the Court, Interrogatory No. 13 required Elizarov to "Identify all bank accounts, investment accounts, real property, and other assets that you own or in which you hold a beneficial interest, in whole or in part, from the period between May 1, 2019, to present." Request for Production No. 7 required Elizarov to Produce all documents and communications *reflecting or related to* his income (and alleged reduction of same) in 2020 *and* the Mortgage Assistance Application. Even without reviewing the documents produced relative to the Subpoenas like that issued to PayPal, Inc., the accounts' very existence demonstrate the existence of previously undisclosed accounts and documents responsive to these requests.

In that Motion to Compel, Goldwater pointed to Elizarov's deposition testimony to demonstrate your initial responses were obviously not complete. Your continuing bad faith conduct is exemplified by the mere existence of additional undisclosed accounts uncovered by these Subpoenas after Judge Pym compelled you to disclose everything.[1] Further, as Goldwater has pointed out to you over the course of numerous discovery motions, even if you had a valid privilege relative to these documents, which you do not, you have waived it by failing to identify these relevant accounts on a privilege log. The fact the Subpoenas returned any documents demonstrates you are in willful violation of a Court Order Goldwater intends to seek sanctions under FED. R. CIV. P. 37(b)(2)(A) and all other available avenues based on your continuing, willful refusal to participate in good faith discovery.

### B. Your reliance upon Rule 45(e)(2)(B) was and remains improper.

Your Notices of Objection attempted to "claw back" documents under Rule 45(e)(2)(b) relative to the Subpoenas, having never filed any motion with the Court. Notably, with respect to the last

---

[1] Goldwater recognizes your vexatious and bad faith attempt to remove Magistrate Judge Pym from this case based solely on the fact she has recognized your pattern of improper and overbroad discovery objections, but her orders remain in effect until they are stayed or overruled. *See* L.R. 72-2.2.



three Subpoenas, you *chose* to issue Rule 45(e)(2)(B) "clawback" notices well before the Subpoena responses were due and deliberately refused to follow the motion to quash/joint stipulation procedure. This was improper. Under Rule 45, a party to whom the subpoenaed records pertain cannot simply object, he must seek a protective order or motion to quash the subpoena. *Scruggs v. Vance*, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *10 (E.D. Cal. Dec. 19, 2011). This was not a clawback scenario. You were well aware of your objections prior to the production of any documents by the financial institutions, as evidenced by your own communications with counsel. Further, regardless of your, frankly insulting, claims of being "too busy in trial" to object properly, you indeed had time to file some motion with the Court, as evidenced by your detailed Notices of Privilege. Your attempts to use the "clawback" procedure of Rule 45(e)(2)(B) were wholly inappropriate, and your objections and demands for the sequestration, destruction, or return of documents must be rescinded.

Should you refuse to withdraw your improper objections, Goldwater will, in an abundance of caution, file an application to the Court pursuant to Rule 45(e)(2)(B) asking for a determination of your privilege objections. Goldwater firmly believes you did not, and still have not, made an appropriate objection under the rules, and that your objections were made in bad faith to delay discovery of relevant information and to foist the motion burden on Goldwater. As such, Goldwater also intends to seek sanctions for your bad faith litigation conduct.

### C.  Your privilege objections are without merit.

In addition to the procedural impropriety of your objections Goldwater begins by noting that you lack standing to make any objection based on undue burden, including objections relative to the place of production. *See, e.g.*, *Bonzani v. Shinseki*, No. 2:11-CV-00007-EFB, 2014 WL 2521849, at *4 (E.D. Cal. June 4, 2014). None of the subpoenaed financial institutions, all of whom are represented by competent counsel, objected and you do not have standing to do so for them.

In addition, all of your Notices of Objection largely rely on the privacy privilege even though Goldwater has already established the highly relevant nature of this information to the claims and defense of this lawsuit. This critical relevance overcomes any privacy privilege you or anyone else may have in this information. *See, e.g.,* ECF No. 191, Order at p. 4. Despite your best efforts to sully the reputation of the Magistrate Judge, you know that we will have no trouble demonstrating the critical relevance of this information to the fraud claims in this lawsuit to any other Magistrate or District Judge.

Your objection regarding the alleged privacy interests of third-parties in you and Mr. Elizarov's personal, financial records is not well taken. The case you relied upon, *Weingarten v. Superior Ct.*, 102 Cal. App. 4th 268, 278, 125 Cal. Rptr. 2d 371, 379 (2002), dealt with notice to a third party whose own joint tax returns were to be produced. Goldwater has found no California authority in which an unrelated third-party was found to have a privacy interest in a party's financial records simply because the third-party had engaged in one or more transactions with that party. In fact, courts ordering the production of party financial records without notice or involvement of third



parties is the norm. *See, e.g., Welle v. Provident Life & Accident Ins. Co.,* No. 312CV3016EMCKAW, 2013 WL 5954731, at *3 (N.D. Cal. Oct. 30, 2013).

Some courts find financial statements, with the social security and account numbers redacted need not even be filed under seal. *Walters v. Target Corp.,* No. 3:16-CV-1678-L-MDD, 2018 WL 4405419, at *1 (S.D. Cal. Sept. 17, 2018). Moreover, as the Court has repeatedly found, the Stipulated Protective Order offers sufficient protection for any private or confidential financial information disclosed in the Subpoena production. *See* ECF No. 191, Order at p. 4. The same necessarily holds true for any limited third-party information that might be disclosed.

The Notice of Objection relative to the PayPal Subpoena also asserts claims of privilege relative to your (Ilya's) personal information alleging "trade secrets" in the form of vendor identities and implying the production of your financial records may implicate the attorney-client privilege. Such objections are also without merit. First, "a trade secret is not simply any material the withholding party would rather keep confidential but is: '[S]ecret information essential to the continued operation of a business or industry [that] may be afforded some measure of protection against unnecessary disclosure.'" *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999). You have offered absolutely nothing to indicate the existence of specialized vendors let alone that the secrecy of these vendors is essential to your legal operations.

Your implied reference to attorney-client privilege and work-product protections is misguided at best. Financial statements prepared by third-party financial institutions are not "communications" with your clients, nor are they even invoices or other documents that might provide any insight into litigation strategy or legal consultation. The fact you didn't attempt to sincerely argue these privileges is telling. They just do not apply to the subpoenaed documents. *See Garcia v. Pine Grant Inv. Co.*, Ltd, No. 21-CV-04916-JST, 2022 WL 472176, at *2 (N.D. Cal. Jan. 21, 2022). And even further, to the extent any of these accounts are held jointly with Mr. Elizarov, no attorney-client privilege can be claimed.

## II. CONCLUSION

For the reasons set forth above, Goldwater respectfully requests that you promptly withdraw your objections to the Subpoenas, in writing. Should you desire to rest on your objections, we ask that you please provide dates and times within the next ten (10) days at which you are available to meet and confer regarding these continuing issues, in conformance with L.R. 37-1 in advance of Goldwater's preparation of a Joint Stipulation pursuant to L.R. 37-2. Again, in any Joint Stipulation, Goldwater intends to ask that the Court not only reject your improper and unfounded claims of privilege but also sanction you both for your conduct in raising them.  Thank you for your prompt attention to this matter.

Sincerely,

Sean C. Wagner

