# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> ARTUR ELIZAROV; UNISON AGREEMENT CORP.; SCOTT HOWELL; BANK OF THE WEST; and ILYA ALEKSEYEFF, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS AND CROSSCLAIMS. | Case No. 5:21-cv-00616-JWH-SPx <br><br> **ORDER REGARDING MOTION OF DEFENDANT ARTUR ELIZAROV FOR SANCTIONS [ECF No. 182]** |

Defendant Artur Elizarov requests that the Court impose Rule 11 sanctions against Plaintiff Goldwater Bank, N.A. because of supposed "baseless allegations" contained within Goldwater Bank's pleading.[1] Elizarov also seeks an order directing Goldwater Bank's counsel "to self report the violation to their respective bar association."[2] Despite this Court's numerous admonitions,[3] Elizarov continues down a path of frivolous filings that recall famous lines from the movie *Cool Hand Luke*:

> What we've got here is . . . failure to communicate.  Some men you just can't reach.  So you get what we had here last week, which is the way he wants it . . . well, he gets it.[4]

The Court finds Elizarov's instant Motion appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[5] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

## I. BACKGROUND

The parties are thoroughly familiar with the facts and procedural history of this case.[6]  Elizarov filed the instant Motion in September 2022, in which he contends that Goldwater Bank's Amended Complaint contains unsubstantiated

---

[1]  First Am. Compl. (the "Amended Complaint") [ECF No. 44].

[2]  Mem. Supporting Mot. for Sanctions Under Rule 11 [ECF No. 182] and Memorandum (cited as the "Motion") [ECF No. 183] 24:20-24.

[3]  *See* Order on Mot. to Dismiss (the "MTD Order") [ECF No. 148] 8, 10, & 11.

[4]  COOL HAND LUKE (Warner Bros., 1967).  The Court hastens to add that it does ***not*** contemplate administering the punishments meted out by the Captain.

[5]  The Court considered the following papers:  (1) the Amended Complaint; (2) the Motion (including its attachments); (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 197]; and (4) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 206].

[6]  *See* MTD Order.

claims for fraud, conspiracy, fraudulent transfer, and unjust enrichment.[7] In its Opposition, Goldwater Bank responds that Elizarov's Motion represents a pattern of frivolous filings and that, instead, the Court should sanction Elizarov.[8]

For the sake of coherence, the Court provides additional factual and procedural history as is pertinent in the sections below.

## II. LEGAL STANDARD

An attorney is subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure, among other reasons, when he or she presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(2).

When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations and citation omitted). As shorthand for this test, the word "frivolous" "denote[s] a filing that is both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 434 (9th Cir. 1996)).

"[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *GN Resound A/S v. Callpod, Inc.*, 2013 WL 5443046, at *4

---

[7] Motion 1:2-9.
[8] Opposition 26:4-6.

(N.D. Cal. Sept. 30, 2013) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).  The Ninth Circuit has counseled that "Rule [11] discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).  Sanctions should not be imposed, however, when "a reasonable basis for the position exists in both law and in fact at the time that the position is adopted." *Id.*

## III.  DISCUSSION

Elizarov alleges that Goldwater Bank's Amended Complaint lacks an evidentiary or legal basis in the following claims:  (1) fraud; (2) conspiracy; (3) unjust enrichment; and (4) fraudulent transfer.  The Court will address each argument in turn.

### A.  Fraud Claims

The Motion takes issue with several allegations of fraud within Goldwater Bank's Amended Complaint, including claims for fraud in Elizarov's loan application, in his forbearance application, and during settlement negotiations.

#### 1.  The Loan Application

Elizarov contends that Goldwater Bank lied about Elizarov's loan application in three ways:  (1) that Elizarov failed to disclose that he was party to a pending civil lawsuit against BMW Financial Services; (2) that he failed to disclose his default on a federal tax debt; and (3) that he failed to disclose his registered domestic partner.[9]

When Elizarov applied to Goldwater Bank for a loan, he answered "no" in response to the question "[a]re you a party to a lawsuit?"[10] As a matter of

---

[9]  Motion 5:12-18.

[10]  Opposition 12:26-27.

-4-

public record, however, Elizarov was a plaintiff in a case pending in Los Angeles County Superior Court.[11] Elizarov contends that he texted that information to Goldwater Bank loan officer Greg Hill on July 10, 2021,[12] but he nevertheless provided a false "no" answer on his signed loan application dated two years earlier, on July 31, 2019.[13] That state court case was not dismissed until August 16, 2019.[14] Accordingly, the Amended Complaint (with respect to this issue) is correct; the Motion fails to present sufficient grounds for Rule 11 sanctions. While Elizarov's arguments may find some traction in connection with a dispositive motion or at trial, Goldwater Bank's claim of fraud is not baseless.

