UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Granting in Part and Denying in Part Motion for Sanctions [225]

## I. INTRODUCTION

On November 14, 2022, plaintiff Goldwater Bank, N.A. filed a motion for sanctions against defendant Artur Elizarov for failure to comply with the court's September 21, 2022 order (docket no. 190) compelling defendants Elizarov and Ilya Alekseyeff to supplement their discovery responses. Docket no. 225. Plaintiff's arguments are supported by the declaration of its counsel Sean Wagner ("Wagner Decl.") and exhibits. Defendant Elizarov filed an opposition on November 22, 2022. Docket no. 234. Defendant's position is supported by the declaration of his attorney Ilya Alekseyeff ("Alekseyeff Decl.") and exhibits. Plaintiff filed a reply on November 29, 2022. Docket no. 237.

The court held a hearing on the motion on April 11, 2023. For the reasons stated below, the court now grants plaintiff's motion in part, granting attorneys' fees and setting a deadline for defendant to comply with the September 21 order.

## II. BACKGROUND

This case involves a dispute over a parcel of real property in Palm Springs, California, for which plaintiff originated a mortgage loan to defendant Artur Elizarov. Docket no. 44 ("FAC"). Plaintiff did not record the Deed of Trust with the Riverside County Register of Deed's Office. FAC ¶ 49. Thereafter, defendant Elizarov defaulted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

on the loan and sold the property. FAC ¶¶ 36, 54. Defendant Elizarov received $785,741.36 in cash proceeds from the sale, and used that money to purchase real property in Florida and pay off a loan that belonged to his domestic partner. FAC ¶¶ 61, 76-79.

As relevant here, on September 21, 2022, the court granted in large part plaintiff's motion to compel discovery responses and production as to the following: Interrogatory Nos. 2-3, 7-9, 11, and 13 to Elizarov; Request for Production ("RFP") Nos. 2-5 and 7-12 to Elizarov; and RFP Nos. 2-7 to Alekseyeff. Docket no. 190. Defendant Elizarov supplemented his interrogatory and RFP responses on or about October 10, 2022. Wagner Decl., Exs. 5, 6. On October 26, 2022, plaintiff sent defendants a letter detailing the claimed deficiencies in defendant Elizarov's responses and requesting to meet and confer. Wagner Decl. Ex., 1. Defendant stated he was unable to confer at that time due to counsel being in a homicide trial. Wagner Decl., Ex. 2. Plaintiff now seeks a finding of contempt and sanctions against defendant for failure to comply with the court's September 21, 2022 order.

### III. DISCUSSION

Plaintiff asks the court to issue sanctions in the form of the attorneys' fees plaintiff incurred in connection with both this motion and its prior motion to compel pursuant to Fed R. Civ. P. 37(b)(2). Plaintiff also asks the court to find defendants in contempt and order them to pay sanctions of $500 per day until they comply with the September 21 order. Plaintiff argues defendant Elizarov failed to produce sufficient responses to Interrogatory Nos. 3, 7, 8, and 13 and RFP Nos. 4, 7, 9, and 10, in violation of the court's September 21, 2022 order granting in large part plaintiff's motion to compel. Defendant argues the motion should be denied for failure to comply with the local rules. On the merits, defendant asserts that he has already disclosed all relevant information and that plaintiff secured the requested information and documents from other sources.

As an initial matter, defendant argues that plaintiff's motion should be denied for failure to comply with the rules of evidence and the local rules. Opp. at 5-8. Defendant first argues plaintiff has not offered any admissible evidence to support its motion because it fails to authenticate the exhibits with a declaration. Plaintiff did in fact include a declaration from its counsel Wagner that authenticates Exhibits 1 through 3, although the declaration is confusingly placed within its memorandum. Defendant is correct that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

Exhibits 4-6 are not authenticated with the moving papers, although within the reply memorandum counsel Wagner made a declaration to authenticate them. *See* Reply at 8. And as plaintiff notes, the content of Exhibits 4-6 is not contested, and strict authentication is not required on discovery motions. *See Hines v. Cal. Pub. Utils. Comm'n*, 2010 WL 935279, at *1 (N.D. Cal. Mar. 15, 2010) (finding the defendant "failed to establish that the Court may examine only admissible evidence for purposes of a discovery motion"). Thus, the court considers plaintiff's exhibits in support of this motion. Nonetheless, the better practice is to authenticate all exhibits with a clear, separate declaration, particularly as this avoids any confusion, and plaintiff should do so going forward.

