UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No.  5:21-cv-00616-JWH-SP | Date  May 8, 2023 |
| Title  *Goldwater Bank, N.A. v. Artur Elizarov, et al.* | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  ORDER REGARDING DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON A NON-DISPOSITIVE MOTION TO QUASH SUBPOENA [ECF No. 202] (IN CHAMBERS)**

Before the Court is the motion of Defendant Artur Elizarov for the Court to review Magistrate Judge Pym's ruling on a non-dispositive motion to quash third-party subpoenas issued by Plaintiff Goldwater Bank, N.A.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **OVERRULES** Elizarov's objections and accepts the findings, conclusions, and recommendations of Magistrate Judge Pym, for the reasons set forth herein.

---

[1]   Pl.'s Mot. for Review re:  Order on Mot. to Quash (the "Motion") [ECF No. 202].

[2]   The Court considered the documents of record in this action, including the following papers:  (1) First Am. Compl. [ECF No. 44]; (2) Magistrate Judge's Order Denying Def.'s Mot. to Quash (the "Order") [ECF No. 191]; (3) Motion (including its attachments); (4) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 215]; and (5) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 221].

Elizarov objects to Magistrate Judge Pym's Order denying his motion to quash because: (1) the records sought are not directly relevant to any issue in the case; and (2) Goldwater's subpoena is an "illegal fishing expedition."[3] Elizarov filed a late Reply in support of his Motion, which this Court will ignore. *See* L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").[4]

A magistrate judge possesses the authority to hear matters that are not dispositive of a claim or defense. *See* Fed. R. Civ. P. 72. "These [matters] include discovery motions." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 970 (C.D. Cal. 2010). Under Rule 72(a) of the Federal Rules of Civil Procedure, a party may serve and file objections to a magistrate judge's order that concerns a nondispositive pretrial matter "[w]ithin 14 days after being served with a copy of the magistrate judge's order." Fed. R. Civ. P. 72(a); *see* L.R. 72–2.1 ("Any party objecting under F. R. Civ. P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review . . . within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or within fourteen (14) days of service of a written ruling.").

Normally, a magistrate judge's order can be reversed by the district court only if it is "clearly erroneous or contrary to law." *Crispin*, 717 F. Supp. 2d at 970 (citing Fed. R. Civ. P. 72(a)). The clearly erroneous standard, which applies to a magistrate judge's findings of fact, is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993); *see Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (holding that discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)). By contrast, "[t]he 'contrary to law' standard . . . permits independent review of purely legal determinations by the

---

[3] *See* Pl.'s Memorandum Supporting the Motion (the "Memorandum") [ECF No. 203].

[4] Elizarov's counsel avers that he was engaged in a separate trial at the time of the deadline to file the Reply, but Elizarov's counsel did not provide notice to the Court of this conflict, nor does it excuse neglecting this Court's deadlines or ignoring the District's Local Rules.

magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Md.,* 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law")); *see Med. Imaging Centers of America, Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996) ("[s]ection 636(b)(1) . . . has been interpreted to provide for *de novo* review by the district court on issues of law").

"Acting as an appellate court, this Court has the power to 'affirm, modify, vacate, set aside or reverse' the magistrate judge's order and 'may remand the cause and direct the entry of such appropriate judgment, decree or order, or require such further proceedings to be has [*sic*] as may be just under the circumstances.'" *United States v. Ramirez*, 2008 WL 5397497, *2 (E.D. Cal. Dec. 24, 2008) (quoting 28 U.S.C. § 2106); *see also Wolf v. Geico Insurance Co.*, 682 F. Supp. 2d 197, 198 (D.R.I. 2010) (vacating a magistrate judge's order staying discovery on an insurance claim pending resolution of a separate breach of contract claim and remanding to the magistrate judge to weigh the risk of prejudice to the insurer posed by permitting discovery against the possible efficiencies to be gained).

Here, the Court agrees with Magistrate Judge Pym's Order that Goldwater's third-party subpoenas directed at Elizarov's current employer, eCivs, Inc., and former employer, Rite Care Hospice, Inc,[5] for "employment and income records are highly relevant."[6] The Court also concurs with the Order's ruling that "[a]lthough these records are also private, defendant's privacy interests are adequately protected by the protective order in place in this case."[7] As such, Goldwater's "need for this information easily outweighs [Elizarov]'s privacy interests."[8] Accordingly, any objections by Elizarov to Goldwater's subpoenas on the grounds that the subpoenas are irrelevant or an "illegal fishing expedition" are **OVERRULED**.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

---

[5]     Order 2.

[6]     *Id.* at 4.

[7]     *Id.*

[8]     *Id.*

1. Defendant's motion to review and set aside Magistrate Judge Pym's Order is **DENIED**.

2. The September 21, 2022, Order by Magistrate Judge Pym is **CONFIRMED**.

3. Elizarov's motion to quash and for a protective order [ECF No. 176] is **DENIED**.

**IT IS SO ORDERED.**