**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GOLDWATER BANK, N.A.,

Plaintiffs,

v.

ARTUR ELIZAROV;
UNISON AGREEMENT CORP.;
SCOTT HOWELL;
BANK OF THE WEST; and
ILYA ALEKSEYEFF,

Defendants.

AND RELATED COUNTERCLAIMS AND CROSSCLAIMS

Case No. 5:21-cv-00616-JWH-SP

**ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [ECF No. 259]**

To understand why this Court now imposes monetary sanctions on Defendant Artur Elizarov for his frivolous motions—primarily through the conduct of Elizarov's attorney and domestic partner, co-Defendant Ilya Alekseyeff—one need simply review the history of this case. Although this Court's order requiring Elizarov to pay attorneys' fees was motivated by his baseless motion for sanctions under Rule 11 against Plaintiff Goldwater Bank, N.A.,[1] the entire record shows that Elizarov has engaged in a pattern of meritless filings that have served no purpose other than increasing litigation and imposing unnecessary costs on the parties and burden on this Court.

Before the Court is Goldwater's motion seeking an award of attorney's fees against Elizarov.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that the Motion is **GRANTED-in-part** and **DENIED-in-part**, for the reasons set forth herein.

## I. BACKGROUND

### A. Factual Background

The central dispute in this case concerns a parcel of real property in Palm Springs, California (the "Palm Springs Property"), for which Goldwater originated a mortgage loan to Elizarov.[4] Much to its present chagrin, Goldwater failed to record its Deed of Trust with the Riverside County Register of Deed's Office.[5]

---

1 *See* Def.'s Mem. Supp. Mot. for Sanctions Under Rule 11 (the "Rule 11 Motion") [ECF No. 183].

2 Pl.'s Mot. for Att'y Fees & Expenses Based Upon Def.'s Frivolous Mot. for Sanctions Under Rule 11 (the "Motion") [ECF No. 259].

3 The Court considered the documents of record in this action, including the following papers: (1) Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 44]; (2) Motion (including its attachments); and (3) Def.'s Opp'n to the Motion (the "Opposition") [ECF No. 264].

4 Amended Complaint ¶ 12.

5 *Id.* at ¶ 49.

Elizarov defaulted on that loan and then sold the property to Defendant Scott Howlett, without informing Goldwater of the sale.[6] Howlett was unaware of Goldwater's loan or interest in the Palm Springs Property.[7] Elizarov ultimately received $785,741.36 in cash proceeds from the sale,[8] which Elizarov used to purchase real property in Florida instead of paying his debt to Goldwater.[9]

**B. Procedural Background**

Goldwater filed this action against Elizarov in April 2021, asserting claims for relief based upon allegations that Elizarov made several material misrepresentations within his loan application, including misstatements about his background, employment, and financial status.[10] Goldwater also asserts claims for civil conspiracy against Elizarov and Alekseyeff, alleging that $84,843.22 in proceeds from Elizarov's sale of the Palm Springs Property was used to pay off a debt owed by Alekseyeff.[11]

In the early weeks of this case, the Court granted Goldwater's application for a temporary restraining order (the "TRO") that enjoined Elizarov from further transferring, alienating, or expending his proceeds from the sale of the Palm Springs Property.[12] The Court converted the TRO into a preliminary injunction,[13] which Elizarov appealed to the Ninth Circuit. In January 2023, the

---

6 *Id.* at ¶¶ 36, 54, & 55.

7 *See*, *e.g.*, Def.'s Amended Crosscompl. [ECF No. 97] ¶¶ 13-18.

8 Amended Complaint ¶ 61.

9 *Id.* at ¶¶ 76-78.

10 *Id.* at ¶¶ 36 & 38-46.

11 *Id.* at ¶¶ 79 & 110-113.

12 *See* TRO and Order to Show Cause Regarding Preliminary Injunction [ECF No. 23].

13 *See* Preliminary Injunction Order [ECF No. 162].

Ninth Circuit affirmed this Court's preliminary injunction. *See Goldwater Bank, N.A. v. Elizarov*, 2023 WL 387037 (9th Cir. Jan. 25, 2023).

