Sean C. Wagner (Pro Hac Vice)
Abbey M. Krysak (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 262760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:  (619) 795-0300
Facsimile:   (619) 501-6855

Marie B. Maurice (SBN 258069)
Marina Samson (SBN 315024)
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Counsel for Plaintiff
GOLDWATER BANK, N.A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, N.A.**, <br><br> Plaintiff, <br><br> v. <br><br> **ARTUR ELIZAROV, *ET AL*.** <br><br> Defendants. | Case No. 5:21-cv-00616-JWH-SPx <br><br> *Assigned to the Hon. Sheri Pym* <br><br> **PLAINTIFF GOLDWATER BANK, N.A.'S SUBMISSION OF DECLARATION IN SUPPORT OF SANCTIONS REQUEST AND SUPPORTING MATERIAL PURSUANT TO COURT ORDER [ECF NO. 225]** |

  Plaintiff Goldwater Bank, N.A. ("Goldwater") hereby submits its Declaration in Support of Sanctions Request and Supporting Material pursuant to this Court's Order of May 5, 2023 [ECF No. 277] directing Goldwater to file documentation supporting its fees and expenses associated with its Motion for Sanctions against

PLAINTIFF'S DECLARATION AND SUPPORTING MATERIALS-1-

Defendants Elizarov and Alekseyeff [ECF No. 225] for their failure to comply with this Court's September 21, 2022 Order compelling certain discovery from them [ECF No. 190].

## I. INTRODUCTION

As both this Court and Judge Holcomb have begun to recognize, Defendant Elizarov, by and through his counsel, co-Defendant, and domestic partner Alekseyeff, has engaged in a pattern of bad faith discovery conduct and frivolous motion practice calculated solely to harass, annoy, and oppress Plaintiff Goldwater. *See, e.g.,* [ECF Nos. 265; 278; 279; 280, p.6]. These Defendants' failure to comport with this Court's September 21, 2022 Order compelling discovery is yet another example of what has become a laundry list of obstructive and otherwise vexatious litigation conduct. Goldwater asks the Court to award it the full amount it seeks in this Motion, and any further relief the Court deems just and appropriate in another effort to deter Defendants from continuing this and similar conduct going forward.

## II. LAW AND ARGUMENT

### A. THE COURT HAS ALREADY DETERMINED THAT GOLDWATER IS ENTITLED TO AN AWARD OF FEES AND COSTS.

As the Court recognized in its Order, FED. R. CIV. P. 37(b)(2)(C) provides that "Where, as here, a party has disobeyed an order to provide discovery, 'the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *See* [ECF No. 277, p. 8 (emphasis added)]. The Court further stated that:

> The court does not find defendant's failure to fully comply with the September 21 order to have been substantially justified here, nor are there other circumstances that make an award of expenses unjust. Plaintiff's October 26, 2022 letter clearly advised defendant of the

PLAINTIFF'S DECLARATION AND SUPPORTING MATERIALS-2-

deficiencies in his supplemental responses. Although he may have been unable to correct the deficiencies immediately due to counsel's trial, several months have since passed with no further supplementation. Instead, defendant has maintained his supplemental responses are inadequate, when they plainly are not. Further, defendant's failure to fully comply with the court's September 21 order has prejudiced plaintiff in its ability to conduct meaningful discovery and prepare its case for trial. For all these reasons, the court finds that monetary sanctions in the form of attorneys' fees are warranted here.

[ECF No. 277, p. 8 (internal citations omitted)]. With this finding, the Court directed Goldwater to "file a declaration in support of its sanctions request, detailing the hours it spent on this motion only and including any supporting material that may be relevant to the amount of a potential sanction award." Goldwater has done so with the instant Motion and attachments. [ECF No. 277, p. 8].

### B. THE EVIDENCE SUBMITTED HEREWITH ESTABLISHES THE ATTORNEYS' FEES AND COSTS INCURRED AND THE REASONABLENESS THEREOF.

Because the Court has already determined an award of fees is warranted, it need only determine here the reasonableness of the award. *See Lanard Toys Ltd. v. Dimple Child LLC*, No. CV 19-616 PA (EX), 2021 WL 1577784, at *1 (C.D. Cal. Apr. 21, 2021). "A reasonable attorneys' fee is determined in two steps." *Id.* "First, the Court must determine a reasonable 'lodestar' fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. *Id.* "A reasonable hourly rate is 'calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" *Id.* (internal quotations omitted). "Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by

looking at the [twelve] factors discussed in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975)."[1] *Id.*

In recent years, trial courts in this district have found reasonable rates in the range of $500 per hour for attorneys with approximately ten (10) years of experience. *Jay F. v. William S. Hart Union High Sch. Dist.*, No. CV1605117TJHGJSX, 2020 WL 10965070, at *2 (C.D. Cal. Jan. 31, 2020). Moreover, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," *Moreno v. Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This Court has broad discretion to determine a reasonable amount of attorneys' fees and may even increase the lodestar figure in exceptional cases based on factors not subsumed in the lodestar calculation. *See Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000).

To facilitate the Court's fee determination, Goldwater has submitted the Declaration of attorney Sean C. Wagner as ordered. *See* **Exhibit 1**. This Declaration sets forth the time and rates of each attorney working on the relevant matters, along with invoices showing the activities performed by each attorney who worked in preparing Goldwater's Motion for Sanctions, which included a fifteen (15)-page memorandum of points and authorities [ECF No. 225-1], as well as the preparation and appearance at a hearing before this Court. This Declaration further establishes that the records attached reflect only time spent attempting to get Defendants to comply with the most basic of discovery obligations. Based on the foregoing, Goldwater requests the Court order an award of its relevant attorney's fees totaling

---

[1] The twelve *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d 67 at 70.

$11,555 and expenses totaling $2,852.05. Pursuant to L.R. 7-20, a Proposed Order has been submitted herewith.

### III. CONCLUSION

**WHEREFORE**, **PREMISES CONSIDERED**, Goldwater respectfully requests this Court enter an order awarding it the $14,407.05 in attorneys' fees and expenses it incurred in attempting to avoid and in ultimately preparing its necessary Motion for Sanctions against Defendants Elizarov and Alekseyeff.

Dated: May 12, 2023

Respectfully submitted,

**WAGNER HICKS PLLC**

By: */s/ Sean C. Wagner*
   Sean C. Wagner, Esq.
   Abbey M. Krysak, Esq.

AND

**HILBERT & SATTERLY LLP**

   John Forest Hilbert, Esq.
   Joseph A. LeVota, Esq.

AND

**IVIE McNEILL WYATT PURCELL & DIGGS**

   Marie B. Maurice, Esq.
   Marina Samson

*ATTORNEYS FOR DEFENDANT GOLDWATER BANK N.A.*

PLAINTIFF'S DECLARATION AND SUPPORTING MATERIALS-5-

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing "Declaration in Support of Sanctions Request and Supporting Material pursuant to Court Order [ECF NO. 225]" to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

This the 12th day of May, 2023.

/s/ Sean C. Wagner
Sean C. Wagner

PLAINTIFF'S DECLARATION AND SUPPORTING MATERIALS-6-