ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, *Plaintiff,* <br><br> vs. <br><br> **ARTUR ELIZAROV, ET AL.**, *Defendant.* | **5:21-cv-616-JWH-SP** <br><br> EVIDENTIARY OBJECTIONS <br><br> **DISCOVERY MOTION** <br> Hon. Shri Pym, Magistrate Judge |

Defendant Artur Elizarov objects to the evidence submitted by Goldwater Bank [Dkt no. 281] as follows:

**Objection No. 1**

**Objectionable testimony:**

"Through my work in California's federal courts and with local counsel, I am familiar with the rates of other attorneys with similar education and experience charge in the community. The rate I charge is consistent with rates of other practitioners in the community." (Dkt 281-1 at p. 3 ¶ 9.)

\\\

**Grounds for objection:**

*(1) Opinion without foundation.* The witness formed the opinion that his rate of $500 per hour and $650 per hour is consistent with rates of other practitioners in the community.

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). While "declarations of the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate," to satisfy the burden the attorney must still "submit 'satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Widrig v. Apfel* (9th Cir. 1998) 140 F.3d 1207, 1210 (citing *Blum v. Stenson, supra*).

Although the witness relied on his "work in California's federal courts," the witness did not identify any recent California cases where counsel (who is admitted to practice in this case *pro hac vice*) has handled recently *other than this lawsuit* to justify this rate. Nor did the witness explain what the other practitioners charge, who those practitioners are, or otherwise how the witness knew that others charged similar rates. *See also* Fed.R.Evid 701(a) (opinion must be rationally based on the witness's perception).

*(2) Hearsay.* To the extent that the witness introduced his testimony that others in the community charge similar rates, that testimony, if offered for the truth (i.e., that other practitioners charge similar rates) is hearsay. Fed.R.Evid. 801, 802.

\\\

## Objection No. 2

**Objectionable testimony:**

"Attorney Abbey M. Krysak is denoted by the initials AMK. She was admitted pro hac vice in this action on October 19, 2022. She has been licensed to practice law in the state of North Carolina since 2013 and the state of South Carolina since 2014. She is also admitted to the United States District Court for the Western, Eastern, and Middle District of North Carolina, as well as the United States District Court for the District of South Carolina." (Dkt 281-1 at p. 3 ¶ 10.)

**Grounds for objection:**

*(1) Lack of personal knowledge.* Because the witness described another person's experience, the witness had to explain how the witness knew the information reported. Absent such additional explanation, the proferred testimony is inadmissible. Fed.R.Evid. 602; *see also* L.R. 7-4 (declarations must comply with Fed.R.Civ.P. 56(c)(4)); Fed.R.Civ.P. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion [to] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

*(2) Hearsay.* Because the witness described Ms. Krysak's experience, the witness could find this information *only* from other sources, such as Ms. Krysak herself. To the extent the testimony is offered to prove that Ms. Krysak had the experience as described in the paragraph, the testimony is hearsay. Fed.R.Evid. 801, 802. If Goldwater wanted the court to consider Ms. Krysak's experience, Goldwater had to submit Ms. Krysak's separate declaration describing her experience based on Ms. Krysak's personal knowledge.

## Objection No. 3

**Objectionable testimony:**

"Through my work in California's federal courts and with local counsel, I

am familiar with the rates of other attorneys with similar education and experience in the community, and these rates are consistent with rates of other similarly experienced practitioners in the community." (Dkt 281-1 at p. 4 ¶ 12.)

\\\

**Grounds for objections:**

*(1) Opinion without foundation.* The witness formed the opinion that his rate of $500 per hour and $650 per hour is consistent with rates of other practitioners in the community.

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). While "declarations of the prevailing market rate in the relevant community are sufficient to establish a reasonable hourly rate," to satisfy the burden the attorney must still "submit 'satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Widrig v. Apfel* (9th Cir. 1998) 140 F.3d 1207, 1210 (citing *Blum v. Stenson, supra*).

Although the witness relied on his "work in California's federal courts," the witness did not identify any recent California cases where counsel (who is admitted to practice in this case *pro hac vice*) has handled recently *other than this lawsuit* to justify this rate. Nor did the witness explain what the other practitioners charge, who those practitioners are, or otherwise how the witness knew that others charged similar rates. *See also* Fed.R.Evid 701(a) (opinion must be rationally based on the witness's perception).

*(2) Hearsay.* To the extent that the witness introduced his testimony that others in the community charge similar rates, that testimony, if offered for the truth

(i.e., that other practitioners charge similar rates) is hearsay. Fed.R.Evid. 801, 802.

### Objection No. 4

**Objectionable testimony:**

Ms. Krysak spent 10.8 hours assisting with the prosecution of Goldwater's Motion for Sanctions… and Ms. Krysak spent 11.5 hours assisting with the prosecution of Goldwater's Motion for Sanctions… ." (Dkt 281-1 at p. 4 ¶ 15.)

**Grounds for objection:**

*(1) Lack of personal knowledge.* Because the witness described another person's actions, the witness had to explain how the witness knew the information reported. Absent such additional explanation, the proffered testimony is inadmissible. Fed.R.Evid. 602; *see also* L.R. 7-4 (declarations must comply with Fed.R.Civ.P. 56(c)(4)); Fed.R.Civ.P. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion [to] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

*(2) Hearsay.* Because the witness described Ms. Krysak's billing, the witness could find this information *only* from other sources, such as Ms. Krysak. (If the witness claims that he sat next to the witness and personally observed the witness worked the number of hours described in the statement, the witness had to say that in the declaration.) To the extent the testimony is offered to prove that Ms. Krysak worked those hours, the testimony is hearsay. Fed.R.Evid. 801, 802. If Goldwater wanted the court to consider Ms. Krysak's hours, Goldwater had to submit Ms. Krysak's separate declaration describing her hours based on Ms. Krysak's personal knowledge.

