HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hdhall@hallgriffin.com*
JEREMY T. KATZ, State Bar No. 267361
  *jkatz@hallgriffin.com*
KASANDRA C. GOLDBERG, State Bar No. 345364
  *kgoldberg@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant and Cross-Complainant SCOTT HOWLETT; Defendant BMO HARRIS BANK N.A., Successor by Merger to BANK OF THE WEST

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GOLDWATER BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ARTUR ELIZAROV; UNISON AGREEMENT CORP.; SCOTT HOWLETT; BANK OF THE WEST; and ILYA ALEKSEYEFF,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 21-cv-00616-JWH-SP<br><br>JUDGE:  Hon. John W. Holcomb<br>CTRM.:   9D<br><br>**DISCOVERY MATTER –**<br><br>**DECLARATION OF JEREMY T. KATZ IN SUPPORT OF EX PARTE APPLICATION TO COMPEL**<br><br>*Filed concurrently with Ex Parte Application; Memorandum of Points and Authorities; [Proposed] Order*<br><br>JUDGE: Hon. Sheri Pym<br>CRTRM.:   4<br><br>DISCOVERY CUTOFF: June 15, 2023<br>PRE-TRIAL CONF: November 3, 2023<br>TRIAL DATE:    November 27. 2023 |

I, Jeremy T. Katz, declare as follows:

1. I am an attorney at law duly licensed to practice before all of the courts in the State of California and the Federal District Court for the Central District of California. I am an attorney with the law firm of Hall Griffin LLP, counsel of record for Defendant and Cross-Complainant SCOTT HOWLETT ("Howlett"); Defendant BMO HARRIS BANK N.A., Successor by Merger to BANK OF THE

---

DECLARATION OF JEREMY T. KATZ

4893-9485-3988.3

1 WEST ("BOTW") (collectively "Defendants") in this action. I have knowledge of the facts set forth in this Declaration based on my personal knowledge and based on my review of the records and files regularly kept by Hall Griffin LLP during the course of its representation of Howlett and BOTW, and if called as a witness, could and would competently testify to such facts under oath.

2. On or about November 14, 2022, Defendant Artur Elizarov ("Mr. Elizarov") and his attorney Ilya Alekseyeff ("Mr. Alekseyeff"), who is also a defendant in this action, served a Notice of Deposition for Goldwater's 30(b)(6) deposition, which was scheduled for December 5, 2022. A true and correct copy of the November 14, 2022 Deposition Notice is attached hereto as Exhibit 1.

3. On December 1, 2022, Mr. Alekseyeff sent the topics from Defendants and from Unison to Goldwater. Also, on December 1, 2022, the parties met and conferred by telephone on the topics included in the initial Deposition Notice. A true and correct copy of the email memorializing the email exchange and the December 1, 2022 meet and confer is attached hereto as Exhibit 2.

4. The parties through counsel held additional conferences of counsel regarding the deposition topics and deposition scheduling. A true and correct copy of the confirming email exchange is attached hereto as Exhibit 3.

5. Following the initial meet and confer on December 1, 2022, it took a month to schedule a follow up meet and confer. The next meet and confer was held on January 11, 2023. (Ex. 3, page 10.) Goldwater's counsel agreed to circulate a confirming list of the agreed-upon deposition topics by January 14, 2023. (Exhibit 3 at page 9.) Goldwater's counsel missed that deadline.

6. On January 18, 2023, Unison's counsel followed up, but Goldwater's Counsel did not respond. (Ex. 3, pages 8-9.) On January 25, 2023, I followed up with Goldwater's counsel reminding them that they were supposed to provide the agreed-upon topics and the dates for Goldwater's 30(b)(6) deposition. (Ex. 3, page 8.)

7. On January 27, 2023, Goldwater's Counsel, Abbey Krysak, provided the deposition topics as decided by the meet and confer. (Ex. 3 pages 5-8.) However, she did not provide any dates for the deposition. (Ex. 3, pages 5-8.)

