# **EXHIBIT 1**

ILYA ALEKSEYEFF [CA 242462]
ilya@loia.legal
LOIA, INC. (APLC)
727 W 7th St PH 1-13
Los Angeles, CA 90017
Tel: (213)537-4592

Attorney for Artur Elizarov
Defendant *in pro per*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GOLDWATER BANK, NA**, <br> *Plaintiff,* <br><br> vs. <br><br> **ARTUR ELIZAROV, ET AL.**, <br> *Defendant.* | 5:21-cv-616-JWH-SPx <br><br> NOTICE OF DEPOSITION SUBPOENA TO GOLDWATER BANK, NA <br><br> Date: 12/05/2022 <br> Time: 10:00 AM <br> Location: Remote |

**NOTICE to Goldwater Bank, NA, Scott Howlett, Bank of the West, Unison Contract Corp., and their respective counsel:**

Beginning at 10:00 AM Pacific Time on December 5, 2022, and continuing day to day until each designed witness has been fully examined**,** defendant Artur Elizarov will take a deposition of plaintiff Goldwater Bank, NA, who must offer testimony through its officers, directors, managing agents, or other persons who consent to testify on its behalf about the matters reasonably specified in the enclosed deposition subpoena.

The designated individual witnesses may testify via Zoom, Microsoft Teams, Google Meet, or similar videoconferencing technology from any location of their or Goldwater Bank, NA's choice in the State of Arizona and elsewhere.  A

1

NOTICE OF DEPOSITION SUBPOENA TO GOLDWATER BANK, NA

link to the remote meeting will be distributed to the witness and counsel for all the parties in advance of the deposition. Defendant Artur Elizarov will distribute his proposed exhibits ahead of the deposition. Counsel for all parties are encouraged to distribute their proposed exhibits ahead of the deposition as well.

The deposition will be recorded using the services of a certified shorthand reporter who will report the questions and witness' answers verbatim.

A copy of the deposition subpoena directed to plaintiff Goldwater Bank, NA is attached to this notice.

Dated: 11/14/2022.                              LOIA, INC. (APLC)

*Ilya Alekseyeff*
_____
By: Ilya Alekseyeff
Attorney for Artur Elizarov

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| GOLDWATER BANK, NA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:21-cv-616-JWH-PSx |
| ARTUR ELIZAROV, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: GOLDWATER BANK, NATIONAL ASSOCIATION, through persons most knowledgeable
(see attached list of topics)

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Location of Goldwater's choice (deposition will be conducted remotely) | Date and Time: 12/05/2022 10:00 am |
|---|---|

The deposition will be recorded by this method: certified shorthand reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2022

*CLERK OF COURT*

_____    OR    *Ilya Alekseyeff*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Artur Elizarov and Ilya Alekseyeff (pro per), who issues or requests this subpoena, are:

Ilya Alekseyeff, LOIA, Inc., 727 W 7th St PH 1-13, Los Angeles, CA 90017, tel: (213)537-4592, email: ilya@loia.legal

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Under Federal Rules of Civil Procedure 30(b)(6), plaintiff Goldwater Bank, NA must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf about the following matters for examination and who must testify about information known or reasonably available to Goldwater Bank, NA:**

      **1.**     All statements that defendant Artur Elizarov made to any representative of Goldwater Bank, NA during the process of applying for the mortgage.

      **2.**     All the facts and circumstances relating to the process of reviewing, approving, and underwriting defendant Artur Elizarov's mortgage loan.

      **3.**     All the facts and circumstances relating to plaintiff Goldwater Bank, NA's failure timely to record the Deed of Trust relating to defendant Artur Elizarov's mortgage loan, including plaintiff Goldwater Bank, NA's general practices and procedures of ensuring that the Deeds of Trust relating to residential mortgage loans are properly and timely recorded as those practices and procedures existed in the years 2019, 2020, and 2021.

      **4.**     All the facts and circumstances relating to Goldwater Bank, NA's relationship with WestStar Mortgage Corporation as the servicer of defendant Artur Elizarov's mortgage loan, including all the communications that defendant Artur Elizarov (or any other person acting on his behalf) had with WestStar Mortgage Corporation.

      **5.**     All the facts and circumstances relating to Goldwater Bank, NA's approval and subsequent servicing of defendant Artur Elizarov's COVID-19-related forbearance of defendant Artur Elizarov's mortgage loan, including the general qualification criteria for forbearance.

      **6.**     Plaintiff Goldwater Bank, NA's foreclosure practices and procedures as those existed in the calendar years 2019, 2020, and 2021.

**Goldwater Bank, NA has the duty to confer with defendant Artur Elizarov about the matters for examination and to designate each person who will testify at the deposition on Goldwater Bank, NA's behalf about each matter.**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 5:21-cv-616-JWH-PSx

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* GOLDWATER BANK, N.A. on *(date)* 11/14/2022 .

☑ I served the subpoena by delivering a copy to the named individual as follows:

by email and first-class mail to Goldwater's designated local counsel

on *(date)* 11/14/2022 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ 0.00 for travel and $ 0.00 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/14/2022

*Ilya Alekseyeff*
*Server's signature*

ILYA ALEKSEYEFF, Attorney
*Printed name and title*

LOIA, Inc.
727 W 7th St PH 1-13
Los Angeles, CA 90017
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).