# **EXHIBIT 7**

**Jeremy Katz**

| | |
|---|---|
| **From:** | Jeremy Katz |
| **Sent:** | Friday, May 19, 2023 2:24 PM |
| **To:** | 'Abbey Krysak'; Ilya ALEKSEYEFF; Joseph A. Levota |
| **Cc:** | Sean Wagner; Kasandra Goldberg; Howard Hall |
| **Subject:** | RE: Goldwater v. Elizarov - 5:21-cv-616  - confirming email re May 18, 2023 conference of counsel - 30(b)(6) deposition issued & related items |

Ms. Krysak,

Ms. Overbeck was providing lucid, detailed responses to on-topic questions.  The fact that Ms. Overbeck's 30(b)(6) testimony may be harmful to Goldwater's position is not grounds to unilaterally suspend the deposition.

Also, when you say "*it became apparent during the deposition that she was unable to respond to certain relevant areas of inquiry,*"  what specifically are those "*certain relevant areas of inquiry*"?   You've never clarified that point.

I ask because the cases you cite below do not stand for the proposition that Goldwater can unilaterally suspend the entire deposition while the testifying 30(b)(6) witness is actively providing detailed responses to on-topic lines of inquiry.

Finally, you wrongfully and repeated instructed Ms. Overbeck to withhold responsive non-privileged information that is within her personal knowledge. (See the authorities in my May 15, 2023 pre-conference letter).   Ms. Overbeck testified that she is the vice president of Goldwater's residential lending division; that she manages Goldwater's policies and procedures; and that she reviews the policies and procedures in connection with ongoing audits.   Ms. Overbeck's testimony is relevant to (among other things) testing the veracity of the mystery substitute 30(b)(6) witness's impending testimony about Goldwater's "policy and procedures."

Ms. Overbeck's confirming testimony is especially important because this isn't the first time that Goldwater's sworn/verified statements have been proven false.  (Compare FAC, ¶ 50 with Peter Hill's Deposition at 57:18-58:8 and Deposition Exhibit 10).



**Jeremy T. Katz**
**Attorney**

1851 E. First Street, 10th Floor, Santa Ana CA 92705-4052
Phone: (714) 918-7000 ▪ Facsimile: (714) 918-6996
jkatz@hallgriffin.com ▪ hallgriffin.com

---

**From:** Abbey Krysak <abbey.krysak@wagnerhicks.law>
**Sent:** Friday, May 19, 2023 1:18 PM
**To:** Ilya ALEKSEYEFF <ilya@loia.legal>; Jeremy Katz <JKatz@hallgriffin.com>; Joseph A. Levota <jlevota@hscallaw.com>
**Cc:** Sean Wagner <sean.wagner@wagnerhicks.law>; Kasandra Goldberg <KGoldberg@hallgriffin.com>; Howard Hall <hdhall@hallgriffin.com>
**Subject:** RE: Goldwater v. Elizarov - 5:21-cv-616 - confirming email re May 18, 2023 conference of counsel - 30(b)(6) deposition issued & related items

Counsel,

We understand that the situation that arose at Friday's deposition was unexpected and frustrating for all involved.  Goldwater is working to resolve the issues that arose promptly, with the utmost candor and professionalism, and within the bounds of the rules and applicable case law.  We are hopeful that you will do the same.  That said, we have reviewed your emails below purporting to summarize our May 18, 2023, conference with respect to these issues.  The emails grossly mischaracterize Goldwater's position as it was communicated to you, and the underlying facts. Based on our review, the emails contain a number of plainly inaccurate statements, and exclude various key pieces of information provided to you.   Accordingly, Goldwater disagrees that these emails accurately reflect our discussion and re-iterates the relevant facts and its position just as it was communicated to you:

Scheduling the Continued 30(b)(6) Deposition of Goldwater:
Mr. Katz inquired and we confirmed that the deposition of Goldwater's 30(b)(6) witness would resume on May 31, 2023, rather than the earlier proposed date of May 24, 2023, in light of Mr. Alekseyeff's availability (and consistent with our prior email correspondence on Monday).

