# EXHIBIT 8

Sean C. Wagner (Pro Hac Vice)
Derek M. Bast (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 226760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:    (619) 501-6855

Counsel for Plaintiff
GOLDWATER BANK, N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., | Case No. 5:21-cv-00616-JWH-SPx |
| Plaintiff, | |
| v. | **PLAINTIFF GOLDWATER BANK, N.A.'S RESPONSES TO SCOTT HOWLETT AND BANK OF THE WEST'S REQUESTS FOR PRODUCTION SET THREE** |
| ARTUR ELIZAROV, ET AL. | |
| Defendants. | |

PROPOUNDING PARTY:     Defendants Scott Howlett and Bank of The West

RESPONDING PARTY:     Plaintiff Goldwater Bank, N.A.

SET NO.:                          Three

     Responding Party hereby provides its responses to Propounding Party's Request for Genuineness and Request for Production, Set Three.

# INTRODUCTION

Responding Party hereby provides the following responses, without prejudice to further discovery. Each of the following responses is tendered upon the information in the possession of Responding Party at the time of preparation of these responses. Discovery will continue as long as permitted by statute, the court, or stipulation of the parties; and investigation by Responding Party, its attorneys, and agents, will continue to and throughout the trial. If any information is unintentionally omitted from these responses, Responding Party reserves the right to supplement these responses. Responding Party has not yet completed its investigation of the facts relating to this action, has not necessarily completed the formal discovery in this action, and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to supplement these responses, and to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. All responses must be construed as given on the basis of present recollection. These responses are made solely for that purpose and in relation to this action.

## RESPONSE TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that are identified or referenced in YOUR responses to HOWLETT's First Set of Interrogatories, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to the objections asserted in response to HOWLETT's First Set of Interrogatories, Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

GOLDWATER'S RESPONSE TO HOWLETT AND BOTW'S REQUEST FOR PRODUCTION SET THREE

**REQUEST FOR PRODUCTION NO. 6 :**

All DOCUMENTS that are identified or referenced in YOUR responses to HOWLETT's First Set of Requests for Admission, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to the objections asserted in response to HOWLETT's First Set of Requests for Admission, Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

If YOUR response to any of the Requests for Admission served with these Requests for Production was either a denial or a qualified admission, then produce all DOCUMENTS that support each such denial or qualified response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to the objects asserted in response to HOWLETT's First Set of Requests for Admission, Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS comprising GWB's *internal* COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS comprising GWB's external COMMUNICATIONS from

HILBERT & SATTERLY LLP

GOLDWATER'S RESPONSE TO HOWLETT AND BOTW'S REQUEST FOR PRODUCTION SET THREE

March 1, 2021 to April 1, 2021 RELATING TO the GOLDWATER LOAN (including but not limited to COMMUNICATIONS with ELIZAROV, EOW, HOWLETT, WESTSTAR, and FATCO).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS comprising GWB's internal COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS comprising GWB's external COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other

applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS comprising GWB's internal COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO the UNISON LIEN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS comprising GWB's external COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO the UNISON LIEN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS comprising GWB's internal COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO ELIZAROV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS comprising GWB's external COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO ELIZAROV.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced.

**REQUEST FOR PRODUCTION NO. 16:**

Audio recordings of each of the telephone calls at issue in the FAC, including but not limited to the phone calls at issue in Paragraphs 52 and 53 of the FAC.

**RESPONSE TO PRODUCTION NO. 16:**

Responsive Party does not have any any audio recording in its possession, custody, or control that are responsive to this request.

HILBERT & SATTERLY LLP

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO telephonic COMMUNICATIONS between GWB and EOW from March 1, 2021 and April 1, 2021 regarding the GOLDWATER LOAN (including but not limited to call logs, phone bills, and GWB's business records of such calls).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as overly broad and unduly burdensome and needlessly duplicative because it seeks not only Goldwater's ordinary records of telephone calls but also phone bills and any other documents that are related to such calls.  Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Records responsive to this request have already been produced.  *See* GOLDWATER_000595.  Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS comprising the emails (with attachments) that GWB contends it exchanged with EOW from March 1, 2021 through April 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Party objects to this request to the extent it is duplicative of discovery requests already served upon and answered by Goldwater.  Records responsive to this request have already been produced. *See* GOLDWATER_000655 to GOLDWATER_000673.  Subject to and without waiving its objections, Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not previously been produced.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS relating to GWB

