# **EXHIBIT 9**

HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  hdhall@hallgriffin.com
JEREMY T. KATZ, State Bar No. 267361
  jkatz@hallgriffin.com
KASANDRA C. GOLDBERG, State Bar No. 345364
  kgoldberg@hallgriffin.com
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant and Cross-Complainant
SCOTT HOWLETT and Defendant BMO
HARRIS BANK N.A., Successor by Merger to
BANK OF THE WEST

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GOLDWATER BANK, N.A., | CASE NO. 5:21-cv-00616-JWH-SP |
| Plaintiff, | JUDGE: Hon. John W. Holcomb<br>CTRM.: 9D |
| vs. | |
| ARTUR ELIZAROV; UNISON AGREEMENT CORP.; SCOTT HOWLETT; BANK OF THE WEST; and ILYA ALEKSEYEFF, | **DEFENDANT AND CROSS-COMPLAINANT SCOTT HOWLETT AND DEFENDANT BMO HARRIS BANK N.A., SUCCESSOR BY MERGER TO BANK OF THE WESTS' SIXTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF GOLDWATER BANK, N.A.** |
| Defendants. | |
| SCOTT HOWLETT, | PLACE: Hall Griffin LLP<br>1851 East First Street<br>10th Floor<br>Santa Ana, CA 92705 |
| Cross-Complainant, | |
| vs. | |
| ARTUR ELIZAROV, GOLDWATER BANK, N.A., and ROES 1-10, | TRIAL DATE: August 7, 2023 |
| Cross-Defendants. | |

PROPOUNDING PARTY:   Defendant and Cross-Complainant SCOTT HOWLETT and Defendant BMO HARRIS BANK N.A., Successor by Merger to BANK OF THE WEST

RESPONDING PARTY:   Plaintiff GOLDWATER BANK, N.A.

SET NO.:   Six

1

1   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and
2   Cross-Complainant SCOTT HOWLETT and Defendant BMO HARRIS BANK
3   N.A., Successor by Merger to BANK OF THE WEST request that Plaintiff
4   GOLDWATER BANK, N.A. produce and permit Defendant and Cross-
5   Complainant SCOTT HOWLETT and Defendant BMO HARRIS BANK N.A.,
6   Successor by Merger to BANK OF THE WEST to inspect, copy, test, or sample the
7   following items in the possession, custody, or control of Plaintiff.

8   The production and inspection shall take place at Hall Griffin LLP, 1851 East
9   First Street, 10th Floor, Santa Ana, CA 92705-4052, within 30 days unless other
10  mutually agreeable arrangements are made between counsel of record, and shall
11  continue for so long as may be reasonably required.

12                                **DEFINITIONS**

13  A.   "DOCUMENT" or "DOCUMENTS" refers to writings, drawings,
14  graphs, charts, photographs, sound recordings, images, and other data compilations,
15  whether or not electronically stored, from which information can be obtained either
16  directly, or, if necessary, after translation by you into a reasonably usable form, as
17  well as any designated tangible thing, including emails.

18  B.   COMMUNICATION(S)" means any oral, written or electronic
19  transmission of information, including but not limited to meetings, discussions,
20  conversations, telephone calls, telegrams, memoranda, letters, telecopies, telexes,
21  conferences, messages, notes or seminars

22  C.   "SUBORDINATION AGREEMENT" shall mean and refer to the
23  Unison Homebuyer Uniform Subordination Agreement that is referenced in
24  Paragraph 19 of the FIRST AMENDED COMPLAINT.

25  D.   "FIRST AMENDED COMPLAINT" shall mean the Verified Amended
26  Complaint that Plaintiff Goldwater Bank, N.A. filed in the above-referenced action
27  on May 27, 2021 [Dkt. 44].

28  E.   "GOLDWATER" shall mean Plaintiff Goldwater Bank N.A.

F.      The "LOAN" shall mean the loan from Goldwater Bank, N.A. to Artur Elizarov that is at issue in the FIRST AMENDED COMPLAINT, the details of which are set forth in Paragraphs 12, 14 and 36of the FIRST AMENDED COMPLAINT.

G.      "WESTSTAR" shall mean Weststar Mortgage Corporation, as referenced in Paragraph 37 of the FIRST AMENDED COMPLAINT, and attached thereto as Exhibit C.

H.      The singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS articulating GOLDWATER's policies and procedures (in effect between May 1, 2019 and July 31, 2019, and as applicable to Mr. Elizarov's LOAN) for the onboarding of a residential real estate secured loan.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS articulating GOLDWATER's policies and procedures (in effect in between May 1, 2019 and July 31, 2019, and as applicable to Mr. Elizarov's LOAN) for confirming that the deed of trust for a residential real estate secured loan had been recorded.

