# EXHIBIT 10

Sean C. Wagner (Pro Hac Vice)
Abbey M. Krysak (Pro Hac Vice)
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte, North Carolina 28202
Tel: (704) 705-7538
Fax: (704) 705-7787

John Forest Hilbert, Esq. (SBN 105827)
Joseph A. LeVota, Esq. (SBN 262760)
**HILBERT & SATTERLY LLP**
409 Camino del Rio S. #104
San Diego, California 92108
Telephone:   (619) 795-0300
Facsimile:    (619) 501-6855

Marie B. Maurice (SBN 258069)
Marina Samson (SBN 315024)
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 S. Flower Street, Sutite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:    (213) 489-0552

Counsel for Plaintiff
GOLDWATER BANK, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDWATER BANK, N.A., | Case No. 5:21-cv-00616-JWH-SPx |
| Plaintiff, | |
| v. | **PLAINTIFF GOLDWATER BANK, N.A.'S RESPONSES TO DEFENDANT SCOTT HOWLETT AND DEFENDANT BMO HARRIS BANK N.A., SUCCESSOR BY MERGER TO BANK OF THE WEST'S SIXTH SET OF REQUESTS FOR PRODUCTION** |
| ARTUR ELIZAROV; ET AL. | |
| Defendants. | |

PROPOUNDING PARTY:    Defendant  Scott  Howlett  and  Defendant  BMO  Harris Bank N.A. Successor by Merger to Bank of the West

ANSWERING PARTY:    Plaintiff Goldwater Bank, N.A.

SET NO.:    Six

NOW COMES Plaintiff Goldwater Bank, N.A. ("Goldwater"), by and through counsel, and responds to Defendant Scott Howlett ("Howlett") and Defendant BMO Harris Bank N.A. Successor by Merger to Bank of the West's ("BOTW") Sixth Requests for Production (the "Sixth Requests") as follows:

## PRELIMINARY STATEMENT

These responses and objections are made by Goldwater subject to, and without in any way waiving, or intending to waive (1) all questions as to relevancy, materiality, privilege, and admissibility as evidence for any purpose, or any of the documents referred to or answers given, or the subject matter thereto in any subsequent proceeding in, or at the trial of this action, or any other action; and (2) the right to object to other discovery procedures involving or relating to the subject matter of the request herein answered.  In answering all or a portion of any request, Goldwater does not concede the relevance or materiality of the request or the subject matter to which it refers.

All responses and objections contained herein are based upon such information as is presently available and specifically known to Goldwater.  These responses are given without prejudice to Goldwater's right to produce evidence of any subsequently discovered facts, including any and all subsequently discovered information.  Accordingly, Goldwater specifically reserves the right to change any and all responses contained herein as a result of further investigation, research, and discovery become known.  The responses made herein reflect Goldwater's good faith efforts to respond as completely as possible based on the information that is currently available, and shall not be used to prejudice Goldwater's right to investigate and rely upon such other information as it is ascertained as a result of such further investigation or discovery.

Goldwater reserves the right to use at trial and make reference to any evidence, facts, documents, or information not discovered at this time, omitted through good faith error, mistake, or oversight, or the relevance of which has not presently been identified by Goldwater.  Goldwater also reserves the right to further modify these responses as a result of subsequently discovered information.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 77:**

DOCUMENTS articulating GOLDWATER's policies and procedures (in effect between May 1, 2019 and July 31, 2019, and as applicable to Mr. Elizarov's LOAN) for the onboarding of a residential real estate secured loan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Goldwater objects to the use of the phrase "onboarding" as vague and ambiguous, because the Request cannot be answered without speculation by Goldwater as to its intended meaning.  To be sure, the Oxford English Dictionary defines "onboarding" to mean (1) the action of process of integrating a new employee into an organization, or (2) the action or process of familiarizing a new customer, client, or service user with a product or service, esp. a piece of software.  Neither of these definitions are applicable to this Request.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures for the onboarding of a residential real estate secured loan but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.   Goldwater further objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's policies and procedures have no bearing on the relevant claims and defenses.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS articulating GOLDWATER's policies and procedures (in effect in between May 1, 2019 and July 31, 2019, and as applicable to Mr. Elizarov's LOAN) for

confirming that the deed of trust for a residential real estate secured loan had been recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett. The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Goldwater's written policies and procedures have no bearing on the relevant claims and defenses. Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures for confirming that the deed of trust for a residential real estate secured loan had been recorded but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Subject to and without waiving its objections, Goldwater states as follows: responding Party does not believe that responsive documents exist because it is customary in the residential mortgage business, as was the case here, that the responsibility for the recordation of lien instructions falls with the title insurance company and is outlined in the closing instructions rather than Goldwater's internal policies and procedures. Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 79:**

