**EXHIBIT 14**





**WAGNER HICKS PLLC**
831 E. Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7787

**ABBEY M. KRYSAK**
Attorney at Law
(607) 207-6553
abbey.krysak@wagnerhicks.law

**VIA ELECTRONIC MAIL**

March 17, 2023

Jeremy T. Katz
Howard Hall
Hall Griffin LLP
1851 East First Street, 10th Floor
Santa Ana, CA 92705
jkatz@hallgriffin.com
hdhall@hallgriffin.com

>   RE:   *Goldwater Bank, N.A. v. Elizarov, et al.*, No. 5-21-cv-00616 (C.D. Cal)
>         *Subpoenas Duces Tecum to Weststar Mortgage Corporation*

Counsel,

    This firm represents Weststar Mortgage Corporation ("Weststar") in connection with the third Subpoena *Duces Tecum* issued to Weststar and dated March 2, 2023 (the "Third Subpoena"), and the fourth Subpoena *Duces Tecum* issued to Weststar and dated March 3, 2023 (the "Fourth Subpoena") (collectively, the "Subpoenas"). The Subpoenas broadly seek numerous documents and communications relating to "Elizarov's loan" and "GWB Deed of Trust," over a four year period to be produced on or before March 17, 2023, in Los Angeles California and March 27, 2023 in Albuquerque, New Mexico.

    In connection with the above-styled matter, your firm has now issued four subpoenas *duces tecum* to Weststar. Weststar is a non-party to this litigation, and the numerous subpoenas issued to Weststar demonstrate a failure to take reasonable efforts to reduce the burden on nonparty Weststar. *See* Fed. R. Civ. P. 45(d)(1). Accordingly, Weststar objects to the Subpoenas on those grounds.

    Weststar objects to the Third Subpoena to the extent it is invalid for failure to properly serve Weststar in compliance with Rule 45(b) of the Federal Rules of Civil Procedure. Weststar further objects to the Third Subpoena as improper because the demanded place of production is not in Albuquerque, New Mexico, where Weststar resides and regularly transacts business in



person. *See* Fed. R. Civ. P. 45(c)(2)(A). Additionally, Weststar objects to the Third Subpoena as entirely duplicative of the prior Subpoena *Duces Tecum* your firm issed to Weststar and dated February 15, 2023 (the "Second Subpoena"). Accordingly, Weststar further incorporates its March 2, 2023, objections and responses to the Second Subpoena herein.

Weststar also objects to the Subpoenas because they are overly broad, oppressive, vague, and unduly burdensome. The Subpoenas broadly request "all documents," "policies and procedures," and "all communications" over an approximate four year period related to "Elizarov's loan" and "GWB Deed of Trust." The broad requests for documents and the overbroad scope of four years impose an undue burden on Weststar. Weststar objects to use of the overbroad terms "policies and procedures" and "agreements," and the definitions contained therein, as Weststar cannot respond to the requests without speculation as to what the intended meaning is. Moreover, to the extent that the Subpoenas seek materials irrelevant to the claims and defenses in the above-styled suit, Weststar objects because they are improper. Weststar further objects to the extent the Subpoenas seek to impose any duties or obligations on Weststar beyond what is required under Rule 45 of the Federal Rules of Civil Procedure.

In addition, much if not all of the requests seek information related to Goldwater Bank, N.A., a party to the above-styled litigation. Thus, Weststar objects to the Subpoenas to the extent they seek information that is not within Weststar's possession, custody or control, and further objects to the extent the documents sought could be more easily obtained from a party to the lawsuit. *In re Allergan*, 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party'" (citation omitted)); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp*. 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty") (citing *Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646, 649 (9th Cir. 1980))).

Weststar also objects to the Subpoenas to the extent they seek documents or information protected by the attorney client privilege or the work product doctrine, or the disclosure of confidential financial consumer information protected by the Graham Leach Bliley Act, the California State Constitution, and applicable federal and state privacy laws.

Weststar construes the Subpoenas' requests as seeking the production of Electronically Stored Information ("ESI"). As a non-party, Weststar did not and will not be performing an ESI search as such search is unduly burdensome in that the Subpoenas seek ESI that is not reasonably accessible to Weststar, spans over a 4-year time period, which includes collecting data from multiple custodians, and involves the collection of data in a manner that typically requires engagement of an outside vendor. This is unduly burdensome in that the requested search is highly expensive, overburdensome, time consuming, and labor intensive for a nonparty. Accordingly, Weststar will not perform any such ESI search.

Weststar further objects to the Subpoenas to the extent they seek documents or information that has already been produced by Weststar. As referenced above, Weststar was issued two prior subpoena *duces tecum* in this matter, and produced its complete loan file with respect to the

mortgage loan Goldwater Bank, N.A. originated on or around July 31, 2019 with Artur Elizarov, subject to the objections raised, and bates numbered WESTSTAR_0001 to WESTSTAR_0422. Weststar further incorporates its July 20, 2022, objections herein.

Accordingly, Weststar will not produce any further documents in response to the Subpoenas.

Weststar expressly reserves the right to modify and supplement these objections and responses if additional information or documents are located by Weststar. Weststar assumes no obligation to supplement its responses, beyond those permitted by applicable court rules, if any. To the extent a meet and confer regarding any of these objections is necessary, please contact undersigned counsel.

Sincerely,

Sean C. Wagner