UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 26, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Granting in Part and Denying in Part Howlett and Bank of the West's Ex Parte Application to Compel [284]

## I. INTRODUCTION

On May 23, 2023, defendants Scott Howlett and BMO Harris Bank N.A., successor by merger to Bank of the West ("BOTW"), filed an ex parte application to compel plaintiff Goldwater Bank to produce Rule 30(b)(6) witness Christine Overbeck for further deposition and to produce of documents, along with various related relief. Docket no. 284. The application is supported by the declaration of defendants' counsel Jeremy T. Katz ("Katz Decl.") and exhibits thereto. Plaintiff filed its opposition to the application on May 26, 2023. Docket no. 289. Plaintiff's arguments are supported by the declaration of its counsel Abbey M. Krysak ("Krysac Decl.") and exhibits thereto.

For the following reasons, the court now grants in part and denies in part defendants' ex parte application, as set forth below.

## II. BACKGROUND

### A. Goldwater's 30(b)(6) Witness Designation

On November 14, 2022, defendant Artur Elizarov served plaintiff Goldwater with a deposition notice under Fed. R. Civ. P. 30(b)(6). Katz Decl. ¶ 2, Ex. 1. After several meet and confer sessions the parties agreed to a May 12, 2023 deposition date. *Id.* ¶¶ 3-9. Defendants Howlett and BOTW then served their cross-notice for Goldwater's 30(b)(6) deposition. *Id.* ¶ 10, Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 26, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

On May 12, 2022, Goldwater produced Christine Overbeck as its 30(b)(6) witness. Katz Decl. ¶ 11, Ex. 5. Several hours into the witnesses' deposition the parties took a break, and upon return from the break Goldwater suspended the deposition, stating the witness was not feeling well and that had impacted her ability to testify. *Id*. ¶ 14, Ex. 5 at 180-181. Thereafter, the parties stipulated to resume the deposition on May 31, 2023.

At a May 18, 2023 conference, Goldwater informed counsel that Overbeck would not be produced as Goldwater's 30(b)(6) witness on May 31, 2023, and that Goldwater would be providing a substitute witness because "it became apparent during the deposition that [Ms. Oberbeck] was unable to respond to certain relevant areas of inquiry." Katz Decl. ¶¶ 18-19. Additionally, Goldwater refused to produce Ms. Oberbeck's on the topics she was initially prepared to testify about. *Id*. ¶ 20.

**B.       Goldwater's Responses to Requests for Documents**

On March 24, 2023, Howlett and BOTW propounded their Sixth Set of Requests for Production on Goldwater. Katz Decl. ¶ 23, Ex. 9. Goldwater served its responses on April 28, 2023. *Id*., Ex. 10. The parties met and conferred about the defects in Goldwater's responses on May 8, 2023. *Id*. Goldwater provided supplemental responses on May 18, 2023. *Id*. ¶ 24, Ex. 11. On the same day, Howlett and BOTW informed Goldwater that its supplemental responses were still deficient.

The discovery cutoff in this case is June 15, 2023. Howlett and BOTW now seek ex parte relief, chiefly to compel Overbeck's continued deposition and Goldwater's further production of documents.

**III. DISCUSSION**

With their ex parte application, defendants Howlett and BOTW ask the court to order: (1) Christine Overbeck's testimony during the May 12, 2023 Rule 30(b)(b) deposition is binding on Goldwater; (2) Goldwater not to instruct any 30(b)(6) witness to withhold information based on a question being allegedly outside the designated deposition topics; (3) Goldwater to make Overbeck available to complete her deposition by June 8, 2023; (4) Goldwater's objection to finishing the transcript from Overbeck's May 12, 2023 testimony is overruled; (5) Goldwater to produce documents responsive to Holwett and BOTW's Requests for Production ("RFPs") Nos. 77, 79, 80, 83, 85, 86, 87,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 26, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

89, and 91 no later than May 30, 2023, and (6) sanctioning Goldwater and its counsel for misconduct during the May 12, 2023 30(b)(6) deposition, and based on their failure to produce responsive documents.

**A.      Ex Parte Relief Is Warranted**

"Ex parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify ex parte relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. In addition, Central District of California Local Rule 37-3 provides that "[u]nless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."

Here, defendants would be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Goldwater unilaterally removed its Rule 30(b)(b) designee at her deposition on May 12, and only learned on May 18 that Overbeck would not agree to produce Overbeck to complete the deposition. With the Rule 30(b)(6) deposition set to resume on May 31 with a different witness, and given the June 15 discovery cutoff, defendants had no practical ability to file a regular noticed motion in compliance with Local Rule 37 to compel Overbeck to appear for deposition. Moreover, defendants acted promptly to preserve their challenge to Goldwater's May 12, 2023 removal of its Rule 30(b)(b) witness, so it cannot be persuasively argued that defendants are at fault in creating the crisis that necessitated the instant application to compel the witness' deposition. As such, the court will decide defendants' application to compel Overbeck's further deposition on an ex parte basis.

