UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | June 13, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order Awarding Monetary Sanctions on Motion for Failure to Comply with September 21, 2022 Order**

On November 14, 2022, plaintiff Goldwater Bank, N.A. filed a motion for sanctions against defendant Artur Elizarov for failure to comply with the court's September 21, 2022 order (docket no. 190) compelling defendants Elizarov and Ilya Alekseyeff to supplement their discovery responses. Docket no. 225. Defendant Elizarov filed an opposition on November 22, 2022. Docket no. 234. Plaintiff filed a reply on November 29, 2022. Docket no. 237. The court held a hearing on the motion on April 11, 2023.

In an order issued on May 5, 2023, the court granted in part and denied in part the motion for sanctions. Docket no. 277. In particular, the court denied plaintiff's request for a finding of contempt, but granted plaintiff's request for monetary sanctions in the form of attorneys' fees incurred in connection with bringing the motion for sanctions. The court found that, although defendant served supplemental responses on October 10, 2022, those supplemental responses fell well short of being complete or adequate in compliance with the court's order and the Federal Rules of Civil Procedure, and defendant offered no legitimate reason for his continued failure to comply in full with the court's September 21, 2022 order. The court set a deadline of May 15, 2023 for defendant to provide further, complete supplemental responses to Interrogatory Nos. 3, 7, and 8 and RFP Nos. 4, 7, 9, and 10, including producing all documents in his possession, custody, or control responsive to RFP Nos. 4, 7, 9, and 10 that he had not previously produced. The court also found monetary sanctions in the form of attorneys' fees warranted as provided in Federal Rule of Civil Procedure 37(b)(2)(C). The court ordered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | June 13, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

plaintiff to file a declaration and any supporting material detailing its expenditures on the sanctions motion, and permitted defendant to file a response seven days thereafter.

Plaintiff filed its sanctions submission on May 12, 2023, supported by a Declaration of Sean C. Wagner ("Wagner Decl.) and an exhibit of pertinent billing records. Docket no. 281. Defendant filed evidentiary objections to the submission on May 19, 2023. Docket no 283. Having reviewed these submissions, defendant's objections are overruled except as discussed below.

Where, as here, a party has disobeyed a discovery order, Rule 37(b)(2)(C) provides for the court to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure. . . ." Plaintiff asks the court to order defendant to pay $11,555 in fees and $2,852.05 in expenses incurred in connection with the sanctions motion.

The amount of a reasonable fee is generally determined according to the lodestar method, that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A reasonable rate is generally demonstrated based on the submission of evidence that the requested rates are reflective of the prevailing rate in the community based on comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). But "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." *Id.* (citation and internal quotation marks omitted).

Plaintiff has submitted hours worked by lead counsel and partner Sean Wagner (licensed since 2012), attorney Abbey Krysak (licensed since 2013), and paralegal Dallas Knierman. *See* Wagner Decl. ¶¶ 2, 5, 10, 13. Wagner's hourly rates were $500 in 2022 and $650 in 2023; Krysak's hourly rates were $375 in 2022 and $450 in 2023; and Knierman's hourly rates were $175 in 2022 and $200 in 2023. *Id.* ¶¶ 8, 11, 13. Wagner declares these rates are consistent with rates of similarly experienced practitioners in the community. *Id.* ¶¶ 9, 12. The court finds that as a partner in the firm and given his experience, attorney Wagner has ample personal knowledge and foundation to speak to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:21-cv-00616-JWH (SPx) | Date | June 13, 2023 |
|---|---|---|---|
| Title | Goldwater Bank, N.A. v. Artur Elizarov, et al. | | |

these matters.  Further, the court has already found some of these rates to be reasonable, and the others are consistent.  *See* docket no. 279 at 14-15.  Thus, the court accepts all of these hourly rates as reasonable.

As to the hours expended on this matter, the court finds attorney Wagner has sufficient knowledge to authenticate the billing records attached to his declaration, which are business records of his firm, and did so.  *See* Wagner Decl. ¶¶ 6-7.  The records show Wagner and Krysak spent a total of 9 hours between them reviewing the supplemental discovery responses, corresponding with opposing counsel, and preparing and filing the sanctions motion.  This was reasonable.  Likewise, the 3.5 hours spent by Krysak and .2 hours spent by paralegal Knierman on the reply were reasonable.  But the court will disallow some of the time spent after the papers were filed to the extent it was due more to the motion to disqualify or was excessive.  In particular, the court finds the following time spent in 2023 to prepare for, travel to and from, and attend the hearing on this motion to have been reasonably expended: .7 hours by Wagner; 9 hours by Krysak; and 3 hours by Knierman.  As such, reasonably expended attorneys' fees on this matter total $8,765, calculated as follows: (2 hours by Wagner in 2022 x $500) + (.7 hours by Wagner in 2023 x $650) + (7 hours by Krysak in 2022 x $375) + (9 hours by Krysak in 2023 x $450) + (.2 hours by Knierman in 2022 x $175) + (3 hours by Knierman in 2023 x $200).

The court also finds the hearing travel expenses and printing charges, together totaling $562.20, were reasonably expended.  But the court is perplexed by the $2,289.85 billed for research data base charges in connection with legal research on this motion.  Although certainly legal research was needed, plaintiff offers no explanation here for this substantial charge or how it was determined.  As such, the court will not include this charge in its award.

Accordingly, the court now orders that defendant Elizarov must pay sanctions of $9,327.20 to plaintiff Goldwater on or before July 7, 2023.  Defendant must file a Notice of Compliance with this order within 48 hours of his compliance.