*Goldwater Bank v. Elizarov, et al.*, C.D. Cal. Case No. 21-cv-00616-JWH-SP

# <u>OMNIBUS</u> <u>JOINT EXHIBIT PART I</u>

# EXHIBIT 110

# Defendant Bank of the West's Response to First Set of Discovery Propounded by Plaintiff Goldwater Bank, N.A.

1  HALL GRIFFIN LLP
   HOWARD D. HALL, State Bar No. 145024
2    *hdhall@hallgriffin.com*
   JEREMY T. KATZ, State Bar No. 267361
3    *jkatz@hallgriffin.com*
   RYAN C. THOMASON, State Bar No. 325621
4    *rthomason@hallgriffin.com*
   1851 East First Street, 10th Floor
5  Santa Ana, California 92705-4052
   Telephone: (714) 918-7000
6  Facsimile: (714) 918-6996

7  Attorneys for Defendant and Cross-
   Complainant SCOTT HOWLETT and
8  Defendant BANK OF THE WEST

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

| | |
|---|---|
| 12  Goldwater Bank, N.A., | CASE NO. 5:21-cv-00616-JWH-SP |
| 13  Plaintiff, | JUDGE:   Hon. John W. Holcomb |
| 14  vs. | CTRM.:   2 |
| 15  ARTUR ELIZAROV; UNISON AGREEMENT CORP.; SCOTT HOWLETT; BANK OF THE WEST; and ILYA ALEKSEYEFF, | **DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.** |
| 17  Defendants. | TRIAL DATE:   February 27, 2023 |
| 18 | |
| 19  AND RELATED CROSS-ACTIONS | |

20  PROPOUNDING PARTY:  Plaintiff GOLDWATER BANK, N.A.

21  RESPONDING PARTY:    Defendant BANK OF THE WEST

22  SET NO.:             One

23       Pursuant to Federal Rules of Civil Procedure, Rules 26, 33 and 34, Defendant

24  BANK OF THE WEST ("Responding Party") hereby submits these objections and

25  responses to the Interrogatories and Requests for Production contained in the

26  *omnibus* "First Set of Discovery" propounded by Plaintiff GOLDWATER BANK,

27  N.A. ("Propounding Party").

28

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2                    Omnibus Joint Exhibit Part I, page 1959

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Special Interrogatories.  Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial.  All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.  The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information.  Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

**GENERAL OBJECTIONS**

Responding Party generally objects to the Interrogatories as follows:

1.      Responding Party generally objects to these Interrogatories and Document Requests, and to every definition and instruction therein, to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules;

2.      Responding Party objects generally to the Interrogatories to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1960

3.      Responding Party objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

4.      Responding Party objects generally to the Interrogatories to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

5.      Responding Party objects generally to the Interrogatories to the extent that they are vague, uncertain and overbroad, being without limitation as to time or specific subject matter;

6.      Responding Party objects to these Interrogatories and Document Requests on the ground that they were served before the Rule 26(f) conference in violation of Fed. R. Civ. P. 26(d)(1).

7.      Responding Party objects generally to the Interrogatories to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

8.      Responding Party objects generally to the Interrogatories to the extent that they seek to have Responding Party furnish information that is a matter of the public record, and therefore, is equally available to the propounding party as to Responding Party; and

/ / /

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK N.A.

4875-0611-4583.2                    Omnibus Joint Exhibit Part I, page 1961

HALL GRIFFIN

9.      Responding Party expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein.  An answer to an interrogatory is not intended to be a waiver of any applicable specific or general objection to such interrogatory.

Without waiver of the foregoing, Responding Party further responds as follows:

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify with specificity all persons providing responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and further, to which interrogatories and admissions each individual is providing responses in part or as a whole on your behalf.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 1 through 4 towards the 25 interrogatory limit under FRCP Rule 33(a)(1) because it demands information about (1) all person who assisted with the preparation of the responses to the First Set of Interrogatories; (2) all person who assisted with the preparation of the responses to the First Set of Requests for Production; (3) all person who assisted with the preparation of the responses to the First Set of Requests for Admission; and (4) the specific person(s) who assisted with the preparation of each individual discovery response.  Subject to and without waiving those objections, Responding Party Responds as follows:

These are the responses of Responding Party prepared by its counsel and reviewed by an authorized representative of Bank of the West who signed the attached verification.

/ / /

/ / /

Omnibus Joint Exhibit Part I, page 1962

HALL GRIFFIN

**INTERROGATORY NO. 2:**

Please provide the name, address, and telephone number of all persons who have knowledge regarding or related to any of the allegations in the Complaint or the affirmative defenses asserted in your Answer in this action, describe the general substance of each person's knowledge of such matters, whether or not written or recorded statements have been taken from the witnesses, and who has possession of any such statements.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 5 through 8 towards the 25 interrogatory limit under FRCP Rule 33(a)(1) because it demands information about (5) the name, address, and telephone numbers of all persons who have knowledge regarding or related to any of the allegations in the Complaint or the affirmative defenses asserted in Responding Party's Answer in this action; (6) describe the general substance of each person's knowledge of such matters; (7) whether or not written or recorded statements have been taken from the witnesses; and (8) who has possession of any such statements.

Responding Party has pled denials and affirmative defenses available to it to avoid waiver. The denial of material allegations and the pleading of affirmative defenses was done by responding party as a matter of right and is based upon the applicable provisions of Federal Rules of Civil Procedure, which permits such things to put Plaintiff to its burden of proof, including but not limited to, the filing of a general denial as a matter of right under Federal Rules of Civil Procedure Rule 8(b)-(c). Responding Party has pled all affirmative defenses that at the time of its Answer might become relevant given the variety of allegations contained in Goldwater Bank, N.A.'s First Amended Complaint and to preserve all possible defenses of which Responding Party may be unaware at the time its Answer was filed.

Omnibus Joint Exhibit Part I, page 1963

HALL GRIFFIN

1    Responding Party further objects to this Interrogatory to the extent that it

2  seeks information that is unreasonably cumulative or duplicative and has already

3  been provided in Responding Party's initial and/or supplemental Rule 26

4  disclosures.

5  **INTERROGATORY NO. 3:**

6    Please identify all persons with whom you have communicated (exclusive of

7  counsel in the instant action) concerning the allegations in the Complaint or the

8  Answer and describe those communications.

9  **RESPONSE TO INTERROGATORY NO. 3:**

10    Responding Party objects on the grounds that this request is compound, and

11  contains subparts, and consumes interrogatories numbers 9 through 11 towards the

12  25 interrogatory under FRCP Rule 33(a)(1) because it demands information about

13  (9) identifying all persons with whom Responding Party has communicated

14  (exclusive of counsel in the instant action) concerning the allegations in the

15  Complaint ; (10) the same re: allegations in the  Answer; and (11) a description of

16  those communications.

17    Responding Party objects to this Interrogatory on the grounds that the phrase

18  "concerning the allegations in the Complaint or the Answer" is vague, ambiguous

19  and/or does not reasonably identify the information sought.  Responding Party will

20  interpret this request to mean concerning *the existence* of the allegations.  Also,

21  because this request seeks information "exclusive of [communications with]

22  counsel"), Responding Party will interpret this request as not calling for disclosure

23  of information protected by the attorney-client privilege or work product doctrine.

24  Subject to and without waiving the foregoing, and based on Responding Party's

25  understanding of this request, Responding Party responds as follows:

26    Excluding counsel, Responding Party has communicated with Real

27  Advantage Title Insurance Company, its title insurer, regarding Propounding Party's

28  Complaint and tendering a claim for indemnity and defense.

HALL GRIFFIN

6

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK N.A
4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1964

**INTERROGATORY NO. 4:**

Please identify the factual bases for each of the affirmative defenses asserted in your Answer.

**RESPONSE TO INTERROGATORY NO. 4:**

This interrogatory consumes interrogatory number 12 towards the 25 interrogatory under FRCP Rule 33(a)(1).Subject to and without waiving the foregoing, and based on Responding Party's understanding of this request, Responding Party responds as follows:

Goldwater Bank failed to record its lien interest prior to Howlett's purchase of the Property.

Howlett entered into a purchase transaction regarding the Subject Property with Elizarov, who withheld his knowledge of Goldwater Bank, N.A.'s unrecorded lien interest in the Subject Property, and Responding Party funded the purchase transaction with a deed of trust secured by the Subject Property.  At no time during the purchase transaction or in funding the purchase transaction did Responding Party have any knowledge of Goldwater Bank, N.A.'s unrecorded lien interest in the Subject Property and therefore is a bona fide encumbrancer for value.