Next, Elizarov asserts that Goldwater Bank's claim that he was in default on a federal debt is false.[15] Elizarov contends that he had paid off an IRS-recorded lien that stemmed from tax liability from 2014[16] and that the IRS had released him from the lien on December 18, 2019.[17] Goldwater Bank responds that the IRS did not record a release of that tax lien until January 6, 2020,[18] and Elizarov concedes that he does not understand why the IRS took so long to record the release of the tax lien.[19] While it may be that Elizarov believed—perhaps correctly—that he had been released from the IRS-recorded lien when he applied for the loan, Goldwater Bank is not susceptible to sanctions under Rule 11 when its fraud claim was supported by public records.

---

[11]   *Id.* at 13:1-3.
[12]   Motion 6:23-24.
[13]   Opposition, Ex. B [ECF No. 197-2] 3.
[14]   *Id.* at 13:3-5.
[15]   Motion 7:18-20.
[16]   *Id.* at 7:21-26.
[17]   *Id.* at 8:2-3.
[18]   Opposition 13:13-16.
[19]   Motion 8 n.3.

Finally, Elizarov avers that he disclosed his marital status to Goldwater Bank's loan officer in the same series of texts containing his disclosures of the BMW-related litigation.[20] Elizarov has been married since 2003, but he declared that he was unmarried on his loan application.[21] Elizarov attempts to frame Goldwater Bank's fraud claim as frivolous because a reasonable bank supposedly would not have relied upon Elizarov's marital status to deny the loan,[22] but that argument is woefully insufficient to support a motion for Rule 11 sanctions.

### 2. The Forbearance Application

Goldwater Bank claims that Elizarov lied on his Mortgage Assistance Application in May 2020 when he represented that: (1) he experienced a reduction in income and was receiving only $1,050 per week in unemployment benefits; and (2) he only had $3,500 cash on hand at the time of his forbearance application.[23] Elizarov asserts in his Motion that Goldwater Bank "lacked any evidentiary basis to allege the misrepresentation regarding income."[24]

In its Opposition, Goldwater Bank notes that it obtained evidence confirming that Elizarov's Mortgage Assistance Application misrepresented his income and that in response to a subpoena, non-party Gables Residential Services, Inc. produced a copy of Elizarov's May 7, 2020, lease application for a Florida apartment in which Elizarov stated that his monthly income was $15,000.[25] Additionally, Elizarov's paystubs from June 15, 2020, showed that he was receiving income well in excess of his claimed unemployment benefits.[26]

---

[20]   *Id.* at 8:19-20.
[21]   Opposition 12:21-23.
[22]   Motion 10:8-14.
[23]   *Id.* at 11:20-23.
[24]   *Id.* at 12:7-8.
[25]   Opposition 15:20-16:2.
[26]   *Id.* at 16:5-7.

Elizarov addresses none of those arguments in his Reply; instead, he demonstrates his misunderstanding of the standard for Rule 11 sanctions. Although the lease application and paystubs may not be sufficient evidence for Goldwater Bank to prevail at trial on a claim for fraud, they are sufficient for the Court to conclude that Goldwater Bank's pleadings are neither frivolous nor made in bad faith.

### 3. Fraud During Settlement Negotiations

Elizarov continues to waste this Court's time and resources with frivolous sanctions arguments concerning allegations of fraud during settlement negotiations. Elizarov takes issue with Goldwater Bank's claim that he fraudulently offered to pay Goldwater Bank $675,000 from the sale proceeds of the Palm Springs Property, but that he subsequently repudiated his promise and paid nothing to Goldwater Bank.[27] Spanning six pages of the Motion and four pages of the Reply, Elizarov's deep-dive into the merits of Goldwater Bank's fraudulent negotiation claim exemplifies the misuse of Rule 11 sanctions as a proxy for judgment on the merits. *See GN Resound A/S*, 2013 WL 5443046, at *4.

Goldwater Bank alleges in its Amended Complaint that Elizarov misrepresented the existence of a mechanic's lien on the Palm Springs Property, and, based upon those misrepresentations and the belief that Elizarov would be unable to pay off his debts in full, Goldwater Bank agreed to accept a short payment in the amount of $675,000.[28] Instead of identifying why Goldwater Bank's claims are baseless or uninvestigated by its counsel, Elizarov instead uses the Motion to defend his actions based upon legal theories of contract formation and the statute of frauds.[29] Rather than dissect Elizarov's capacious argument

---

[27] Motion 14:13-18.
[28] Amended Complaint ¶¶ 54-61.
[29] Motion 15:16-17:16.

-7-

on the merits of this claim, the Court simply concludes that Rule 11 sanctions are not warranted.

## B.  Conspiracy Claim

Elizarov continues down his misbegotten path for Rule 11 sanctions by mounting a defense on the merits to Goldwater Bank's conspiracy claims. Elizarov thoroughly denies that he and his counsel (and spouse[30]), co-Defendant Ilya Alekseyeff, conspired to defraud Goldwater Bank,[31] but Elizarov ignores evidence—both circumstantial and direct—that the conspiracy did in fact exist.