Defendant further contends plaintiff failed to properly meet and confer and file the motion in the form of a joint stipulation as required by the local rules. Opp. at 7-8. Local Rule 37-1 provides the opposing party must meet with the moving party within ten days of the moving party's meet and confer letter, and failure to do so excuses the moving party from having to file the motion in the form of a joint stipulation. *See* L.R. 37-2.4. After plaintiff sent its meet and confer letter on October 26, 2022, defendant had until November 5 to meet and confer. Defendant's counsel informed plaintiff that he was in trial and unavailable. The record does not reflect any effort to find alternative dates to meet and confer prior to this motion being filed, or prior to the April 11, 2023 hearing, although in its March 14, 2023 order the court invited the parties to file supplemental statements with any updates. *See* docket no. 267.

Because defendant did not meet and confer within the time prescribed by Local Rule 37-1, plaintiff was technically within its rights under the local rules to file this motion when and how it did. Further, the court appreciates that when plaintiff filed this motion on November 14, 2022, the discovery cutoff was December 16, 2022. That said, neither side appears to have entered into the spirit of the rule's meet and confer requirement, with apparently no further effort made in the months the decision on this motion was stayed. *See* docket nos. 245, 267 (staying determination as of December 9, 2022, and in March resetting motion for hearing on April 11, 2023). Because there was no technical violation of the local rules, however, and because in any event it appears further meet and confer would serve little purpose at this point, the court addresses the motion's merits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

### A. Contempt Sanctions Are Not Warranted at This Time

Plaintiff seeks a finding of contempt for defendant's failure to comply with the court's September 21, 2022 order granting in large part plaintiff's motion to compel. Rule 37 authorizes a court to "treat[ ] as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt is designed to compel a party's obedience to a court order after that party has failed to take all reasonable steps to comply, and to deter litigants from engaging in untoward litigation tactics. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *accord Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

To establish civil contempt, the moving party must demonstrate "(1) that [the disobeying party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *U.S. v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (citation omitted). Once the moving party makes this showing, the burden shifts to the disobeying party to demonstrate it "took all reasonable steps within [its] power to insure compliance" with the court's order. *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997) (citation and quotation marks omitted). "Any doubts as to whether these requirements have been met in a particular case must be resolved in favor of the party accused of the civil contempt." *O'M & Assocs., LLC v. Ozanne*, 2011 WL 2160938, at *4 (C.D. Cal. June 1, 2011) (quoting 7 Moore's Federal Practice § 37.51[7][b]).

Under 28 U.S.C. § 636(e) the magistrate judge must refer contempt charges to a district judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). "The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).

Here, the court finds that plaintiff failed to make the requisite showing of contempt that would trigger the authority of this court. Although plaintiff maintains defendant has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

violated the court's September 21, 2022 discovery order, it has not met its burden to establish by clear and convincing evidence that defendant's violation of that order was contemptuous. *See Bright*, 596 F.3d at 694. Nor has plaintiff demonstrated bad faith, vexatious, wanton, or oppressive conduct meriting the civil contempt sanction. *See Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) ("we held that a district court may levy sanctions pursuant to its inherent power for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (citation omitted).

Plaintiff mainly contends that defendant's discovery responses remain deficient. Mtn. 4-12. Although as discussed below the court agrees, this does not satisfy plaintiff's burden to support such an extreme remedy. Indeed, the fact that defendant served supplemental discovery responses makes a showing of contempt difficult here. *See* Wagner Decl., Ex. 5, 6.

Even if the court were to find defendant's conduct in direct violation of the court's order, the lesser sanction of attorneys' fees is at this juncture sufficient to vindicate the court's and plaintiff's interests in deterring defendant from engaging in dilatory and unprofessional discovery tactics in the future, such that certification to the district judge is not warranted. *See Nat'l Hockey League*, 427 U.S. at 643. Accordingly, the court declines to exercise its discretion to entertain the imposition of a sanction of civil contempt at this time. *See O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (acknowledging imposition of Rule 37(b)(2) sanctions are "left to the sound discretion of the trial judge").

**B.     Sanctions in the Form of Plaintiff's Attorney's Fees Incurred in Bringing This Motion Are Warranted**

Plaintiff seeks monetary sanctions in the form of attorney's fees for having to bring the present motion related to defendant's failure to comply with the court's September 21 order. Mtn. at 5. Plaintiff also requests attorney's fees for having to bring its prior motion to compel. *Id*. Plaintiff argues fees related to its prior motion are warranted because defendant engaged in "deceptive conduct" by "press[ing] specious objections" when he opposed the motion to compel. *Id*. Specifically, defendant objected to the discovery requests, but later responded that he lacked responsive information or that all responsive information had been produced. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

The court finds that monetary sanctions are warranted for bringing the present motion only. Defendant Elizarov served supplemental responses after the court compelled him to do so on September 21, 2022; however, as discussed below, those supplemental responses fall well short of being complete or adequate as contemplated by Fed R. Civ. P. 26. Defendant offers no legitimate reason for his continued failure to comply in full with the court's September 21 order and his discovery obligations generally. With respect to plaintiff's request for sanctions related to the prior motion to compel, the court is not convinced that defendant's objections to that motion were "specious," and as such will not award attorney's fees related to that motion.

In its September 21, 2022 order, the court ordered defendants to "promptly provide full interrogatory responses and documents production." Docket no. 190 at 11. The court also noted that "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* at 3. Despite these clearly ordered discovery obligations, in his supplemental responses to the RFPs at issue defendant maintains that plaintiff has already obtained the information sought through other sources and that there are no further records to disclose at this time. Wagner Decl., Ex. 6. At the hearing, defendant suggested plaintiff had to show good cause why defendant should have to produce records already produced by a third party. Docket no. 274 at 19. Defendant acknowledged he had responsive records that he could produce but argued to do so would be a "silly exercise" because plaintiff already had them. *Id.* at 20. These arguments are contrary to the court's order and what the law requires generally.

The records called for include: all "documents and communications reflecting or related to [Elizarov's] purchase and subsequent sale of the Subject Property" (RFP No. 4); all "documents and communications reflecting or related to [Elizarov's] reduction in income in 2020 and the Mortgage Assistance Application (RFP No. 7); "all documents and communications reflecting . . . the real estate contract, related to [Elizarov's] purchase of the Wilton Manors Property" in Florida (RFP No. 9); and "all documents and communications reflecting or related to the IRS tax lien" (RFP No. 10). It is not entirely clear, for example, how plaintiff could obtain any of defendant's "communications" from other sources, since those may solely be discoverable from defendant. But even assuming plaintiff obtained some or even all of the records sought through subpoenas, or could have obtained them from other sources, this does not excuse defendant's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

produce the records in his possession. *Tatum v. Schwartz*, 2007 WL 2220977, at *3 (E.D. Cal. Aug. 2, 2007) ("Regardless of whether plaintiff believes the documents are in defendant's possession, she has an obligation to produce documents in her 'possession, custody, or control' that are responsive to a Rule 34 request for production.'").

    Defendant's discovery obligations to conduct a diligent search and produce responsive records, are separate and apart from plaintiff's ability to subpoena records. *See e.g. Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (concluding the defendant was "required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents). "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must be resolved at trial." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (holding that district court did not abuse its discretion in imposing terminating sanctions over defendant who failed to produce information on the basis that plaintiff "already had or could obtain [the same information] from other sources"). Defendant cannot simply abandon his discovery obligations because plaintiff chose to subpoena records from a third party, particularly in the face of the court's September 21 order to provide "full" document production.

    As for defendant's supplemental interrogatory responses, as noted, the court's September 21 order required defendant to make "a reasonable inquiry" and provide "full interrogatory responses." Docket no. 190 at 3, 11. Contrary to this order, defendant's supplemental responses are incomplete and evasive. For example, Interrogatory No. 3 calls for defendant to identify all personal and business email addresses and phone numbers he used in the last five years; however, defendant responded with five email addresses but no phone numbers. Wagner Decl., Ex. 5. Although defendant maintains he has "provided all known information" (Opp. at 9), it defies reasonable belief that defendant either had no phone number in the last five year or was unable to recall or provide any phone number he had upon reasonable inquiry. Defendant's answer to Interrogatory No. 7, which calls for defendant to describe the circumstances giving rise to a tax lien, was not even a complete sentence and can in no way be said to fully describe the circumstances. *See id.* To Interrogatory No. 8, which asked defendant to "identify and describe" any lien that defendant informed plaintiff or Escrow of the West would need to be paid off in connection with his sale of the Subject Property, defendant's supplemental response stated: "No such lien had been recorded prior to the close of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

escrow." *Id.* This does not respond to the call of the question, but instead impermissibly limits the scope of the request to liens recorded prior to the close of escrow without any specific or entertainable argument for doing so, particularly in the face of an order compelling full response.

Plaintiff argues defendant's supplemental response to Interrogatory No. 13 is "obviously not complete" given defendant's deposition testimony. Mtn. at 7. Since plaintiff has not submitted the deposition testimony, the court has no way of assessing plaintiff's assertion. As such, the court will not order defendant to provide a further supplemental response to this interrogatory, although defendant may wish to do so. But the supplemental responses to the other interrogatories are incomplete on their face.

Where, as here, a party has disobeyed an order to provide discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The court does not find defendant's failure to fully comply with the September 21 order to have been substantially justified here, nor are there other circumstances that make an award of expenses unjust. Plaintiff's October 26, 2022 letter clearly advised defendant of the deficiencies in his supplemental responses. *See* Wagner Decl., Ex. 1. Although he may have been unable to correct the deficiencies immediately due to counsel's trial, several months have since passed with no further supplementation. Instead, defendant has maintained his supplemental responses are inadequate, when they plainly are not. Further, defendant's failure to fully comply with the court's September 21 order has prejudiced plaintiff in its ability to conduct meaningful discovery and prepare its case for trial. For all these reasons, the court finds that monetary sanctions in the form of attorneys' fees are warranted here. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) ("We have held that '[f]ailure to produce documents as ordered . . . is considered sufficient prejudice.'") (citation omitted).

Although plaintiff requests sanctions, it has not submitted any information regarding its expenditures to bring the instant motion. Accordingly, plaintiff shall, within 7 days from the date of this order, file a declaration in support of its sanctions request, detailing the hours it spent on this motion only and including any supporting material that may be relevant to the amount of a potential sanction award. Defendant may file a response within 7 days of the filing of plaintiff's declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 5, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

## C. Defendant Must Provide Further Supplemental Responses

Finally, because defendant has yet to fully comply with the court's September 21, 2022 Order Granting in Large Part Plaintiff's Motion to Compel, the court now sets a deadline for defendant to do so. No later than May 15, 2023, unless otherwise agreed by plaintiff, defendant Elizarov must provide further, complete supplemental responses to Interrogatory Nos. 3, 7, and 8 and RFP Nos. 4, 7, 9, and 10, including producing all documents in his possession, custody, or control responsive to RFP Nos. 4, 7, 9, and 10 that he has not previously produced, whether or not they have been previously produced by another party or third party in this case. Failure to comply with this order may result in further sanctions, including monetary and evidentiary sanctions and a finding of contempt.

## IV. CONCLUSION

For the reasons stated above, the court grants plaintiff's motion (docket no. 225) in part by awarding attorneys' fees to the extent described above, and denies it in part by declining to award the requested contempt sanctions at this time.