In June 2021, Elizarov filed two motions to dismiss Goldwater's Amended Complaint,[14] which this Court denied with respect to Goldwater's claims for breach of contract, unjust enrichment, fraud, fraudulent transfer, and conspiracy.[15] The Court did grant Elizarov's motion to dismiss Goldwater's claim for injunctive relief.[16]

Elizarov filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Goldwater in September 2022, alleging that Goldwater's claims for fraud, conspiracy, fraudulent transfer, and unjust enrichment lacked evidentiary support and were baseless under California law.[17] This Court denied Elizarov's Rule 11 Motion and, upon finding that Elizarov's motion for sanctions was itself subject to Rule 11 sanctions, directed Goldwater to file a motion for an award of the attorneys' fees and expenses that it incurred in opposing Elizarov's Rule 11 Motion.[18]

## II. LEGAL STANDARD

District courts may impose sanctions under their power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). A court may assess attorney's fees as a sanction when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," including when a party has

---

14 Def.'s Mot. to Dismiss Pl.'s Am. Compl. [ECF No. 52]; Def.'s Mot. to Dismiss Fourth & Fifth Claims of Pl.'s Am. Compl. [ECF No. 60].

15 *See* Video Hearing re: Def.'s Mot. to Dismiss, etc. [ECF No. 93].

16 *See id.*

17 Rule 11 Motion 1:2-9.

18 *See* Order re: the Rule 11 Motion (the "Sanctions Order") [ECF No. 257].

willfully disobeyed a court order. *Chambers*, 501 U.S. at 45 (internal quotations and citations omitted). A court may similarly impose attorney's fees as a sanction when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46 (internal quotations and citation omitted). A court may even dismiss an action for a party's failure to prosecute or to comply with a court order. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (citing Fed. R. Civ. P. 41(b)).

Those inherent powers of the court, however, "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.

## III. DISCUSSION

In lieu of opposing Goldwater's calculation of attorneys' fees, Elizarov instead used his Opposition to attempt to relitigate this Court's order imposing sanctions upon Elizarov.[19] While Elizarov's chosen course of action was unhelpful to the Court in calculating Goldwater's attorneys' fees, this Order will examine the merits of Elizarov's Opposition and explain why sanctions are appropriate in this case.

### A. Rule 11(b) and Frivolous Claims

Elizarov contends that Goldwater is not entitled to attorneys' fees because "Goldwater did not specifically identify factual allegations that lacked evidentiary basis or legal claims that were not warranted by the law. Fed. R. Civ. P. 11(b)(2), (3)."[20] Additionally, Elizarov asserts that Goldwater claimed that Elizarov's Rule 11 Motion was frivolous in only general terms, which claim does not comply with Rule 11's specificity requirements.[21]

---

19 *See generally* Opposition.

20 *Id.* at 1:22-25.

21 *Id.* at 1:24-27.

As a preliminary matter, a court may impose Rule 11 sanctions on its own initiative, and a formal motion by Goldwater was unnecessary in this case. *See* Fed. R. Civ. P. 11(c)(3); L.R. 11-9 ("The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7."). Such sanctions may include monetary sanctions or the imposition of costs and attorneys' fees to opposing counsel. L.R. 83-7.

Furthermore, in its opposition, Goldwater ***does*** specify why Elizarov's Rule 11 Motion was frivolous and lacked evidentiary or legal basis:

> The vast majority of the instant Motion does not advance legitimate arguments about Rule 11 but instead improperly deploys merits arguments, ignores the well-pleaded allegations in the Complaint, and seeks to relitigate Elizarov and Alekseyeff's motions to dismiss.[22]

Earlier in its opposition, Goldwater highlights why Elizarov's Rule 11 Motion was an improper attempt at relitigating his previously denied motion to dismiss.[23] In particular, Goldwater cites *Douglas v. TD Bank USA*, which held that "[a] Rule 11 motion for sanctions is not an appropriate substitute for summary judgment proceedings." *Douglas v. TD Bank USA*, 2021 WL 5861558, at *3 (D. Or. Aug. 11, 2021). Goldwater explains in depth that Rule 11 motions are inappropriate substitutes for motions addressing the merits, and Goldwater repeatedly argues that point throughout its opposition. *See GN Resound A/S v. Callpod, Inc.*, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013).

---

[22] Goldwater's Opposition to Elizarov's Motion for Sanctions (the "Rule 11 Opposition") [ECF No. 197] 26:19-22.

[23] *Id.* at 10:19-21.

In his reply, Elizarov acknowledges that his Rule 11 Motion "*does* test the *evidentiary basis*" for Goldwater's claims,[24] but he offers no sound reason why he filed a sanctions motion instead of a motion for summary judgment. Moreover, in its opposition, Goldwater defends the factual basis for each of its claims, and this Court outlined why Elizarov's Rule 11 Motion was inappropriate regarding each of those claims.[25]

According to Ninth Circuit authority on Rule 11 sanctions, Elizarov was clearly wrong in disguising a motion for summary judgment as a Rule 11 Motion. "Among other grounds, a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). The standard governing both the "improper purpose" and "frivolous" inquiries is objective. *See id.* (citing *Townsend v. Holman Consulting*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*en banc*). "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *Id.* (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986)).

Here, Elizarov as much as admits that his Rule 11 Motion was the motion-equivalent of a mulligan and that it was a thinly veiled attempt to relitigate his denied motion to dismiss. Even if Elizarov, and his counsel Alekseyeff, thought that the Rule 11 Motion was meritorious based upon their superior evidence, no reasonable attorney admitted to practice before this Court would have misconstrued a Rule 11 Motion with either a motion to dismiss or a motion for summary judgment. *See Bell v. Nat'l Credit Servs. Inc.*, 2020 WL 8832899

---

24 Rule 11 Motion Reply [ECF No. 206] 4:1-4 (emphasis in original).

25 *See* Sanctions Order.

(W.D. Wash. Oct. 14, 2020), *report and recommendation adopted*, 2021 WL 928161 (W.D. Wash. Mar. 11, 2021) ("Counsel should know that Rule 11 is not the vehicle to obtain a judgment on the merits as it applies only to the signing of a pleading or motion and when evaluating the pleading, the Court looks objectively at the attorney's conduct at the time of signing." (citing *Community Elec. Serv. v. National Elec. Contractors Ass'n, Inc.*, 869 F.2d 1235, 1243 (9th Cir. 1989), *cert. denied*, 493 U.S. 891 (1989)). As such, the frivolous nature of Elizarov's Rule 11 Motion was sufficiently egregious to warrant sanctions under Rule 11(b).

**B. Rule 11(c)(6) and Sanctioned Conduct**

Elizarov contends that this Court did not sufficiently describe in its Order what conduct by Elizarov or Alekseyeff was being sanctioned.[26] Rule 11(c)(6) requires that "[a]n order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Although Part III.A of the instant Order discusses in depth the improper nature of Elizarov's Rule 11 Motion, this Court's previous Sanctions Order also plainly identified Elizarov's sanctionable conduct:

> Elizarov's Motion represents a pattern of vexatious behavior in the instant action; the Court previously admonished Elizarov regarding his filings. Instead of heeding the Court's warning, Elizarov chose instead to consume additional judicial resources with the instant meritless Motion.[27]

With respect to sanctions motions, the Federal Rules provide that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2); *see*

---

[26] Opposition 1:27-2:5.

[27] Sanctions Order 10:15-19.

*also* L.R. 83-7 (allowing courts to impose costs and attorneys' fees to opposing counsel for bad faith or willful disobedience of a court order). Furthermore, pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Moreover, Elizarov—and his attorney Alekseyeff—should have known that merely ***filing*** a Rule 11 Motion against Goldwater created a risk that this Court would impose sanctions against Elizarov. As the Advisory Committee's notes on Rule 11 state:

> As under former Rule 11, ***the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.*** However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion-reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

Fed. R. Civ. P. 11. (emphasis added); *see also Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001) (imposing costs and attorneys' fees as a counter-sanction for the defendant filing an improper sanctions motion). Because Elizarov forced Goldwater to defend itself against an improper and legally baseless Rule 11 Motion, Elizarov opened the door to the instant imposition of an award to Goldwater of its costs and attorneys' fees.

**C. Deterrence and Frivolous Filings**

Elizarov's final argument against the Court's imposition of costs and fees is that it will not deter him from "making 'frivolous' arguments" and that it is "impossible for Elizarov and his counsel to determine what they must do to

improve."[28] Although this Court's Sanctions Order made it plainly obvious why Elizarov's Rule 11 Motion was inappropriate, in the intervening months Elizarov has continued to file baseless motions, most recently through his and Alekseyeff's motion to disqualify Magistrate Judge Sheri Pym.[29] Although the Court did not sanction Elizarov or Alekseyeff for that frivolous filing, both Elizarov and Alekseyeff have been on notice[30] that it is precisely the type of baseless motion that the instant award is meant to deter.

In their Motion to Disqualify, Elizarov and Alekseyeff complained about Magistrate Judge Pym's candid review of their case during confidential settlement negotiations that took place over a year ago.[31] Specifically, Elizarov and Alekseyeff took issue with Magistrate Judge Pym's frank assessment of Alekseyeff's conduct, in which she allegedly stated:

> I have to tell you, I've never seen a case like this before. I've seen criminal cases like this but not civil. Your client has to think about that. And you also have to think what you're doing because you may lose your license because of this case.[32]

Despite the privacy of that conversation—within the confidential confines of settlement negotiations in which Magistrate Judge Pym sought to impress upon Elizarov and Alekseyeff the seriousness of their legal situation—they filed a baseless motion to disqualify Magistrate Judge Pym on account of her supposed

---

28 Opposition 2:6-12.

29 *See* Def.'s Mot. to Disqualify Magistrate judge Sheri Pym ("Motion to Disqualify") [ECF No. 243].

30 *See* Order on Mots. to Dismiss [ECF No. 148] 8:21-9:2 ("Elizarov's misinterpretation is so flagrant that the Court must admonish Elizarov and his counsel that '[t]he presentation to the Court of frivolous . . . opposition to motions . . . subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7.' L.R. 11-9.").

31 *See* Order Denying Elizarov's Mot. to Disqualify [ECF No. 265].

32 *Id.* at 4.

bias.[33] Elizarov and Alekseyeff filed their Motion to Disqualify on the heels of several unsuccessful motions before Magistrate Judge Pym, including seven discovery-related motions and *ex parte* applications.[34]

Elizarov and Alekseyeff concluded their meritless Motion to Disqualify by impugning Magistrate Judge Pym's character and insinuating that she harbored prejudice against Elizarov and Alekseyeff because both "were *gay men* and were in a *domestic partnership*."[35] This Court's order detailed why Elizarov and Alekseyeff's allegation was baseless and insulting and how it ran afoul of State Bar of California Rule 8.2(a), which states: "A lawyer shall not make a statement of fact that the lawyer knows* to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge or judicial officer."

The Court noted that Elizarov and Alekseyeff's Motion to Disqualify was "***fragrantly frivolous***," and Elizarov and his counsel were "***admonished not to make any more frivolous motions in this action***, particularly those containing baseless allegations against officers of the court."[36] Alekseyeff is an experienced public defender, with over 16 years of experience practicing law in California.[37] From Alekseyeff's years of experience, this Court can assume that he knows the difference between a reasonable motion and one that is baseless and without

---

33 *Id.* at 3.

34 *See* Mot. to Dismiss First, Second, Third, Fourth, Fifth, and Sixth Causes of Action in the Am. Compl. [ECF No. 52]; Mot. to Dismiss Scott Howlett's Cross-Complaint [ECF No. 63]; *Ex Parte* App. for Relief From Non-Party Subpoenas *Duces Tecum* [ECF No. 171]; Mot. to Quash Subpoenas *Duces Tecum* to Rite Care Hospice, Inc. and eCivis [ECF No. 176]; Mot. for Sanctions Against Pl. Goldwater Bank, *et al.* [ECF No. 182]; Mot. to Compel a Response to Interrogatories, Requests for Admissions, and Requests for Production, as Well as Documents From Pl. Goldwater Bank, *et al.* [ECF No. 184]; and Mot. for Review re Order on Motion to Quash [ECF No. 202].

35 Motion to Disqualify 8:5-6 (emphasis in original).

36 Order Denying Elizarov's Mot. to Disqualify 6 (emphasis in original).

37 Decl. of Ilya Alekseyeff Supporting the Motion to Disqualify [ECF No. 243-1] ¶¶ 40 & 41.

merit. For Elizarov to protest in his instant Opposition that the Court has made it "impossible for Elizarov and his counsel to determine what they must do to improve" strains the Court's credulity.[38] The Court has patiently and repeatedly informed Elizarov how his and his counsel's conduct have swerved into unacceptable territory. Accordingly, the Court finds that the imposition of costs and attorneys' fees associated with Elizarov's Rule 11 Motion is appropriate.

Finally, Elizarov maintains that monetary sanctions should not be awarded because they are granted so rarely that "Elizarov did not even request those as a part of his own motion for sanctions," but a quick read through Elizarov's Rule 11 Motion exposes his statement as false.[39] In the final sentence before concluding his Rule 11 Motion, Elizarov requests that the Court "impose a reasonable sanction to ***compensate*** Elizarov for litigating these baseless allegations."[40] Monetary compensation was exactly what Elizarov requested as a sanction in his Rule 11 Motion, and the Court concludes that "what's good for the goose is good for the gander." *E.g.*, *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 314 (2002) (Thomas, J., dissenting).

**D. Costs and Attorneys' Fees Calculations**

Next, the Court must calculate the award of reasonable attorneys' fees and costs for Goldwater's defense against Elizarov's frivolous Rule 11 Motion. A reasonable attorneys' fee is decided in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. *See, e.g.*, *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "calculated according to the prevailing market rates in

---

38 Opposition 2:6-10.

39 *Id.* at 3:16-18.

40 Rule 11 Motion 24:22-24 (emphasis added).

the relevant community." *Lanard Toys Ltd. v. Dimple Child LLC*, 2021 WL 1577784, at *1 (C.D. Cal. Apr. 21, 2021) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)).

The burden is on the party seeking fees to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Courts should "exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Sorenson*, 239 F.3d at 1146 (internal quotation marks and citation omitted). Second, the court determines if the lodestar should be adjusted to reflect a reasonable fee by looking at the factors discussed in *Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975).[41] "A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011).

Here, Goldwater requests $26,827.00 in attorneys' fees and expenses related to defending Elizarov's Rule 11 Motion.[42] Goldwater asserts that billable rates in the range of $500 per hour for attorneys with approximately 10 years of experience are reasonable. *See Jay F. v. William S. Hart Union High Sch. Dist.*,

---

41 The 12 *Kerr* factors bearing on reasonableness are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

42 Motion 4:25-5:3.

2020 WL 10965070, at *2 (C.D. Cal. Jan. 31, 2020).  Although the Court concurs with Goldwater's estimated billable rates, multiple time-entries exceed what would reasonably be expected of an attorney defending against Elizarov's meritless motion.  *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'") (citation omitted).

As such, the Court reduces the following five time entries by 50%:

- August 24, 2022:  3.8 hours billed by Joseph LeVota at $300 per hour for a total of $1,140, for "[d]raft and revise meet and confer letter re Elizarov's proposed Motion for Rule 11 Sanctions."[43]
- September 29, 2022:  4.8 hours billed by Derek Bast at $425 per hour for a total of $2,040, for "[t]end to preparation of Response in Opposition to Rule 11 Motion including researching applicable law and argument incorporation into current draft."[44]
- September 29, 2022:  5.9 hours billed by Sean Wagner at $500 per hour for a total of $2,950, for "[w]ork on preparing and revising response to frivolous Rule 11 motion including researching applicable law and argument incorporation into current draft."[45]
- September 30, 2022:  10.7 hours billed by Derek Bast at $425 per hour for a total of $4,547.50, for "[w]ork on preparing and revising response to frivolous Rule 11 motion including additional legal research, adding additional supportive, substantive evidence, and seeking monetary sanctions in exchange."[46]

---

[43] Decl. of Joseph LeVota in Supp. of the Motion [ECF No. 259-3] 4.
[44] Decl. of Season Wagner in Supp. of the Motion [ECF No. 259-2] 6.
[45] *Id.*
[46] *Id.*

- February 21, 2023: 2.3 hours billed by Abbey Krysak at $425 per hour for a total of $1,035, for "[t]end to preparation of Application for Fees pursuant to Court Order, including supporting declarations and exhibits thereto."[47]

Accordingly, the Motion's award request will be reduced by $5,856.25, and Goldwater will be awarded $20,970.75 in reasonable attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Goldwater's Motion is **GRANTED-in-part** and **DENIED-in-part**.

2. No later than June 2, 2023, Elizarov is **DIRECTED** to remit to Goldwater $20,970.75 in reasonable attorneys' fees and costs.

3. Elizarov is also **DIRECTED** to file a Notice of Compliance with Sanctions Order within 48 hours of his compliance with this Order.

**IT IS SO ORDERED.**

Dated: May 9, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[47] *Id.*