\\\

## Objection No. 5

**Objectionable testimony:**

"Wagner Hicks spent a total of 29.1 hours, of varying rates, preparing and prosecuting the Motion for Sanctions for a total of $11,555 in fees." (Dkt 281-1 at p. 4 ¶ 16.)

**Grounds for objection:**

*(1) Lack of personal knowledge.* Because the witness described other persons' actions, the witness had to explain how the witness knew the information reported. Nor did the witness explain how the witness arrived at the sum of $11,555 in fees. Absent such additional explanation, the proffered testimony is inadmissible. Fed.R.Evid. 602; *see also* L.R. 7-4 (declarations must comply with Fed.R.Civ.P. 56(c)(4)); Fed.R.Civ.P. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion [to] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

*(2) Hearsay.* Because the witness described other peoples' work, the witness could find this information *only* from other sources, such as those other witnesses. To the extent the testimony is offered to prove that persons other than the witness worked the number of hours described in the statement, the testimony is hearsay. Fed.R.Evid. 801, 802. If Goldwater wanted the court to consider the hours that persons other than the witness (who testified to his individual work based on his personal knowledge in paragraph 14) worked on the motion, Goldwater had to submit separate declarations by those witnesses.

## Objection No. 6

"Goldwater also incurred expenses in preparing and otherwise arguing the Motion for Sanctions in the amount of $2,852.05, as reflected in the attached records." (Dkt 281-1 at p. 17 ¶ 17.)

**Grounds for objection:**

*(1) Lack of personal knowledge.* Because the witness described what "Wagner Hicks" incurred rather than the expenses that the witness personally incurred and paid for, the witness had to explain how the witness knew the information. Absent such additional explanation, the proffered testimony is inadmissible. Fed.R.Evid. 602; *see also* L.R. 7-4 (declarations must comply with Fed.R.Civ.P. 56(c)(4)); Fed.R.Civ.P. 56(c)(4) ("[a]n affidavit or declaration used to support or oppose a motion [to] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). Nor did the witness include any records to justify $2,852.05 in expenses as claimed in the statement.

*(2) Hearsay.* Because the witness described what others at Wagner Hicks incurred, the witness could find this information *only* from other sources, such as other employees at Wagner Hicks. To the extent the testimony is offered to prove that other employees at Wagner Hicks paid for certain expenses, the testimony is hearsay. Fed.R.Evid. 801, 802. If Goldwater wanted the court to consider evidence of these expenses, Goldwater had to introduce invoices justifying the expense and declarations qualified to testify about the expenses based on personal knowledge.

## Objections No. 7

**Objectionable exhibit:**

The two-page table attached to the declaration on pages 6-7. (Dkt 281-1 at pp. 6-7.)

**Grounds for objections:**

*(1) Lack of authentication.* To be admissible, documents must be authenticated. Fed.R.Evid. 901. So, when proof relies on documents, [those] must first be authenticated. Fed.R.Evid. 402, 901. "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by

evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901. To properly authenticate documents used to support a motion, a party must attach the documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial. *Orr v. Bank of America, NT SA,* 285 F.3d 764, 773-74 (9th Cir. 2002). An affiant must show personal knowledge of the evidence, and is competent to testify to the matters stated therein. *Id.* at 774 n. 9. "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." *Id.* at 774 n. 8 (quoting 31 Wright Gold, Federal Practice Procedure: Evidence § 7106, p. 43 (2000)) (internal quotation marks omitted).

*Laasko v. Xerox Corp,* 566 F. Supp. 2d 1018, 1020-21 (C.D. Cal. 2008) (original citations). Here, although Wagner testified that this document showed what each person did for the case and how much each person spent on each activity, Wagner did not explain what this document was, where it came from, who created this document and when, and otherwise how he knew what this document was. Absent this testimony, the records are inadmissible for lack of proper authentication.

*(2) Hearsay.* To the extent that the attachment is offered to prove that the various individuals spent the hours listed on the activities described, the record is hearsay. Fed.R.Evid. 801, 802. The exception under Fed.R.Evid. 803(6) does not apply because the declaration did not state that each entry was made at or near the time by someone with knowledge, Fed.R.Evid. 803(6)(A); or that this particular record was kept in the course of a regularly conducted business activity of Wagner Hicks, Fed.R.Evid. 803(6)(B); or that making this type of record of the activity was Wagner Hicks' regular practice, Fed.R.Evid. 803(6)(C). In fact, Goldwater offered no evidence to explain where this record came from, who created it, or when the entries in the record were made.

## CONCLUSION

Goldwater submitted a single declaration of attorney Sean Wagner who then tried to justify not only his billing but also billing of others at the firm who did not

submit their respective declarations. Because Wagner's testimony that did not directly relate to Wagner's own activities is inadmissible for lack of foundation and hearsay, the declaration only established that Sean Wagner personally spent a total of 2.9 hours "assisting with Goldwater's prosecution of motion for sanctions." Because this – and only this – testimony was based on Wagner's personal knowledge, Elizarov concedes that Goldwater is entitled to recover its fees for these hours, which Elizarov also found reasonable. However, because the declaration did not justify the billing rate of $500 or $650 per hour, Goldwater is not entitled to recover its fees at those rates.

Therefore, the court should award sanctions sufficient to compensate Goldwater for 2.9 hours of work at the rate that the court finds reasonable.

Dated: 05/19/2023.

Respectfully submitted,

LOIA, INC. (APLC)

*Ilya Alekseyeff*

By: Ilya Alekseyeff
Attorney for Artur Elizarov