8. On February 10, 2023, Goldwater's counsel finally provided dates for the Rule 30(b)(6) deposition: the week of March 20, 2023, or the week of March 27, 2023, which was past the discovery cutoff date of March 17, 2023. (Ex. 3, page 4-5.)

9. After the discovery cutoff date was continued, I requested new availability for the deposition as Mr. Alekseyeff was unavailable during the prior dates proposed. (Ex. 3, page 4.) On March 20, 2023, Ms. Krysak agreed to provide updated availability. (Ex. 3, page 3.) On March 22, 2023, I followed up with Goldwater's Counsel as we still had not received the deposition dates. (Ex. 3, page 2.) On March 23, 2023, Goldwater's counsel provided new dates. (Ex. 3, page 2.) The parties agreed to set the 30(b)(6) deposition for May 12, 2023. (Ex. 3, page 1.)

10. On March 24, 2022, I propounded Howlett and BOTW's Cross-Notice of Goldwater's 30(b)(6) deposition. A true and correct copy of the Cross-Notice of Deposition is attached hereto as Exhibit 4.

11. Goldwater's 30(b)(6) deposition began on May 12, 2023, and Goldwater produced Christine Overbeck as its 30(b)(6) deponent. (See Exhibit 5, Rough Transcript, throughout.) A true and correct copy of the rough transcript from the Ms. Overbeck's May 12, 2023 deposition is attached hereto as Exhibit 5. Goldwater objected to the court reporter making a final version—or even a "Volume One"—of the deposition transcript, so the rough transcript is the only version presently available. (See Exhibit 5 at page 181.)

12. Christine Overbeck identified herself as Goldwater's sole designated 30(b)(6) witness. (See Exhibit 5 at page 3.) Ms. Overbeck testified that she is Goldwater's Senior Vice President of Operations for the Residential Lending Division. (See Exhibit 5 at pages 8-9.) She further testified that she manages

3
DECLARATION OF JEREMY T. KATZ

4893-9485-3988.3

1 Goldwater's policies and procedures for audits and for review by the board. (See
2 Exhibit 5 at page 7.)

3     13. During the deposition, Christine Overbeck appeared lucid and gave
4 detailed responses to many of the topics. (See Exhibit 5, throughout.) However,
5 Goldwater's counsel contended that some of my questions were outside the scope of
6 the designated deposition topics, and Goldwater's counsel instructed Overbeck not
7 to respond to my questions approximately 40 times. (See Exhibit 5 at pages 8, 9, 10,
8 12, 43, 45, 46, 51, 52, 62, 63, 64, 70, 71, 85, 86, 87, 88, 89, 93, 98, 101, 102, 103,
9 104, 105, 106, 111, 112, 114, 115, and throughout.)

10     14. Following several hours of testimony—after Goldwater's counsel
11 interrupted my line of questions to demand "5 minute bathroom break," which they
12 stretched into a 35 minute break— after which Goldwater's counsel unilaterally
13 suspended the deposition based on the contention that Ms. Overbeck was not feeling
14 well and that it was affecting her ability to recall information. (See Exhibit 5, PDF
15 pages 180-181.)

16     15. On May 15, 2023, Goldwater's counsel provided two dates for the
17 resumed 30(b)(6) deposition: May 24, 2023 and May 31, 2023. Mr. Alekseyeff was
18 unavailable on May 24, 2023, so the Rule 30(b)(6) deposition was scheduled to
19 resume on May 31, 2023.

20     16. On May 15, 2023, I sent a letter regarding Goldwater's improper
21 instructions to Ms. Overbeck to withhold information during her May 12, 2023
22 deposition. A true and correct copy of the May 15, 2023 email exchange containing
23 my May 15, 2023 meet and confer letter is attached hereto as Exhibit 6. On May 17,
24 2023, Goldwater agreed to a telephone meet and confer scheduled for May 18, 2023.

25     17. On May 18, 2023, I met and conferred with the other parties' counsel
26 regarding the May 12, 2023 suspended deposition and the continued deposition set
27 for May 31, 2023. A true and correct copy of the confirming email chain is attached
28 hereto as Exhibit 7.

18. During the May 18, 2023 conference of counsel, Goldwater: (1) confirmed that the 30(b)(6) deposition would continue on May 31, 2023; (2) stated that Ms. Overbeck would not be the witness when the 30(b)(6) deposition resumed; (3) refused to disclose in advance the identity of the replacement/substitute witness; (4) refused to produce Ms. Overbeck for any further depositions; (5) refused to let the Court reporter finalize the transcript from May 12, 2023 as "Volume 1" of the 30(b)(6) deposition; (6) refused to deem Ms. Overbeck's on topic responses as binding on Goldwater; and (7) refused to agree to compensate the other parties for the attorneys' fees incurred for the May 12, 2023 deposition which Goldwater unilaterally suspended. (See Exhibit 7, pages 1-2.) Previously in this action, when the parties were unable to compete Mr. Elizarov's deposition in a single day, the parties allowed the court reporter to finish and mark the resulting transcript as "Volume One" of Mr. Elizarov's testimony. It is unclear why Goldwater is unwilling to follow that same procedure as to Ms. Overbeck's unilaterally interrupted testimony.

19. Also during the May 18, 2023 conference, Goldwater's counsel stated that despite what was said at the deposition and on the record, Goldwater's counsel actually decided to interrupt the deposition because "it became apparent during the deposition that [Ms. Oberbeck] was unable to respond to certain relevant areas of inquiry" such that Goldwater wanted to substitute in a new witness. (See Exhibit 7 at page 2.) But notwithstanding my request, Goldwater's counsel never identified the *specific topics* that Ms. Overbeck was "apparently" unprepared to testify about. (See Exhibit 7 at page 1.)

20. Goldwater rejected my proposed solution of letting Defendants finish Ms. Overbeck's deposition by exhausting the topics that she was prepared to testified about on May 12, 2023 before replacing Ms. Overbeck with a substitute witness.

5
DECLARATION OF JEREMY T. KATZ
4893-9485-3988.3

21. Goldwater also refused to continue the discovery cutoff date.

22. On May 16, 2022, my office propounded Howlett and BOTW's Third Set of Requests for Production, and Goldwater circulated its responses on July 22, 2022. A true and correct copy of relevant excerpts of Goldwater's response to Howlett and BOTW's Third Set of Requests for Production is attached hereto as Exhibit 8. I have reviewed the documents Goldwater produced in response to the third set of RFPs, including the page Bates-numbered GOLDWATER_000587. That production does not appear to contain any policies or procedures relating to the transfer of servicing for Elizarov's loan.

23. On March 24, 2023, I propounded Howlett and BOTW's Sixth Set of Requests for Production on Goldwater. A true and correct copy of the requests for production is attached hereto as Exhibit 9. On April 28, 2023, Goldwater responded to Howlett and BOTW's Sixth Set of Requests for Production without producing any further documents. A true and correct copy of Goldwater's Response to Howlett and BOTW's Sixth Set of Requests for Production is attached hereto as Exhibit 10. However, these responses were deficient. As such, on May 8, 2023, I met and conferred with Goldwater's counsel about the defects in Goldwater's responses.

24. On May 18, 2023, Goldwater produced supplemental responses that were still deficient. Goldwater's supplemental responses were not accompanied by any further production, and the only substantive difference between Goldwater's initial responses to the sixth set of RFPs and the supplemental responses is that the supplemental responses confirmed that Goldwater was not producing any documents. A true and correct copy of Goldwater's Supplemental Responses is attached hereto as Exhibit 11.

25. A true and correct copy of the email exchange between the parties related to Howlett and BOTW's Sixth Set of Requests for Production is attached hereto as Exhibit 12.

6
DECLARATION OF JEREMY T. KATZ

4893-9485-3988.3

26. During the parties' May 8, 2023 conference of counsel regarding the RFPs, I responded to each of Goldwater's asserted objections. The parties resolved some of Goldwater's objections by agreeing that the term "agreement" would be construed broadly and the term "onboarding" will be construed to collectively mean the Goldwater's processes for taking a loan application, closing the loan, and any post-closing procedures about handing the loan documents and security instrument. The parties also clarified and agreed that Goldwater did not have to produce every single document that referenced the subject policies and procedures. Instead, Goldwater only had to produce records sufficient to articulate the applicable policy or procedure. (See Ex. 12 page 4).

27. The parties also discussed Goldwater's relevancy objections during the May 8, 2023 conference of counsel. Goldwater elected to stand on its relevancy objections. Goldwater also contends that producing even a single page of arguably non-relevant documents constitutes an undue burden. (See Ex. 12, page 4.)

28. During the May 8, 2023 conference, Goldwater's counsel also confirmed that Goldwater was withholding records responsive to RFP Nos. 77, 79, 80 and 84. Goldwater's counsel also took the position that Goldwater did not have to produce any documents that were in the possession, custody, or control of Goldwater's servicing agent, Weststar. (See Ex. 12, page 4.)

29. On May 18, 2023, I sent correspondence to Goldwater's counsel explaining why the supplemental responses did not cure the initial deficiencies. (See Ex. 12, page 1.)

30. On March 3, 2023, my office served Weststar with a subpoena for production of documents. A true and correct copy of the March 3, 2023 subpoena is attached hereto as Exhibit 13.

31. On March 17, 2023, Goldwater and Weststar's mutual counsel responded via letter and stated that Westar would not be producing any documents because they were available from Goldwater. A true and correct copy of this letter

7
DECLARATION OF JEREMY T. KATZ

4893-9485-3988.3

1 is attached hereto as Exhibit 14.

2     32. On May 27, 2021, Goldwater filed and served its First Amended Complaint. (Dkt No. 44.) A true and correct copy of Goldwater's First Amended Complaint is attached hereto as Exhibit 15.

    33. On June 10, 2021, Howlett filed his answer to Goldwater's First Amended Complaint. (Dkt No. 49.) A true and correct copy of Howlett's answer is attached hereto as Exhibit 16.

    34. On August 5, 2021, BOTW filed its answer to Goldwater's First Amended Complaint. (Dkt No. 75.) A true and correct copy of BOTW's answer is attached hereto as Exhibit 17.

    35. On February 23, 2022, the Court issued the Civil Trial Scheduling Order. (Dkt No. 149.) On October 4, 2022, the Court modified the Trial Schedule. (Dkt No. 200.) On December 19, 2022, the Court modified the Trial Schedule for a second time. (Dkt No. 248.) On March 1, 2023, the Court signed an Order modifying the trial schedule again and continuing the Discovery cutoff date to June 15, 2023. (Dkt No. 263.) A true and correct copy of the Civil Trial Scheduling Order and each modification is attached hereto as Exhibit 18.

    36. On September 9, 2022, I took the deposition of percipient witness Peter Hill, who is also Goldwater's Chief Credit Officer. The pertinent excerpts and deposition exhibits from Mr. Hill's deposition transcript are collectively attached hereto as Exhibit 19.

///
///
///
///
///
///
///

8
DECLARATION OF JEREMY T. KATZ

4893-9485-3988.3

37. On May 23, 2023, at approximately 12:55 p.m. PST, I gave telephonic notice of this *ex parte* application to Goldwater's counsel of record. As soon as practicable thereafter, I also circulated a copy of the moving papers to all of the parties to this action. I expect that Goldwater will oppose this Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of May, 2023, at Santa Ana, California.

                                                /s/ Jeremy T. Katz
                                                Jeremy T. Katz

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2023, a true and correct copy of **DECLARATION OF JEREMY T. KATZ IN SUPPORT OF EX PARTE APPLICATION TO COMPEL** was served via the United States District Court CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

By     /s/ Jeremy T. Katz
       Jeremy T. Katz
       HALL GRIFFIN LLP