Identity of the 30(b)(6) Witness:
Mr. Katz and Mr. Alekseyeff inquired as to the identity of Goldwater's 30(b)(6) witness who will appear at the May 31, 2023, deposition.  Mr. Katz and Mr. Alekseyeff took the position that Goldwater is required to disclose the witness' identity in advance.  We explained that the Federal Rules do not require Goldwater to disclose the witness' name in advance, and that the witness would not be the previous witness who testified on May 12, 2023.

Continuance of 30(b)(6) Deposition:
Mr. Katz and Mr. Alekseyeff asked for further explanation from Goldwater as to why the May 12, 2023 deposition was continued.  We explained that Goldwater designated Ms. Overbeck as the 30(b)(6) witness because it believed in good faith that she would be able to provide knowledgeable, responsive testimony.  However, it became apparent during the deposition that she was unable to respond to certain relevant areas of inquiry, which in turn placed a duty on Goldwater to designate a substitute witness.  Accordingly, Goldwater is satisfying its obligations under Rule 30(b)(6) by continuing the deposition and substituting an appropriate, knowledgeable deponent on the previously noticed topics.  We further noted that the case law and applicable rules support our position.   *See* *Enter. v. Lin*, No. CV 12-2734 PSG (SS), 2014 WL 12580251, at *2 (C.D. Cal. Mar. 10, 2014) (citing *Alexander v. FBI*, 186 F.R.D. 137, 141 (D. D.C. 1998) (party may satisfy obligation under Rule 30(b)(6) by substituting "an appropriate deponent when it becomes apparent that the previous deponent is unable to respond to certain relevant areas of inquiry."); *Kress v. Pricewaterhouse Coopers, LLP*, No. 2:08-CV-0965 LKK AC, 2013 WL 2421704, at *2 (E.D. Cal. June 3, 2013) (citing cases) ("[W]hen a party designates a witness it believes in good faith will be able to provide knowledgeable answers and the witness is unable to do so, the designating party has a duty to substitute another person once the deficiency of its Rule 30(b)(6) designee becomes apparent during the deposition.").

In response, Mr. Katz and Mr. Alekseyeff disagreed with Goldwater's position, and asserted that Goldwater is required to present the same, previous witness, and may only substitute a witness if the requesting party asks.  We respectfully disagreed and re-iterated the position set forth above.  The duty to substitute arises when it becomes apparent during the deposition that the witness is unable to respond to certain areas of inquiry—not when the requesting party asks.

We do recognize that this unexpected situation has caused an inconvenience for the parties, and therefore, Goldwater confirmed (1) its intention to pay the costs for the court reporter on May 12, 2023; and (2) that it is willing to provide additional time to BOTW/Howlett to conduct the remainder of its examination, if needed.  Mr. Katz asked if Goldwater would be willing to pay the parties' attorneys fees, in addition to the court reporter costs.  We explained that, based on our review of the applicable rules and case law, we did not believe there was a basis for sanctions in the form of attorneys fees given that Goldwater, in good faith, designated a witness it believed would provide knowledgeable answers, and took prompt, affirmative steps when it became apparent the witness was unable to respond to certain relevant areas of inquiry. Therefore, Goldwater will not agree to pay any attorneys fees.  To the extent counsel wished to press the attorneys fees against Goldwater further, we asked that counsel provide us with a detailed accounting of the time spent and amount sought for consideration.

Mr. Katz then asked for Goldwater's position with respect to certain questions wherein we instructed the witness not to answer based on the question falling outside of the scope of the topics.  We informed you that (1) we will not instruct the 30(b)(6) deponent not to answer based on a question falling outside of the scope of the previously noticed topics, but instead note our objection and for the record, state that any answer would be the individual's testimony and not Goldwater's; (2) that we are happy to provide you an opportunity to re-ask the questions (to the extent that you wish to) to the deponent on May 31, and (3) we are also happy to provide BOTW/Howlett with additional time to re-address those questions.  We also re-iterated our intention to pay the court reporter's costs for that day and informed you that we had already reached out to the court reporter to obtain the invoice.

To be absolutely clear, we <u>never</u> represented that Ms. Overbeck did not prepare, nor that Goldwater knowingly produced an unprepared witness.  We explicitly told you that despite our preparations, during the deposition, it became apparent to us that she was unable to respond to certain relevant areas of inquiry.  We further explained, as we did on the record at the deposition, that the witness was not feeling well, and it impacted her ability to testify. Your assertions that Goldwater continued the deposition "under false pretenses" are entirely uncalled for, offensive, and frivolous.  Goldwater is working to fulfill its duties under Rule 30(b)(6), and is further attempting to resolve these issues professionally and within the bounds of the rules.  We respectfully ask that you do the same.

<u>Request to Extend Discovery Deadline</u>:
Mr. Katz asked if Goldwater would be willing to stipulate to an extension of the discovery deadline to address whatever may arise from the entirety of Goldwater's 30(b)(6) deposition given that the deposition was continued to May 31, 2023.  We explained that the continuance of the deposition alone is not grounds to stipulate to an extension.  The deposition is still taking place well within the discovery deadline.  Additionally, we are unaware of what discovery could possibly be left given the voluminous amount of discovery already propounded on Goldwater—not to mention the sheer amount of non-party discovery propounded (totaling roughly 400 Requests for Admission, 12 Sets of Requests for Production, 6 Sets of Interrogatories, and dozens of non-party subpoenas).

We did, however, inform you that we would consider other grounds, and further asked you to articulate whether there were any additional reasons for your desire to extend the deadline.  At that point, Mr. Katz and Mr. Alekseyeff posited various hypothetical situations where they might need additional discovery depending upon what the prospective witness will testify to on the 31st.  For example, Mr. Katz proffered that the parties may want to take the previous 30(b)(6) witness, Ms. Overbeck, deposition as a fact witness depending upon what the testimony at the May 31st deposition may be.  As we communicated to you on the call, Goldwater will not agree to stipulate to the extension of the discovery deadline based on pure speculation.  To the extent you believe certain discovery issues do in fact arise at the forthcoming deposition, please articulate those to us, and we will promptly review and consider those at that time.  Mr. Katz also asked if we would reach out to Ms. Overbeck and obtain placeholder dates for her testimony in the event the parties did in fact decide they wanted to depose her after the May 31st deposition.  We also agreed to consider the request pending the outcome of the May 31st deposition.

<u>Supplemental Discovery Requests/Requests for Information</u>:
Mr. Katz inquired and we confirmed that Goldwater would be sending along its Supplemental Responses to BOTW and Howlett's 6th Set of Requests for Production of Documents after the call.  Mr. Katz also inquired about Goldwater's representation at the deposition that it would provide you with the most up to date numbers for the outstanding amount of Mr. Elizarov's lien.  We confirmed that this was forthcoming after the call.

Mr. Katz then asked if we would provide an updated, detailed amount of attorneys fees.  It appears there was some confusion here as to whether this was previously discussed at the deposition.  Nonetheless, we agreed to consider the request.

We then turned to a separate, unrelated issue before closing the call.

Abbey Krysak

Abbey Krysak
Wagner Hicks PLLC
704.705.7942
abbey.krysak@wagnerhicks.law

---

**From:** Ilya ALEKSEYEFF <ilya@loia.legal>
**Sent:** Thursday, May 18, 2023 5:21 PM
**To:** Jeremy Katz <JKatz@hallgriffin.com>; Abbey Krysak <abbey.krysak@wagnerhicks.law>; Joseph A. Levota <jlevota@hscallaw.com>
**Cc:** Sean Wagner <sean.wagner@wagnerhicks.law>; Kasandra Goldberg <KGoldberg@hallgriffin.com>; Howard Hall <hdhall@hallgriffin.com>
**Subject:** Re: Goldwater v. Elizarov - 5:21-cv-616 - confirming email re May 18, 2023 conference of counsel - 30(b)(6) deposition issued & related items

Mr. Katz,

I agree that your supplement accurately summarized our discussions.

**Ilya Alekseyeff, Esq.**

Attorney (CA, FL & NY)

**T:** (213)537-4592

**E:** ilya@loia.legal

801 S Hope St PH 14

Los Angeles, CA 90017

---

**From:** Jeremy Katz <JKatz@hallgriffin.com>
**Sent:** Thursday, May 18, 2023 2:18 PM
**To:** Ilya ALEKSEYEFF <ilya@loia.legal>; Abbey Krysak <abbey.krysak@wagnerhicks.law>; Joseph A. Levota <jlevota@hscallaw.com>
**Cc:** Sean Wagner <sean.wagner@wagnerhicks.law>; Kasandra Goldberg <KGoldberg@hallgriffin.com>; Howard Hall <hdhall@hallgriffin.com>
**Subject:** RE: Goldwater v. Elizarov - 5:21-cv-616 - confirming email re May 18, 2023 conference of counsel - 30(b)(6) deposition issued & related items

A few additional points from today's conference of counsel:

- Goldwater refused to stipulate to extend the June 15, 2023 discovery cut of date notwithstanding:
  - Goldwater instructing the designated Rule 30(b)(6) witness (Ms. Overbeck) not to respond to questions at the May 12, 2023 deposition—thereby preventing BOTW and Howlett from obtaining information that was within Ms. Overbeck's personal knowledge;
  - Goldwater unilaterally suspending the May 12, 2023 deposition even though Ms. Overbeck was able to give lucid responses to on-topic questions;

- o Goldwater refusing to make the Ms. Overbeck available for further questioning—either in a 30(b)(6) capacity or in her individual capacity;
- o Goldwater refusing to deem Ms. Overbeck's on-topic responses as being binding on Goldwer;
- o Goldwater refusing to let the Court report finalized the transcript from May 12, 2023 as "Volume 1" of the 30(b)(6) deposition testimony; and
- o the 30(b)(6) deposition will not be resumed until May 31, 2023—which is only two weeks prior to the Deadline for Discovery;
- Goldwater agreed to provide additional time for questioning of their mystery substitute 30(b)(6) deposition at the resumed deposition.
- "Later today" Goldwater will circulate:
  - o Goldwater's supplemental responses to BOTW's RFP Set 6, including responsive Bates numbers for RFP Nos. 90 and 94.
  - o a payoff quote for the loan (which Ms. Krysak said would be delivered by May 15th).
  - o specific figures regarding the attorneys' fees incurred by Goldwater as of May 12, 2023.
  - o The total amount of the lien that Goldwater contends would encumber the property as of May 12, 2023 (assuming that Goldwater had instantly prevailed on its quiet title claim).
- Goldwater refused to agree that the responses Ms. Overbeck provided to on-topic questions at the May 12th 30(b)(6) deposition will be binding on Goldwater.
- Goldwater is not currently willing to compensate the other parties for the attorneys' fees incurred for the May 12th 30(b)(6) deposition notwithstanding Goldwater's apparent failure to provide a fully prepared witness.

Thanks.



**Jeremy T. Katz**
**Attorney**
1851 E. First Street, 10th Floor, Santa Ana CA 92705-4052
Phone: (714) 918-7000 ▪ Facsimile: (714) 918-6996
jkatz@hallgriffin.com ▪ hallgriffin.com

---

**From:** Ilya ALEKSEYEFF <ilya@loia.legal>
**Sent:** Thursday, May 18, 2023 2:11 PM
**To:** Abbey Krysak <abbey.krysak@wagnerhicks.law>; Jeremy Katz <JKatz@hallgriffin.com>; Joseph A. Levota <jlevota@hscallaw.com>
**Cc:** Sean Wagner <sean.wagner@wagnerhicks.law>
**Subject:** Goldwater v. Elizarov - 5:21-cv-616

Counsel,

Thank you for appearing at today's conference.

Addressing Goldwater's deposition, Ms. Krysak and Mr. LeVota advised us that Goldwater would not allow its first designated witness Ms. Overbeck to testify when the deposition continued on May 31st but would instead produce another witness whose identity counsel wanted to keep a secret. When pressed for a reason, Ms. Krysak and Mr. LeVota advised us that Goldwater's counsel felt that the witness was not prepared and decided to produce another witness who would be better prepared to testify. When asked why Ms. Krysak cited Ms. Oberbeck's undisclosed malady and not Ms. Overbeck's failure to prepare as the reason to postpone the deposition, we did not receive a satisfactory answer.

I find these developments very troubling.

Under Fed. R. Civ. P. 30(b)(6), a corporation and its counsel have a duty to prepare its designated witnesses to testify. *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, (D. Nev. 2008). Such witnesses must be "thoroughly educated" about the noticed deposition topics and the facts known to the corporation or its counsel. *In re: Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D.D.C. 2003). *Accord Bowoto v. ChevronTexaco Corp.,* 2006 WL 294799, *1 (N.D. Cal. Feb. 7, 2009). "Producing an unprepared witness is tantamount to a failure to appear at a deposition." *Fabiano Shoe Co., Inc.*, 201 F.R.D. at 39; *see also Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3rd Cir. 2000) ("if a Rule 30(b)(6) witness is unable to give useful information, he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it"); *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197-98 (5th Cir. 1993) (same).

The attorney conducted a conference regarding the designated topics months ago, giving Goldwater and its counsel months to prepare the necessary witness. Therefore, Goldwater has no excuse for its failure to produce a "thoroughly educated" witness.

During her testimony, Ms. Overbeck answered all the questions asked of her, including those that counsel objected to as "outside the scope." It wasn't until counsel coached the witness to respond to these objections by saying, "I am not prepared to answer this question," that the witness stopped answering. Thus, the witness was not to blame for her failure to answer; Goldwater's counsel were solely to blame.

Then, when Mr. Katz was about to ask Ms. Overbeck questions about the closing statement, Ms. Krysak called for a break. Although Mr. Katz stated that he preferred to ask a few more questions before taking the break, Ms. Krysak demanded that we take a "five-minute bathroom break" without allowing any further testimony. Then nearly thirty-five minutes later, Ms. Krysak returned and advised us that Ms. Overbeck was suddenly "not feeling well" and could not continue to testify. In response to my questions, Ms. Krysak confirmed that Ms. Overbeck's malady was not physical; rather, she suffered from some condition that might have affected her ability to recall the information.

And yet during today's conference, Mr. Katz and I were surprised to learn that the decision to interrupt the deposition had nothing to do with Ms. Overbeck's medical condition but rather Goldwater's and its counsels' strategic decision to substitute another witness as Goldwater's designated deponent.

This raises two troubling issues.

First, typically the corporation's decision to produce another witness results from the deposing party's concern that the testifying witness was unprepared. For example, if Mr. Katz or I questioned why Ms. Overbeck was insufficiently prepared and then demanded that Goldwater produce another person who was, then Goldwater could (and would be required to) produce another witness. However, I have never seen any authority that allowed the corporation and its counsel to interrupt the deposition with hours left to go and then unilaterally substitute another witness without any request from the deposing parties.

Earlier, I requested authority from Goldwater's counsel supporting this particular tactic. I renewed the same request at today's conference. I renew that request again in this email.

Although Goldwater's counsel did not foreclose the possibility that Goldwater might produce Ms. Overbeck to testify again *if* Goldwater's newly designated (and still secret) witness testified inconsistently with Ms. Overbeck's prior testimony, which somewhat mitigates the impact of Goldwater's unilateral actions, I still require authority that allowed Goldwater to interrupt the

deposition on its own, especially under false pretenses, and then further re-designate another witness, again on its own.

And second, if Ms. Overbeck's inadequate preparation was the true reason for Goldwater's sudden and unilateral decision to interrupt the deposition, then I wonder why Ms. Krysak didn't simply state so at the time. After all, whether Ms. Overbeck had a condition or not, counsel made it abundantly clear at today's conference that it became clear to Goldwater and its counsel right away that Ms. Overbeck was unprepared. So, by the time Ms. Krysak returned to the deposition to advise us that Ms. Overbeck did not feel well, Ms. Krysak must also have known that in addition to this undisclosed malady, Ms. Overbeck was also insufficiently prepared. Concealing that fact from us served no purpose other than to engender mistrust and the implication of malfeasance.

Finally, Ms. Krysak and Mr. LeVota confirmed that Goldwater would not instruct Goldwater's substitute witness not to answer questions that Goldwater's counsel deemed to be "out of scope" of the designated subjects and that any testimony over these objections would be the individual's testimony that would not be binding on Goldwater as the entity (assuming, of course, that the court agrees with Goldwater's objections). While I certainly appreciate this change, which is also consistent with the case law, it remains to be seen whether the substitute witness will similarly respond, on cue, "I am not prepared to answer this question," each time the "out of scope" objection is interposed.

Thank you all.

**Ilya Alekseyeff, Esq.**

Attorney (CA, FL & NY)

**T:** (213)537-4592

**E:** ilya@loia.legal

801 S Hope St PH 14

Los Angeles, CA 90017

7