GOLDWATER'S RESPONSE TO HOWLETT AND BOTW'S REQUEST FOR PRODUCTION SET THREE

HILBERT & SATTERLY LLP

1  "transfer[ing] responsibilities for servicing the [GOLDWATER LOAN] to an

2  affiliated entity named [WESTSTAR]" as referenced in Paragraph 37 of the FAC.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

4  Responding Party objects to this request on the grounds it is not relevant to a

5  party's claims or defenses nor likely to lead to discovery of admissible evidence, as

6  the servicing of Goldwater's Loan is not related to any of the parties claims or

7  defenses. Goldwater also objects to this request as overly broad and unduly

8  burdensome to the extent it is not limited by time. Goldwater further objects to this

9  request as duplicative of documents already produced by Goldwater in this litigation.

10  *See* GOLDWATER_000587. Subject to and without waiving the foregoing

11  objections, Responding Party responds as follows: Responding Party will produce

12  all non-privileged documents within its possession, custody or control responsive to

13  this request that have not already been produced in this litigation.

14  **REQUEST FOR PRODUCTION NO. 20:**

15  All DOCUMENTS and COMMUNICATIONS between GWB and

16  WESTSTAR RELATING TO the GOLDWATER LOAN.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

18  Responding Party objects to this request on the grounds it is not relevant to a

19  party's claims or defenses nor likely to lead to discovery of admissible evidence, as

20  the servicing of Goldwater's Loan is not related to any of the parties claims or

21  defenses. Goldwater further objects to this request as overly broad and unduly

22  burdensome because of the sweeping definitions of the terms GWB and

23  WESTSTAR that purport to require Goldwater to search beyond those custodians

24  who are most likely to have been directly involved in this matter. Goldwater further

25  objects on this same basis because the request is not limited to a reasonable time

26  period. Goldwater further objects to this request as duplicative of documents already

27  produced by Goldwater in this litigation. *See* GOLDWATER_00165 to

28  GOLDWATER_000654. Subject to and without waiving the foregoing objections,

Responding Party responds as follows: Responding Party will produce non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS RELATING TO ELIZAROV being approved "for forbearance" as referenced in Paragraphs 44 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Party objects to this request as overly broad and unduly burdensome to the extent it is not limited by time. Goldwater further objects to this request as duplicative of documents already produced by Goldwater in this litigation. *See* GOLDWATER_000581 to GOLDWATER_000649. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS and COMMUNICATIONS supporting the contention in Paragraph 48 of the FAC that "On March 3, 2021, the escrow company for the pending sale, Escrow of the West, Inc., made contact with Goldwater regarding the payoff of Goldwater's lien on the Subject Property in connection with a pending sale of the Subject Property."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Goldwater objects to this request as duplicative in that it seeks materials already produced by Goldwater in this litigation. *See*, e.g. GOLDWATER_000655 to GOLDWATER_656. Subject to and without waiving its objections, Goldwater answers as follows: Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS supporting the contention in Paragraph 48 of the FAC that "During the course of the escrow relationship and prior to the closing of the sale, Escrow of the West, Inc.,... learned that Goldwater's Deed of Trust was had never been recorded in the Riverside County Register of Deed's office."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Goldwater objects to this request as duplicative of materials already produced in this litigation. *See* GOLDWATER_655 to GOLDWATER_000673; EOTW000055 to EOTW000073. Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS RELATING to GWB learning GWB's Deed of Trust had never been recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Goldwater further objects to this request as overly broad and unduly burdensome because of the sweeping definition of the term GWB that purports to require Goldwater to search far beyond those custodians who are most likely to have been directly involved in this matter. Goldwater further objects on this same basis because the request is not limited to a reasonable time period. Goldwater further objects to this request as duplicative of documents already produced by Goldwater in this litigation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

HILBERT & SATTERLY LLP

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING to GWB's calculation of the payoff amounts at issue in Paragraph 50 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Goldwater further objects to this request as overly broad and unduly burdensome because of the sweeping definition of the term GWB that purports to require Goldwater to search far beyond those custodians who were directly involved in this matter.  Goldwater further objects on this same basis because the request is not limited to a reasonable time period.  Goldwater further objects to this request as duplicative of documents already produced by Goldwater in this litigation.  *See* GOLDWATER000615 to GOLDWATER_000617; GOLDWATER_000651 to GOLDWATER_000673.   Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS comprising the COMMUNICATIONS between GWB and ELIZAROV at issue in Paragraphs 52, 53, 56, 60, 61, 69 of the FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Goldwater further objects to this request to the extent it seeks intangible things not subject to production under Fed. R. Civ. P. 34, as some of communications in the referenced paragraphs of the FAC were oral.  Goldwater further objects to this request as duplicative of documents already produced by

HILBERT &
SATTERLY LLP

Goldwater in this litigation. *See* GOLDWATER000679 to GOLDWATER_000680. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING to the COMMUNICATIONS between GWB and ELIZAROV at issue in Paragraphs 52, 53, 56, 60, 61, 69 of the FAC, including but not limited to call logs, phone records, and GWB's business records regarding such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as overly broad and unduly burdensome and needlessly duplicative because it seeks not only Goldwater's ordinary records of telephone calls but also phone bills and any other documents that are related to such calls. Goldwater further objects to this request as duplicative of documents already produced by Goldwater in this litigation.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce non-privileged documents within its possession, custody or control responsive to this request that have not already been produced in this litigation.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and EOW from 2019 to the present RELATED TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other

applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and UNISON from 2019 to the present RELATED TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and HOWLETT from 2019 to the present RELATED TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce

GOLDWATER'S RESPONSE TO HOWLETT AND BOTW'S REQUEST FOR PRODUCTION SET THREE

all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and BOTW from 2019 to the present RELATED TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation. Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and ALEKSEYEFF from 2019 to the present RELATED TO the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation. Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and

1    WESTSTAR from 2019 to the present RELATED TO the PROPERTY.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

3    Responding Party objects to this request on the grounds it seeks documents

4    protected by the attorney-client privilege, the work product doctrine, or other

5    applicable privilege.  Responding Party further objects to this request as unduly

6    burdensome because it is duplicative of other discovery requests in this set and

7    duplicative of documents that have already been produced in this litigation.  Subject

8    to and without waiving its objections, Responding Party states that it will produce

9    all non-privileged documents within its possession, custody or control responsive to

10   this request.

11   **REQUEST FOR PRODUCTION NO. 34:**

12   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and

13   FATCO from 2019 to the present RELATED TO the PROPERTY.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

15   Responding Party objects to this request on the grounds it seeks documents

16   protected by the attorney-client privilege, the work product doctrine, or other

17   applicable privilege.  Responding Party further objects to this request as unduly

18   burdensome because it is duplicative of other discovery requests in this set and

19   duplicative of documents that have already been produced in this litigation.  Subject

20   to and without waiving its objections, Responding Party states that it will produce

21   all non-privileged documents within its possession, custody or control responsive to

22   this request.

23   **REQUEST FOR PRODUCTION NO. 35:**

24   All DOCUMENTS and COMMUNICATIONS exchanged between YOU and

25   ELIZAROV from 2019 to the present RELATED TO the GOLDWATER LOAN.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

27   Responding Party objects to this request on the grounds it seeks documents

28   protected by the attorney-client privilege, the work product doctrine, or other

applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and EOW from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and UNISON from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce

all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and HOWLETT from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation. Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and BOTW from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation. Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and

ALEKSEYEFF from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and WESTSTAR from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and FATCO from 2019 to the present RELATED TO the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Party objects to this request on the grounds it seeks documents

protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as unduly burdensome because it is duplicative of other discovery requests in this set and duplicative of documents that have already been produced in this litigation.  Subject to and without waiving its objections, Responding Party states that it will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

Copies of GWB's written policies and procedures that were in effect between 2019 and April 20, 2021 RELATING TO the recordation of lien instrument(s) for the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Responding Party objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's written policies and procedures have no bearing on the relevant claims and defenses.

Subject to and without waiving its objections, the Responding Party states as follows:  Responding Party does not believe that responsive documents exist because it is customary in the residential mortgage business, as was the case here, that the responsibility for the recordation of lien instruments falls with the title insurance company and is outlined in the closing instructions rather than Goldwater's internal written policies and procedures.

**REQUEST FOR PRODUCTION NO. 44:**

Copies of GWB's written policies and procedures that were in effect between 2019 and April 20, 2021 RELATING TO the recordation of lien instrument(s) for

1 the GWB's loans in general.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

3  Responding Party objects to this request as irrelevant and not reasonably

4 likely to lead to the discovery of admissible evidence because it is undisputed that

5 the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale

6 of the Property to Howlett. The issues to be decided are whether Howlett and BOTW

7 had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of

8 trust. Goldwater's written policies and procedures have no bearing on the relevant

9 claims and defenses.

10  Subject to and without waiving its objections, the Responding Party states as

11 follows: Responding Party does not believe that responsive documents exist because

12 it is customary in the residential mortgage business, as was the case here, that the

13 responsibility for the recordation of lien instruments falls with the title insurance

14 company and is outlined in the closing instructions rather than Goldwater's internal

15 written policies and procedures.

16 **REQUEST FOR PRODUCTION NO. 45:**

17  Any and all DOCUMENTS which evidence, refer or RELATE TO any

18 damages YOU have incurred as a result of actions or failures to act by ELIZAROV.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

20  Responding Party objects to this request on the grounds it seeks documents

21 protected by the attorney-client privilege, the work product doctrine, or other

22 applicable privilege. Responding Party further objects to this request because it

23 seeks to potentially compel Goldwater's production of possible expert witness

24 materials outside of the schedule for disclosing expert witness materials under the

25 Court's Scheduling Order. Subject to and without waiving the foregoing objections,

26 Responding Party responds as follows:

27  Responding Party will produce all non-privileged documents within its

28 possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS and COMMUNICATIONS through which GWB learned that the alleged lien for the GOLDWATER LOAN had not been recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party objects to this request as duplicative of Request No. 24 and incorporates its objections and response to Request No. 24 here.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS and COMMUNICATIONS RELATING TO EOW's request to YOU for a payoff quote of the UNISON LIEN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Party objects to this request as vague because Escrow of the West never requested a payoff quote from Goldwater for Unison's lien.  Escrow of the West requested a payoff quote from Goldwater of Goldwater's lien by a document dated March 3, 2021, and Responding Party assumes that this request is the subject of Request for Production No. 47.  Responding Party further objects to this request as needlessly duplicative of requests already made in this set of discovery (e.g., Request No. 9, 17, 18, 21, 28, 36), as well as documents already produced in this litigation.  *See*  GOLDWATER_000575;  GOLDWATER_000655  to GOLDWATER_000673.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS and COMMUNICATIONS from March 1, 2021 to April 1, 2021 RELATING TO YOUR submission of the payoff quote(s) to EOW.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other

applicable privilege.  Responding Party further objects to this request as needlessly duplicative of prior discovery requests in this set, *see* Requests No. 8–11, and Responding Party incorporates those objections and responses here.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR inquiry to EOW on March 24, 2021 if the sale of the PROPERTY had fallen through.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as needlessly duplicative of prior discovery requests in this set, *see* Requests No. 8–11, and Responding Party incorporates those objections and responses here.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS and COMMUNICATIONS RELATING TO EOW's disclosure to YOU on March 25, 2021 that ELIZAROV instructed EOW to cease further communication with YOU because the GOLDWATER LOAN was unrecorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as needlessly duplicative of prior discovery requests in this set, *see* Requests No. 8–11, and

1  Responding Party incorporates those objections and responses here.

2      Subject to and without waiving the foregoing objections, Responding Party

3  responds as follows:  Responding Party will produce all non-privileged documents

4  within its possession, custody or control responsive to this request.

5  **REQUEST FOR PRODUCTION NO. 51:**

6      All DOCUMENTS and COMMUNICATIONS exchanged between YOU and

7  ELIZAROV from February of 2021 through April of 2021 about the disbursement

8  of proceeds from the sale of the PROPERTY.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

10     Responding Party objects to this request as needlessly duplicative of prior

11  discovery requests in this set, *see* Request No. 35, and Responding Party

12  incorporates those objections and responses here.

13     Subject to and without waiving the foregoing objections, Responding Party

14  responds as follows:  Responding Party will produce all non-privileged documents

15  within its possession, custody or control responsive to this request.

16     Responding Party will produce all non-privileged documents within its

17  possession, custody or control responsive to this request.

18  **REQUEST FOR PRODUCTION NO. 52:**

19     All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR

20  recording of the Deed of Trust for the GOLDWATER LOAN.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22     Responding Party objects to this request on the grounds it seeks documents

23  protected by the attorney-client privilege, the work product doctrine, or other

24  applicable privilege.  Subject to and without waiving the foregoing objections,

25  Responding Party responds as follows:

26     Responding Party will produce all non-privileged documents within its

27  possession, custody or control responsive to this request.

28  **REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS and COMMUNICATIONS between YOU and First American Title Insurance Company RELATING TO this civil action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as needlessly duplicative of previous requests in this discovery set, *see* Requests No. 34, 42, and incorporates those objections here.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS and COMMUNICATIONS RELATING TO UNISON's subordination agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS comprising YOUR file for the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as vague for its failure to define the term "file." Responding Party further objects to this request as needlessly duplicative of documents already produced by Goldwater in this action. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS RELATED TO YOUR file on the PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as vague for its failure to define the term "file." Responding Party further objects to this request as needlessly duplicative of documents already produced by Goldwater in this action. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS and COMMUNICATIONS RELATING TO WESTSTAR's servicing of the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request as needlessly duplicative of requests already made in this discovery set, *see* Requests No. 19, 20, 33, 41, and Responding Party incorporates those objections and responses here. Responding Party further objects to this request as duplicative of documents already produced by Goldwater in this litigation.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS and COMMUNICATIONS RELATING TO WESTSTAR's possession of the GOLDWATER LOAN deed of trust.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as needlessly duplicative of requests already made in this discovery set, *see* Requests No. 19, 20, 33, 41, and Responding Party incorporates those objections and responses here.  Responding Party further objects to this request as duplicative of documents already produced by Goldwater in this litigation.

Subject to and without waiving the foregoing objections, Responding Party responds as follows:  Responding Party will produce all non-privileged documents within its possession, custody or control responsive to this request.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS and COMMUNICATIONS RELATING TO FATCO recording the GOLDWATER LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege.  Responding Party further objects to this request as needlessly duplicative of previous requests in this discovery set, *see* Requests No. 34, 42, and incorporates those objections here.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO all contracts with UNISON in 2019 through 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Party objects to this request on the grounds it seeks documents

protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request to the extent it seeks documents protected as confidential, proprietary, or commercially or competitively sensitive. Responding Party objects to this request as it seeks information that is irrelevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request on the grounds that it is overly broad and unduly burdensome.  This litigation is focused not on Goldwater's broader business but on Goldwater's loan to Elizarov and Elizarov's sale of the Property to Howlett.

**REQUEST FOR PRODUCTION NO. 61:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO GWB loans secured by liens on any real property which also secures an obligation to pay UNISON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party further objects to this request to the extent it seeks documents protected as confidential, proprietary, or commercially or competitively sensitive. Responding Party objects to this request as it seeks information that is irrelevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this request on the grounds that it is overly broad and unduly burdensome.  This litigation is focused not on Goldwater's broader business but on Goldwater's loan to Elizarov and Elizarov's sale of the Property to Howlett.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS on which YOU intend to rely at the trial of this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Party objects to this request as it is not reasonably particular.

Responding Party objects to this request on the grounds it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privilege. Responding Party objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks to impose stricter requirements on Goldwater than those set out in the Court's Scheduling Order and the Federal Rules of Civil Procedure. Discovery is ongoing in this case, and Goldwater may rely on documents beyond those produced by itself, including documents produced by other parties and third-parties, deposition testimony, any expert testimony, etc.

Dated: July 22, 2022.

WAGNER HICKS PLLC
By: ___/s/ Derek M. Bast_____
    Sean C. Wagner, Esq.
    Derek M. Bast, Esq.

    And

HILBERT & SATTERLY LLP
By: /s/ Joseph A. Levota_____
    John Forest Hilbert, Esq.
    Joseph A. LeVota, Esq.

*ATTORNEYS FOR GOLDWATER BANK, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by email addressed to the following person(s) at the following address(es):

Ilya Alekseyeff, Esq.
Loia, Inc. (APLC)
8721 Santa Monic Blvd., #119
West Hollywood, CA 90096
(213) 537-4592
Ilya@loia.legal
*Attorney for Defendant Artur Elizarov and Defendant pro per*

Howard D. Hall
Jeremy T. Katz
Ryan Thomason
Hall Griffin, LLP
1851 East First Street, 10th Floor
Santa Ana, CA 92705-4052
hdhall@hallgriffin.com
drichard@hallgriffin.com
(714) 918-7000; Fax: (714) 918-6996
*Attorneys for Defendant Scott Howlett and Bank of the West*

Denis Shmidt
Nabil Bisharat
Orsus Gate, LLP
16 N Marengo Ave, Suite 316
Pasadena, CA 91101
(213) 973-2052
dshmidt@orsusgate.com
nbisrahat@orsusgate.cm
*Attorneys for Defendant Unison Agreement Corp.*

Date:  July 22, 2022

/s/ Derek M. Bast
Derek M. Bast

GOLDWATER'S RESPONSE TO HOWLETT AND BOTW'S REQUEST FOR PRODUCTION SET THREE