**REQUEST FOR PRODUCTION NO. 79:**

Documents articulating GOLDWATER's policies and procedures—in place between July 31, 2019 and "on or around May 2020 [when] Goldwater transferred responsibilities for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation"—regarding the custodial maintenance, handling

HOWLETT AND BOTW'S SIXTH SET OF REQUESTS FOR PRODUCTION TO GOLDWATER
4867-8585-5832.1

1  and control of original documents applicable to the Deed of Trust executed by Mr.

2  Elizarov and dated July 31, 2019.

3  **REQUEST FOR PRODUCTION NO. 80:**

4        Documents articulating GOLDWATER's policies and procedures (in effect as

5  of May 2020, and as applicable to Mr. Elizarov's LOAN) for the transfer of

6  servicing for a residential real estate secured loan.

7  **REQUEST FOR PRODUCTION NO. 81:**

8        The agreement(s) between GOLDWATER and WESTSTAR pursuant to

9  which "Goldwater transferred responsibility for servicing the Goldwater Loan to an

10  affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph

11  37 of the FIRST AMENDED COMPLAINT.

12  **REQUEST FOR PRODUCTION NO. 82:**

13        The agreement(s) between GOLDWATER and WESTSTAR pursuant to

14  which WESTSTAR serviced the LOAN.

15  **REQUEST FOR PRODUCTION NO. 83:**

16        DOCUMENTS articulating each of WESTSTAR's responsibilities as the

17  servicer for the LOAN.

18  **REQUEST FOR PRODUCTION NO. 84:**

19        DOCUMENTS articulating the checklist(s) GOLDWATER utilized when

20  "Goldwater transferred responsibility for servicing the Goldwater Loan to an

21  affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph

22  37 of the FIRST AMENDED COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 85:**

24        *To the extent such documents are in GOLDWATER's possession, custody, or*

25  *control:* documents articulating the checklist(s) WESTSTAR's utilized when

26  "Goldwater transferred responsibility for servicing the Goldwater Loan to an

27  affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph

28  37 of the FIRST AMENDED COMPLAINT.

HALL GRIFFIN

HOWLETT AND BOTW'S SIXTH SET OF REQUESTS FOR PRODUCTION TO GOLDWATER
4867-8585-5832.1

**REQUEST FOR PRODUCTION NO. 86:**

*To the extent such documents are in GOLDWATER's possession, custody, or control:* documents articulating WESTSTAR's written policies and procedures for onboarding a loan, as applicable to Mr. Elizarov's LOAN, and as in effect at the time WESTSTAR began servicing Mr. Elizarov's LOAN.

**REQUEST FOR PRODUCTION NO. 87:**

*To the extent such documents are in GOLDWATER's possession, custody, or control:* documents articulating WESTSTAR's written policies and procedures for confirming that a deed of trust had been recorded by the time Weststar begins servicing a residential real estate secured loan, as applicable to Mr. Elizarov's LOAN, and as in effect at the time WESTSTAR began servicing Mr. Elizarov's LOAN.

**REQUEST FOR PRODUCTION NO. 88:**

Documents articulating GOLDWATER's efforts to confirm that the Deed of Trust for Mr. Elizarov's LOAN had been recorded as of "[in] or around May 2020 [when] Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph 37 of the FIRST AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 89:**

*To the extent such documents are in GOLDWATER's possession, custody, or control:* Documents articulating WESTSTAR's policies and procedures in place between July 31, 2019 and April 15, 2021, regarding the custodial maintenance, handling and control of original documents for residential real estate secured loans, as applicable to the Deed of Trust executed by Mr. Elizarov and dated July 31, 2019.

**REQUEST FOR PRODUCTION NO. 90:**

Documents articulating Goldwater's policies and procedures in place between May 1, 2019 and July 31, 2019, regarding the preparation, execution and recording

of subordination agreements applicable to the "Subordination Agreement" at issue
in Paragraph 19 through 22 of the FIRST AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 91:**

*To the extent such documents are in GOLDWATER's possession, custody, or control:* Documents articulating WESTSTAR's policies and procedures in place between July 31, 2019 and April 15, 2021, with respect to confirming that a lender's policy of title insurance had been obtained for the residential real estate secured loan(s) being serviced by WESTSTAR, as applicable to the Deed of Trust executed by Mr. Elizarov and dated July 31, 2019.

**REQUEST FOR PRODUCTION NO. 92:**

All COMMUNICATIONS between Devin Lucero-Miller and Brittany Shaw between February 1, 2021 and April 21, 2021 related to the LOAN.

**REQUEST FOR PRODUCTION NO. 93:**

A copy of the "closing instructions" that were referenced  in Goldwater's response to Howlett/BOTW's Requests for Production (Set Three), Nos. 43 and 44 (averring that "the responsibility for the recordation of lien instruments falls with the title insurance company and is outlined in the closing instructions rather than Goldwater's internal written policies and procedures.").

**REQUEST FOR PRODUCTION NO. 93:**

*To the extent not already produced by GOLDWATER*, all COMMUNICATIONS between GOLDWATER and WESTSTAR RELATED TO confirming that the Deed of Trust for Mr. Elizarov's LOAN had been recorded.

**REQUEST FOR PRODUCTION NO. 94:**

All COMMUNICATIONS between GOLDWATER and Stewart Title from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

/ / /

/ / /

HOWLETT AND BOTW'S SIXTH SET OF REQUESTS FOR PRODUCTION TO GOLDWATER
4867-8585-5832.1

**REQUEST FOR PRODUCTION NO. 95:**

*To the extent not already produced*, all COMMUNICATIONS between GOLDWATER and First American Title Insurance Company from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

**REQUEST FOR PRODUCTION NO. 96:**

*To the extent not already produced*, all COMMUNICATIONS between GOLDWATER and First American Title Insurance Company from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

DATED:  March 24, 2023                    HALL GRIFFIN LLP

By: _____
        Howard D. Hall
        Jeremy T. Katz
        Kasandra C. Goldberg
Attorneys for Defendant and Cross-Complainant SCOTT HOWLETT and Defendant BMO HARRIS BANK N.A., Successor by Merger to BANK OF THE WEST

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of .  I am over the age of 18 and not a party to the within action.  My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

On March 24, 2023, I served the within document(s) described as**:**

**DEFENDANT AND CROSS-COMPLAINANT SCOTT HOWLETT AND DEFENDANT BMO HARRIS BANK N.A., SUCCESSOR BY MERGER TO BANK OF THE WESTS' SIXTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF GOLDWATER BANK, N.A.**

on each interested party in this action, as stated below:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL:**  I caused a true copy of the document(s) to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.  My electronic notification address is varagon@hallgriffin.com.  I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, 2023, at Santa Ana, California.

_____
Veronica Aragon

HALL GRIFFIN

1

2

**SERVICE LIST**
*Goldwater Bank, N.A. v. Artur Elizarov, et al.*
**Case No. 5:21-cv-00616-JWH-SP**

3   Sean C. Wagner, Esq.
   Derek M. Bast, Esq.
4   Abbey M. Krysak, Esq.
   Wagner Hicks PLLC
5   831 E. Morehead St., Suite 860
   Charlotte, NC 28202
6   (704) 705-7538; Fax: (704) 705-7787
   sean.wagner@wagnerhicks.law
7   derek.bast@wagnerhicks.law
   abbey.krysak@wagnerhicks.law
8   **Pro Hac Vice Attorneys for Plaintiff**
   **and Cross-Defendant Goldwater**
9   **Bank. N.A.**

John Forest Hilbert, Esq.
Joseph A. LeVota, Esq.
Hilbert & Satterly LLP
409 Camino Del Rio South, Suite 104
San Diego, CA 92108
(619) 795-0300; Fax: (619) 501-6855
jhilbert@hscallaw.com
jlevota@hscallaw.com
trohner@hscallaw.com
sreyes@hscallaw.com
**Attorneys for Plaintiff and Cross-**
**Defendant Goldwater Bank, N.A.**

10   Marie B. Maurice, Esq.
   Marina Samson, Esq.
11   Ivie, McNeill, Wyatt, Purcell & Diggs
   444 S. Flower St., Suite 1800
12   Los Angeles, CA 90071
   (213) 489-0028; Fax: (213) 489-0552
13   mmaurice@imwlaw.com
   msamson@imwlaw.com
14   **Attorneys for Plaintiff and Cross-**
   **Defendant Goldwater Bank. N.A.**

Ilya Alekseyeff, Esq.
LOIA, Inc. (APLC)
727 W. 7th St., PH 1-13
Los Angeles, CA 90017
(213) 537-4592
ilya@loia.legal
**Attorneys for Defendant and Cross-**
**Defendant Artur Elizarov, and**
**Defendant Ilya Alekseyeff (in Pro Per)**

15

16

17

18

19

20

21

22

23

24

25

26

27

28