DOCUMENTS articulating GOLDWATER's policies and procedures—in place between July 31, 2019 and "on or around May 2020 [when] Goldwater transferred responsibilities for servicing the Goldwater Loan to an affiliated entity names Weststar Mortgage Corporation"—regarding the custodial maintenance, handling and control of

original documents applicable to the Deed of Trust executed by Mr. Elizarov and dated July 31, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request number 19, and therefore, incorporates its objections and responses to request number 19 herein.  Goldwater also objects to this request to the extent that it is not reasonably limited in scope, oppressive, or intended to annoy or embarrass, or it seeks information, which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  It is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's written policies and procedures have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures regarding the custodial maintenance, handling and control of original documents but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 80:**

Documents articulating GOLDWATER's policies and procedures (in effect as of May 2020, and as applicable to Mr. Elizarov's LOAN for the transfer of servicing for a residential real estate secured loan.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request number 19, and therefore, incorporates its objections and responses to request number 19 herein.  Goldwater also objects to this request to the extent that it is not reasonably limited in scope, oppressive, or intended to annoy or embarrass, or it seeks information, which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Goldwater's written policies and procedures have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures regarding the transfer of servicing for a residential real estate secured loan but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 81:**

The agreement(s) between GOLDWATER and WESTSTAR pursuant to which "Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph 37 of the First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request number 19, and therefore, incorporates its objections and responses to request number 19 herein. Goldwater objects to the use of the word "agreement(s)" as vague and ambiguous, because the Request cannot be answered without speculation by

Goldwater as to its intended meaning.  Goldwater also objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  "Agreement(s)" between GOLDWATER and WESTSTAR pursuant to which "Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" have no bearing on the relevant claims and defenses.

Subject to and without waiving its objections, Goldwater states as follows: Goldwater does not believe that responsive documents exist.  Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 82:**

The agreement(s) between GOLDWATER and WESTSTAR pursuant to which WESTSTAR serviced the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative,  in that it is duplicative of prior requests in this set, and prior sets of requests from Requesting Party, including request numbers 19 and 82, and therefore, incorporates its objections and responses to request numbers 19 and 82 herein. Goldwater objects to the use of the word "agreement(s)" as vague and ambiguous, because the Request cannot be answered without speculation by Goldwater as to its intended meaning.  Goldwater also objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  "Agreement(s)" between Goldwater and

Weststar pursuant to which Weststar serviced the loan have no bearing on the relevant claims and defenses.

Subject to and without waiving its objections, Goldwater states as follows: Goldwater does not believe that responsive documents exist. Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 83:**

DOCUMENTS articulating each of WESTSTAR's responsibilities as the servicer of the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Goldwater objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Documents articulating Weststar's responsibilities as a servicer have no bearing on the relevant claims and defenses. Goldwater further objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater also objects to the request as overly broad and not proportional to the needs of the case because it appears to seek all "documents articulating" Weststar's responsibilities as the servicer, which presumably include any document, including emails, referencing such "responsibilities". Goldwater further objects to the use of the word "responsibilities" as vague and ambiguous, and therefore, Goldwater cannot answer such request without speculating as to its intended meaning.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 84:**

DOCUMENTS articulating the checklist(s) GOLDWATER utilized when "Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph 37 of the FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request number 19, and therefore, incorporates its objections and responses to request number 19 herein.  Goldwater also objects to this request to the extent that it is oppressive, intended to annoy or embarrass, or it seeks information, which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's "checklists" have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the checklist(s) Goldwater utilized when "Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" but also seeks all "documents articulating" such "checklists" which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 85:**

*To the extent such documents are in Goldwater's possession, custody, or control:* documents articulating the checklist(s) WESTSTAR's utilized when "Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named

Weststar Mortgage Corporation" as referenced in Paragraph 37 of the FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Goldwater objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Documents articulating Weststar's checklists utilized when "Goldwater transferred responsibility for servicing as a servicer" have no bearing on the relevant claims and defenses. Goldwater further objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater also objects to the request as overly broad and not proportional to the needs of the case because it appears to seek all "documents articulating" Weststar's checklists as the servicer, which presumably include any document, including emails, referencing such "checklists".

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 86:**

*To the extent such documents are in Goldwater's possession, custody, or control:* documents articulating WESTSTAR's written policies and procedures for onboarding a loan, as applicable to Mr. Elizarov's LOAN, and as in effect at the time WESTSTAR began servicing Mr. Elizarov's LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

Goldwater objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater objects to the use of the phrase "onboarding" as vague and ambiguous, because the Request cannot be answered without speculation by Goldwater as to its intended meaning. To be sure, the Oxford English Dictionary defines "onboarding" to

mean (1) the action of process of integrating a new employee into an organization, or (2) the action or process of familiarizing a new customer, client, or service user with a product or service, esp. a piece of software.  Neither of these definitions are applicable to this Request.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures for the onboarding of a loan but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.    Goldwater further objects to this Request to the extent that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's policies and procedures have no bearing on the relevant claims and defenses.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 87:**

*To the extent such documents are in Goldwater's possession, custody, or control:* documents articulating WESTSTAR's written policies and procedures for confirming that a deed of trust had been recorded by the time Weststar begins servicing a residential real estate secured loan, as applicable to Mr. Elizarov's LOAN, and as in effect at the time WESTSTAR began servicing Mr. Elizarov's LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Goldwater objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.

The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Weststar's written policies and procedures have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures for confirming that a deed of trust had been recorded but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 88:**

Documents articulating GOLDWATER's efforts to confirm that the Deed of Trust for Mr. Elizarov's LOAN had been recorded as of "[in] or around May 2020 [when] Goldwater transferred responsibility for servicing the Goldwater Loan to an affiliated entity named Weststar Mortgage Corporation" as referenced in Paragraph 37 of the FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request numbers 8, 9, 10, and 33, and therefore, incorporates its objections and responses to those requests herein. Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Documents articulating Goldwater's efforts to confirm that the Deed of Trust for Mr.

Elizarov's loan had been recorded as of May 2020 have no bearing on the relevant claims and defenses.

Subject to and without waiving its objections, Goldwater previously produced non-privileged, responsive documents.   Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

## REQUEST FOR PRODUCTION NO. 89:

*To the extent such documents are in GOLDWATER's possession, custody, or control:* Documents articulating WESTSTAR's policies and procedures in place between July 31, 2019 and April 15, 2021, regarding the custodial maintenance, handling and control or original documents for residential real estate secured loans, as applicable to the Deed of Trust executed by Mr. Elizarov and dated July 31, 2019.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Goldwater objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Weststar's written policies and procedures have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures regarding the custodial maintenance, handling and control or original documents but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 90:**

Documents articulating GOLDWATER's policies and procedures in place between May 1, 2019 and July 31, 2019, regarding the preparation, execution and recording of subordination agreements applicable to the "Subordination Agreement" at issue in Paragraph 19 through 22 of the FIRST AMENDED COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request number 54, and therefore, incorporates its objections and responses to request number 54 herein. Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence. The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Goldwater's written policies and procedures have no bearing on the relevant claims and defenses. Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures regarding the preparation, execution and recording of subordination agreements but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Subject to and without waiving its objections, Goldwater states as follows: Goldwater previously produced non-privileged, responsive documents. Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 91:**

*To the extent such documents are in GOLDWATER's possession, custody, or control:* Documents articulating WESTSTAR's policies and procedures in place between

July 31, 2019 and April 15, 2021, with respect to confirming that a lender's policy of title insurance had been obtained for the residential real estate secured loan(s) being serviced by WESTSTAR, as applicable to the Deed of Trust executed by Mr. Elizarov and dated July 31, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Goldwater objects to this request to the extent it seeks documents or information of a non-party, and therefore, are not within Goldwater's custody, possession, or control. Goldwater objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Weststar's written policies and procedures have no bearing on the relevant claims and defenses.  Goldwater also objects to this Request as overly broad and not proportional to the needs of the case because it seeks not only the policies and procedures with respect to confirming that a lender's policy of title insurance had been obtained but also seeks all "documents articulating" such policies and procedures which presumably include any document, including emails, referencing such policies or procedures.

Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 92:**

All COMMUNICATIONS between Devin Lucero-Miller and Brittany Shaw between February 1, 2021 and April 21, 2021 related to the LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request numbers 9, 11, 15, 20, 33, and 41, and therefore, incorporates its objections and responses to those requests herein.  Subject to and without waiving its objections, Goldwater states as follows:  Goldwater previously produced responsive

documents. Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 93:**

*To the extent not already produced by GOLDWATER*, all COMMUNICATIONS between GOLDATER and WESTSTAR RELATED TO confirming that the Deed of Trust for Mr. Elizarov's LOAN had been recorded.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request numbers 9, 11, 14, 20, 24, 33, 41, 46, and 52, and therefore, incorporates its objections and responses to those requests herein. Goldwater further objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett. The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust. Goldwater's communications with Weststar related to confirming that the deed of trust had been recorded have no bearing on the relevant claims and defenses. Subject to and without waiving its objections, Goldwater states as follows: Goldwater previously produced non-privileged, responsive documents. Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 94:**

All COMMUNICATIONS between GOLDWATER and Stewart Title from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request numbers 9, 11, 15, and 52, and therefore, incorporates its objections and responses to those requests herein.  Goldwater further objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's communications related to recording the deed of trust have no bearing on the relevant claims and defenses.  Subject to and without waiving its objections, Goldwater states as follows:  Goldwater previously produced responsive documents.  Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

**REQUEST FOR PRODUCTION NO. 95:**

*To the extent not already produced*, all COMMUNICATIONS between GOLDWATER and First American Title Insurance Company from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests from Requesting Party, including request numbers 9, 11, 15, 34, 42, 53 and 59, and therefore, incorporates its objections and responses to those requests herein.  Goldwater further objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided

are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's communications related to recording the deed of trust have no bearing on the relevant claims and defenses.  Subject to and without waiving its objections, Goldwater states as follows:  Goldwater previously produced responsive documents.  Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

## REQUEST FOR PRODUCTION NO. 96:

*To the extent not already produced*, all COMMUNICATIONS between GOLDWATER and First American Title Insurance Company from March 1, 2021 to April 30, 2021 about recording the Deed of Trust for Mr. Elizarov's LOAN.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 96:

Goldwater objects to this request as unduly burdensome and unreasonably cumulative in that it is duplicative of prior sets of requests and this set of requests from Requesting Party, including request numbers 9, 11, 15, 34, 42, 53, 59, and 95, and therefore, incorporates its objections and responses to those requests herein.

Goldwater further objects to this request as irrelevant and not reasonably likely to lead to the discovery of admissible evidence because it is undisputed that the deed of trust for Goldwater's loan to Elizarov was not recorded prior to the sale of the Property to Howlett.  The issues to be decided are whether Howlett and BOTW had notice of Goldwater's lien despite the unrecorded status of Goldwater's deed of trust.  Goldwater's communications related to recording the deed of trust have no bearing on the relevant claims and defenses.  Subject to and without waiving its objections, Goldwater states as follows:  Goldwater previously produced responsive documents.  Goldwater reserves the right to amend or supplement this response as necessary or appropriate and as additional information becomes available through discovery.

Dated:  April 28, 2023.

**WAGNER HICKS PLLC**

By:  /s/ Abbey M. Krysak, Esq.
    Sean C. Wagner, Esq.
    Abbey M. Krysak, Esq.

**HILBERT & SATTERLY LLP**
    John Forest Hilbert, Esq.
    Joseph A. LeVota, Esq.

**IVIE McNEILL WYATT PURCELL & DIGGS**
    Marie B. Maurice, Esq.
    Marina Samson, Esq.

*ATTORNEYS FOR PLAINTIFF GOLDWATER BANK, N.A.*

**CERTIFICATE OF SERVICE**

I am employed in the County of Mecklenburg, State of North Carolina.  I am over the age of 18 and not a party to the within action.  My business address is 831 E. Morehead Street, Suite 860, Charlotte, NC 28202.

On April 28, 2023, I served the within document described as:

**PLAINTIFF GOLDWATER BANK, N.A.'S RESPONSES TO DEFENDANT SCOTT HOWLETT AND DEFENDANT BANK OF THE WEST'S SIXTH SET OF REQUESTS FOR PRODUCTION**

on each interested party in this action, as stated below:

**SEE ATTACHED SERVICE LIST**

**BY EMAIL**:  I caused a true copy of the document to be sent to the persons at the corresponding electronic addresses as indicated above on the above-mentioned date. My electronic notification address is abbey.krysak@wagnerhicks.law.  I am familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a *Pro Hac Vice* member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2023, in Charlotte, North Carolina.

Abbey M. Krysak, Esq.

**SERVICE LIST**
**Goldwater Bank, N.A. v. Artur Elizarov, et al.**
**Case No. 5:21-cv-00616-JWH-SP**

Ilya Alekseyeff, Esq.
Loia, Inc. (APLC)
8721 Santa Monic Blvd., #119
West Hollywood, CA 90096
(213) 537-4592
Ilya@loia.legal
*Attorney for Defendant Artur Elizarov and Defendant pro per, Ilya Alekseyeff*

Howard D. Hall, Esq.
Jeremy T. Katz, Esq.
Hall Griffin, LLP
1851 East First Street, 10th Floor
Santa Ana, CA 92705-4052
hdhall@hallgriffin.com
jkatz@hallgriffin.com
(714) 918-7000; Fax: (714) 918-6996
*Attorneys for Defendant Scott Howlett and Bank of the West*