The situation with respect to Goldwater's purportedly deficient document production is a little different. Although Goldwater only produced its supplemental responses on May 18, it informed defendants at the May 8 meet and confer that it would be standing on its relevancy objections to RFP Nos. 77, 79, 80, and 84. Katz Decl. ¶¶ 27-28, Ex. 12 at 4. Thus, defendants have known since May 8 that Goldwater would not be voluntarily producing these documents, yet they now ask the court to decide whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 26, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

order their production on an ex parte basis. Defendants could have noticed this matter before the discovery cutoff for hearing on June 13 by serving their portion of the joint stipulation on plaintiff by May 15, but they failed to do so. Accordingly, the court will not grant ex parte relief with respect to these RFPs.

The same is not true of their dispute with respect to RFP Nos. 83, 85, 86, 87, 89, and 91, since on May 18 Goldwater produced supplemental responses to those RFPs different than what was agreed on May 8. *See* Katz Decl. Exs. 11, 12 at 4. The court will therefore rule on this dispute, but will do so in a separate order.

**B.      Goldwater Must Produce Overbeck for Deposition**

Defendants Howlett and BOTW seek an order compelling Goldwater to make Overbeck available to complete her deposition testimony. Goldwater opposes, arguing the May 12, 2023 deposition of Overbeck made clear that she was "was unable to answer questions truthfully on matters arguably specified in the deposition notice." Opp. at 13. Specifically, Goldwater contends that despite extensive preparations, Overbeck "could not answer questions with respect to at least fourteen (14) different inquiries throughout the day." *Id*.

At the May 12, 2023 deposition, shortly after Overbeck had testified that Goldwater had sold the loan at issue to Weststar and never repurchased it, counsel for Goldwater asked for a five-minute bathroom break. Katz Decl., Ex. 5 at 167, 180. Some 35 minutes later, Goldwater's counsel returned and stated they were "closing down" the deposition of Overbeck because she was "not feeling well" which "impacted her ability to testify." Katz Decl. ¶ 14, Ex. 5 at 180-81. But apart from counsel's assertion, nothing in the deposition transcript indicates that the witness was not felling well. In fact, she testified at the outset that she was feeling well that day and there were no medical conditions or medication that would prevent her from recalling information. Katz Decl., Ex. 5 at 2-3. At the May 18 meet and confer, Goldwater's counsel announced that Overbeck would no longer be the 30(b)(6) witness when the deposition resumed. Katz Decl. ¶ 18.

Goldwater is correct that a corporate party has a duty to designate a new witness if the designated witness cannot answer questions on the noticed topics; however, this circumstance is not evident here. Goldwater cites to various deposition excerpts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | May 26, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

support the proposition that Overbeck could not answer questions with respect to 14 different inquiries. Opp at 12-13 (citing Katz Decl., Ex. 5 at 7, 17, 20, 35-36, 59-62, 66, 92, 93, 140, 144, 146, 161). But a 30(b)(6) witness need not answer every single question posed in a deposition. Moreover, in the majority of the examples Goldwater cites, Overbeck was in fact able to answer to the best of her knowledge. The more salient issue appears to be Goldwater's discontent with the questions directed to the witness. In the cited examples, counsel for Goldwater generally objected to the inquiries as being outside the scope of the noticed topics. Even if those questions were in fact outside the scope of the noticed topics, Goldwater provides no authority suggesting it may withdraw its corporate designee simply because it is displeased with the questions and answers provided.

Goldwater may designate more than one deponent if it would be necessary to do so in order to respond to the relevant areas of inquiry that are specified in the deposition notice. *See* Fed.R.Civ.P. 30(b)(6). As such, Goldwater may proceed with a new Rule 30(b)(6) designee at the May 31 deposition, but that does not necessarily relieve Overbeck. A genuine question has been raised as to whether she is in fact not knowledgeable, or whether Goldwater is seeking to pull her testimony because it did not like the answers given.

Accordingly, Goldwater must produce Overbeck to complete her deposition by the requested June 8, 2023 deadline. At that deposition the parties may explore her qualifications to testify on behalf of Goldwater and the accuracy of her testimony on May 12, among other matters.

Given the many questions remaining, a ruling at this point as to whether testimony by Overbeck is binding on Goldwater would be premature. The court also reserves ruling on the matter of sanctions. But the court does overrule Goldwater's objection to finalizing the transcript of the May 12, 2023 deposition.

## IV. ORDER

IT IS THEREFORE ORDERED that defendants' ex parte application (docket no. 284) is granted in part and denied in part as explained herein.