Goldwater Bank assumed the risk of its own failure to timely record a lien interest.  Responding Party and Howlett are not responsible for repaying the money that Elizarov borrowed from Goldwater Bank, nor are they responsible for Goldwater Bank's own failure to timely record its lien interests.  Having sat on its rights, Goldwater Bank is estopped from bringing claims against bona fide purchasers and bona fide encumbrances who relied on the recorded chain of title at the time of their purchase/encumbrance.

Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

/ / /

/ / /

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1965

**INTERROGATORY NO. 5:**

Describe in detail any and all conversations and correspondence between Defendant Howlett and Bank of the West regarding the sale of the Subject Property.

**RESPONSE TO INTERROGATORY NO. 5:**

This interrogatory consumes interrogatory number 13 towards the 25 interrogatory under FRCP Rule 33(a)(1).

Responding Party objects on the grounds that the term "all conversations and correspondence" is vague and ambiguous, so Responding Party will interpret that term to mean communications between Responding Party and Howlett. Responding Party objects to this Interrogatory in its capacity as Howlett's lender because the interrogatory constitutes an invasion of Howlett's right of financial privacy embodied in both the United States Constitution and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have a duty to protect both parties and nonparties against unnecessary intrusion into matters which people ordinarily consider to be private); *Williams v. Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656 (privacy rights protect a party's financial information.)  Responding Party also objects as this request is vague as to time, so Responding Party will interpret this request as inquiring about the time period before prior to the close of Howlett's purchase of the Property.   Responding Party further objects to the extent this request seeks information protected by the attorney-client privilege, work product doctrine, or joint defense privilege.

Subject to and without waiving the foregoing, and based on Responding Party's understanding of this request, Responding Party responds as follows:

Responding Party communicated with Howlett about Howlett's loan application and loan.  Those communications did not involve any discussion of Goldwater or Goldwater's unrecorded lien.

8

Omnibus Joint Exhibit Part I, page 1966

1  **INTERROGATORY NO. 6:**

2      Identify and describe the service provided by each professional or third-party

3  who provided services to you or on your behalf in connection with Howlett's

4  purchase of the Subject Property and/or your making a mortgage loan to Howlett for

5  the purchase of the Subject Property.

6  **RESPONSE TO INTERROGATORY NO. 6:**

7      Responding Party objects on the grounds that this request is compound, and

8  contains subparts, and consumes interrogatories numbers 14 through 15 towards the

9  25 interrogatory limit under FRCP Rule 33(a)(1) because it demands information

10  about (14) professional and third party services in connection with Howlett's

11  purchase of the Subject Property; and (15) professional and third party services in

12  connection with the loan to Howlett.

13      Responding Party objects to this Interrogatory on the grounds that it is

14  overbroad and improperly seeks information that is neither relevant to the subject

15  matter of this action, nor reasonably calculated to lead to the discovery of admissible

16  evidence.  Such "third party and professional" are not at issue in the complaint.

17      Responding Party further objects to this Interrogatory to the extent that it

18  seeks information that is unreasonably cumulative or duplicative and has already

19  been provided in Responding Party's initial and/or supplemental Rule 26

20  disclosures.

21  **INTERROGATORY NO. 7:**

22      Identify and describe any title search performed on by you or on your behalf

23  related to Howlett's purchase of the Subject Property and/or your making a

24  mortgage loan to Howlett for the purchase of the Subject Property.

25  **RESPONSE TO INTERROGATORY NO. 7:**

26      This interrogatory consumes interrogatory number 16 towards the 25

27  interrogatory under FRCP Rule 33(a)(1).  Responding Party objects to this

28  Interrogatory on the grounds that it is overbroad.  Specifically, this Interrogatory is

9

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1967

1  overbroad because it indiscriminately seeks the disclosure of any title search

2  performed related to Responding Party's purchase of the Subject Property.

3      Responding Party further objects to this Interrogatory to the extent that it

4  seeks information that is unreasonably cumulative or duplicative and has already

5  been provided in Responding Party's initial and/or supplemental Rule 26

6  disclosures.

7      Subject to and without waiving the foregoing, and based on Responding

8  Party's understanding of this request, Responding Party responds as follows:

9  Howelett obtained a loan from Responding Party and used those funds to purchase

10 the Property *before* Goldwater Bank recorded its lien.   The title searches performed

11 in connection with Howlett's loan and purchased did not (and by definition, would

12 not) find Goldwater's *then-unrecorded* lien.

13 **INTERROGATORY NO. 8:**

14      Describe in detail any and all conversations and correspondence between you

15 and Escrow of the West regarding the Subject Property and/or Howlett's purchase of

16 the Subject Property.

17 **RESPONSE TO INTERROGATORY NO. 8:**

18      Responding Party objects on the grounds that this request is compound, and

19 contains subparts, and consumes interrogatories numbers 17 through 20 towards the

20 25 interrogatory under FRCP Rule 33(a)(1) because it demands information about

21 (17)  "conversations" between Responding Party and Escrow of the West regarding

22 the Subject Property; (18)  "correspondence" between Responding Party and Escrow

23 of the West regarding the Subject Property; (19)"conversations" between

24 Responding Party and Escrow of the West regarding Howlett's purchase of the

25 Subject Property; and ((20) "correspondence" between Responding Party and

26 Escrow of the West regarding Howlett's purchase of the Subject Property.

27      Responding Party objects to this Interrogatory in its capacity as Howlett's

28 lender as this interrogatory  constitutes an invasion of Howlett's right of financial

HALL GRIFFIN

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2                    Omnibus Joint Exhibit Part I, page 1968

1  privacy embodied in both the United States Constitution and the California

2  Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1;

3  *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have a duty to

4  protect both parties and nonparties against unnecessary intrusion into matters which

5  people ordinarily consider to be private); *Williams v. Superior Court* (2017) 3

6  Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656

7  (privacy rights protect a party's financial information).)

8      Subject to and without waiving the foregoing, and based on Responding

9  Party's understanding of this request, Responding Party responds as follows:

10     Responding Party communicated with Escrow of the West regarding the

11  escrow for Howlett's purchase of the Property.  Those communications did not

12  involve any discussion of Goldwater or Goldwater's unrecorded lien.

13  **INTERROGATORY NO. 9:**

14     Describe in detail any and all conversations and correspondence between

15  Defendant Howlett and you regarding the Subject Property, Howlett's purchase of

16  the Subject Property, and your making a mortgage loan to Howlett for the purchase

17  of the Subject Property.

18  **RESPONSE TO INTERROGATORY NO. 9:**

19     Responding Party objects on the grounds that this request is compound, and

20  contains subparts, and consumes interrogatories numbers 21 through 26 towards the

21  25 interrogatory under FRCP Rule 33(a)(1) because it demands information about

22  (21) "conversations" between Howlett and Responding Party regarding the Subject

23  Property; (22) "correspondence" between Howlett and Responding Party regarding

24  the Subject Property; (23) "conversations" between Howlett and Responding Party

25  regarding Howlett's purchase of the Subject Property; (24) "correspondence"

26  between Howlett and Responding Party regarding Howlett's purchase of the Subject

27  Property; (25) "conversations" between Howlett and Responding Party regarding

28  Responding Party making a mortgage loan to Howlett for the purchase of the

HALL GRIFFIN

11

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1969

1   Subject Property; and (26) "correspondence" between Howlett and Responding

2   Party regarding Responding Party making a mortgage loan to Howlett for the

3   purchase of the Subject Property.  Accordingly, the final subpart of this

4   interrogatory exceeds the total allowable number of interrogatories under FRCP

5   RUle 33(a)(1), and Responding Party will not respond to the final subpart.

6        Responding Party objects to this Interrogatory as it constitutes an invasion of

7   Howlett's right of privacy embodied in both the United States Constitution and the

8   California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const

9   art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have

10  a duty to protect both parties and nonparties against unnecessary intrusion into

11  matters which people ordinarily consider to be private); *Williams v. Superior Court*

12  (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652,

13  656 (privacy rights protect a party's financial information).)

14       Subject to and without waiving the foregoing, and based on Responding

15  Party's understanding of this request, Responding Party responds to all but the final

16  subpart as follows:

17       Responding Party communicated with Defendant Howlett regarding

18  Howlett's purchase of the Property using funds borrowed from Responding Party.

19  Those communications did not involve any discussion of Goldwater or Goldwater's

20  unrecorded lien.

21              **RESPONSES TO REQUESTS FOR PRODUCTION**

22                    **PRELIMINARY STATEMENT**

23       Nothing in this response should be construed as an admission by Responding

24  Party with respect to the admissibility or relevance of any fact or document, or of

25  the truth or accuracy of any characterization or statement of any kind contained in

26  Propounding Party's Requests for Production.  Responding Party has not completed

27  its investigation of the facts relating to this case, its discovery or its preparation for

28  trial.  All responses and objections contained herein are based only upon such

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1970

HALL GRIFFIN

1   information and such documents that are presently available to and specifically

2   known by Responding Party.  It is anticipated that further discovery, independent

3   investigation, legal research and analysis will supply additional facts and add

4   meaning to known facts, as well as establish entirely new factual conclusions and

5   legal contentions, all of which may lead to substantial additions to, changes in and

6   variations from the responses set forth herein.  The following objections and

7   responses are made without prejudice to Responding Party's right to produce at trial,

8   or otherwise, evidence regarding any subsequently discovered documents.

9   Responding Party accordingly reserves the right to modify and amend any and all

10  responses herein as research is completed and contentions are made.

11  **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

12  Responding Party generally objects to the Requests for Production as follows:

13  A.      Responding Party objects generally to the Requests for Production to

14  the extent that they seek to elicit information that is neither relevant to the subject

15  matter of this action, nor reasonably calculated to lead to the discovery of admissible

16  evidence;

17  B.      Responding Party objects generally to the Requests for Production to

18  the extent that they are unreasonably overbroad in scope, and thus burdensome and

19  oppressive, in that each such request seeks information pertaining to items and

20  matters that are not relevant to the subject matter of this action, or, if relevant, so

21  remote therefrom as to make its disclosure of little or no practical benefit to

22  Propounding Party, while placing a wholly unwarranted burden and expense on

23  Responding Party in locating, reviewing and producing the requested information;

24  C.      Responding Party objects generally to the Requests for Production to

25  the extent that they are burdensome and oppressive, in that ascertaining the

26  information necessary to respond to them, and to produce documents in accordance

27  therewith, would require the review and compilation of information from multiple

28  locations, and voluminous records and files, thereby involving substantial time of

13

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1971

1   employees of Responding Party and great expense to Responding Party, whereas the

2   information sought to be obtained by Propounding Party would be of little use or

3   benefit to Propounding Party;

4          D.     Responding Party objects generally to the Requests for Production to

5   the extent that they are vague, uncertain and overbroad, being without limitation as

6   to time or specific subject matter;

7          E.     Responding Party objects generally to the Requests for Production to

8   the extent that they seek information at least some of which is protected by the

9   attorney-client privilege or the attorney work-product doctrine, or both;

10         F.     Responding Party objects generally to the Requests for Production to

11   the extent that they seek to have Defendant furnish information and identify

12   documents that are a matter of the public record, and therefore, are equally available

13   to the Propounding Party as they are to Responding Party; and

14         G.     Responding Party objects generally to the Requests for Production to

15   the extent that they seek to have Responding Party furnish information and identify

16   documents that are proprietary to Responding Party and contain confidential

17   information.

18         Without waiver of the foregoing, Responding Party further responds as

19   follows:

20         **RESPONSES TO REQUESTS FOR PRODUCTION**

21   **REQUEST FOR PRODUCTION NO. 1:**

22         Produce all documents or things identified in your responses to Plaintiff's

23   Interrogatories and Requests for Production, set forth above, or used or reviewed by

24   You in drafting those responses. To the extent responsive documents have already

25   been produced in this litigation, please identify the location of such documents by

26   reference to specific Bates numbers and ranges.

27   / / /

28   / / /

Omnibus Joint Exhibit Part I, page 1972

HALL GRIFFIN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as BOTW0001 – 2152 (Responding Party's loan file for the subject loan).  Responding Party is withholding material responsive to this Request, pursuant to confidential proprietary information which is a trade secret and Howlett's financial privacy.  Responding Party will provide a privilege log.  Information of Howlett has been redacted to ensure privacy of confidential financial information.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 2:**

Produce each document or thing You intend to offer as evidence at trial, plan to use as a demonstrative aid, or otherwise use at trial or any hearing in this case. To the extent responsive documents have already been produced in this litigation, please identify the location of such documents by reference to specific Bates numbers and ranges.

/ / /

/ / /

/ / /

HALL GRIFFIN

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1973

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as BOTW0001 – 2152 (Responding Party's loan file for the subject loan). Responding Party is withholding material responsive to this Request, pursuant to confidential proprietary information which is a trade secret and Howlett's financial privacy.  Responding Party will provide a privilege log.  Information of Howlett has been redacted to ensure privacy of confidential financial information.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all written or recorded statements made by any person whom You believe has knowledge or information relating to any of the facts or circumstances alleged in the Complaint. To the extent responsive documents have already been produced in this litigation, please identify the location of such documents by reference to specific Bates numbers and ranges.

/ / /

/ / /

/ / /

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.
4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1974

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret..  Responding Party objects to this Request to the extent it relies on undefined terms, including "knowledge," "information," and "circumstances."  The request also improperly seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of Howlett's loan application and all documents related to your approval of a mortgage loan to Howlett for purchase of the Subject Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.  Responding Party further objects to this request on the ground that it constitutes an invasion of Howlett's right of privacy embodied in both the United States Constitution and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2                                                    Omnibus Joint Exhibit Part I, page 1975

HALL GRIFFIN

1   a duty to protect both parties and nonparties against unnecessary intrusion into

2   matters which people ordinarily consider to be private); *Williams v. Superior Court*

3   (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652,

4   656 (privacy rights protect a party's financial information).)

5       Without waiving said objections and the general objections noted above,

6   Responding Party responds to this Request as follows:  Responding Party will

7   comply in full by producing photocopies of all requested documents in the

8   possession, custody or control of Responding Party to which no objection has been

9   made.  Responding Party will produce documents responsive to this demand

10   identified as BOTW0001 – 2152 (Responding Party's loan file for the subject loan).

11   Responding Party is withholding material responsive to this Request, pursuant to

12   confidential proprietary information which is a trade secret and Howlett's financial

13   privacy.  Responding Party will provide a privilege log.  Information of Howlett has

14   been redacted to ensure privacy of confidential financial information.  Discovery is

15   ongoing and Responding Party reserves the right to supplement and/or amend this

16   response.

17   **REQUEST FOR PRODUCTION NO. 5:**

18       Please produce all documents related to Howlett's purchase of Subject

19   Property, including documents related to Howlett's making an offer on the Subject

20   Property, conducting due diligence, and closing on the Subject Property.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

22       Responding Party objects on the grounds that this Request is overbroad as it

23   fails to limit the scope of the documents requested.  Responding Party objects that

24   this Request seeks the production of documents or information protected by the

25   attorney-client privilege, the attorney work product doctrine, and further seeks the

26   disclosure of confidential financial information of Responding Party, Howlett,

27   and/or confidential proprietary information which is a trade secret.  Responding

28   Party further objects to this request on the ground that it constitutes an invasion of

18

HALL GRIFFIN

1  Howlett's right of privacy embodied in both the United States Constitution and the

2  California Constitution. *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const

3  art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have

4  a duty to protect both parties and nonparties against unnecessary intrusion into

5  matters which people ordinarily consider to be private); *Williams v. Superior Court*

6  (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652,

7  656 (privacy rights protect a party's financial information).)

8      Without waiving said objections and the general objections noted above,

9  Responding Party responds to this Request as follows:  Responding Party will

10  comply in full by producing photocopies of all requested documents in the

11  possession, custody or control of Responding Party to which no objection has been

12  made.  Responding Party will produce documents responsive to this demand

13  identified as BOTW0001 – 2152 (Responding Party's loan file for the subject loan).

14  Responding Party is withholding material responsive to this Request, pursuant to

15  confidential proprietary information which is a trade secret and Howlett's financial

16  privacy.  Responding Party will provide a privilege log.  Information of Howlett has

17  been redacted to ensure privacy of confidential financial information.  Discovery is

18  ongoing and Responding Party reserves the right to supplement and/or amend this

19  response.

20  **REQUEST FOR PRODUCTION NO. 6:**

21      Produce all communications and documents exchanged with any third party

22  related to your making a mortgage loan to Howlett for the Subject Property and/or

23  Howlett's purchase of the Subject Property.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

19

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1977

HALL GRIFFIN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested. Further, Responding Party objects on the grounds that the Request is unnecessary, unduly burdensome, and oppressive, and constitutes annoyance, harassment, and oppression of Responding Party. Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret. Responding Party further objects to this request on the ground that it constitutes an invasion of Howlett's right of privacy embodied in both the United States Constitution and the California Constitution. *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have a duty to protect both parties and nonparties against unnecessary intrusion into matters which people ordinarily consider to be private); *Williams v. Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656 (privacy rights protect a party's financial information).)

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows: Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made. Responding Party will produce documents responsive to this demand identified as BOTW0052 – 0053, BOTW0056 – 0063, BOTW0072, BOTW0140 – 0142, BOTW0151, BOTW0960 – 0964, BOTW1014 – 1016, BOTW1064 – 1068, BOTW1116 – 1120, BOTW1168 – 1172, BOTW1222 – 1226, BOTW1275 – 1279, BOTW1328 – 1332, BOTW1381 – 1385, BOTW1434 – 1438, BOTW1467 – 1491, BOTW1662 – 1708, BOTW1712 – 1719, BOTW1720 – 1820, BOTW1833 – 1852,

Omnibus Joint Exhibit Part I, page 1978

1  BOTW1854 – 1874, BOTW1875 – 1921, BOTW1922 – 2022, BOTW2035 – 2054,

2  BOTW2055 – 2076, and BOTW2077 – 2123.  Information of Howlett has been

3  redacted to ensure privacy of confidential financial information.  Discovery is

4  ongoing and Responding Party reserves the right to supplement and/or amend this

5  response.

6  **REQUEST FOR PRODUCTION NO. 7:**

7       Produce all documents regarding or relating to any title search performed in

8  connection with your issuing a mortgage loan to Howlett for purchase of the Subject

9  Property.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

11       Responding Party objects on the grounds that this Request is overbroad as it

12  fails to limit the scope of the documents requested.  Responding Party objects that

13  this Request seeks the production of documents or information protected by the

14  attorney-client privilege, the attorney work product doctrine, and further seeks the

15  disclosure of confidential financial information of Responding Party, Howlett,

16  and/or confidential proprietary information which is a trade secret.

17       Without waiving said objections and the general objections noted above,

18  Responding Party responds to this Request as follows:  Responding Party will

19  comply in full by producing photocopies of all requested documents in the

20  possession, custody or control of Responding Party to which no objection has been

21  made.  Responding Party will produce documents responsive to this demand

22  identified as BOTW0960 – 0964, BOTW1014 – 1016, BOTW1064 – 1068,

23  BOTW1116 – 1120, BOTW1168 – 1172, BOTW1222 – 1226, BOTW1275 – 1279,

24  BOTW1328 – 1332, BOTW1381 – 1385, BOTW1434 – 1438, BOTW1487 – 1491,

25  BOTW1662 – 1708, BOTW1854 – 1884, and BOTW2055 – 2076.  Information of

26  Howlett has been redacted to ensure privacy of confidential financial information.

27  Discovery is ongoing and Responding Party reserves the right to supplement and/or

28  amend this response.

HALL GRIFFIN

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that you intend to rely on in support of the affirmative defenses asserted in your Answer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested. Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows: Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made. Responding Party will produce documents responsive to this demand identified as BOTW0001 – 2152 (Responding Party's loan file for the subject loan). Responding Party is withholding material responsive to this Request, pursuant to confidential proprietary information which is a trade secret and Howlett's financial privacy. Responding Party will provide a privilege log. Information of Howlett has been redacted to ensure privacy of confidential financial information. Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

Produce a copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1980

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as BOTW2143 – 2152.  Information of Howlett has been redacted to ensure privacy of confidential financial information.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all communications and documents exchanged with Real Advantage Title Insurance Company related to Howlett's purchase of the Subject Property, your mortgage loan to Howlett, and/or this civil action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HALL GRIFFIN

23

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1981

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as BOTW0052 – 0053.  Information of Howlett has been redacted to ensure privacy of confidential financial information.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all communications and documents exchanged with Orange Coast Title Company related to Howlett's purchase of the Subject Property, your mortgage loan to Howlett, and/or this civil action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

24

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1982

HALL GRIFFIN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party, Howlett, and/or confidential proprietary information which is a trade secret.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as BOTW1662 – 1708, BOTW1854 – 1884, and BOTW2055 – 2076. Information of Howlett has been redacted to ensure privacy of confidential financial information.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

DATED:  April 4, 2022                    HALL GRIFFIN LLP


                                         By: _____/s/ Ryan C. Thomason_____
                                             Howard D. Hall, Esq.
                                             Jeremy T. Katz, Esq.
                                             Ryan C. Thomason
                                         Attorneys for Defendant and Cross-
                                         Complainant SCOTT HOWLETT and
                                         Defendant BANK OF THE WEST

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2                    Omnibus Joint Exhibit Part I, page 1983

HALL GRIFFIN

1

### VERIFICATION

I have read the foregoing DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A. and know its contents.

I am an authorized agent for BANK OF THE WEST, a party to this action, and am authorized to make this verification for and on its behalf.   I am familiar with how Bank of the West regularly maintains its business records.  I have reviewed those business records. The matters stated in the foregoing document are true based of my own knowledge and/or based on my review of such business records, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of Nebraska that the foregoing is true and correct.

Executed on   March 31st, 2022         , at   Omaha, NE                    .


Doris Lawson
Print Name of Signatory

_Signature_

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1984

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of .  I am over the age of 18 and not a party to the within action.  My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

On April 4, 2022, I served the within document(s) described as:

**DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.**

on each interested party in this action, as stated below:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL:**  I caused a true copy of the document(s) to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.  My electronic notification address is rthomason@hallgriffin.com. I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 4, 2022, at Santa Ana, California.

_____
Ryan C. Thomason

**SERVICE LIST**
**Goldwater Bank, N.A. v. Artur Elizarov, et al.**
**Case No. 5:21-cv-00616-JWH-SP**

1

2

3  Sean C. Wagner, Esq.
Derek M. Bast, Esq.
4  Wagner Hicks PLLC
831 East Morehead Street, Suite 860
5  Charlotte, NC 28202
(704) 705-7538; Fax: (704) 705-7787
6  sean.wagner@wagnerhicks.law
derek.bast@wagnerhicks.law
7  **Pro Hac Vice Attorneys for Plaintiff**
**Goldwater Bank. N.A.**
8

John Forest Hilbert, Esq.
Joseph A. LeVota, Esq.
Hilbert & Satterly LLP
409 Camino Del Rio South, Suite 104
San Diego, CA 92108
(619) 795-0300; Fax: (619) 501-6855
jhilbert@hscallaw.com
jlevota@hscallaw.com
**Attorneys for Plaintiff Goldwater**
**Bank. N.A.**

9  Denis Shmidt, Esq.
Nabil Bisharat, Esq.
10  Orsus Gate LLP
16 N. Marengo Ave., Suite 316
11  Pasadena, CA 91101
(213) 973-2052
12  dshmidt@orsusgate.com
nbisharat@orsusgate.com
13  **Attorneys for Defendant Unison**
**Agreement Corp.**

Ilya Alekseyeff, Esq.
Loia, Inc. (APLC)
8721 Santa Monica Blvd., #119
West Hollywood, CA 90069
(213) 537-4592
ilya@loia.legal
**Attorneys for Defendant Artur**
**Elizarov and Defendant Ilya**
**Alekseyeff (in Pro Per)**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BANK OF THE WEST'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4875-0611-4583.2

Omnibus Joint Exhibit Part I, page 1986

HALL GRIFFIN

# EXHIBIT 111

# Defendant Scott Howlett's Response to First Set of Discovery Propounded by Plaintiff Goldwater Bank, N.A.

HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hdhall@hallgriffin.com*
JEREMY T. KATZ, State Bar No. 267361
  *jkatz@hallgriffin.com*
RYAN C. THOMASON, State Bar No. 325621
  *rthomason@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant and Cross-
Complainant SCOTT HOWLETT and
Defendant BANK OF THE WEST

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Goldwater Bank, N.A., | CASE NO. 5:21-cv-00616-JWH-SP |
| Plaintiff, | JUDGE:   Hon. John W. Holcomb<br>CTRM.:   2 |
| vs. | |
| ARTUR ELIZAROV; UNISON AGREEMENT CORP.; SCOTT HOWLETT; BANK OF THE WEST; and ILYA ALEKSEYEFF, | **DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.** |
| Defendants. | TRIAL DATE:   February 27, 2023 |
| AND RELATED CROSS-ACTIONS | |

PROPOUNDING PARTY:  Plaintiff GOLDWATER BANK, N.A.

RESPONDING PARTY:    Defendant SCOTT HOWLETT

SET NO.:                        One

    Pursuant to Federal Rules of Civil Procedure, Rules 26, 33 and 34, Defendant

SCOTT HOWLETT ("Responding Party" or "Howlett") hereby submits these

objections and responses to the Interrogatories and Requests for Production

contained in the *omnibus* " First Set of Discovery" propounded by Plaintiff

GOLDWATER BANK, N.A. ("Propounding Party").

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.
4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1988

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Special Interrogatories. Responding Party has not completed his investigation of the facts relating to this case, his discovery or his preparation for trial. All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein. The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

## **GENERAL OBJECTIONS**

Responding Party generally objects to the Interrogatories as follows:

1.      Responding Party generally objects to these Interrogatories and Document Requests, and to every definition and instruction therein, to the extent that they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules;

2.      Responding Party objects generally to the Interrogatories to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

/ / /

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1989

HALL GRIFFIN

3.      Responding Party objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

4.      Responding Party objects generally to the Interrogatories to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

5.      Responding Party objects generally to the Interrogatories to the extent that they are vague, uncertain and overbroad, being without limitation as to time or specific subject matter;

6.      Responding Party objects to these Interrogatories and Document Requests on the ground that they were served before the Rule 26(f) conference in violation of Fed. R. Civ. P. 26(d)(1).

7.      Responding Party objects generally to the Interrogatories to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

8.      Responding Party objects to these interrogatories on the ground that, including discrete subparts, they exceed the maximum of 25 interrogatories permitted by Fed. R. Civ. P. 33(a)(1).

/ / /

/ / /

3

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1990

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-143329DF6DB0

9.      Responding Party objects generally to the Interrogatories to the extent that they seek to have Responding Party furnish information that is a matter of the public record, and therefore, is equally available to the propounding party as to Responding Party; and

10.     Responding Party expressly incorporates each of the foregoing General Objections into each specific response to the interrogatories set forth below as if set forth in full therein.  An answer to an interrogatory is not intended to be a waiver of any applicable specific or general objection to such interrogatory.

Without waiver of the foregoing, Responding Party further responds as follows:

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

Please identify with specificity all persons providing responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and First Request for Admissions, and further, to which interrogatories and admissions each individual is providing responses in part or as a whole on your behalf.

RESPONSE TO INTERROGATORY NO. 1:

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 1 through 4 towards the 25 interrogatory limit under FRCP Rule 33(a)(1) because it demands information about (1) all person who assisted with the preparation of the responses to the First Set of Interrogatories; (2) all person who assisted with the preparation of the responses to the First Set of Requests for Production; (3) all person who assisted with the preparation of the responses to the First Set of Requests for Admission; and (4) the specific person(s) who assisted with the preparation of each individual discovery response.  Subject to and without waiving those objections, Responding Party Responds as follows:

/ / /

4

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1991

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-118329DF5DB0

1   These are the responses of Responding Party prepared by his counsel and

2   reviewed by Scott Howlett who signed the attached verification.

3   **INTERROGATORY NO. 2:**

4   Please provide the name, address, and telephone number of all persons who

5   have knowledge regarding or related to any of the allegations in the Complaint or

6   the affirmative defenses asserted in your Answer in this action, describe the general

7   substance of each person's knowledge of such matters, whether or not written or

8   recorded statements have been taken from the witnesses, and who has possession of

9   any such statements.

10  **RESPONSE TO INTERROGATORY NO. 2:**

11  Responding Party objects on the grounds that this request is compound, and

12  contains subparts, and consumes interrogatories numbers 5 through 8 towards the 25

13  interrogatory limit under FRCP Rule 33(a)(1) because it demands information about

14  (5) the name, address, and telephone numbers of all persons who have knowledge

15  regarding or related to any of the allegations in the Complaint or the affirmative

16  defenses asserted in Responding Party's Answer in this action; (6) describe the

17  general substance of each person's knowledge of such matters; (7) whether or not

18  written or recorded statements have been taken from the witnesses; and (8) who has

19  possession of any such statements.

20  Responding Party has pled denials and affirmative defenses available to it to

21  avoid waiver.  The denial of material allegations and the pleading of affirmative

22  defenses was done by responding party as a matter of right and is based upon the

23  applicable provisions of Federal Rules of Civil Procedure, which permits such

24  things to put Plaintiff to its burden of proof, including but not limited to, the filing of

25  a general denial as a matter of right under Federal Rules of Civil Procedure Rule

26  8(b)-(c).  Responding Party has pled all affirmative defenses that at the time of its

27  Answer might become relevant given the variety of allegations contained in

28  Goldwater Bank, N.A.'s First Amended Complaint and to preserve all possible

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1992

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-148329DF6DB0

1  defenses of which Responding Party may be unaware at the time its Answer was

2  filed.

3        Responding Party further objects to this Interrogatory to the extent that it

4  seeks information that is unreasonably cumulative or duplicative and has already

5  been provided in Responding Party's initial and/or supplemental Rule 26

6  disclosures.

7  **INTERROGATORY NO. 3:**

8        Please identify all persons with whom you have communicated (exclusive of

9  counsel in the instant action) concerning the allegations in the Complaint or the

10  Answer and describe those communications.

11  **RESPONSE TO INTERROGATORY NO. 3:**

12        Responding Party objects on the grounds that this request is compound, and

13  contains subparts, and consumes interrogatories numbers 9 through 11 towards the

14  25 interrogatory under FRCP Rule 33(a)(1) because it demands information about

15  (9) identifying all persons with whom Responding Party has communicated

16  (exclusive of counsel in the instant action) concerning the allegations in the

17  Complaint ; (10) the same re: allegations in the  Answer; and (11) a description of

18  those communications.

19        Responding Party objects to this Interrogatory on the grounds that the phrase

20  "concerning the allegations in the Complaint or the Answer" is vague, ambiguous

21  and/or does not reasonably identify the information sought.  Responding Party will

22  interpret this request to mean concerning *the existence* of the allegations.  Also,

23  because this request seeks information "exclusive of [communications with]

24  counsel"), Responding Party will interpret this request as not calling for disclosure

25  of information protected by the attorney-client privilege or work product doctrine.

26  Subject to and without waiving the foregoing, and based on Responding Party's

27  understanding of this request, Responding Party responds as follows:

28

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1993

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-143299F6DB0

Excluding counsel, Responding Party has communicated with Real Advantage Title Insurance Company, his title insurer, regarding Propounding Party's Complaint and tendering a claim for indemnity and defense.

**INTERROGATORY NO. 4:**

Please identify the factual bases for each of the affirmative defenses asserted in your Answer.

**RESPONSE TO INTERROGATORY NO. 4:**

This interrogatory consumes interrogatory number 12 towards the 25 interrogatory under FRCP Rule 33(a)(1).Subject to and without waiving the foregoing, and based on Responding Party's understanding of this request, Responding Party responds as follows:

Goldwater Bank failed to record its lien interest prior to Responding Party's purchase of the Property.

Responding Party entered into a purchase transaction regarding the Subject Property with Elizarov, who withheld his knowledge of Goldwater Bank, N.A.'s unrecorded lien interest in the Subject Property, and Bank of the West ("BOTW") funded the purchase transaction with a deed of trust secured by the Subject Property. At no time during the purchase transaction or in funding the purchase transaction did Responding Party have any knowledge of Goldwater Bank, N.A.'s unrecorded lien interest in the Subject Property and therefore is a bona fide purchaser for value.

Goldwater Bank assumed the risk of its own failure to timely record a lien interest.  Responding Party and BOTW are not responsible for repaying the money that Elizarov borrowed from Goldwater Bank, nor are they responsible for Goldwater Bank's own failure to timely record its lien interests.  Having sat on its rights, Goldwater Bank is estopped from bringing claims against bona fide purchasers and bona fide encumbrances who relied on the recorded chain of title at the time of their purchase/encumbrance.

HALL GRIFFIN

7

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1994

1       Discovery is ongoing and Responding Party reserves the right to supplement

2   and/or amend this response.

3   **INTERROGATORY NO. 5:**

4       Describe in detail any and all conversations and correspondence between you

5   and Bank of the West regarding the sale of the Subject Property.

6   **RESPONSE TO INTERROGATORY NO. 5:**

7       Responding Party objects on the grounds that the term "all conversations and

8   correspondence" is vague and ambiguous, so Responding Party will interpret that

9   term to mean communications between Responding Party and BOTW.

10  Responding Party objects to this Interrogatory because the interrogatory constitutes

11  an invasion of Responding Party's right of financial privacy embodied in both the

12  United States Constitution and the California Constitution.  *(Griswold v.*

13  *Connecticut* (1965) 381 US 479; Cal. Const art I, § 1; *Rifkind v. Superior Court*,

14  (1981) 123 Cal.App.3d 1045, 1052 (courts have a duty to protect both parties and

15  nonparties against unnecessary intrusion into matters which people ordinarily

16  consider to be private); *Williams v. Superior Court* (2017) 3 Cal5th 531, 552); *Bank*

17  *of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656 (privacy rights protect a

18  party's financial information).)  Responding Party also objects as this request is

19  vague as to time, so Responding Party will interpret this request as inquiring about

20  the time period before prior to the close of Responding Party's purchase of the

21  Property.   Responding Party further objects to the extent this request seeks

22  information protected by the attorney-client privilege, work product doctrine, or

23  joint defense privilege.

24      Subject to and without waiving the foregoing, and based on Responding

25  Party's understanding of this request, Responding Party responds as follows:

26      Responding Party communicated with BOTW about Responding Party's loan

27  application and loan.  Those communications did not involve any discussion of

28  Goldwater or Goldwater's unrecorded lien.

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1                    Omnibus Joint Exhibit Part I, page 1995

HALL GRIFFIN

**INTERROGATORY NO. 6:**

Identify and describe the service provided by any professionals or third-parties who provided services to you or on your behalf in your purchase and closing of the Subject Property.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 14 through 15 towards the 25 interrogatory limit under FRCP Rule 33(a)(1) because it demands information about (14) professional and third party services in connection with Responding Party's purchase of the Subject Property; and (15) professional and third party services in connection with the Responding Party's closing of the Subject Property.

Responding Party objects to this Interrogatory on the grounds that it is overbroad and improperly seeks information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Such "third party and professional" are not at issue in the complaint.

Responding Party further objects to this Interrogatory to the extent that it seeks information that is unreasonably cumulative or duplicative and has already been provided in Responding Party's initial and/or supplemental Rule 26 disclosures.

**INTERROGATORY NO. 7:**

Identify and describe any title search performed on your behalf related to your purchase of the Subject Property.

**RESPONSE TO INTERROGATORY NO. 7:**

This interrogatory consumes interrogatory number 16 towards the 25 interrogatory under FRCP Rule 33(a)(1). Responding Party objects to this Interrogatory on the grounds that it is overbroad. Specifically, this Interrogatory is overbroad because it indiscriminately seeks the disclosure of any title search performed related to Responding Party's purchase of the Subject Property.

9

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1996

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-143329DF6DB0

Responding Party further objects to this Interrogatory to the extent that it seeks information that is unreasonably cumulative or duplicative and has already been provided in Responding Party's initial and/or supplemental Rule 26 disclosures.

Subject to and without waiving the foregoing, and based on Responding Party's understanding of this request, Responding Party responds as follows: Responding Party obtained a loan from BOTW and used those funds to purchase the Property *before* Goldwater Bank recorded its lien.   The title searches performed in connection with Responding Party's loan and purchased did not (and by definition, would not) find Goldwater's *then-unrecorded* lien.

**INTERROGATORY NO. 8:**

Describe in detail any and all conversations and correspondence between you and Escrow of the West regarding the Subject Property and your purchase of the Subject Property.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 17 through 20 towards the 25 interrogatory under FRCP Rule 33(a)(1) because it demands information about (17)  "conversations" between Responding Party and Escrow of the West regarding the Subject Property; (18)  "correspondence" between Responding Party and Escrow of the West regarding the Subject Property; (19)"conversations" between Responding Party and Escrow of the West regarding Howlett's purchase of the Subject Property; and ((20) "correspondence" between Responding Party and Escrow of the West regarding Howlett's purchase of the Subject Property.

Responding Party objects to this Interrogatory in its capacity as Howlett's lender as this interrogatory  constitutes an invasion of Howlett's right of financial privacy embodied in both the United States Constitution and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1;

10

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1997

HALL GRIFFIN

*Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052 (courts have a duty to protect both parties and nonparties against unnecessary intrusion into matters which people ordinarily consider to be private); *Williams v. Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656 (privacy rights protect a party's financial information).)

Subject to and without waiving the foregoing, and based on Responding Party's understanding of this request, Responding Party responds as follows:

Responding Party communicated with Escrow of the West regarding the escrow for Howlett's purchase of the Property. Those communications did not involve any discussion of Goldwater or Goldwater's unrecorded lien.

**INTERROGATORY NO. 9:**

Describe in detail any and all conversations and correspondence between you, Elizarov, and/or Alekseyeff regarding the Subject Property, including pre- and post-closing discussions regarding your purchase of the Subject Property.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party objects on the grounds that this request is compound, and contains subparts, and consumes interrogatories numbers 21 through 24 towards the 25 interrogatory under FRCP Rule 33(a)(1) because it demands information about (21) "conversations" between Responding Party and Elizarov regarding the Subject Property; (22) "conversations" between Responding Party and Alekseyeff regarding the Subject Property; (23) "correspondence" between Responding Party and Elizarov regarding the Subject Property; (24) "correspondence" between Responding Party and Alekseyeff regarding the Subject Property; (25) "conversations" between Responding Party and Elizarov regarding pre- and post-closing discussions regarding Responding Party's purchase of the Subject Property; (26) "conversations" between Responding Party and Alekseyeff regarding pre- and post-closing discussions regarding Responding Party's purchase of the Subject Property; (27) "correspondence" between Responding Party and Elizarov regarding

11

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 1998

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-1483299F6DB0

1  pre- and post-closing discussions regarding Responding Party's purchase of the
2  Subject Property; and (28) "correspondence" between Responding Party and
3  Alekseyeff regarding pre- and post-closing discussions regarding Responding
4  Party's purchase of the Subject Property.

5      Responding Party objects to this Interrogatory on the grounds that it is
6  overbroad.  Specifically, this Interrogatory is overbroad because it indiscriminately
7  seeks all conservations and correspondence between Responding Party, Elizarov,
8  and/or Alekseyeff.  Responding Party has undertaken a good-faith effort to answer
9  this Interrogatory, but Responding Party lacks knowledge or information to respond
10  to this Interrogatory at this time.  Responding Party will supplement its answer if
11  responsive information becomes available.  Subject to and without waiving the
12  foregoing, and based on Responding Party's understanding of this request,
13  Responding Party responds to all but the final three subparts as follows:

14      Responding Party entered into a purchase transaction regarding the Subject
15  Property with Elizarov, engaging in the purchase transaction through Responding
16  Party's broker for the purchase transaction, Maria Krajco of Compass.  As the
17  purchase transaction was at arms-length, all discussions and correspondence went
18  through Ms. Krajo.

19  **INTERROGATORY NO. 10:**

20      Describe in detail any and all conversations and correspondence between you
21  and Bank of the West regarding the Subject Property, including pre- and post-
22  closing discussions regarding your purchase of the Subject Property.

23  **RESPONSE TO INTERROGATORY NO. 10:**

24      Responding Party objects to this Interrogatory in its entirety on the ground
25  that it exceeds the maximum number of 25 allowed by Federal Rule of Civil
26  Procedure 33(a)(1).

27  / / /

28  / / /

Omnibus Joint Exhibit Part I, page 1999

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-118329DF6DB0

1 **INTERROGATORY NO. 11:**

2      Describe, in detail, any conversations you had with Bank of the West and/or

3 Escrow of the West regarding Goldwater's loan and/or interest in the Subject

4 Property.

5 **RESPONSE TO INTERROGATORY NO. 11:**

6      Responding Party objects to this Interrogatory in its entirety on the ground

7 that it exceeds the maximum number of 25 allowed by Federal Rule of Civil

8 Procedure 33(a)(1).

9           **RESPONSES TO REQUESTS FOR PRODUCTION**

10             **PRELIMINARY STATEMENT**

11      Nothing in this response should be construed as an admission by Responding

12 Party with respect to the admissibility or relevance of any fact or document, or of

13 the truth or accuracy of any characterization or statement of any kind contained in

14 Propounding Party's Requests for Production.  Responding Party has not completed

15 its investigation of the facts relating to this case, its discovery or its preparation for

16 trial.  All responses and objections contained herein are based only upon such

17 information and such documents that are presently available to and specifically

18 known by Responding Party.  It is anticipated that further discovery, independent

19 investigation, legal research and analysis will supply additional facts and add

20 meaning to known facts, as well as establish entirely new factual conclusions and

21 legal contentions, all of which may lead to substantial additions to, changes in and

22 variations from the responses set forth herein.  The following objections and

23 responses are made without prejudice to Responding Party's right to produce at trial,

24 or otherwise, evidence regarding any subsequently discovered documents.

25 Responding Party accordingly reserves the right to modify and amend any and all

26 responses herein as research is completed and contentions are made.

27 / / /

28 / / /

13

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.
4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2000

HALL GRIFFIN

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Responding Party generally objects to the Requests for Production as follows:

A.    Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

B.    Responding Party objects generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

C.    Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

D.    Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain and overbroad, being without limitation as to time or specific subject matter;

E.    Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

/ / /

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2001

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-113329DF6DB0

1    F.    Responding Party objects generally to the Requests for Production to

2  the extent that they seek to have Defendant furnish information and identify

3  documents that are a matter of the public record, and therefore, are equally available

4  to the Propounding Party as they are to Responding Party; and

5    G.    Responding Party objects generally to the Requests for Production to

6  the extent that they seek to have Responding Party furnish information and identify

7  documents that are proprietary to Responding Party and contain confidential

8  information.

9    Without waiver of the foregoing, Responding Party further responds as

10  follows:

11    **RESPONSES TO REQUESTS FOR PRODUCTION**

12  **REQUEST FOR PRODUCTION NO. 1:**

13    Produce all documents or things identified in your responses to Plaintiff's

14  Interrogatories and Requests for Production, set forth above, or used or reviewed by

15  You in drafting those responses. To the extent responsive documents have already

16  been produced in this litigation, please identify the location of such documents by

17  reference to specific Bates numbers and ranges.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19    Responding Party objects on the grounds that this Request is overbroad as it

20  fails to limit the scope of the documents requested.  Responding Party objects that

21  this Request seeks the production of documents or information protected by the

22  attorney-client privilege, the attorney work product doctrine, and further seeks the

23  disclosure of confidential financial information of Responding Party.

24    Without waiving said objections and the general objections noted above,

25  Responding Party responds to this Request as follows:  Responding Party will

26  comply in full by producing photocopies of all requested documents in the

27  possession, custody or control of Responding Party to which no objection has been

28  made.  Responding Party will produce documents responsive to this demand

15

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2002

HALL GRIFFIN

1  identified as HOWLETT0001 – 0205.  Discovery is ongoing and Responding Party

2  reserves the right to supplement and/or amend this response.

3  **REQUEST FOR PRODUCTION NO. 2:**

4          Produce each document or thing You intend to offer as evidence at trial, plan

5  to use as a demonstrative aid, or otherwise use at trial or any hearing in this case. To

6  the extent responsive documents have already been produced in this litigation,

7  please identify the location of such documents by reference to specific Bates

8  numbers and ranges.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10         Responding Party objects on the grounds that this Request is overbroad as it

11  fails to limit the scope of the documents requested.  Responding Party objects that

12  this Request seeks the production of documents or information protected by the

13  attorney-client privilege, the attorney work product doctrine, and further seeks the

14  disclosure of confidential financial information of Responding Party, BOTW, and/or

15  confidential proprietary information which is a trade secret.

16         Without waiving said objections and the general objections noted above,

17  Responding Party responds to this Request as follows:  Responding Party will

18  comply in full by producing photocopies of all requested documents in the

19  possession, custody or control of Responding Party to which no objection has been

20  made.  Responding Party will produce documents responsive to this demand

21  identified as HOWLETT0001 – 0205.  BOTW has produced documents responsive

22  to this demand identified as BOTW0001 – 2142.  BOTW is withholding material

23  responsive to this Request, pursuant to confidential proprietary information which is

24  a trade secret and Responding Party's financial privacy.  BOTW will provide a

25  privilege log.  Information of Responding Party has been redacted to ensure privacy

26  of confidential financial information.  Discovery is ongoing and Responding Party

27  reserves the right to supplement and/or amend this response.

28  / / /

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-11B329DF6DB0

**REQUEST FOR PRODUCTION NO. 3:**

Produce all written or recorded statements made by any person whom You believe has knowledge or information relating to any of the facts or circumstances alleged in the Complaint. To the extent responsive documents have already been produced in this litigation, please identify the location of such documents by reference to specific Bates numbers and ranges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party or third parties. Responding Party objects to this Request to the extent it relies on undefined terms, including "knowledge," "information," and "circumstances."

**REQUEST FOR PRODUCTION NO. 4:**

Produce a copy of the loan application and all materials submitted by you in connection with obtaining a mortgage loan for purchase of the Subject Property from Bank of the West.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party.  Responding Party further objects to this request on the ground that it constitutes an invasion of Responding Party's right of privacy embodied in both the United States Constitution and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal. Const art I, § 1; *Rifkind v. Superior Court,* (1981) 123 Cal.App.3d 1045, 1052

17

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2004

1  (courts have a duty to protect both parties and nonparties against unnecessary

2  intrusion into matters which people ordinarily consider to be private); *Williams v.*

3  *Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975)

4  15 Cal.3d 652, 656 (privacy rights protect a party's financial information).)

5  Without waiving said objections and the general objections noted above,

6  Responding Party responds to this Request as follows:  BOTW has produced

7  documents responsive to this demand identified as BOTW0001 – 2142.  Bank of the

8  West is withholding material responsive to this Request, pursuant to confidential

9  proprietary information which is a trade secret and Responding Party's financial

10  privacy.  Bank of the West will provide a privilege log.  Information of Responding

11  Party has been redacted to ensure privacy of confidential financial information.

12  Discovery is ongoing and Responding Party reserves the right to supplement and/or

13  amend this response.

14  **REQUEST FOR PRODUCTION NO. 5:**

15  Please produce all documents related to your purchase of Subject Property,

16  including documents related to your making an offer on the Subject Property,

17  conducting due diligence, and closing on the Subject Property.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

19  Responding Party objects on the grounds that this Request is overbroad as it

20  fails to limit the scope of the documents requested.  Responding Party objects that

21  this Request seeks the production of documents or information protected by the

22  attorney-client privilege, the attorney work product doctrine, and further seeks the

23  disclosure of confidential financial information of Responding Party.  Responding

24  Party further objects to this request on the ground that it constitutes an invasion of

25  Responding Party's right of privacy embodied in both the United States Constitution

26  and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal.

27  Const art I, § 1; *Rifkind v. Superior Court,* (1981) 123 Cal.App.3d 1045, 1052

28  (courts have a duty to protect both parties and nonparties against unnecessary

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2005

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-118329DF6DB0

1  intrusion into matters which people ordinarily consider to be private); *Williams v.*

2  *Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975)

3  15 Cal.3d 652, 656 (privacy rights protect a party's financial information).)

4         Without waiving said objections and the general objections noted above,

5  Responding Party responds to this Request as follows:  Responding Party will

6  comply in full by producing photocopies of all requested documents in the

7  possession, custody or control of Responding Party to which no objection has been

8  made.  Responding Party will produce documents responsive to this demand

9  identified as HOWLETT0001 – 0205.    Discovery is ongoing and Responding Party

10  reserves the right to supplement and/or amend this response.

11  **REQUEST FOR PRODUCTION NO. 6:**

12         Produce all communications and documents exchanged with any Bank of the

13  West related to your purchase of the Subject Property.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

15         Responding Party objects on the grounds that this Request is overbroad as it

16  fails to limit the scope of the documents requested.  Responding Party objects that

17  this Request seeks the production of documents or information protected by the

18  attorney-client privilege, the attorney work product doctrine, and further seeks the

19  disclosure of confidential financial information of Responding Party.  Responding

20  Party further objects to this request on the ground that it constitutes an invasion of

21  Responding Party's right of privacy embodied in both the United States Constitution

22  and the California Constitution.  *(Griswold v. Connecticut* (1965) 381 US 479; Cal.

23  Const art I, § 1; *Rifkind v. Superior Court*, (1981) 123 Cal.App.3d 1045, 1052

24  (courts have a duty to protect both parties and nonparties against unnecessary

25  intrusion into matters which people ordinarily consider to be private); *Williams v.*

26  *Superior Court* (2017) 3 Cal5th 531, 552); *Bank of Nevada v. Superior Court* (1975)

27  15 Cal.3d 652, 656 (privacy rights protect a party's financial information).)

28

HALL GRIFFIN

19

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2006

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-118329DF6DB0

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and documents exchanged with Escrow of the West, Inc. related to your purchase of the Subject Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows:  Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made.  Responding Party will produce documents responsive to this demand identified as HOWLETT0001 – 0205.  Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all communications and documents exchanged with Elizarov, Alekseyeff, or any person operating on their behalf, related to your purchase of the Subject Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested.  Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party.

/ / /

/ / /

20

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2007

HALL GRIFFIN

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows: Responding Party will comply in full by producing photocopies of all requested documents in the possession, custody or control of Responding Party to which no objection has been made. Responding Party will produce documents responsive to this demand identified as HOWLETT0001 – 0205. Information of third parties unrelated to the litigation has been redacted to ensure privacy of confidential financial information. Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents you received as a result of any title search performed in connection with your purchase of the Subject Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects on the grounds that this Request is overbroad as it fails to limit the scope of the documents requested. Responding Party objects that this Request seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, and further seeks the disclosure of confidential financial information of Responding Party.

Without waiving said objections and the general objections noted above, Responding Party responds to this Request as follows: BOTW has produced documents responsive to this demand identified BOTW1662 – 1708, BOTW1854 – 1884, and BOTW2055 – 2076. Information of Responding Party has been redacted to ensure privacy of confidential financial information. Discovery is ongoing and Responding Party reserves the right to supplement and/or amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that you intend to rely on in support of the affirmative defenses asserted in your Answer.

/ / /



HALL GRIFFIN

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2     Responding Party objects on the grounds that this Request is overbroad as it

3 fails to limit the scope of the documents requested.  Responding Party objects that

4 this Request seeks the production of documents or information protected by the

5 attorney-client privilege, the attorney work product doctrine, and further seeks the

6 disclosure of confidential financial information of Responding Party.

7     Without waiving said objections and the general objections noted above,

8 Responding Party responds to this Request as follows:  Responding Party will

9 comply in full by producing photocopies of all requested documents in the

10 possession, custody or control of Responding Party to which no objection has been

11 made.  Responding Party will produce documents responsive to this demand

12 identified as HOWLETT0001 – 0205.  Responding Party reserves the right to rely

13 upon documents and evidence produced and disclosed by the other parties in this

14 action, which are equally available to the requesting party.  Discovery is ongoing

15 and Responding Party reserves the right to supplement and/or amend this response.

16 **REQUEST FOR PRODUCTION NO. 11:**

17     Produce a copy of any insurance agreement under which an insurance

18 business may be liable to satisfy all or part of a possible judgment in the action or to

19 indemnify or reimburse for payments made to satisfy the judgment.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21     Responding Party objects on the grounds that this Request is overbroad as it

22 fails to limit the scope of the documents requested.  Responding Party objects that

23 this Request seeks the production of documents or information protected by the

24 attorney-client privilege, the attorney work product doctrine, and further seeks the

25 disclosure of confidential financial information of Responding Party.

26     Without waiving said objections and the general objections noted above,

27 Responding Party responds to this Request as follows:  Responding Party will

28 comply in full by producing photocopies of all requested documents in the

22

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2009

HALL GRIFFIN

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-143329DF6DB0

1  possession, custody or control of Responding Party to which no objection has been

2  made.  Responding Party will produce documents responsive to this demand

3  identified as HOWLETT0188 – 0205.  Discovery is ongoing and Responding Party

4  reserves the right to supplement and/or amend this response.

5  **REQUEST FOR PRODUCTION NO. 12:**

6        Produce all communications and documents exchanged with Real Advantage

7  Title Insurance Company related to your purchase of the Subject Property and/or

8  this civil action.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

10        Responding Party objects on the grounds that this Request is overbroad as it

11  fails to limit the scope of the documents requested.  Responding Party objects that

12  this Request seeks the production of documents or information protected by the

13  attorney-client privilege, the attorney work product doctrine, and further seeks the

14  disclosure of confidential financial information of Responding Party.

15        Without waiving said objections and the general objections noted above,

16  Responding Party responds to this Request as follows:  Responding Party will

17  comply in full by producing photocopies of all requested documents in the

18  possession, custody or control of Responding Party to which no objection has been

19  made.  Responding Party will produce documents responsive to this demand

20  identified as HOWLETT0170 – 0173.  Discovery is ongoing and Responding Party

21  reserves the right to supplement and/or amend this response.

22  **REQUEST FOR PRODUCTION NO. 13:**

23        Produce all communications and documents exchanged with Orange Coast

24  Title Company related to your purchase of the Subject Property and/or this civil

25  action.

26  / / /

27  / / /

28  / / /

HALL GRIFFIN

23

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2010

DocuSign Envelope ID: 89573E00-8750-4514-AAB4-148329DF6DB0

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

1  
2         Responding Party objects on the grounds that this Request is overbroad as it
3  fails to limit the scope of the documents requested.  Responding Party objects that
4  this Request seeks the production of documents or information protected by the
5  attorney-client privilege, the attorney work product doctrine, and further seeks the
6  disclosure of confidential financial information of Responding Party.
7         Without waiving said objections and the general objections noted above,
8  Responding Party responds to this Request as follows:  Responding Party  has
9  undertaken a good-faith effort to find all communications and documents exchanged
10 with Orange Coast Title Company related to Responding Party's purchase of the
11 Subject Property and/or this civil action, but Responding Party lacks knowledge or
12 information to respond to this Request at this time.  Responding Party will
13 supplement its answer if responsive information becomes available.

14  
15 DATED:  March 31, 2022             HALL GRIFFIN LLP

16  
17  
18                    By:  _____/s/ Ryan Thomason_____
19                          Howard D. Hall, Esq.
                            Jeremy T. Katz, Esq.
20                          Ryan C. Thomason
                       Attorneys for Defendant and Cross-
21                     Complainant SCOTT HOWLETT and
                       Defendant BANK OF THE WEST
22  
23  
24  
25  
26  
27  
28  

HALL GRIFFIN

24

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2011

**VERIFICATION**

I have read the foregoing DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A. and know its contents.

I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____3/30/2022_____, at _____San Francisco, CA_____.

_Scott Howlett_____

Print Name of Signatory

_____

Signature

HALL GRIFFIN

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2012

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of .  I am over the age of 18 and not a party to the within action.  My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

On April 4, 2022, I served the within document(s) described as:

**DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.**

on each interested party in this action, as stated below:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL:**  I caused a true copy of the document(s) to be sent to the persons at the corresponding electronic address as indicated above on the above-mentioned date.  My electronic notification address is rthomason@hallgriffin.com.  I am readily familiar with this firm's Microsoft Outlook electronic mail system and did not receive any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 4, 2022, at Santa Ana, California.

_____
Ryan C. Thomason

DEFENDANT SCOTT HOWLETT'S RESPONSE TO FIRST SET OF DISCOVERY PROPOUNDED BY PLAINTIFF GOLDWATER BANK, N.A.

4872-5797-7879.1

Omnibus Joint Exhibit Part I, page 2013

**SERVICE LIST**
**Goldwater Bank, N.A. v. Artur Elizarov, et al.**
**Case No. 5:21-cv-00616-JWH-SP**

Sean C. Wagner, Esq.
Derek M. Bast, Esq.
Wagner Hicks PLLC
831 East Morehead Street, Suite 860
Charlotte, NC 28202
(704) 705-7538; Fax: (704) 705-7787
sean.wagner@wagnerhicks.law
derek.bast@wagnerhicks.law
**Pro Hac Vice Attorneys for Plaintiff**
**Goldwater Bank. N.A.**

John Forest Hilbert, Esq.
Joseph A. LeVota, Esq.
Hilbert & Satterly LLP
409 Camino Del Rio South, Suite 104
San Diego, CA 92108
(619) 795-0300; Fax: (619) 501-6855
jhilbert@hscallaw.com
jlevota@hscallaw.com
**Attorneys for Plaintiff Goldwater**
**Bank. N.A.**

Denis Shmidt, Esq.
Nabil Bisharat, Esq.
Orsus Gate LLP
16 N. Marengo Ave., Suite 316
Pasadena, CA 91101
(213) 973-2052
dshmidt@orsusgate.com
nbisharat@orsusgate.com
**Attorneys for Defendant Unison**
**Agreement Corp.**

Ilya Alekseyeff, Esq.
Loia, Inc. (APLC)
8721 Santa Monica Blvd., #119
West Hollywood, CA 90069
(213) 537-4592
ilya@loia.legal
**Attorneys for Defendant Artur**
**Elizarov and Defendant Ilya**
**Alekseyeff (in Pro Per)**

HALL GRIFFIN