Goldwater Bank contends that when Elizarov sold the Palm Springs Property for $785,741.36, he used the proceeds to purchase the Wilton Manors Property for $630,000.[32]  Although Elizarov was the only individual on the Wilton Manors Property purchase agreement, Alekseyeff received an interest on the publicly recorded deed.[33]  Elizarov then used $84,843.22 from the Palm Springs Property proceeds to pay a preexisting debt that was in Alekseyeff's name.[34]

"Civil conspiracies frequently involve secret agreements." *De Jong v. Beach*, 2021 WL 4145186, at *18 (Cal. Ct. App. Sept. 13, 2021).  As a result, "[c]onspiracies are typically proved by circumstantial evidence." *Rickley v. Goodfriend*, 212 Cal. App. 4th 1136, 1166 (2013) (citing *People v. Bawden*, 208 Cal. App. 2d 589, 596-97 (1962)).  "'[S]ince such participation, cooperation or unity of action is difficult to prove by direct evidence, it can be inferred from the nature of the act done, the relation of the parties, the interests of the alleged

---

[30]   *Id.* at 9:6-7.
[31]   *Id.* at 20:3-16.
[32]   Opposition 19:15-19.
[33]   *Id.* at 19:20-23.
[34]   *Id.* at 19:24-20:6.

conspirators, and other circumstances.'" *Id.* (quoting *Black v. Sullivan*, 48 Cal. App. 3d 557, 566 (1975)).

It is presently unknown what may come of Elizarov's conspiracy defense, but the law is clear that his Rule 11 motion fails on its face because Goldwater Bank has sufficiently pleaded its conspiracy claim.

### C. Unjust Enrichment Claim

Next, Elizarov argues that Goldwater Bank's unjust enrichment claim is sanction-worthy because Goldwater Bank also pursues claims for breach of contract.[35] Elizarov does not account for that fact that Goldwater Bank pleads its unjust enrichment claim as an alternative remedy, and he ignores that the Court has already denied Elizarov's motion to dismiss that claim.[36]

Moreover, courts routinely find that when a party's motion to dismiss a claim is denied, that result is sufficient to support a finding that the claim is neither frivolous nor without legal basis. *See Thrasio, LLC v. Boosted Com. Inc*, 2022 WL 2285514, at *2 (C.D. Cal. Apr. 22, 2022). Elizarov's Motion for sanctions on Goldwater Bank's unjust enrichment claim fails.

### D. Fraudulent Transfer Claim

Finally, Elizarov's march of folly ends with his request for sanctions against Goldwater Bank for its fraudulent transfer claim. Goldwater Bank's conspiracy claim against Elizarov—for colluding with Alekseyeff—is related to its fraudulent transfer claim; Goldwater Bank alleges that, instead of paying Goldwater Bank the money that it was owed, Elizarov instead transferred $84,843.22 from the Palm Springs property sale to a third-party creditor to pay off a loan on Alekseyeff's behalf.[37]

---

[35] Motion 22:3-14.
[36] Opposition 22:1-8; Minute Order [ECF No. 93] 2.
[37] Amended Complaint ¶¶ 107-109.

At the core of this claim is a factual dispute: was Elizarov personally liable for a loan taken by Alekseyeff, in Alekseyeff's own name and individually "as a single man"?[38] Whatever the outcome, it is clear that that claim—like all of the others in play in the instant Motion—is not sanctionable under Rule 11. *See Storz Mgmt. Co. v. Carey*, 2021 WL 795678, at *2 (E.D. Cal. Mar. 2, 2021) ("Further discovery may reveal additional facts that contradict Plaintiffs' claims, but the Court declines to impose the 'extraordinary remedy' of Rule 11 sanctions based on what is essentially a factual dispute.") (citing *Operating Engineers Pension Tr. V. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).

### E. Rule 11 Sanctions Against Elizarov

Having determined that Elizarov's Motion is frivolous, the Court now turns to Goldwater Bank's request for sanctions against Elizarov.

Rule 11 provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Elizarov's Motion represents a pattern of vexatious behavior in the instant action; the Court previously admonished Elizarov regarding his filings.[39] Instead of heeding the Court's warning, Elizarov chose instead to consume additional judicial resources with the instant meritless Motion.

Here, the Court concludes that Goldwater Bank deserves an award of reasonable fees and expenses for defending against Elizarov's Motion, in the hope that such an award will deter similar filings by Elizarov in the future. *See* Rule 11(c)(4) (sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"). The "safe harbor" provision of Rule 11 does not apply when the Court awards fees and

---

[38] Opposition 23:15-18.

[39] *See* MTD Order 8, 10, & 11.

costs associated with defending against a sanctions motion. *See Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) ("A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions.").

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Elizarov's Motion is **DENIED**.

2. Goldwater Bank is **DIRECTED** to file no later than February 24, 2023, a motion for its fees and expenses associated with opposing the Motion. Goldwater Bank's memorandum in support of that motion is not to exceed three pages. Goldwater Bank may file a declaration supporting the quantum of the fees and expenses that it incurred.

3. Elizarov may file no later than March 3, 2023, a memorandum—not to exceed five pages—in opposition to Goldwater Bank's anticipated motion.

4. The hearing on Goldwater Bank's anticipated motion is **SET** for March 17, 2023, at 9:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: February 13, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE